UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DIRECT REPORT CORPORATION d/b/a
SHAREHOLDER.COM,

Plaintiff,

v.

CCBN.COM, INC., THE THOMSON
CORPORATION, JOHN DOES 1
THROUGH 5, and JANE DOES 1
THROUGH 5,

Defendants.

Civil Action No. 04-10535 PBS

**DEFENDANTS CCBN.COM, INC. AND THE THOMSON
CORPORATION'S MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION TO DISMISS
PLAINTIFF'S COMPLAINT AND TO STAY DISCOVERY**

PAUL, WEISS, RIFKIND, WHARTON &
  GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-3000

GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109-2881
(617) 570-1000

Counsel for Defendants CCBN.com, Inc. and The Thomson Corporation

# TABLE OF CONTENTS

Page

Preliminary Statement.............................................................................................................1

The Complaint .........................................................................................................................1

Argument .................................................................................................................................3

I.      THE COMPLAINT FAILS TO ALLEGE FACTS SUFFICIENT
        TO STATE A CLAIM AGAINST THOMSON.................................................................3

II.     PLAINTIFF'S CLAIM RELATING TO DEFENDANTS'
        ALLEGED RICO VIOLATION SHOULD BE DISMISSED ...........................................5

        A.      No Adequate RICO Enterprise Is Alleged............................................................6

        B.      No Pattern Of Racketeering Activity Is Alleged ..................................................6

        C.      The Allegations of Racketeering Activity Are Deficient ......................................8

III.    PLAINTIFF'S CLAIM RELATING TO DEFENDANTS' ALLEGED
        CONSPIRACY TO VIOLATE RICO SHOULD BE DISMISSED ...................................9

IV.     PLAINTIFF'S CLAIM RELATING TO DEFENDANTS'
        ALLEGED VIOLATION OF THE ELECTRONIC
        COMMUNICATIONS ACT SHOULD BE DISMISSED ...............................................10

V.      PLAINTIFF'S CLAIM RELATING TO DEFENDANTS'
        ALLEGED VIOLATION OF THE WIRETAP ACT SHOULD
        BE DISMISSED ............................................................................................................11

VI.     PLAINTIFF'S CLAIM RELATING TO DEFENDANTS'
        ALLEGED VIOLATION OF THE COMPUTER FRAUD
        AND ABUSE ACT SHOULD BE DISMISSED .............................................................13

VII.    THE COMPLAINT'S REMAINING STATE LAW
        CLAIMS SHOULD ALSO BE DISMISSED...................................................................14

VIII.   DISCOVERY SHOULD BE STAYED PENDING
        THE RESOLUTION OF THIS MOTION TO DISMISS..................................................14

Conclusion ..............................................................................................................................15

# TABLE OF AUTHORITIES

Page

## CASES

*Airlines Reporting Corp. v. Aero Voyagers, Inc.*,
721 F. Supp. 579 (S.D.N.Y. 1989) .........................................................................8

*Andrews-Clarke v. Lucent Techs., Inc.*, Civ. A. No. 01-10055-PBS,
2001 U.S. Dist. LEXIS 21653 (D. Mass. June 25, 2001) .......................................4

*Bessette v. Avco Fin. Servs., Inc.*, 230 F.3d 439 (1st Cir. 2000).....................................5, 6

*Blackstone Realty LLC v. FDIC*, 244 F.3d 193 (1st Cir. 2001)...........................................4

*Bowdoin Constr. Corp. v. Rhode Island Hosp. Trust Nat'l Bank*,
869 F. Supp. 1004 (D. Mass. 1994) ......................................................................9

*Camelio v. American Fed'n*, 137 F.3d 666 (1st Cir. 1998) ..............................................14

*Castegneto v. Corporate Exp., Inc.*, 13 F. Supp. 2d 114 (D. Mass 1998) .........................14

*Chance v. Avenue A, Inc.*, 165 F. Supp. 2d 1153 (W.D. Wash. 2001) ..............................13

*Day v. Fallon County Health Plan, Inc.*, 917 F. Supp. 72 (D. Mass. 1996)........................3

*Divot Golf Corp. v. Citizens Bank*, No. Civ. A. 02-CV-10654-PBS, 2002 WL
31741472 (D. Mass. Nov. 26, 2002).......................................................................7

*In re DoubleClick Inc. Privacy Litig.*, 154 F. Supp. 2d 497 (S.D.N.Y. 2001).......11, 13, 14

*Eagle Inv. Sys. Corp., v. Tamm*, 146 F. Supp. 2d 105 (D. Mass. 2001) .......................5, 12

*Efron v. Embassy Suites (Puerto Rico), Inc.*, 47 F. Supp. 2d 200 (D. P.R. 1999)...............9

*Fulco v. American Cable Sys.*, [1989-90] Fed. Sec. L. Rep. (CCH) ¶ 94,980
(D. Mass. 1989)......................................................................................................7

*General Elec. Co. v. Lyon*, 894 F. Supp. 544 (D. Mass. 1995) ..........................................8

*H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229 (1989) ........................................6, 7

*LTX Corp. v. Daewoo Corp.*, 979 F. Supp. 51 (D. Mass. 1997).......................................14

*Miranda v. Ponce Fed. Bank*, 948 F.2d 41 (1st Cir. 1991)............................................5, 6

*North Bridge Assocs, Inc. v. Boldt*, 274 F.3d 38 (1st Cir. 2001) ........................................7

*In re Pharm. Indus. Average Wholesale Price Litig.*, Civ. A. No.
  01-12257-PBS, 2004 WL. 345847 (D. Mass. Feb. 24, 2004).................................5

*Schwartz v. Philadelphia Nat'l Bank*, 701 F. Supp. 92 (E.D. Pa. 1988)..............................9

*Shaw v. Digital Equip. Corp.*, 82 F.3d 1194 (1st Cir. 1996) ................................................4

*Thompson v. Thompson*, No. Civ. 02-91-M, 2002 WL. 1072342 (D. N.H.
  May 30, 2002)...................................................................................................12, 13

*Tolman v. Finneran*, 171 F. Supp. 2d 31 (D. Mass. 2001) ..................................................3

*In re Toys R Us, Inc. Privacy Litig.*, 2001 U.S. Dist. LEXIS 16947
  (N.D. Cal. Oct. 9, 2001).........................................................................................11

*United Mine Workers v. Gibbs*, 383 U.S. 715 (1966)........................................................14

*United States v. Moriarty*, 962 F. Supp. 217 (D. Mass. 1997) .........................................12

*Welch Foods, Inc. v. Gilchrist*, No. 93-CV-0641E(F), 1996 WL. 607059
  (W.D.N.Y. Oct. 18, 1996).........................................................................................8

## STATUTES AND RULES

18 U.S.C. § 1030...................................................................................................13

18 U.S.C. § 1343.................................................................................................8, 9

18 U.S.C. § 1962(c) .........................................................................................5, 6, 9

18 U.S.C. § 2314.....................................................................................................8

18 U.S.C. § 2315.....................................................................................................8

18 U.S.C. § 2510(17) .........................................................................................10, 11

18 U.S.C. § 2511(1) ...............................................................................................11

18 U.S.C. § 2701(a)(1)........................................................................................10, 11

18 U.S.C. § 2711(1) ...............................................................................................10

Fed. R. Civ. P. 9(b) ..................................................................................................8

Fed. R. Civ. P. 12(b)(6) ...........................................................................................10

## PRELIMINARY STATEMENT

Plaintiff Direct Report Corporation, doing business as Shareholder.com ("Shareholder.com"), brings this action against CCBN.com, Inc. ("CCBN"), John Does 1 through 5, Jane Does 1 through 5 (together, the "individual defendants"), and The Thomson Corporation ("Thomson") (collectively, "defendants"), alleging that CCBN and the individual defendants illegally accessed Shareholder.com's electronic databases. In reality, this dispute concerns a simple business rivalry between Shareholder.com and CCBN in a competitive and aggressive field. Rather than compete in the marketplace, however, Shareholder.com prefers the courthouse.

But its complaint fails to plead any sustainable federal claim, and there is no diversity jurisdiction over the state law claims. Therefore, the complaint should be dismissed. In any event, the complaint fails to state any tenable claim against Thomson, and Thomson should be dismissed as a defendant.

## THE COMPLAINT

Shareholder.com commenced this lawsuit on March 16, 2004, seeking injunctive, compensatory, and other relief. As we must under Rule 12(b)(6), we accept the allegations set forth in Shareholder.com's complaint as true solely for the purposes of this motion.

Shareholder.com is a Delaware corporation, with its principal place of business in Maynard, Massachusetts. Cplt. ¶ 1. It offers Investor Relations ("IR") services to public companies, including, among other things, audio and video internet broadcasts for clients' earnings and annual meetings, and customized IR websites. *Id.*

CCBN is a Delaware corporation headquartered in Boston, Massachusetts. *Id.* ¶ 2. It offers a similar suite of IR services to public companies that may be customized to the

needs of the specific customer. *Id.* The individual defendants are supposedly employees of CCBN who allegedly participated in gaining unlawful entry into Shareholder.com's computer system. *Id.* ¶ 3.

Thomson is a foreign corporation, with its principal place of business in Stamford, Connecticut. *Id.* ¶ 4. On March 12, 2004, Thomson announced that it had entered into a merger agreement with CCBN. *Id.*

The complaint alleges that for three months, beginning in mid-January 2002 and ending in April 2002, one or more of the individual defendants unlawfully accessed Shareholder.com's electronic database on approximately 20 occasions. *Id.* ¶¶ 11, 13, 24. The database allegedly contained confidential and proprietary client and business information. *Id.* ¶ 11.

These alleged "intrusions" form the basis of the ten claims in Shareholder.com's complaint. The first five claims are federal in nature and provide the sole alleged basis for jurisdiction in this Court. *See id.* ¶ 5. They assert: (1) violations of the Federal Stored Wire and Electronic Communications Act; (2) violations of the Federal Wire and Electronic Communications Interception Act; (3) violations of the Computer Fraud and Abuse Act; (4) participating in racketeering activity, in violation of the Racketeer Influenced and Corrupt Organizations Act; and (5) conspiring to participate in racketeering activity. Each claim is defective for reasons we explain below and should be dismissed.

As the federal claims should be dismissed, there is no basis for the Court to exercise jurisdiction over the remaining state law claims, and they should be dismissed as well.

Further, Shareholder.com has failed to make any allegations of any role by Thomson in any alleged conduct. Thus, the complaint should be dismissed in its entirety as to Thomson.

2

Lastly, CCBN and Thomson move to stay discovery pending the resolution of this motion to dismiss.

### ARGUMENT

Under Rule 12(b)(6), this Court should dismiss the complaint if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Tolman v. Finneran*, 171 F. Supp. 2d 31, 35 (D. Mass. 2001) (Saris, J.) (citation omitted). In evaluating a motion to dismiss, the Court takes as true "the well-pleaded facts as they appear in the complaint, extending [the] plaintiff every reasonable inference in his favor." *Id.* (citations omitted). "Plaintiffs may not, however, rely upon 'unsupported conclusions or interpretations of law.'" *Id.* (citation omitted). Instead, the plaintiff must make sufficient factual allegations to survive a Rule 12(b)(6) motion. *See Day v. Fallon County Health Plan, Inc.*, 917 F. Supp. 72, 75 (D. Mass. 1996).

### I.

### THE COMPLAINT FAILS TO ALLEGE FACTS SUFFICIENT TO STATE A CLAIM AGAINST THOMSON

The complaint should be dismissed in its entirety against Thomson.

Shareholder.com does not, and could not, identify any act by Thomson that is the subject of this dispute. Indeed, in the 79 paragraphs of its complaint, Shareholder.com mentions Thomson once – in a paragraph describing the parties to this lawsuit. Cplt. ¶ 4. That paragraph alleges merely that on March 12, 2004 – nearly <u>two years</u> after the last of CCBN's alleged "intrusions" – Thomson "acquired CCBN," and that "[u]pon information and belief, Thomson assumed CCBN's liabilities through its acquisition." *Id.*

The mere assertion that one corporation is liable for another's wrong does not state a claim, and the complaint against Thomson should be dismissed for this reason alone. *See*

3

*Andrews-Clarke v. Lucent Techs., Inc.*, Civ. A. No. 01-10055-PBS, 2001 U.S. Dist. LEXIS 21653, at *2-3 (D. Mass. June 25, 2001) (refusing to add parent corporation as defendant under "traditional notions of direct and vicarious liability" because subsidiary-defendant "is a viable corporation that continues to conduct business" and, "[u]nder Massachusetts law, a parent corporation and its subsidiary are separate corporate entities").

If we are to assume that the allegation is a reference to the merger agreement between CCBN and Thomson, then the claim should also be dismissed because the merger agreement refutes any basis for liability and, on a motion to dismiss, the Court may review documents relied upon in the complaint without converting the motion into one for summary judgment. *See Blackstone Realty LLC v. FDIC*, 244 F.3d 193, 197 n.3 (1st Cir. 2001); *Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996). *See* Agreement and Plan of Merger By and Among The Thomson Corporation Delaware Inc., Boston Acquisition Co. and CCBN.com, Inc., dated as of January 28, 2004, attached as Exhibit A (the "Merger Agreement").

It is indisputable that Thomson did not assume CCBN's liabilities. The Merger Agreement expressly provides that "[CCBN] shall continue as the surviving corporation in the Merger . . . , and the separate corporate existence of [CCBN] with all its rights, privileges, immunities, powers and franchises shall continue unaffected by the Merger." *See* Merger Agreement, at 2 (emphasis added).

As the complaint concedes, CCBN was a separate corporate entity at the time of the alleged intrusions, and it continues as a separate corporation today. *See Andrews-Clarke*, 2001 U.S. Dist. LEXIS 21653, at *4 (noting that subsidiary-defendant "had no relationship with [parent] until after the events forming the basis of the complaint"). The merger in March 2004

4

did not change that; indeed, the Merger Agreement reinforced it.  Accordingly, the complaint should be dismissed in its entirety with respect to Thomson.

## II.

### PLAINTIFF'S CLAIM RELATING TO DEFENDANTS' ALLEGED RICO VIOLATION SHOULD BE DISMISSED

Count 4 of the complaint purports to allege that the 20 alleged intrusions into Shareholder.com's database constitute a pattern of racketeering activity that violate the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c).  As the First Circuit has previously admonished, this claim is simply an attempt to "assert[] an inequity attributable to . . . defendant[s]' conduct and tack[] on the self-serving conclusion that the conduct amounted to racketeering." *Miranda v. Ponce Fed. Bank*, 948 F.2d 41, 44 (1st Cir. 1991).

To state a RICO claim, plaintiff must allege that "(1) the defendant is involved in an enterprise; (2) engaged in a pattern; (3) of racketeering activity; (4) that injures the plaintiff. *Eagle Inv. Sys. Corp., v. Tamm*, 146 F. Supp. 2d 105, 108 (D. Mass. 2001).  This Court has explained that "a greater degree of specificity is required in RICO cases," *In re Pharmaceutical Indus. Average Wholesale Price Litig.*, Civ. A. No. 01-12257-PBS, 2004 WL 345847, at *2 (D. Mass. Feb. 24, 2004) (Saris, J.) (quoting *Bessette v. Avco Fin. Servs., Inc.*, 230 F.3d 439, 443 (1st Cir. 2000)); and the First Circuit has stated that "particular care is required to balance the liberality of the Civil Rules with the necessity of preventing abusive or vexatious treatment of defendants." *Miranda*, 948 F.2d at 44 (citations omitted).  Here, the complaint fails to sufficiently allege at least the first, second, and third elements of a RICO claim.  Accordingly, Count 4 should be dismissed.

A.    **No Adequate RICO Enterprise Is Alleged**

It is well-settled in the First Circuit that "the 'person' identified under § 1962(c) must be distinct from the 'enterprise.'" *Bessette*, 230 F.3d at 448; *see also Miranda*, 948 F.2d at 44 (noting that the "same entity cannot do double duty as the RICO defendant and the RICO enterprise"). Here, the complaint identifies CCBN as the "enterprise" and the individual defendants – all employees of CCBN – as those who "conducted and participated in the conduct of the affairs of CCBN." Cplt. ¶¶ 46, 48. As noted by the *Bessette* court, however, "[t]he problem with this formulation of the claim is that employees acting solely in the interest of their employer, carrying on the affairs of the corporate enterprise, are not distinct from that enterprise." 230 F.3d at 449 (citations omitted).

The complaint does not allege that the individual defendants "were associated in any manner apart from the activities of the enterprise, and therefore, under the heightened standard required for RICO claims, [Shareholder.com] fails to state a claim for which relief can be granted under RICO." *Id.* at 449-50 (internal citations omitted). Thus, the complaint's failure to adequately allege an "enterprise" alone warrants dismissal of Count 4.

B.    **No Pattern Of Racketeering Activity Is Alleged**

Shareholder.com also does not adequately allege a "pattern of racketeering activity." The Supreme Court has held that the "pattern" requirement requires a showing of continuity, demonstrating either "a series of related predicate [act]s extending over a substantial period of time," or "past conduct that by its nature projects into the future with a threat of repetition." *H.J. Inc.* v. *Northwestern Bell Tel. Co.*, 492 U.S. 229, 241-242 (1989). Here, as the complaint itself concedes, CCBN's alleged intrusions neither extended over a substantial period of time nor offer the threat of repetition.

Shareholder.com alleges that the intrusions occurred over a period of, at most, three months, and that in April 2002, after updating its computer security mechanisms, the intrusions ended. Cplt. ¶¶ 11-14, 24-25. The complaint also alleges that CCBN made unsuccessful attempts for another month-and-a-half, but that this ended by the end of May 2002. *Id.* ¶ 25. Thus, the alleged wrongful conduct lasted, in its entirety, a little more than four months. This is not sufficient to allege a "pattern" of racketeering activity. *See North Bridge Assocs., Inc. v. Boldt*, 274 F.3d 38, 43 (1st Cir. 2001) (holding that acts extending over four months "were minimal" and did not establish continuity); *see also Divot Golf Corp. v. Citizens Bank*, No. Civ. A. 02-CV-10654-PBS, 2002 WL 31741472, at *5 (D. Mass. Nov. 26, 2002) (Saris, J.) (noting that the First Circuit has "taken a jaundiced view of alleged patterns lasting less than two years").

In addition, the complaint makes clear that there is no threat of repetition. *See North Bridge*, 274 F.3d at 43 (requiring a showing that there is a "realistic prospect" that the alleged acts "will extend indefinitely into the future"). Since "giving up" in May 2002, Cplt. ¶ 25, there are no allegations that CCBN continued to access, or even attempted to access, Shareholder.com's databases. Moreover, Shareholder.com has installed "security mechanisms" in its databases that have made its systems "highly secure," *id.* ¶ 24, thus negating the "realistic prospect" that the intrusions will extend into the future.

Consequently, Shareholder.com fails to satisfy the "pattern of racketeering" element of a RICO claim. *See H.J.*, 492 U.S. at 242 (explaining that "[p]redicate acts extending over a few weeks or months and threatening no future criminal conduct do not satisfy" the RICO pattern requirement); *Fulco v. American Cable Sys.*, [1989-90] Fed. Sec. L. Rep. (CCH) ¶ 94,980, at *22 (D. Mass. 1989) (noting that a "short series of nearly identical securities transactions consummated in less than one year" is not a "pattern of racketeering"); *Airlines*

7

*Airlines Reporting Corp. v. Aero Voyagers, Inc.*, 721 F. Supp. 579, 584 (S.D.N.Y. 1989) (holding that a repeated mailing of allegedly fraudulent weekly reports over a thirteen-month period was not a pattern).

**C.    The Allegations of Racketeering Activity Are Deficient**

Shareholder.com alleges that CCBN's racketeering activity involved violations of the National Stolen Property Act, 18 U.S.C. §§ 2314-15, and the Wire Fraud Act, 18 U.S.C. § 1343. Cplt. ¶¶ 49-50. The complaint fails to sufficiently plead the elements of both Acts, which sound in fraud and must, therefore, be pled in accordance with the heightened pleading requirements of Fed. R. Civ. P. 9(b). *See Welch Foods, Inc. v. Gilchrist*, No. 93-CV-0641E(F), 1996 WL 607059, at *3 (W.D.N.Y. Oct. 18, 1996) (citations omitted); *General Elec. Co. v. Lyon*, 894 F. Supp. 544, 554 (D. Mass. 1995) (citations omitted).

The National Stolen Property Act prohibits the "transport[ing], transmit[ting], or transfer[ring] in interstate or foreign commerce" of "stolen" property. 18 U.S.C. § 2314 (emphasis added). Here, despite nakedly alleging that defendants have "transported" Shareholder.com's information "across state lines," Cplt. ¶ 49, Shareholder.com does not offer any facts to support this allegation. Indeed, the complaint's few relevant, vague allegations point to an opposite conclusion – that one computer in Massachusetts (CCBN's) accessed another computer in Massachusetts (Shareholder.com's). *See id.* ¶¶ 12-16.[1] Obviously, such activities are not covered by the statute; and, as fatal to this claim, such faulty and insufficient pleadings certainly do not satisfy Rule 9(b).

---

[1]    Further, to purportedly support Count VI, which asserts a state-law claim of unfair and deceptive business practices, the complaint alleges that "[t]he unfair and deceptive acts by CCBN and the individual defendants occurred within the Commonwealth of Massachusetts." Cplt. ¶ 61 (emphasis added).

The Wire Fraud Act also has an "in interstate or foreign commerce" requirement, 18 U.S.C. § 1343, which the complaint also fails to satisfy. Again, despite making a naked allegation that CCBN and the individual defendants "us[ed] interstate wires in furtherance of the scheme," Cplt. ¶ 50, Shareholder.com presents no facts to support this conclusion; again, what allegations there are point solely to an intrastate affair, *see id.* ¶¶ 12-16, 61; and, again, such activities are not covered by the statute, and such insufficient pleadings certainly do not satisfy Rule 9(b). *See Efron v. Embassy Suites (Puerto Rico), Inc.*, 47 F. Supp. 2d 200, 205 (D. P.R. 1999) (discounting wire fraud allegations as RICO predicate acts where allegations concerned only intrastate communications).

Accordingly, Shareholder.com fails to satisfy the third element of a RICO claim.

As Shareholder.com has failed to sufficiently plead at least three of the four elements of a RICO claim, Count 4 of the complaint should be dismissed.

### III.

### PLAINTIFF'S CLAIM RELATING TO DEFENDANTS' ALLEGED CONSPIRACY TO VIOLATE RICO SHOULD BE DISMISSED

Count 5 purports to state a claim of conspiracy to violate RICO. This claim should be dismissed because, as demonstrated above, Shareholder.com has failed to adequately allege a violation of § 1962(c). *Bowdoin Constr. Corp. v. Rhode Island Hosp. Trust Nat'l Bank*, 869 F. Supp. 1004, 1011 (D. Mass. 1994) (stating that, where plaintiff failed to state a claim under §1962(c), plaintiff's conspiracy claim necessarily failed as well); *Schwartz* v. *Philadelphia Nat'l Bank*, 701 F. Supp. 92, 96 (E.D. Pa. 1988) ("A claim cannot be made under § 1962(d) . . . in the absence of a viable claim under § 1962(a), (b), or (c).").

9

IV.

## PLAINTIFF'S CLAIM RELATING TO DEFENDANTS' ALLEGED VIOLATION OF THE ELECTRONIC COMMUNICATIONS ACT SHOULD BE DISMISSED

Shareholder.com alleges that CCBN violated the Federal Stored Wire and Electronic Communications Act (the "Electronic Communications Act"), 18 U.S.C. § 2701(a)(1), by "intentionally and without authorization access[ing] private electronic communications stored on internal Shareholder.com computer systems." Cplt. ¶ 29. The Electronic Communications Act provides that "whoever . . . intentionally accesses without authorization a facility through which an electronic communication service is provided[,] . . . and thereby obtains, alters, or prevents authorized access to a wire or electronic communication while it is in electronic storage in such system shall be punished . . . ." 18 U.S.C. § 2701(a)(1).

Shareholder.com's complaint fails to allege that CCBN accessed the information "while it [was] in electronic storage," as defined by the Act. The statute is concerned with unlawful access to electronic communications in transmission and, not surprisingly, defines "electronic storage" for its purposes as temporary storage and back-up incidental to the communication: "(A) any temporary, intermediate storage of a wire or electronic communication incidental to the electronic transmission thereof; and (B) any storage of such communication by an electronic communication service for purposes of backup protection of such communication." 18 U.S.C. § 2510(17)(A)-(B), *incorporated by id.* § 2711(1). The statute does not protect "electronic databases," such as the "Management System," that Shareholder.com alleges were accessed by CCBN and the individual defendants. *See* Cplt. ¶ 11.

With respect to § 2510(17)(A), the statute protects only electronic communications that are "stored 'for a limited time' in the 'middle' of a transmission, i.e., when an electronic communication service temporarily stores a communication while waiting to

10

deliver it." *In re DoubleClick Inc. Privacy Litig.*, 154 F. Supp. 2d 497, 512 (S.D.N.Y. 2001); *see also In re Toys R Us, Inc. Privacy Litig.*, 2001 U.S. Dist. LEXIS 16947, at *10-11 (N.D. Cal. Oct. 9, 2001). Here, Shareholder.com does not allege that its "Management system" is a temporary or intermediate storage incidental to delivery. Rather, the complaint describes the system as a "web front-end and a database," Cplt. ¶ 11, where "key client information is housed." *Id.* ¶ 12. Like the "cookies" at issue in *Toys R Us*, the Management System is designed for "continued access" and does not "incidentally stor[e]" data "while awaiting final transmission to another location." *Toys R Us*, 2001 U.S. Dist. LEXIS 16947, at *10.

Similarly, with respect to § 2510(17)(B), the system is clearly not "for purposes of backup protection" of communications. Instead, as alleged in the complaint, it provides a database for regular and constant reference containing such things as "a full client list and [a] database of internal and client reported performance issues." Cplt. ¶ 12.

Thus, the Management system is not protected by § 2701(a)(1). *See Toys R Us*, 2001 U.S. Dist. LEXIS 16947, at *14 (granting motion to dismiss where plaintiffs failed to plead that, at the time of access, the subject electronic communications were in "electronic storage"); *DoubleClick*, 154 F. Supp. 2d at 513 (same).

Accordingly, as the complaint fails to satisfy the statutory pleading requirements of the Electronic Communications Act, Count 1 should be dismissed.

## V.

## PLAINTIFF'S CLAIM RELATING TO DEFENDANTS' ALLEGED VIOLATION OF THE WIRETAP ACT SHOULD BE DISMISSED

Shareholder.com also purports to state a claim under the Federal Wire and Electronic Communications Interception Act (the "Wiretap Act"), 18 U.S.C. § 2511(1)(a), asserting that "CCBN and the individual defendants intentionally and unlawfully intercepted the

11

electronic communications of Shareholder.com." Cplt. ¶ 33. Count 2 should be dismissed as the complaint fails to state a claim under the Wiretap Act.

The complaint alleges that CCBN and the individual defendants gained unauthorized access to Shareholder.com's electronic database. To find a violation under the Wiretap Act, however, a person must actually <u>intercept</u> a communication, and not just gain access to a stored wire or electronic communication. *United States v. Moriarty*, 962 F. Supp. 217, 220 (D. Mass. 1997). Courts have clearly indicated that a communication is not intercepted in violation of § 2511 unless the interception is contemporaneous with the transmission of the communication. *See Eagle Inv. Sys. Corp.*, 146 F. Supp. 2d at 112 (following Fifth Circuit's interpretation of "intercept" to require that electronic communication be acquired before it reaches its destination); *Moriarty*, 962 F. Supp. at 221 (holding that defendant did not intercept communication in violation of Wiretap Act when he listened to and obtained contents of voicemail while such contents were in electronic storage); *Thompson v. Thompson*, No. Civ. 02-91-M, 2002 WL 1072342, at *3 (D. N.H. May 30, 2002) (holding that acquisition of electronic data, no longer in the process of being transferred, does not qualify as interception of electronic communication).

Here, while paragraph 33 recites the mantra that CCBN "intercepted" electronic communications, the allegations of the complaint that describe what allegedly happened merely assert that CCBN obtained access to already-stored data, not to data that were in the process of being transferred. *See, e.g.*, Cplt. ¶¶ 11, 12, 14-17. Accordingly, Count 2 of the complaint should be dismissed. *See Eagle Inv. Sys. Corp.*, 146 F. Supp. 2d at 113 (granting motion to dismiss Wiretap claim because communications were acquired after – not during – transmission);

12

*Thompson*, 2002 WL 1072342, at *3 (granting 12(b)(6) motion to dismiss Wiretap claim; no allegation in complaint that any act by defendants meets the "during-transmission" requirement).

## VI.

### PLAINTIFF'S CLAIM RELATING TO DEFENDANTS' ALLEGED VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT SHOULD BE DISMISSED

Count 3 of the complaint alleges that CCBN violated the Federal Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030, "by intentionally accessing a Shareholder.com computer without authorization or exceeding authorized access and obtaining proprietary information, including interstate communications." Cplt. ¶ 39; *see also id.* ¶¶ 41-42. Because the complaint does not satisfy the jurisdictional requirements under the CFAA, the claim should be dismissed.

Under Section 1030(g) of the CFAA, a private action may be brought only if one of several conditions under Section 1030(a)(5)(B) is satisfied. The relevant condition here is (a)(5)(B)(i), which requires, among other things, a "loss to 1 or more persons during any 1-year period . . . aggregating at least $5,000 in value." 18 U.S.C. § 1030(a)(5)(B)(i). Courts have determined that plaintiff may not aggregate losses stemming from separate violations to satisfy the $5,000 requirement; rather, plaintiff can only recover for a violation if that "single act or event" itself resulted in a loss of $5,000. *See Chance v. Avenue A, Inc.*, 165 F. Supp. 2d 1153, 1158-59 (W.D. Wash. 2001); *see also DoubleClick*, 154 F. Supp. 2d at 523-26.

Here, although Shareholder.com alleges that defendants' "violations" in aggregate "caused losses exceeding $5,000 in value over a one-year period," Cplt. ¶ 43, it does not plead any facts to allege damages of over $5,000 for any single violation by defendants. *See Chance*, 165 F. Supp. 2d at 1159. Accordingly, as Shareholder.com fails to satisfy the pleading

13

requirements of the CFAA, Count 3 should be dismissed. *See DoubleClick*, 154 F. Supp. 2d at 526.

## VII.

### THE COMPLAINT'S REMAINING STATE LAW CLAIMS SHOULD ALSO BE DISMISSED

It is well-settled law that if a complaint's federal claims are dismissed before trial, then the "jurisdictional basis for plaintiff's pendent claims under [state] law evaporate[s]." *Castegneto v. Corporate Exp., Inc.*, 13 F. Supp. 2d 114, 118 (D. Mass 1998) (citations omitted); *see also Camelio v. American Fed'n*, 137 F.3d 666, 672 (1st Cir. 1998) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)). Accordingly, as Counts 1 through 5 provide the sole basis for this Court's jurisdiction over this dispute, the remaining Counts 6 through 10, all state law claims, must be dismissed.

## VIII.

### DISCOVERY SHOULD BE STAYED PENDING THE RESOLUTION OF THIS MOTION TO DISMISS

CCBN and Thomson move to stay discovery in this action pending the Court's ruling on this Motion to Dismiss. CCBN and Thomson submit that a stay pending resolution of the motion will potentially obviate unnecessary burden and expense. This motion seeks the dismissal of the complaint's federal claims, which, if granted, would likely result in the case moving to state court. Moreover, the motion seeks the dismissal of the complaint, in its entirety, as to Thomson, which would certainly limit the scope of discovery. *See LTX Corp. v. Daewoo Corp.*, 979 F. Supp. 51, 59 (D. Mass. 1997) (noting that court had granted defendants' motion to stay discovery, even as to jurisdictional issues, pending disposition of motion to dismiss).

14

## CONCLUSION

For the foregoing reasons, this Court should dismiss the complaint in its entirety with respect to Thomson; dismiss Counts 1 through 5 of the complaint pursuant to Rule 12(b)(6); dismiss the remainder of the case for lack of jurisdiction; and grant CCBN and Thomson's motion to stay discovery pending the resolution of the Motion to Dismiss.

Dated:  May 5, 2004

Respectfully Submitted,

PAUL, WEISS, RIFKIND, WHARTON      GOODWIN PROCTER LLP
  & GARRISON LLP


By:_____          By:_____
    Aidan Synnott                          Anthony S. Fiotto (BBO# 558089)
    H. Seiji Newman                        David M. Moss (BBO# 649707)
    Sunny S. Park


1285 Avenue of the Americas          Exchange Place
New York, NY  10019-6064             Boston, MA  02109-2881
(212) 373-3000                       (617) 570-1000

Counsel for Defendants CCBN.Com, Inc. and The Thomson Corporation


### CERTIFICATE OF SERVICE

This is to certify that on this 6th day of May 2004, a true and correct copy of the above and foregoing instrument was served via hand delivery to Ruth T. Dowling, Esq. Palmer & Dodge LLP, 111 Huntington Avenue at Prudential Center, Boston, MA 02199-7613.

_____
David M. Moss