UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DIRECT REPORT CORPORATION d/b/a
SHAREHOLDER.COM
                            Plaintiff,

    v.

CCBN.COM, INC., THE THOMSON
CORPORATION, JOHN DOES 1 through 5,
and JANE DOES 1 through 5,
                            Defendants.

Civil Action No. 04-10535 PBS

**FIRST AMENDED COMPLAINT**

**Introduction.**

In order to gain unfair and unlawful competitive advantage over plaintiff Shareholder.com, its principal rival, defendant CCBN illegally accessed Shareholder.com's electronic communication and computer systems that housed confidential and proprietary client information. In a technically sophisticated manner lasting several months, CCBN repeatedly targeted and obtained competitive data including the descriptions of the services Shareholder.com was providing to clients, the level of satisfaction of those clients, the prices charged, the technical problems faced by those clients, and the key client contacts. CCBN also reviewed information on client projects that were currently under development at Shareholder.com. This data was of enormous value in the head-to-head battles between CCBN and Shareholder.com for clients. Having robbed Shareholder.com of its competitive data, CCBN then used that illegally obtained information to strip Shareholder.com of numerous clients and to impede Shareholder.com's acquisition of new business. CCBN's conduct violates several

federal statutes prohibiting the unauthorized access to electronic computer systems, it constitutes an unfair and deceptive trade practice under Massachusetts General Laws Chapter 93A, and it transgresses Massachusetts common law and statutes which prohibit the stealing of trade secrets and the intentional interference with actual and prospective business relationships.  As a result, Shareholder.com has suffered millions of dollars in damages which is subject to trebling under Chapter 93A.  Additionally, CCBN has derived enormous commercial benefits through its misconduct, and these ill-gotten gains must be disgorged to Shareholder.com.

**Parties.**

1.    Plaintiff Direct Report Corporation, which does business under the name Shareholder.com ("Shareholder.com") is a Delaware corporation with its principal place of business at 12 Clock Tower Place, Maynard, MA 01754.  Shareholder.com provides publicly traded companies with technology and services that enable them to communicate quickly and efficiently with their shareholders and others in the financial community.  Shareholder.com's services include providing audio and video internet broadcasts for clients' earnings and annual meetings, customized investor relations websites, and the creation of dynamic financial documents.

2.    Defendant CCBN.com (Corporate Communications Broadcast Network), Inc. ("CCBN") is also a Delaware corporation with its principal place of business in Boston, MA. CCBN is a competitor of Shareholder.com and provides public company clients with an array of technology and services designed to facilitate communication with investors.

3.    Defendants John Does 1 through 5 and Jane Does 1 through 5 are employees of CCBN or independent contractors or third parties associated with CCBN, who participated in the unlawful infiltration of Shareholder.com's computer systems described below, actively covered

up CCBN's misconduct, or knew of the misconduct and made no effort to curtail it or to inform Shareholder.com of it.  Shareholder.com does not know the true names of these individuals at this time.

    4.   The Thomson Corporation ("Thomson") is a foreign corporation with its principal place of business at Metro Center, One Station Place in Stamford, Connecticut.  On March 12, 2004, Thomson announced that it had acquired CCBN.  Upon information and belief, Thomson has assumed CCBN's liabilities.

## Jurisdiction and Venue.

    5.   This Court has federal question jurisdiction over this action pursuant to 18 U.S.C. §§ 1030(g), 1964, 2520, 2707.

    6.   Venue is proper in this district, pursuant to 28 U.S.C. § 1391(b).

## Factual Background.

*The Companies' Long-Standing Rivalry*

    7.   Shareholder.com was founded in 1992 and has been a pioneer in the industry of shareholder communication services.

    8.   Shareholder.com's offerings include Webcasts for earnings and annual meetings, customized investor relations Web sites, targeting tools, dynamic financial documents and global fulfillment services.  The company serves publicly-traded companies and has over 750 clients around the world, including over one-third of the Fortune 500, with a broad international base in Europe and Asia.

    9.   CCBN entered the shareholder communication services industry five years after Shareholder.com, in 1997, and offers a similar suite of internet-based investor relations services.

10. Since CCBN's entry into the marketplace, the companies have been principal rivals, competing in recent years primarily against one another for client accounts.

*CCBN's Unlawful Access of Shareholder.com's Computer Systems*

11. On or about January 17, 2002, during business hours an individual or individuals (the "CCBN Intruder(s)") illegally accessed Shareholder.com's communication and computer system called the "Management system." The Management system is a web front-end and computer system containing confidential and proprietary Shareholder.com client and business data. The Management system functions as a "store and forward" communications tool where electronic messages from various parties, including clients of Shareholder.com, are stored in an intermediate electronic storage system and subsequently transmitted to Shareholder.com employees.

12. The CCBN Intruder(s) used a Shareholder.com user name and password and quickly accessed Shareholder.com's full client list and its database of internal and client-reported performance issues and viewed electronic messages from clients. The CCBN Intruder(s) located this valuable information with surgical precision and speed, indicating that he, she or they had previously gained unlawful access to the Shareholder.com computer system and therefore knew where key client information is housed. Upon information and belief, the CCBN Intruder(s) repeatedly accessed the Management system and misappropriated Shareholder.com's proprietary data long before January 17, 2002.

13. Over the course of the next three months, the CCBN Intruder(s) made more than 20 additional intrusions into Shareholder.com's s Management system using three separate user names and passwords. The intrusions were made from three different computers connected to CCBN IP addresses as well as third-party sites such as America Online, an internet service

provider and Virtual Development Inc., an anonymizer service. Because Shareholder.com deposited a "cookie" on the browser of the offending computers, it has been able to link more than 20 illegal incursions to CCBN.

14. Performing these intrusions required the transmission of data across state lines. Both American Online and Virtual Development, Inc. are located in Virginia and maintain a network of servers that direct internet traffic on their networks throughout various locations in the United States. Furthermore, all of CCBN's intrusions traveled via the Internet, a network of computer networks upon which traffic is routinely routed through various locations outside the Commonwealth. Upon information and belief, the CCBN intruders also used portable laptop computers to perform many of these intrusions from remote locations outside CCBN's offices. CCBN also used the data it obtained to solicit customers located outside of Massachusetts.

15. A CCBN intrusion on March 25, 2002 serves as an example of CCBN's pattern and practice of illegal access. On that date, starting at 4:55pm, the CCBN Intruder(s) gained access to Shareholder.com's Management system. Access was made from CCBN IP address 65.171.72.188 using a Microsoft Internet Explorer browser revision 5.5. The cookie identification number was 550493. Once logged in, the CCBN Intruder(s) viewed the full list of Shareholder.com clients. The CCBN intruder(s) then sorted the client list by recent live clients (so that he, she, or they could view the clients that had most recently joined Shareholder.com). The intruder(s) then accessed the trouble ticket system home page, Shareholder.com's internal system of tracking problems encountered by clients. After viewing all open trouble tickets, the intruder(s) accessed a specific ticket in order to gain information about a particular client. The intruder(s) then viewed the Project Management System for clients under development. Next the intruder(s) moved to the billing documents and viewed specific client invoices to learn how

much these clients were being billed for Shareholder.com's services. The intruder(s) focused in on two particularly significant Fortune 500 clients and viewed those clients' February 2002 invoices. All of this activity was accomplished in five minutes and ten seconds, indicating that the intruder(s) was highly familiar with Shareholder.com's system as a result of earlier intrusions. One of the clients whose invoice was viewed during this session shortly afterwards left Shareholder.com, without any explanation, and became a client of CCBN.

16. During these intrusions, the CCBN Intruder(s) reviewed among other information, Shareholder.com's client lists, client invoices, client contact information, the trouble-shooting database, and information on the types of services being provided to clients. Included in this information were electronic communications both from Shareholder.com clients and internal Shareholder.com communications. Upon information and belief, the CCBN intruders viewed electronic communications while they were being stored on the Management system, before their subsequent delivery to Shareholder.com personnel. Not only did the CCBN Intruder(s) view current client information, he, she, or they also viewed Shareholder.com's information on client development projects.

17. The CCBN Intruder(s), in addition to intercepting a significant volume of general client information, also focused the intrusions on a handful of specific clients, gathering critical information, for example, about each client's levels of satisfaction with Shareholder.com's service.

18. The information reviewed is confidential, proprietary and has significant competitive value. From the intrusions, CCBN learned what kinds of services a particular company uses, what it is charged for those services, the names of the key client contacts and the concerns, if any, that the client has expressed to Shareholder.com about the services. Armed with this

information, CCBN could create specifically-tailored proposals for these clients gaining an enormous advantage in its competition against Shareholder.com.

19. A number of the companies targeted by CCBN during its intrusions left Shareholder.com shortly after the intrusions and became clients of CCBN.  Shareholder.com's annual billings to one of the targeted accounts was approximately $100,000.

*Shareholder.com Uncovers CCBN's Unlawful Intrusions*

20. In early June 2002, Shareholder.com discovered that its Management system had been violated by CCBN on several occasions.  Shareholder.com hired a company that specializes in investigating internet-based corporate espionage.  That company confirmed that there were a number of intrusions into Shareholder.com's systems emanating from CCBN IP addresses.

21. Given the surreptitious nature of the intrusions, Shareholder.com could not reasonably have known of the unlawful activity while it was ongoing.

22. Immediately upon discovering the intrusions, a Shareholder.com director contacted CCBN's Chairman and Chief Executive Officer, Jeffrey Parker, to report the intrusions.

23. Mr. Parker indicated that he would discuss Shareholder.com's claim with CCBN management and report back to the Shareholder.com director.

24. In a follow-up phone conversation a few days later, Mr. Parker confirmed that CCBN had indeed gained unlawful entry into Shareholder.com's computer system.  Mr. Parker claimed that CCBN had received an anonymous letter containing password information that permitted CCBN to access the confidential and proprietary Management system.  Mr. Parker offered no explanation as to why that anonymous letter had not been brought immediately to Shareholder.com's attention.

25. A subsequent investigation into CCBN's activities conducted by the Massachusetts Attorney General's Office confirmed that CCBN had gained unauthorized access into Shareholder.com's computer system. Indeed, CCBN employees responsible for its computer network admitted that such unauthorized access had occurred. In an interview with Massachusetts State Police Trooper David W. Crouse, CCBN employees Jason Buckley and Michael Gendreau agreed that someone from within the CCBN organization had accessed Shareholder.com's computer systems. Trooper Crouse's report describing this interview is attached as Exhibit A.

*An Upgrade in Shareholder.com's Security System Prevents Further Intrusions*

26. Based on Shareholder.com's subsequent investigation of the intrusions, it appears that the CCBN intrusions were halted in April 2002 as a result of Shareholder.com's updating of its security mechanisms in its internal computers. These enhancements, which have made Shareholder.com's systems highly secure, did not stop the CCBN intruder(s) from continuing to attempt to illegally access Shareholder.com proprietary information.

27. Between April 15 and May 29, 2002, CCBN made numerous unsuccessful attempts to access the Shareholder.com Management system. On May 29, 2002, alone, the CCBN intruder(s) tried six times to gain unlawful access before giving up. To Shareholder.com's knowledge, CCBN's attempts to infiltrate Shareholder.com's communication and computer systems have continued until as recently as October, 2003. Indeed, throughout 2002 and 2003, CCBN made numerous attempts to infiltrate Shareholder.com's Dialog system, a computer and communication system which contains the same confidential, proprietary data housed on Shareholder.com's Management system.

*Thomson Acquires and Absorbs CCBN*

28.     In pre-acquisition public reports, CCBN announced that its operations would be absorbed within Thomson Financial, Inc. a wholly-owned subsidiary of Thomson, with its principal place of business in Boston, Massachusetts.

29.     Prior to the acquisition, Shareholder.com's Chief Executive Officer contacted the President and Chief Operating Officer of Thomson Financial to inform her of the claims against CCBN.  In a letter response from Thomson Financial's counsel, Thomson Financial did not disavow responsibility for CCBN's liabilities post-acquisition, but rather affirmatively represented that it would undertake an appropriate review of the claims post-acquisition.

30.     Upon information and belief, Thomson has dismantled CCBN and divided its core operating areas within Thomson.  CCBN and Thomson have become a *de facto* single entity.

31.     CCBN has begun moving its personnel to Thomson Financial's offices.

32.     All of CCBN's directors and officers before the acquisition, including its co-founder, Chairman and Chief Executive Jeffrey Parker and co-founder and President Robert Adler have resigned from the company.

33.     In an attempt to verify that CCBN has not, in fact, been reduced to a shell to avoid its liabilities to Shareholder.com, counsel for Shareholder.com wrote counsel for CCBN, seeking information concerning CCBN's pre- and post-acquisition capitalization.  A copy of the letter is attached as Exhibit B.  Despite the fact that such documents and information inevitably will be disclosed during the course of discovery, CCBN and Thomson refused to provide the requested documents.

*Shareholder.com's Damages*

34. Upon information and belief, CCBN has used its unlawfully acquired competitive information both to rob Shareholder.com of existing clients and also to interfere with Shareholder.com's prospective client relationships.

35. The loss of these prospective and actual client relationships has caused millions of dollars of damage to Shareholder.com, and provided valuable commercial benefits to CCBN.

### Count I
### (Federal Stored Wire and Electronic Communications Act)

36. Shareholder.com incorporates herein by reference the allegations stated above.

37. In violation of the Federal Stored Wire and Electronic Communications Act (the "Stored Communications Act"), 18 U.S.C. § 2701 (a)(1), CCBN and the individual defendants intentionally and without authorization accessed private electronic communications stored on internal Shareholder.com computer systems, in order to obtain confidential information from those messages.

38. Shareholder.com suffered significant monetary loss as a result of CCBN's unlawful conduct.

39. Accordingly, Shareholder.com is entitled to relief in a civil action under 18 U.S.C. § 2707.

### Count II
### (Federal Wire and Electronic Communications Interception Act)

40. Shareholder.com incorporates herein by reference the allegations stated above.

41. CCBN and the individual defendants intentionally and unlawfully intercepted the electronic communications of Shareholder.com, in violation of the Federal Wire and Electronic Communications Interception Act (the "Wiretap Act"), 18 U.S.C. § 2511(1)(a).

42. In addition, upon information and belief, CCBN and the individual defendants have disclosed or endeavored to disclose the contents of Shareholder.com's electronic communications, knowing the information was obtained through interception of an electronic communication.  This also constitutes a violation of the Wiretap Act, 18 U.S.C. § 2511(1)(c).

43. CCBN and the individual defendants have also intentionally used the contents of Shareholder.com's electronic communications, knowing the information was obtained through interception of an electronic communication, again in violation of the Wiretap Act, 18 U.S.C. § 2511(1)(d).

44. Shareholder.com suffered significant monetary loss as a result of CCBN's unlawful conduct.

45. Accordingly, Shareholder.com is entitled to relief under 18 U.S.C. § 2520.

### Count III
### (Computer Fraud and Abuse Act)

46. Shareholder.com incorporates herein by reference the allegations stated above.

47. CCBN and the individual defendants violated the Computer Fraud and Abuse Act ("CFAA") by intentionally accessing a Shareholder.com computer without authorization or exceeding authorized access and obtaining proprietary information, including interstate communications.

48. Shareholder.com's computers are "protected computers" under the CFAA as they are used in interstate or foreign commerce or communication.

49. Additionally, CCBN and the individual defendants knowingly and with intent to defraud, accessed a Shareholder.com computer without authorization, or exceeded authorized access, and by means of such access obtained Shareholder.com proprietary information. These acts also constitute a violation of the CFAA.

50. Furthermore, CCBN and the individual defendants violated the CFAA by intentionally accessing a Shareholder.com computer without authorization, and as a result of such access, caused damage to Shareholder.com.

51. As a result of each of these violations of the CFAA, Shareholder.com suffered impairment to the integrity of its data, programs, systems, and information that caused losses exceeding $5,000 in value over a one-year period. At least one of these violations, in isolation, caused losses exceeding $5,000.

52. Accordingly, Shareholder.com is entitled to relief under 18 U.S.C. § 1030(g).

**Count IV**
**(RICO – Enterprise)**

53. Shareholder.com incorporates herein by reference the allegations stated above.

54. CCBN is an "enterprise" as defined in 18 U.S.C. § 1961(4) for the purposes of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968.

55. CCBN operates in interstate commerce.

56. John Does 1 through 5 and Jane Does 1 through 5 conducted and participated in the conduct of the affairs of CCBN through a pattern of racketeering activity, in violation of 18 U.S.C. § 1962(c).

57. In violation of the National Stolen Property Act, 18 U.S.C. §§ 2314-15, CCBN and the individual defendants have transported and continue to transport across state lines

12

confidential and proprietary information of Shareholder.com valued at more than $5,000 with both fraudulent intent and knowledge that the goods have been fraudulently taken from Shareholder.com or have received and possessed and continue to receive and possess such confidential and proprietary information of Shareholder.com.

58. In violation of the Wire Fraud Act, 18 U.S.C. § 1343, CCBN and the individual defendants obtained the proprietary information of Shareholder.com by means of fraudulent pretenses and in furtherance of a fraudulent scheme with specific intent to defraud, using interstate wires in furtherance of the scheme.

59. Each of these violations of the National Stolen Property Act and Wire Fraud Act constitutes an instance of "racketeering activity" as defined in 18 U.S.C. § 1961(1).

60. Shareholder.com has been and continues to be injured by reason of CCBN and the individual defendants' violation of 18 U.S.C. § 1962(c).

## Count V
### (RICO – Conspiracy)

61. Shareholder.com incorporates herein by reference the allegations stated above.

62. CCBN is a "person" as defined in 18 U.S.C. § 1961(3) for the purposes of RICO.

63. CCBN and the individual defendants engaged in a conspiracy in violation of RICO through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(d).

64. CCBN and the individual defendants jointly, severally, willfully, and knowingly conspired and continue to conspire with each other in violations of the National Stolen Property Act and the Wire Fraud Act and in a pattern of racketeering activity, as set forth above.

65. Shareholder.com has been and continues to be injured by reason of this unlawful conspiracy by CCBN and the individual defendants.

## Count VI
### (M.G.L. c. 93A, §11)

66. Shareholder.com incorporates herein by reference the allegations stated above.

67. Shareholder.com, CCBN and the individual defendants are engaged in the conduct of a trade or business.

68. The theft and wrongful use by CCBN and the individual defendants of Shareholder.com's confidential and proprietary information, taken without authorization from the computer systems of Shareholder.com, constitutes an unfair and deceptive business practice in violation of M.G.L. c. 93A, § 11.

69. The unfair and deceptive acts by CCBN and the individual defendants occurred within the Commonwealth of Massachusetts.

70. CCBN and the individual defendants committed their unfair and deceptive acts and practices knowingly and willfully.

71. Shareholder.com has suffered and continues to suffer financial damages as a result of these unfair and deceptive business practices.

## Count VII
### (M.G.L. c. 93, § 42 – Misappropriation of Trade Secrets)

72. Shareholder.com incorporates herein by reference the allegations stated above.

73. Confidential information concerning Shareholder.com's relationships with its clients and sales strategies constitute trade secrets as defined in M.G.L. c. 266, § 30, and incorporated and used in M.G.L. c. 93, § 42.

74. By stealing the contents of electronic mail messages and electronically stored corporate documents containing trade secrets belonging to Shareholder.com, CCBN and the individual defendants unlawfully took Shareholder.com's trade secrets with an intent to convert those secrets to their own use, in violation of M.G.L. c. 93, § 42.

75. Shareholder.com has and continues to be damaged by CCBN and the individual defendants' violations of M.G.L. c. 93, § 42.

## Count VIII
### (Misappropriation of Trade Secrets and Confidential Information – Common Law Tort)

76. Shareholder.com incorporates herein by reference the allegations stated above.

77. Confidential information concerning Shareholder.com's sales strategies and relationships with its clients constitute trade secrets.

78. Shareholder.com's internal computer and electronic mail systems are intended to be private, and reasonable efforts are made to keep such systems secure and confidential.

79. CCBN and the individual defendants have intentionally stolen trade secrets confidential information from Shareholder.com's computer systems.

80. Shareholder.com has and continues to be damaged by CCBN and the individual defendants' misappropriation of Shareholder.com's trade secrets and confidential information.

**Count IX**
**(Conversion)**

81. Shareholder.com incorporates herein by reference the allegations stated above.

82. The wrongful theft by CCBN and the individual defendants of proprietary and competitively sensitive electronic mail messages corporate documents stored upon Shareholder.com's computer systems constitutes an unlawful conversion of Shareholder.com's property.

83. Shareholder.com has and continues to be damaged by CCBN and the individual defendants' tortious conversion of Shareholder.com's property.

**Count X**
**(Tortious Interference with Contractual or Business Relations)**

84. Shareholder.com incorporates herein by reference the allegations stated above.

85. CCBN and the individual defendants used proprietary and competitively sensitive information unlawfully obtained from Shareholder.com's internal computer systems to intentionally interfere with contractual or business relations between Shareholder.com and third parties.

86. These contractual or business relations contemplated economic benefit to Shareholder.com and CCBN's actions constitute a tortious interference with said relations.

87. Shareholder.com has been and continues to be damaged by CCBN and the individual defendants' tortious interference with Shareholder.com's contractual or business relations.

WHEREFORE, the Plaintiff respectfully requests that the Court grant the following relief:

A.  Temporarily, preliminarily and permanently restrain and enjoin CCBN, CCBN corporate successors and the individual defendants, and their agents, attorneys, employees, officers, directors, or shareholders from:

   1.  disclosing to any person or entity, or using in any other manner, any confidential or proprietary information or materials belonging to or wrongfully acquired from Shareholder.com or its officers, directors, employees, attorneys, or agents;

   2.  accessing, viewing, or copying or taking any information or materials from computer systems, electronic files or any other information storage areas owned or possessed by Shareholder.com, its officers, directors, employees, attorneys, or agents;

   3.  contacting any business associate, employee, client, or prospective client of Shareholder.com, including but not limited to those identified in the confidential and proprietary information wrongfully acquired from Shareholder.com's private computer systems.

B.  Order CCBN, CCBN corporate successors and the individual defendants to return to Shareholder.com and not to retain any copies of all documents, software code, or other materials or information that is the rightful property of Shareholder.com, including but not limited to any trade secrets, confidential and proprietary information, or other communications, documents, or information wrongfully acquired from Shareholder.com's private computer systems.

C. Award actual damages, plus statutory damages, punitive and multiple damages as appropriate, attorneys' fees, costs, and interest.

D. Order CCBN to disgorge all ill-gotten gains obtained through its illegal conduct; and

E. Order such other relief as this Court deems proper.

### Demand for Jury Trial.

Shareholder.com demands a jury trial on all issues so triable.

SHAREHOLDER.COM, INC.,

By its attorneys,

/s/ Thane D. Scott

_____

Thane D. Scott (BBO #449340)
Ruth T. Dowling (BBO #645568)
John T. Bennett (BBO # 648464)
PALMER & DODGE LLP
111 Huntington Avenue
Boston, MA  02199
(617) 239-0100

May 20, 2004.