UNITED STATES DISTRICT COURT    FILED
DISTRICT OF MASSACHUSETTS    IN CLERKS OFFICE

2004 JUN -7 P 4: 45

U.S. DISTRICT COURT
DISTRICT OF MASS.

DIRECT REPORT CORPORATION d/b/a
SHAREHOLDER.COM,

Plaintiff,

v.

CCBN.COM, INC.,
THE THOMSON CORPORATION,
JOHN DOES 1 THROUGH 5, and
JANE DOES 1 THROUGH 5,

Defendants.

Civil Action No. 04-10535 PBS

## DEFENDANTS CCBN.COM, INC.'S AND THE THOMSON CORPORATION'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND TO STAY DISCOVERY

PAUL, WEISS, RIFKIND, WHARTON &
 GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-3000

GOODWIN PROCTER LLP
Exchange Place
Boston, MA 02109-2881
(617) 570-1000

Counsel for Defendants CCBN.com, Inc. and The Thomson Corporation

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ............................................................................................ ii

PRELIMINARY STATEMENT ...................................................................................... 1

THE AMENDED COMPLAINT ..................................................................................... 2

ARGUMENT.................................................................................................................... 4

I.      THE AMENDED COMPLAINT FAILS TO ALLEGE FACTS
SUFFICIENT TO STATE A CLAIM AGAINST THOMSON............................. 4

II.     SHAREHOLDER'S CLAIM RELATING TO CCBN'S ALLEGED
RICO VIOLATION SHOULD BE DISMISSED .................................................. 7

         A.     No Pattern Of Racketeering Activity Is Alleged ...........................................8

         B.     The Allegations of Racketeering Activity Are Deficient.............................11

         C.     CCBN Is An Improper RICO Defendant......................................................12

III.    SHAREHOLDER'S CLAIM RELATING TO CCBN'S ALLEGED
CONSPIRACY TO VIOLATE RICO SHOULD BE DISMISSED .................... 12

IV.    SHAREHOLDER'S CLAIM RELATING TO ALLEGED VIOLATION
OF THE ELECTRONIC COMMUNICATIONS ACT SHOULD BE
DISMISSED ........................................................................................................ 13

V.     SHAREHOLDER'S CLAIM RELATING TO CCBN'S ALLEGED
VIOLATION OF THE WIRETAP ACT SHOULD BE DISMISSED ................ 15

VI.    SHAREHOLDER'S CLAIM RELATING TO DEFENDANTS'
ALLEGED VIOLATION OF THE COMPUTER FRAUD AND ABUSE
ACT SHOULD BE DISMISSED ......................................................................... 17

VII.   THE AMENDED COMPLAINT'S REMAINING STATE LAW
CLAIMS SHOULD ALSO BE DISMISSED ...................................................... 19

VIII.   DISCOVERY SHOULD BE STAYED PENDING THE RESOLUTION
OF THIS MOTION TO DISMISS ....................................................................... 19

CONCLUSION............................................................................................................... 20

# TABLE OF AUTHORITIES

Page

## CASES

*Airlines Reporting Corp. v. Aero Voyagers, Inc.*, 721 F. Supp. 579 (S.D.N.Y. 1989) .................................................................................................................. 10

*Am. Home Assurance Co. v. Sport Maska, Inc.*, 808 F. Supp. 67 (D. Mass. 1992) ........ 5, 6

*Andrews-Clarke v. Lucent Techs., Inc.*, Civ. A. No. 01-10055-PBS, 2001 U.S. Dist. LEXIS 21653 (D. Mass. June 25, 2001) .................................... 5, 6

*Bessette v. Avco Fin. Servs., Inc.*, 230 F.3d 439 (1st Cir. 2000) .................................. 8, 10

*Bessette v. Avco Fin. Servs., Inc.*, 279 B.R. 442 (D.R.I. 2002) ......................................... 12

*Blackstone Realty LLC v. FDIC*, 244 F.3d 193 (1st Cir. 2001) .......................................... 5

*Bowdoin Constr. Corp. v. Rhode Island Hosp. Trust Nat'l Bank*, 869 F. Supp. 1004 (D. Mass. 1994) .......................................................................................... 13

*Bruno & Stillman, Inc. v. Globe Newspaper Co.*, 633 F.2d 583 (1st Cir. 1980) ............... 20

*Camelio v. Am. Fed'n*, 137 F.3d 666 (1st Cir. 1998) ....................................................... 19

*Castegneto v. Corporate Exp., Inc.*, 13 F. Supp. 2d 114 (D. Mass 1998) ........................ 19

*CCBN.com, Inc. v. Thomson Fin., Inc.*, 270 F. Supp. 2d 146 (D. Mass. 2003) ........... 11, 18

*Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158 (2001) ...................................... 12

*Chance v. Ave. A, Inc.*, 165 F. Supp. 2d 1153 (W.D. Wash. 2001) .................................. 18

*Day v. Fallon County Health Plan, Inc.*, 917 F. Supp. 72 (D. Mass. 1996) ........................ 4

*Divot Golf Corp. v. Citizens Bank*, No. Civ. A. 02-CV-10654-PBS, 2002 WL 31741472 (D. Mass. Nov. 26, 2002) ...................................................... 9

*In re DoubleClick Inc. Privacy Litig.*, 154 F. Supp. 2d 497 (S.D.N.Y. 2001) 14, 15, 18, 19

*Doyle v. Hasbro, Inc.*, 103 F.3d 186 (1st Cir. 1996) ....................................................... 14

*Eagle Inv. Sys. Corp. v. Tamm*, 146 F. Supp. 2d 105 (D. Mass. 2001) .................... 8, 16, 17

*Fulco v. Am. Cable Sys.*, [1989-90], Fed. Sec. L. Rep. (CCH) ¶ 94,980
(D. Mass. 1989) ...................................................................................................10

*George Hyman Constr. Co. v. Gateman*, 16 F. Supp. 2d 129 (D. Mass. 1998) .................5

*H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229 (1989) .......................................8, 10

*Karvelas v. Melrose-Wakefield Hosp.*, 360 F.3d 220 (1st Cir. 2004) ...........................10, 17

*Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868 (9th Cir. 2002) .......................................17

*LTX Corp. v. Daewoo Corp.*, 979 F. Supp. 51 (D. Mass. 1997) .......................................20

*Miranda v. Ponce Fed. Bank*, 948 F.2d 41 (1st Cir. 1991) .......................................7, 8, 12

*North Bridge Assocs., Inc. v. Boldt*, 274 F.3d 38 (1st Cir. 2001) .......................................9

*Orchid Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D. 670 (S.D. Cal. 2001) ................19

*In re Pharm. Indus. Average Wholesale Price Litig.*, 263 F. Supp. 2d 172
(D. Mass. 2003) ..................................................................................................12

*In re Pharm. Indus. Average Wholesale Price Litig.*, Civ. A. No.
01-12257-PBS, 2004 WL 345847 (D. Mass. Feb. 24, 2004) .............................8, 9

*Schofield v. First Commodity Corp.*, 793 F.2d 28 (1st Cir. 1986)....................................12

*Schwartz v. Philadelphia Nat'l Bank*, 701 F. Supp. 92 (E.D. Pa. 1988) ...........................13

*Shaw v. Digital Equip. Corp.*, 82 F.3d 1194 (1st Cir. 1996) ..............................................5

*Thompson v. Thompson*, No. Civ. 02-91-M, 2002 WL 1072342
(D.N.H. May 30, 2002)............................................................................16, 17, 18

*Tolman v. Finneran*, 171 F. Supp. 2d 31 (D. Mass. 2001)..................................................4

*In re Toys R Us, Inc. Privacy Litig.*, No. C 00-2746 MMC,
2001 U.S. Dist. LEXIS 16947 (N.D. Cal. Oct. 9, 2001) ................................14, 15

*United Elec. Radio & Mach. Workers v. 163 Pleasant St. Corp.*,
960 F.2d 1080 (1st Cir. 1992)................................................................................7

*United Mine Workers v. Gibbs*, 383 U.S. 715 (1966).......................................................19

*United States v. Bridle Path Enterprises, Inc.*, No. Civ. A. 99-11051-GAO,
2001 WL 1688911 (D. Mass. Dec. 4, 2001)........................................................6, 7

*United States v. Moriarty*, 962 F. Supp. 217 (D. Mass. 1997) ...........................................16

*Welch Foods, Inc. v. Gilchrist*, No. 93-CV-0641E(F), 1996 WL 607059
    (W.D.N.Y. Oct. 18, 1996) ...................................................................................11

## STATUTES

18 U.S.C. § 1030.............................................................................................17

18 U.S.C. § 1030(a)(5)(B) ...............................................................................18

18 U.S.C. § 1030(a)(5)(B)(i) ...........................................................................18

18 U.S.C. § 1030(g) .........................................................................................18

18 U.S.C. § 1343.............................................................................................11

18 U.S.C. § 1962(a) .........................................................................................13

18 U.S.C. § 1962(b) .........................................................................................13

18 U.S.C. § 1962(c) ...............................................................................7, 12, 13

18 U.S.C. § 1962(d) .........................................................................................13

18 U.S.C. § 2314.............................................................................................11

18 U.S.C. § 2315.............................................................................................11

18 U.S.C. § 2510(17)(A) ..................................................................................14

18 U.S.C. § 2510(17)(B)...................................................................................14

18 U.S.C. § 2511.............................................................................................16

18 U.S.C. § 2511(1)(a) .....................................................................................15

18 U.S.C. § 2701(a) .........................................................................................13

18 U.S.C. § 2701(a)(1) .....................................................................................13

18 U.S.C. § 2711(1).........................................................................................14

Fed. R. Civ. P. 9(b) ....................................................................................10, 18

Fed. R. Civ. P. 12(b)(6) .........................................................................2, 4, 17, 20

## PRELIMINARY STATEMENT

By attempting to replead every federal claim in its First Amended Complaint, plaintiff Direct Report Corporation, doing business as Shareholder.com ("Shareholder"), embraces the arguments raised in defendants' motion to dismiss the original complaint. Despite Shareholder's attempts to cure the numerous deficiencies – with conclusory allegations, virtually all pleaded "upon information and belief" without any pleading of the underlying facts on which the "information and belief" is based – the Amended Complaint should be dismissed, with prejudice.

To assist the Court in seeing the changes in the Amended Complaint, we attach a black-line against the original as Exhibit A. In sum:

- Although neither the original complaint nor the Amended Complaint makes any allegation of wrongdoing by The Thomson Corporation ("Thomson"), to try to avoid dismissal of its claims against Thomson, Shareholder now alleges "upon information and belief" that "CCBN and Thomson have become a *de facto* single entity";

- To try to avoid dismissal of its RICO claim (Count 4), Shareholder now alleges "upon information and belief," without a single supporting factual allegation, that the alleged intrusions began "long before January 17, 2002," and "continued until as recently as October 2003";

- To try to avoid dismissal of its Electronic Communications Act claim (Count 1), Shareholder now alleges that its database is a form of "electronic storage," as required by the Act;

- To try to avoid dismissal of its Wiretap Act claim (Count 2), Shareholder now alleges "upon information and belief" that defendants "intercepted" information from its computer system; and

- To try to avoid dismissal of its Computer Fraud and Abuse Act claim (Count 3), Shareholder now alleges that "at least one of [the] violations . . . caused losses exceeding $5,000," without pleading any supporting facts.

These allegations fail to cure the original pleading deficiencies.

Accordingly, the Amended Complaint should be dismissed because it fails to plead any

sustainable federal claim, and there is no diversity jurisdiction over the state law claims. In addition, the Amended Complaint still fails to state any tenable claim against Thomson, and Thomson should therefore be dismissed as a defendant. Because Shareholder has now had two opportunities to allege actionable claims, and has failed both times, the Amended Complaint should be dismissed with prejudice.

## THE AMENDED COMPLAINT

Shareholder commenced this lawsuit on March 16, 2004, seeking injunctive, compensatory, and other relief. We moved to dismiss on May 6, 2004, and, in response, Shareholder filed its Amended Complaint on May 20, 2004. On May 20, 2004, Shareholder also filed Plaintiff's Opposition to Defendants' Motion to Dismiss and Motion to Stay Discovery (the "Opposition Brief"). As we must under Rule 12(b)(6), we accept the allegations set forth in Shareholder's Amended Complaint as true for purposes of this motion.

Shareholder is a Delaware corporation, with its principal place of business in Maynard, Massachusetts. Am. Cplt. ¶ 1. It offers Investor Relations ("IR") services, including audio and video internet broadcasts for clients' earnings and annual meetings and customized IR websites, to public companies. *Id.*

CCBN is a Delaware corporation headquartered in Boston, Massachusetts. *Id.* ¶ 2. It offers a similar suite of IR services to public companies. *Id.* Defendants John Does 1 through 5 and Jane Does 1 through 5 (together, the "individual defendants") are supposedly employees of, independent contractors retained by, or third parties associated with CCBN who allegedly participated in gaining unlawful entry into Shareholder's computer system. *Id.* ¶ 3.

2

Thomson is a foreign corporation, with its principal place of business in Stamford, Connecticut. *Id.* ¶ 4. On March 12, 2004, Thomson announced that it had entered into a merger agreement with CCBN. *Id.*

The Amended Complaint alleges that for three months, beginning in mid-January 2002 and ending in April 2002, one or more of the individual defendants unlawfully accessed Shareholder's electronic database on approximately 20 occasions. *Id.* ¶¶ 11, 13, 26. The database allegedly contained confidential and proprietary client and business information. *Id.* ¶ 11.

These alleged "intrusions" form the basis of ten claims in the Amended Complaint. The first five are federal and are the sole alleged basis for jurisdiction in this Court. *Id.* ¶ 5. They assert: (1) violations of the Federal Stored Wire and Electronic Communications Act; (2) violations of the Federal Wire and Electronic Communications Interception Act; (3) violations of the Computer Fraud and Abuse Act; (4) participation in racketeering activity in violation of RICO; and (5) conspiring to participate in racketeering activity. Each is defective as we explain below and should be dismissed with prejudice.

As the federal claims should be dismissed, there is no basis for the Court's jurisdiction over the remaining state law claims, and they should be dismissed as well.

Further, Shareholder has failed to sufficiently state any wrongful conduct let alone an actionable claim against Thomson. Thus, the Amended Complaint should be dismissed, with prejudice, in its entirety as to Thomson.

Lastly, CCBN and Thomson move to stay discovery pending the resolution of this motion to dismiss, or, in the alternative, to stay discovery as to Thomson pending the resolution of this motion.

3

## ARGUMENT

Under Rule 12(b)(6), this Court should dismiss a complaint if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Tolman v. Finneran*, 171 F. Supp. 2d 31, 35 (D. Mass. 2001) (Saris, J.) (citation omitted). "Despite this highly deferential standard, the Court will not accept any unsupported conclusions or interpretations of law." *Day v. Fallon County Health Plan, Inc.*, 917 F. Supp. 72, 75 (D. Mass. 1996). Instead, "it is the plaintiff's burden to make <u>sufficient factual allegations</u> in order to survive a Rule 12(b)(6) motion." *Id.* (emphasis added).

## I.    THE AMENDED COMPLAINT FAILS TO ALLEGE FACTS SUFFICIENT TO STATE A CLAIM AGAINST THOMSON

The Amended Complaint should be dismissed, with prejudice, in its entirety against Thomson.

In its original complaint, Shareholder simply alleged that Thomson had assumed the liabilities of CCBN. The agreement that comprises the "acquisition" referred to in the Amended Complaint, however, expressly provides that "[CCBN] shall continue as the surviving corporation in the Merger . . . , <u>and the separate corporate existence of [CCBN] with all its rights, privileges, immunities, powers and franchises shall continue unaffected by the Merger</u>." *See* Agreement and Plan of Merger By and Among The Thomson Corporation Delaware Inc., Boston Acquisition Co. and CCBN.com, Inc., dated as of January 28, 2004 (the "Merger Agreement"), at 2 (emphasis added).[1] Faced with this irrefutable fact, Shareholder now seeks to pierce Thomson's

---

[1]    The Merger Agreement is attached hereto as Exhibit B. On a motion to dismiss, the Court may review documents relied upon in the Amended Complaint without converting the motion into one for

4

corporate veil to hold it liable for alleged acts of CCBN that occurred long before

Thomson acquired CCBN.  Am. Cplt. ¶¶ 28-33; *see also* Opp. Br. at 4-5.

"To support this contention, plaintiff must meet a very high standard. ...

Piercing the corporate veil is permitted only where there is confused intermingling

between corporate entities or where one corporation actively and directly participates in

the activities of the second corporation, apparently exercising pervasive control." *Am.*

*Home Assurance Co. v. Sport Maska, Inc.*, 808 F. Supp. 67, 73 (D. Mass. 1992); *see also*

*George Hyman Constr. Co. v. Gateman*, 16 F. Supp. 2d 129, 149 (D. Mass. 1998) (Saris,

J.).  Here, the Amended Complaint fails sufficiently to allege any basis to pierce the

corporate veil or, for that matter, any other reason to keep Thomson as a defendant.

First, as the Amended Complaint alleges, CCBN's alleged actions

occurred nearly two years before Thomson "acquired CCBN." Am. Cplt. ¶ 4, 11-13.

Thus, at the time of the alleged intrusions, Thomson exercised no control over CCBN,

nor was there any intermingling between the companies. *See Andrews-Clarke v. Lucent*

*Techs., Inc.*, Civ. A. No. 01-10055-PBS, 2001 U.S. Dist. LEXIS 21653, at *4 (D. Mass.

June 25, 2001) (refusing to add parent corporation as defendant because, among other

reasons, the subsidiary-defendant "had no relationship with [parent] until after the events

forming the basis of the complaint").

Second, even today, Thomson still does not exercise "pervasive control"

over CCBN, and the Amended Complaint makes no allegations sufficient to plead the

kind of intermingling of assets required by the cases.  The Amended Complaint simply

states that: "Upon information and belief, Thomson has dismantled CCBN and divided

---

summary judgment. *See Blackstone Realty LLC v. FDIC*, 244 F.3d 193, 197 n.3 (1st Cir. 2001); *Shaw v. Digital Equip. Corp.*, 82 F.3d 1194, 1220 (1st Cir. 1996).

5

its core operating areas within Thomson. CCBN and Thomson have become a *de facto* single entity." Am. Cplt. ¶ 30. In support, it alleges only that "CCBN has begun moving its personnel to Thomson Financial's offices," *id.* ¶ 31,[2] and that "[a]ll of CCBN's directors and officers before the acquisition . . . have resigned from the company." *Id.* ¶ 32.

It is hardly surprising that corporate affiliates share office space or that the former owners of CCBN resigned and were replaced by nominees of the new owner. Such minimal allegations are insufficient to disregard the separate corporate forms of Thomson and CCBN. *See Andrews-Clarke*, 2001 U.S. Dist. LEXIS 21653, at *3-4 (noting that sharing common officers "is not sufficient reason to impute liability" to the parent corporation); *Am. Home Assurance*, 808 F. Supp. at 73 (allegations that subsidiary was wholly-owned subsidiary and shared corporate officers with parent insufficient to pierce corporate veil).

Finally, Shareholder's sole reason for including Thomson seems to be that it is a deep-pocket to satisfy a judgment. But this is not an action to enforce a judgment. Thus, Shareholder's heavy reliance on *United States v. Bridle Path Enterprises, Inc.*, No. Civ. A. 99-11051-GAO, 2001 WL 1688911 (D. Mass. Dec. 4, 2001) is misplaced. *See* Opp. Br. at 4-5. In that case, the government sought to hold a company's owners liable for payment of the company's undisputed Medicare debt. *Bridle Path*, 2001 WL 1688911, at *1-2. Indeed, the court specifically identified the issue before it as

---

[2] Thomson Financial ("TF") is a separate corporate entity from Thomson and Shareholder does not name it as a defendant. Thus, even if Shareholder's allegations that CCBN shares offices with TF, Am. Cplt. ¶ 31, and that CCBN's "operations would be absorbed within [TF]," *id.* ¶ 28, were enough to lift a veil between CCBN and TF, they are irrelevant to an attempt to include Thomson as a defendant.

"[w]hether to pierce a corporate veil to <u>satisfy a monetary claim</u>." *Id.* at *2 (emphasis added).[3]

To include Thomson as a defendant – based merely on Shareholder's desire to be able to "satisfy a judgment," Opp. Br. at 4, before it has proven any claim that would entitle it to obtain such a judgment – is premature and unwarranted. In the unlikely event that Shareholder obtains any judgment against CCBN that CCBN is unable to satisfy, the time to go after its ultimate parent – on the theory it has stripped CCBN of the assets necessary to satisfy the judgment – is then, not now.

Accordingly, the complaint should be dismissed, with prejudice, in its entirety with respect to Thomson.

## II.    SHAREHOLDER'S CLAIM RELATING TO CCBN'S ALLEGED RICO VIOLATION SHOULD BE DISMISSED

Count 4 of the Amended Complaint purports to allege that 20 alleged intrusions into Shareholder's database constitute a pattern of racketeering activity that violates the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962(c). As the First Circuit has previously admonished, however, this claim is simply an attempt to "assert[] an inequity attributable to . . . defendant[s]' conduct and tack[] on the self-serving conclusion that the conduct amounted to racketeering." *Miranda v. Ponce Fed. Bank*, 948 F.2d 41, 44 (1st Cir. 1991).

To state a RICO claim, plaintiff must allege that "(1) the defendant is involved in an enterprise; (2) engaged in a pattern; (3) of racketeering activity; (4) that

---

[3]    *Bridle Path* and the other case cited in the Opposition Brief involve actions relating to federal regulatory schemes, which, as both decisions note, raise unique statutory veil-piercing issues not relevant to the claims Shareholder purports to allege. *Bridle Path*, 2001 WL 1688911, at *2-3 (Medicare); *United Elec. Radio & Mach. Workers v. 163 Pleasant St. Corp.*, 960 F.2d 1080, 1092-93 (1st Cir. 1992) (ERISA).

injures the plaintiff." *Eagle Inv. Sys. Corp. v. Tamm*, 146 F. Supp. 2d 105, 108 (D. Mass. 2001). This Court has explained that "a greater degree of specificity is required in RICO cases," *In re Pharm. Indus. Average Wholesale Price Litig.*, Civ. A. No. 01-12257-PBS, 2004 WL 345847, at *2 (D. Mass. Feb. 24, 2004) (Saris, J.) (quoting *Bessette v. Avco Fin. Servs., Inc.*, 230 F.3d 439, 443 (1st Cir. 2000)); and the First Circuit has stated that "particular care is required to balance the liberality of the Civil Rules with the necessity of preventing abusive or vexatious treatment of defendants." *Miranda*, 948 F.2d at 44 (citations omitted). Here, the Amended Complaint fails to sufficiently allege at least the second and third elements of a RICO claim. In addition, by identifying CCBN as the RICO "enterprise," Shareholder has improperly named CCBN as a defendant to this claim. Accordingly, Count 4 should be dismissed.

## A.    No Pattern Of Racketeering Activity Is Alleged

Shareholder does not adequately allege a "pattern of racketeering activity." The Supreme Court has held that the "pattern" requirement requires a showing of continuity, demonstrating either "a series of related predicate [act]s extending over a substantial period of time," or "past conduct that by its nature projects into the future with a threat of repetition." *H.J. Inc.* v. *Northwestern Bell Tel. Co.*, 492 U.S. 229, 241-42 (1989). Here, despite Shareholder's insertion of unsupported allegations into the Amended Complaint, CCBN's alleged intrusions neither extended over a substantial period of time nor offer the threat of repetition.

As it did in its original complaint, Shareholder alleges that the intrusions occurred over a period of, at most, three months, and that in April 2002, after updating its computer security mechanisms, the intrusions ended. Am. Cplt. ¶¶ 11-13, 27. Shareholder also alleges that CCBN made unsuccessful attempts for another month-and-

8

a-half, but that this ended by the end of May 2002. *Id.* ¶ 27. Thus, the alleged wrongful

conduct lasted, in its entirety, a little more than four months. As argued in the original

motion to dismiss, this is not sufficient to allege a "pattern" of racketeering activity. *See*

*North Bridge Assocs., Inc. v. Boldt*, 274 F.3d 38, 43 (1st Cir. 2001) (holding that acts

extending over four months "were minimal" and did not establish continuity); *see also*

*Divot Golf Corp. v. Citizens Bank*, No. Civ. A. 02-CV-10654-PBS, 2002 WL 31741472,

at \*5 (D. Mass. Nov. 26, 2002) (Saris, J.) (noting that the First Circuit, among other

courts, has "taken a jaundiced view of alleged patterns lasting less than two years").

Shareholder obviously agrees because it has added vague, unsupported

allegations to its Amended Complaint in an attempt to extend the period of alleged

intrusions. *See* Am. Cplt. ¶ 12 ("Upon information and belief, the CCBN Intruder(s)

repeatedly accessed the Management system . . . long before January 17, 2002."); *id.* ¶ 27

("To Shareholder.com's knowledge, CCBN's attempts to infiltrate Shareholder.com's . . .

systems have continued until as recently as October, 2003."). Curiously, although

Shareholder can allege specific details of certain intrusions and that its own internal

records documented these intrusions, *see, e.g., id.* ¶¶ 13, 15, 27, its effort to extend the

period (or, rather, to survive a motion to dismiss) is based entirely on conclusory and

unsupported allegations. Such allegations do not support the "greater degree of

specificity" required in RICO cases. *See In re Pharm.*, 2004 WL 345847, at \*2 (quoting

*Bessette*, 230 F.3d at 443).

The Amended Complaint also makes clear that there is no threat of

repetition. *See North Bridge*, 274 F.3d at 43 (requiring a showing of a "realistic

prospect" that alleged acts "will extend indefinitely into the future"). Shareholder

specifically alleges that "[o]n May 29, 2002, . . . the CCBN intruder(s) tried six times to

9

gain unlawful access" to Shareholder's computer systems "before giving up." Am. Cplt.

¶ 27. As already noted, Shareholder has added an allegation to its Amended Complaint

that "[t]o Shareholder.com's knowledge" CCBN's attempted intrusions "continued until

as recently as October, 2003." *Id.* Again, however, Shareholder provides no facts to

support this naked allegation. As the First Circuit has admonished, under Rule 9(b),

"allegations of fraud made on information and belief are also subject to the additional

requirement that the complaint set forth the facts on which the belief is based." *Karvelas*

*v. Melrose-Wakefield Hosp.*, 360 F.3d 220, 226 (1st Cir. 2004) (citation omitted).

Shareholder's entirely unsupported allegations that the intrusions predated and continued

after the specific intrusions actually pleaded are plainly insufficient.[4]

Consequently, Shareholder fails to satisfy the "pattern of racketeering"

element of a RICO claim. *See H.J.*, 492 U.S. at 242 (explaining that "[p]redicate acts

extending over a few weeks or months and threatening no future criminal conduct do not

satisfy" the RICO pattern requirement); *Fulco v. Am. Cable Sys.*, [1989-90] Fed. Sec. L.

Rep. (CCH) ¶ 94,980, at *22 (D. Mass. 1989) (noting that a "short series of nearly

identical securities transactions consummated in less than one year" is not a "pattern of

racketeering"); *Airlines Reporting Corp. v. Aero Voyagers, Inc.*, 721 F. Supp. 579, 584

(S.D.N.Y. 1989) (holding that a repeated mailing of allegedly fraudulent weekly reports

over a thirteen-month period was not a pattern).

---

[4]   In its Opposition Brief, Shareholder remarkably asserts that dismissal of the RICO claim would be "inappropriate" because "the facts regarding the precise duration of CCBN's conduct remain within the exclusive control of the defendants." Opp. Br. at 8. Thus, although Shareholder has "the facts" to allege the date, time, "IP address," browser type, and "cookie identification number" of at least one alleged intrusion, *see* Am. Cplt. ¶ 15, Shareholder claims it does not have the facts to excuse its failure to adequately plead the elements of a RICO claim.

**B.    The Allegations of Racketeering Activity Are Deficient**

Shareholder alleges that CCBN's racketeering activity involved violations of the National Stolen Property Act, 18 U.S.C. §§ 2314-15, and the Wire Fraud Act, 18 U.S.C. § 1343. Am. Cplt. ¶¶ 57-58. The Amended Complaint fails to sufficiently plead the elements of the National Stolen Property Act, which sounds in fraud and must, therefore, be pleaded in accordance with the heightened pleading requirements of Rule 9(b). *See Welch Foods, Inc. v. Gilchrist*, No. 93-CV-0641E(F), 1996 WL 607059, at *3 (W.D.N.Y. Oct. 18, 1996) (citations omitted).

The National Stolen Property Act has a jurisdictional requirement that the "stolen" property at issue have a "value of $5,000 or more." 18 U.S.C. § 2314. Here, despite parroting the language of the statute, *see* Am. Cplt. ¶ 57, the Amended Complaint does not specify, per Rule 9(b), the "information" that allegedly has a value of more than $5,000. In fact, nowhere in the Amended Complaint does Shareholder plead with particularity the value of the "information." Such faulty and insufficient pleadings do not satisfy Rule 9(b) and are, therefore, fatal to this claim. *See CCBN.com, Inc. v. Thomson Fin., Inc.*, 270 F. Supp. 2d 146, 154 (D. Mass. 2003) (Saris, J.) (granting dismissal of a Sherman Act claim because, "[e]ven under notice pleading standards, . . . the complaint does nothing more than parrot" the elements of the claim).

Accordingly, Shareholder fails to satisfy the third element of a RICO claim.

As Shareholder has failed to sufficiently plead at least two of the four elements of a RICO claim, Count 4 of the complaint should be dismissed.

**C.    CCBN Is An Improper RICO Defendant**

Beyond its pleading deficiencies, the claim should separately be dismissed as to CCBN because, as the alleged RICO "enterprise," *see* Am. Cplt. ¶ 54, it cannot also be a RICO defendant. *See In re Pharm. Indus. Average Wholesale Price Litig.*, 263 F. Supp. 2d 172, 182 (D. Mass. 2003) (Saris, J.) (noting that the First Circuit has "consistently held that the same entity cannot do 'double duty' as both the RICO Defendant and the RICO Enterprise" (internal quotation omitted)).  Although a recent Supreme Court decision overturned the longstanding proposition that the "person" identified under § 1962(c) must be distinct from the "enterprise," *see Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158 (2001), that decision did not alter the rule that "the enterprise . . . is not liable and cannot be a defendant in a RICO action." *Bessette v. Avco Fin. Servs., Inc.*, 279 B.R. 442, 453 (D.R.I. 2002) (noting the *Kushner* decision's implications); *see also Kushner*, 533 U.S. at 166 (expressly limiting the scope of its decision).  Thus, while the Amended Complaint may satisfy the enterprise element of a RICO claim, CCBN shall not be liable for any RICO violations that may ultimately be found. *See Schofield v. First Commodity Corp.*, 793 F.2d 28, 30 (1st Cir. 1986) (holding that § 1962(c) "does not extend liability to the enterprise").

Accordingly, the RICO claim should be dismissed as to CCBN on this basis alone. *See Miranda*, 948 F.2d at 44-45 (affirming dismissal of RICO claim as to defendant identified as "enterprise"); *Schofield*, 793 F.2d at 33-34 (same).

**III.    SHAREHOLDER'S CLAIM RELATING TO CCBN'S ALLEGED CONSPIRACY TO VIOLATE RICO SHOULD BE DISMISSED**

Count 5 purports to state a claim of conspiracy to violate RICO.  This claim should be dismissed because, as demonstrated above, Shareholder has failed to

adequately allege a violation of § 1962(c). *Bowdoin Constr. Corp. v. Rhode Island Hosp. Trust Nat'l Bank,* 869 F. Supp. 1004, 1011 (D. Mass. 1994) (stating that, where plaintiff failed to state a claim under §1962(c), plaintiff's conspiracy claim necessarily failed as well); *Schwartz* v. *Philadelphia Nat'l Bank,* 701 F. Supp. 92, 96 (E.D. Pa. 1988) ("A claim cannot be made under § 1962(d) . . . in the absence of a viable claim under § 1962(a), (b), or (c).").

## IV.   SHAREHOLDER'S CLAIM RELATING TO ALLEGED VIOLATION OF THE ELECTRONIC COMMUNICATIONS ACT SHOULD BE DISMISSED

Shareholder alleges that CCBN violated the Federal Stored Wire and Electronic Communications Act (the "Electronic Communications Act"), 18 U.S.C. § 2701(a)(1), by "intentionally and without authorization access[ing] private electronic communications stored on internal Shareholder.com computer systems." Am. Cplt. ¶ 37. The Electronic Communications Act provides that "whoever . . . intentionally accesses without authorization a facility through which an electronic communication service is provided[,] . . . and thereby obtains, alters, or prevents authorized access to a wire or electronic communication while it is in electronic storage in such system shall be punished . . . ." 18 U.S.C. § 2701(a). As with the original complaint, the Amended Complaint fails to adequately allege that CCBN accessed the information "while it [was] in electronic storage," as defined by the Act.

The Electronic Communications Act is concerned with unlawful access to electronic communications in transmission and defines "electronic storage" as temporary storage and back-up incidental to the communication:  "(A) any temporary, intermediate storage of a wire or electronic communication incidental to the electronic transmission

13

thereof;[5] and (B) any storage of such communication by an electronic communication service for purposes of backup protection of such communication." 18 U.S.C. § 2510(17)(A)-(B), *incorporated by id* § 2711(1).

To satisfy the Act's requirements, and to cure the Complaint's fatal defect, Shareholder now alleges that its "Management system functions as a 'store and forward' communications tool where electronic messages . . . are stored in an intermediate electronic storage system and subsequently transmitted to Shareholder.com employees." Am. Cplt. ¶ 11. But Shareholder fails to plead that CCBN and the individual defendants actually "obtain[ed], alter[ed], or prevent[ed] authorized access to" any particular communication, and so its Amended Complaint is defective for this reason alone. Indeed, the information the Amended Complaint does allege was accessed is the same information alleged in the original complaint and none of it consists of a communication that was allegedly intercepted.

Thus, while Shareholder has also stricken all reference to the term "database," to which the Complaint referred repeatedly, *see, e.g.*, Ex. A at 1-2, ¶¶ 11-13, and which, as Shareholder is certainly aware, is not protected by the Act, its revisions fail to save its pleading. Indeed, the Amended Complaint's other allegations contradict its new allegations. *See Doyle v. Hasbro, Inc.*, 103 F.3d 186, 190 (1st Cir. 1996) ("[T]his court need not accept bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." (internal quotation omitted)). The other

---

[5]  With respect to § 2510(17)(A), the relevant definition here, courts have explained that the statute protects only electronic communications that are "stored 'for a limited time' in the 'middle' of a transmission, i.e., when an electronic communication service temporarily stores a communication while waiting to deliver it." *In re DoubleClick Inc. Privacy Litig.*, 154 F. Supp. 2d 497, 512 (S.D.N.Y. 2001); *see also In re Toys R Us, Inc. Privacy Litig.*, No. C 00-2746 MMC, 2001 U.S. Dist. LEXIS 16947, at *10-11 (N.D. Cal. Oct. 9, 2001).

allegations describe the "Management system" as nothing more than a database, containing the following: "client and business data," Am. Cplt. ¶ 11; a "full client list and [a] database of internal and client-reported performance issues," *id.* ¶ 12; "where key client information is housed," *id.*; the "trouble ticket system home page," *id.* ¶ 15; the "Project Management System for clients under development," *id.*; "billing documents," *id.*; "client contact information," *id.* ¶ 16; and "the trouble shooting database," *id.* Consistent with these allegations, and like the "cookies" at issue in *Toys R Us*, the Management system is a database designed for "continued access" and does not "incidentally stor[e]" data "while awaiting final transmission to another location." *Toys R Us*, 2001 U.S. Dist. LEXIS 16947, at *10-11.

The Management system, therefore, is not protected by § 2701(a)(1). *See Toys R Us*, 2001 U.S. Dist. LEXIS 16947, at *14 (granting motion to dismiss where plaintiffs failed to plead that, at the time of access, the subject electronic communications were in "electronic storage"); *DoubleClick*, 154 F. Supp. 2d at 513 (same). And, of course, as noted above, despite the existence of Shareholder's internal records, the Amended Complaint fails to identify any communication supposedly "obtain[ed]," alter[ed]," or to which authorized access was "prevent[ed]." Accordingly, as the Amended Complaint fails to satisfy the statutory pleading requirements of the Electronic Communications Act, Count 1 should be dismissed.

## V.    SHAREHOLDER'S CLAIM RELATING TO CCBN'S ALLEGED VIOLATION OF THE WIRETAP ACT SHOULD BE DISMISSED

Shareholder also purports to state a claim under the Federal Wire and Electronic Communications Interception Act (the "Wiretap Act"), 18 U.S.C. § 2511(1)(a), asserting that "CCBN and the individual defendants intentionally and

unlawfully intercepted the electronic communications of Shareholder.com." Am. Cplt. ¶ 41. Count 2 should be dismissed as the Amended Complaint fails to state a claim under the Wiretap Act.

To find a violation under the Wiretap Act, a person must actually <u>intercept</u> a communication, and not just gain access to a communication. *United States v. Moriarty*, 962 F. Supp. 217, 220 (D. Mass. 1997). Courts have clearly indicated that a communication is not intercepted in violation of § 2511 unless the interception is contemporaneous with the transmission of the communication. *See Eagle Inv. Sys. Corp.*, 146 F. Supp. 2d at 112 (following Fifth Circuit's interpretation of "intercept" to require that electronic communication be acquired before it reaches its destination); *Moriarty*, 962 F. Supp. at 221 (holding that defendant did not intercept communication in violation of Wiretap Act when he listened to and obtained contents of voicemail while such contents were in electronic storage); *Thompson v. Thompson*, No. Civ. 02-91-M, 2002 WL 1072342, at *3 (D.N.H. May 30, 2002) (holding that acquisition of electronic data, no longer in the process of being transferred, does not qualify as interception of electronic communication).

As it has done throughout the Amended Complaint, Shareholder seeks to address the deficiencies of its Complaint by adding a naked allegation that is unsupported by any facts: "Upon information and belief, the CCBN intruders viewed electronic communications while they were being stored on the Management system, before their subsequent delivery to Shareholder.com personnel." Am. Cplt. ¶ 16. Shareholder still fails, however, to allege an actionable claim under the Act.

First, the rest of the Amended Complaint's allegations relating to the alleged intrusions (which are <u>not</u> based "upon information and belief") merely assert that

16

CCBN obtained access to already-stored data, not to data or communications that were in the process of being transferred. *See, e.g.*, Am. Cplt. ¶¶ 15-17. Second, even if taken as true, the new allegation does not satisfy the Wiretap Act's requirement that the interception be contemporaneous with the transmission of the communication. The Amended Complaint merely alleges that the "intruders" viewed the communications "while they were being stored." *See Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 877-78 (9th Cir. 2002) (holding that the Act applies only to "acquisition contemporaneous with transmission," and that "Congress did not intend for 'intercept' to apply . . . when those communications are in electronic storage"). Finally, Shareholder's allegations demonstrably fail to meet the First Circuit's requirements of pleading the underlying facts when pleading upon "information and belief." *Karvelas*, 360 F.3d at 226.

Accordingly, Count 2 of the Amended Complaint should be dismissed. *See Eagle Inv. Sys. Corp.*, 146 F. Supp. 2d at 113 (granting motion to dismiss Wiretap Act claim because communications were acquired after – not during – transmission); *Thompson*, 2002 WL 1072342, at *3-4 (granting 12(b)(6) motion to dismiss Wiretap claim because no allegation in complaint that any act by defendants meets the "during-transmission" requirement).

## VI.   SHAREHOLDER'S CLAIM RELATING TO DEFENDANTS' ALLEGED VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT SHOULD BE DISMISSED

Count 3 of the Amended Complaint alleges that CCBN violated the Federal Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030, "by intentionally accessing a Shareholder.com computer without authorization or exceeding authorized access and obtaining proprietary information, including interstate communications." Am.

Cplt. ¶ 47; *see also id.* ¶¶ 49-50. Because the Amended Complaint does not satisfy the jurisdictional requirements under the CFAA, the claim should be dismissed.

Under Section 1030(g) of the CFAA, a private action may be brought only if one of several conditions under Section 1030(a)(5)(B) is satisfied. As the CFAA sounds in fraud, Shareholder should be required to plead this claim under the heightened pleading standards of Fed. R. Civ. P. 9(b). The relevant condition here is § 1030(a)(5)(B)(i), which requires, among other things, a "loss to 1 or more persons during any 1-year period . . . aggregating at least $5,000 in value." 18 U.S.C. § 1030(a)(5)(B)(i). Courts have determined that plaintiff may not aggregate losses stemming from separate violations to satisfy the $5,000 requirement; rather, plaintiff can only recover for a violation if that "single act or event" itself resulted in a loss of $5,000. *See Chance v. Ave. A, Inc.*, 165 F. Supp. 2d 1153, 1158-59 (W.D. Wash. 2001); *see also DoubleClick*, 154 F. Supp. 2d at 523-26.

Here, again, Shareholder has sought to remedy the obvious deficiency of its claim in the original complaint by inserting vague and conclusory allegations. Specifically, Shareholder now alleges that "[a]t least one of these violations, in isolation, caused losses exceeding $5,000," Am. Cplt. ¶ 51; and "Shareholder.com's annual billings to one of the targeted accounts was approximately $100,000," *id.* ¶ 19. Neither of these allegations plead any <u>facts</u> to allege damages over $5,000 for any single violation by defendants. *See Chance*, 165 F. Supp. 2d at 1159. Shareholder is required to plead the specific violation that caused $5,000 in damages. It makes no attempt to do so. As this Court has counseled in a separate context, "plaintiff[] must do more than assert conclusory allegations." *Thomson*, 270 F. Supp. 2d at 154.

Accordingly, as Shareholder fails to satisfy the pleading requirements of

the CFAA, Count 3 should be dismissed. *See DoubleClick*, 154 F. Supp. 2d at 526.

## VII. THE AMENDED COMPLAINT'S REMAINING STATE LAW CLAIMS SHOULD ALSO BE DISMISSED

It is well-settled law that if a complaint's federal claims are dismissed

before trial, then the "jurisdictional basis for plaintiff's pendent claims under [state] law

evaporate[s]." *Castegneto v. Corporate Exp., Inc.*, 13 F. Supp. 2d 114, 118 (D. Mass

1998) (internal quotation omitted); *see also Camelio v. Am. Fed'n*, 137 F.3d 666, 672 (1st

Cir. 1998) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)).

Accordingly, as Counts 1 through 5 provide the sole basis for this Court's jurisdiction

over this dispute, the remaining Counts, 6 through 10, which are all state law claims,

should be dismissed.

## VIII. DISCOVERY SHOULD BE STAYED PENDING THE RESOLUTION OF THIS MOTION TO DISMISS

CCBN and Thomson move to stay discovery in this action pending the

Court's ruling on this motion to dismiss. CCBN and Thomson submit that a stay will

potentially obviate unnecessary burden and expense. This motion seeks the dismissal of

the Amended Complaint's federal claims, which, if granted, would result in the case

moving to state court. We do not dispute that Shareholder might be entitled to proceed

with discovery against CCBN if the case had been filed in state court. Shareholder chose

not to do so. Instead, it chose to file an overreaching federal complaint. The federal

claims it attempts to plead are ill-founded and with them any claim to jurisdiction in this

Court. This Court should not subject a party to discovery where it has no properly

pleaded jurisdiction. *See Orchid Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D. 670, 675

(S.D. Cal. 2001) (noting that courts "have routinely stayed discovery on the merits

altogether while challenges to jurisdiction are pending"); *LTX Corp. v. Daewoo Corp.*, 979 F. Supp. 51, 59 (D. Mass. 1997) (noting that court had granted defendants' motion to stay discovery, even as to jurisdictional issues, pending disposition of motion to dismiss). Shareholder deserves no sympathy for the delay it claims it will suffer, which arises solely from its own overreaching. Moreover, having waited two years to bring this complaint, it can hardly claim a need for expedition.

This motion to dismiss also seeks the dismissal of the Amended Complaint, in its entirety, as to Thomson, which would certainly limit the scope of discovery. Thus, at a minimum, discovery should be stayed as to Thomson. As discussed above, Shareholder's inclusion of Thomson in this litigation is meritless, and Thomson should not be subjected to the burden and expense of discovery pending this motion to dismiss. *See Bruno & Stillman, Inc. v. Globe Newspaper Co.*, 633 F.2d 583, 597 (1st Cir. 1980) ("As a threshold matter, the court should be satisfied that a claim is not frivolous, a pretense for using discovery powers in a fishing expedition.").

## CONCLUSION

For the foregoing reasons, this Court should dismiss, with prejudice, the Amended Complaint in its entirety as to Thomson; dismiss, with prejudice, Counts 1 through 5 of the complaint pursuant to Rule 12(b)(6); dismiss the remainder of the case for lack of jurisdiction; and grant CCBN and Thomson's motion to stay discovery pending the resolution of this motion to dismiss the Amended Complaint.

Dated: June 7, 2004

Respectfully Submitted,

PAUL, WEISS, RIFKIND, WHARTON
  & GARRISON LLP

By: _Aidan Synnott (RJF)_

    Aidan Synnott
    H. Seiji Newman
    Sunny S. Park

1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-3000

GOODWIN PROCTER LLP

By: _____
    Anthony S. Fiotto (BBO# 558089)
    David M. Moss (BBO# 649707)

Exchange Place
Boston, MA 02109-2881
(617) 570-1000

Counsel for Defendants CCBN.Com, Inc. and The Thomson Corporation

### CERTIFICATE OF SERVICE

This is to certify that on this 7th day of June 2004, a true and correct copy of the above and foregoing instrument was served via hand delivery to Ruth T. Dowling, Esq. Palmer & Dodge LLP, 111 Huntington Avenue at Prudential Center, Boston, MA 02199-7613.

_____
David M. Moss