UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIRECT REPORT CORPORATION d/b/a SHAREHOLDER.COM,<br>                      Plaintiff,<br>    v.<br>CCBN.COM, INC., THE THOMSON CORPORATION, JOHN DOES 1 through 5, and JANE DOES 1 through 5,<br>                      Defendants. | Civil Action No. 04-10535 PBS |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS**

**Introduction**

Plaintiff Direct Report Corporation d/b/a Shareholder.com ("Shareholder.com") hereby moves to dismiss every counterclaim asserted by defendants CCBN.com, Inc. ("CCBN") and the Thomson Corporation ("Thomson"). Defendants' sole federal counterclaim is barred by the applicable two-year statute of limitations and thus should be dismissed. Defendants' remaining counterclaims assert state law theories and should be dismissed because this court does not possess ancillary jurisdiction to hear them. Defendants' counterclaims, therefore, should be dismissed in their entirety.

**Relevant Factual Background**

On March 16, 2004, Shareholder.com filed a complaint against CCBN, Thomson and several John Doe defendants alleging various violations of federal and state law. Shareholder.com's complaint alleged that CCBN had repeatedly infiltrated Shareholder.com's internal communication and computer systems over a prolonged period. *See* Complaint

(attached hereto as Exhibit A) at ¶¶ 11-18. The complaint went on to allege that CCBN used highly proprietary information culled from Shareholder.com's systems to steal clients, resulting in millions of dollars of damages to Shareholder.com. *See id.* at ¶¶ 26-27.

On May 6, 2004, the defendants filed a motion to dismiss Shareholder.com's complaint in its entirety. On May 20, 2004, Shareholder.com filed its opposition to the defendants' motion along with its First Amended Complaint. The First Amended Complaint provided more detailed allegations but relied upon the same core of operative facts alleged within the initial complaint, namely that CCBN had illegally penetrated Shareholder.com's communication and computer systems, absconding with highly proprietary information and causing Shareholder.com millions of dollars in damages. *See generally* First Amended Complaint (attached hereto as Exhibit B). The defendants filed a new motion to dismiss the First Amended Complaint on June 7, 2004 and Shareholder.com responded with an opposition on June 15, 2004. After a June 17, 2004 hearing, the Court denied defendants' motion to dismiss with respect to all of Shareholder.com's claims except one.

On July 6, 2004, the defendants filed their Answer and Counterclaims. The counterclaims alleged that between June 14, 2001 and April 16, 2002, an individual associated with Shareholder.com's remote IP address logged on to CCBN's website without proper authorization and viewed proprietary information.[1] *See* Answer & Counterclaims (attached hereto as Exhibit C) at ¶¶ 99-109. The counterclaims asserted that this alleged activity violated

---

[1] Though a close examination of defendants' allegations is unwarranted due to the jurisdictional defects described below, Shareholder.com is confident that such an investigation of the facts underlying defendants' counterclaims would reveal that they are lacking in merit. In fact, after being notified of CCBN's claims in 2002, Shareholder quickly determined that a recently-hired rogue employee had accessed non-confidential CCBN information using a false name. Shareholder promptly fired the employee and received no further complaint from CCBN.

2

the Computer Fraud & Abuse Act ("CFAA"). *See id.* at ¶¶ 113-116. The counterclaims also asserted three causes of action pursuant to state law, including a trespass claim, fraud claim, and a claim pursuant to Massachusetts General Laws, Chapter 93A. *See id.* at ¶¶ 117-125.

## **Argument**

I.   **THE STATUTE OF LIMITATIONS HAS EXPIRED ON DEFENDANTS' SOLE FEDERAL COUNTERCLAIM UNDER THE COMPUTER FRAUD AND ABUSE ACT.**

The defendants' sole counterclaim under federal law is untimely and should be dismissed. The defendants allege that Shareholder.com accessed CCBN's computer system in violation of the CFAA. *See* Answer & Counterclaims at ¶¶ 113-116. According to defendants' allegations, CCBN discovered Shareholder.com's alleged activity on April 16, 2002. *Id.* at ¶ 104. On that same date, CCBN terminated Shareholder.com's alleged access to CCBN's systems. *Id.* at ¶ 106. Defendants' counterclaims do not allege that Shareholder.com ever attempted to or gained further access to CCBN's systems after that date (or any other misconduct by Shareholder.com).

The CFAA requires that any civil action brought for a violation of the statute be "begun within 2 years of the date of the act complained of or the date of the discovery of the damage." 18 U.S.C. § 1030(g). Under either statutory test, the defendants' counterclaim has run afoul of the CFAA's limitations period. The date of Shareholder.com's last "act complained of" and the date CCBN discovered Shareholder.com's alleged activity is April 16, 2002. The defendants' counterclaim was not filed until July 6, 2004, well beyond the two-year window prescribed by the CFAA. The defendants' lone federal counterclaim, therefore, is untimely and should be dismissed.

3

Defendants' CFAA counterclaim is not saved by the fact that the initial complaint in this action was filed on March 16, 2004, before the expiration of the applicable statute of limitations. Defendants' counterclaims, which rely upon a different set of operative facts from those asserted in the complaint, are permissive counterclaims because they do not arise out of the same "transaction or occurrence" that is the subject matter of Shareholder.com's complaint. FED. R. CIV. P. 13(b); *see also Iglesias* v. *Mutual Life Ins. Co. of New York*, 156 F.3d 237, 242 (1st Cir. 1998). "Federal courts have adopted a rule that the statute of limitations on compulsory counterclaims is tolled when a plaintiff files its complaint, but the limitations period is not tolled for permissive counterclaims." *Aramony* v. *United Way of Am.*, No. 96 Civ. 3962, 1998 WL 205331 at *3 (S.D.N.Y. Apr. 27, 1998) (citing *Employers Insur. of Wausau* v. *United States*, 764 F.2d 1572, 1576 (Fed. Cir. 1985); *see also* 6 Charles Alan Wright & Arthur Miller, *Federal Practice and Procedure* § 1425 (2d ed. 1990). Given the permissive nature of defendants' counterclaims, the filing of Shareholder.com's complaint did not toll the CFAA's statute of limitations. *See id.* Defendants' sole federal counterclaim thus remains untimely and should be dismissed.

**II.    DEFENDANTS' STATE LAW COUNTERCLAIMS SHOULD BE DISMISSED AS THIS COURT HAS NO JURISDICTION TO HEAR THEM.**

The permissive nature of defendants' counterclaims also dooms their remaining causes of action under state law. "Permissive counterclaims [] do not fall within ancillary jurisdiction and therefore may not be heard in federal court unless supported by an independent basis of jurisdiction." *Iglesias*, 156 F.3d at 241 (citing *McCaffrey* v. *Rex Motor Transp.*, 672 F.2d 246, 248 (1st Cir. 1982)). Given that defendants' remaining claims under state law do not create a federal question, and no diversity in corporate citizenship exists between the parties, no independent jurisdictional basis exists for the counterclaims. Defendants' remaining

4

counterclaims under state law, therefore, should be dismissed as this Court lacks jurisdiction to hear them.

## **Conclusion**

For the reasons stated above, all of the counterclaims asserted within defendants' Answer and Counterclaims should be dismissed with prejudice.

                                            Respectfully submitted,

                                            SHAREHOLDER.COM, INC.,

                                            By its attorneys,

                                            /s/ Ruth T. Dowling
                                            _____
                                            Thane D. Scott (BBO #449340)
                                            Ruth T. Dowling (BBO #645568)
                                            John T. Bennett (BBO # 648464)
                                            PALMER & DODGE LLP
                                            111 Huntington Avenue
                                            Boston, MA  02199
                                            (617) 239-0100

July 27, 2004

CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of the above document to be served upon the attorney of record for each other party by hand delivery on July 27, 2004.

_____/s/ Ruth T. Dowling_____