UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIRECT REPORT CORPORATION d/b/a SHAREHOLDER.COM,<br><br>Plaintiff,<br><br>v.<br><br>CCBN.COM, INC., THE THOMSON CORPORATION, JOHN DOES 1 THROUGH 5, AND JANE DOES 1 THROUGH 5,<br><br>Defendants. | Civil Action No. 04-10535-PBS<br><br>SCANNED<br>DATE: 12/20/04<br>BY: AH |

### MEMORANDUM OF LAW SUPPORTING WITNESS ROBERT ADLER'S MOTION TO QUASH OR MODIFY PLAINTIFF'S SUBPOENA

On December 13, 2004, after business hours, plaintiff Direct Report Corporation d/b/a Shareholder.com ("Shareholder') served Robert Adler ("Adler"), a non-party witness in this case, with a subpoena purporting to require him to produce certain documents no later than December 15, 2004, and to present himself for deposition on December 20, 2004. As explained below, this subpoena should be quashed or modified because it fails to give Adler a reasonable time to comply with its terms, and it is unduly burdensome.

### Facts

Adler is not a party to this litigation. On or about December 3, 2004, Shareholder served Adler, at his house, with a subpoena that commanded him to produce certain documents in less than a week, and to present himself for a deposition on Monday, December 13, 2004. Affidavit of Richard J. McCarthy ("McCarthy Aff.") at ¶ 3. Adler's counsel, Richard J. McCarthy, wrote to Shareholder's counsel the following Tuesday to object to, among other things, the limited time within which to respond. McCarthy Aff. ¶ 4. McCarthy later telephoned Shareholder's counsel,

unsuccessfully, in an attempt to reschedule the deposition. Id. ¶ 5. Shareholder's counsel left a voice mail for McCarthy, in which he agreed to reschedule Adler's deposition and further addressed the taking of the deposition and the production of documents. Id. ¶ 6. McCarthy confirmed this rescheduling in a letter dated December 10, 2004, and offered January 7, 2005, and January 11, 2005, as alternative dates. Id. ¶ 7.

After business hours the following Monday, Shareholder's counsel sent McCarthy a new subpoena, which commanded Adler to produce all responsive documents by Wednesday, December 15, 2004 and to present himself for deposition on December 20. Id. ¶ 8. The subpoena was preceded by a letter from Shareholder's counsel, stating that he rejected the two dates proposed by McCarthy for Adler's deposition. Id. However, instead of suggesting any mutually convenient dates, Shareholder's counsel declared that the deposition would proceed on December 20, 2004. Id.

The next day, after seeing the new subpoena and letter from Shareholder, McCarthy sent a responsive letter, informing Shareholder's counsel that Adler would not be available for a deposition on December 20, and suggested that if January 7 or January 11 were not convenient, alternate dates, Shareholder could propose a mutually convenient alternate date. Id. ¶ 9. McCarthy also provided Shareholder with Adler's objections to the document requests. Id.

On December 16, 2004, Shareholder's counsel again rejected January 7 and January 11 as possible dates for Adler's deposition. Id. ¶ 10. But again, Shareholder's counsel refused to suggest any dates other than December 20, notwithstanding McCarthy's representation that Adler would not be available on that date. Id. Adler will be out of state on a trip scheduled no later than November 27, 2004, long before the issuance of any subpoena on him. Id. ¶ 11. Shareholder's counsel has also been informed by counsel for defendant The Thomson

BOS_471574_1/MDUBNOFF

Corporation ("Thomson"), that Thomson's counsel would be out of state on a long-planned family vacation throughout the week of December 20. Id. ¶ 12. Adler will be out of state throughout the week between Christmas and New Year's Day. Id. ¶ 13. The discovery cutoff date in this case is not until February 1, 2005.

### Argument

Rule 45 of the Federal Rules of Civil Procedure provides that "a party or attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena." Fed. R. Civ. P. 45(c)(1). "The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee." Id. On a timely motion, "the court by which a subpoena was issued shall quash or modify the subpoena if it (i) fails to provide reasonable time for compliance; ... or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A). The rule does not specify what constitutes a "reasonable time for compliance," but several courts have interpreted this language to mean at least fourteen days, or ten business days, after service of the subpoena. Donahoo v. Ohio Dept. of Youth Serves., 211 F.R.D. 303, 306 (N.D. Ohio 2002); Alexander v. Jesuits of Mo. Province, 175 F.R.D. 556, 560 (D. Kan. 1997).

Application of that principle in this case would lead to the scheduling of Adler's deposition no sooner than December 28, ten business days after December 14, the date that the Shareholder subpoena effectively was served on Adler's counsel. Since Adler has planned an out-of-state family vacation for the week between Christmas and New Year's Day (an eminently foreseeable occurrence from Shareholder's perspective) a reasonable time for Adler's deposition

would be during the first or second weeks of January 2005. Adler has offered dates of availability in each week. Shareholder's counsel has stubbornly refused to consider any date in January. Indeed, it has insisted, without regard for Adler's long-planned schedule or the schedule of Thomson's counsel, that the deposition must take place on December 20. This is not a reasonable time for compliance, and would impose an undue burden on Adler. Moreover, it is wholly unnecessary since the discovery cutoff date is not until February 1, 2005.

### Conclusion

For all the foregoing reasons, Adler respectfully requests that this Court quash the subpoena served on Adler by Shareholder, or modify it to schedule Adler's deposition for January 7, 2005, January 11, 2005, or some other mutually convenient date in January 2005.

Additionally, Adler requests that this court sanction Shareholder and/or its counsel for its costs and expenses, including attorneys' fees, in making this motion, pursuant to Fed. R. Civ. P. 45(c)(1), for violating its duty to take reasonable steps to avoid imposing undue burden or expense on Adler in connection with subpoena.

ROBERT ADLER,
By his attorneys,

Richard J. McCarthy (BBO #328600)
Mark B. Dubnoff (BBO # 637212)
EDWARDS & ANGELL, LLP
101 Federal Street
Boston, MA 02110
Tel. (617) 439-4444

### CERTIFICATE OF SERVICE

I certify that on this 17th day of December, 2004, I caused a copy of the foregoing to be served upon John Bennett, Palmer & Dodge LLP, 111 Huntington Avenue at Prudential Center, Boston, MA 02199-7613, and Anthony S. Fiotto, Goodwin Procter LLP, Exchange Place, Boston, MA 02109 by hand.

Mark B. Dubnoff