UNITED STATES DISTRIC COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DIRECT REPORT CORPORATION d/b/a SHAREHOLDER.COM,<br><br>　　　　Plaintiff,<br>v.<br><br>CCBN.COM, INC., THE THOMSON CORPORATION, JOHN DOES 1 THROUGH 5, AND JANE DOES 1 THROUGH 5,<br><br>　　　　Defendants. | Civil Action No. 04-10535-PBS |

### AFFIDAVIT OF RICHARD J. MCCARTHY SUPPORTING MOTION TO QUASH OR MODIFY PLAINTIFF'S SUBPOENA

I, Richard J. McCarthy, upon oath, depose and state as follows:

1.   I am over 18 years of age, am competent to testify, and have personal knowledge of the facts set forth herein.

2.   I am a partner at Edwards & Angell, LLP, which represents non-party witness Robert Adler ("Adler") in this lawsuit. I am a member in good standing of the bars, among others, of the United States Court of Appeals for the First Circuit, the United States District Court for the District of Massachusetts, and the Supreme Judicial Court of the Commonwealth of Massachusetts.

3.   On or about Friday, December 3, 2004, plaintiff Direct Report Corporation d/b/a Shareholder.com ("Shareholder") served Adler with a subpoena. The subpoena commanded him to produce and permit inspection and copying of certain documents by or before December 9, 2004. The subpoena also commanded Adler to present himself for a deposition at the office of

plaintiff's counsel on December 13, 2004. A true and accurate copy of this subpoena is attached hereto as Exhibit 1.

4. The following Tuesday, December 7, 2004, I sent a letter, by facsimile and first class mail, on behalf of Adler to Shareholder's counsel, John T. Bennett. In this letter I informed Mr. Bennett that I represent Adler in connection with the subpoena and that pursuant to Fed. R. Civ. P. 45, Adler objected to the subpoena on numerous grounds, including that the time within which to respond to the subpoena was inadequate. I asked Mr. Bennett to contact me after reviewing the letter to discuss the subpoena and the response thereto. A true and accurate copy of my December 7, 2004 letter to Mr. Bennett is attached hereto as Exhibit 2.

5. After I sent the letter to Mr. Bennett, I also attempted to reach him by telephone at his law office. Mr. Bennett did not answer my call, so I left him a message on his voice mail concerning the subpoena and the rescheduling of the Adler deposition.

6. On or about December 9, 2004, I received a voice mail message from Mr. Bennett stating that Adler's deposition would be rescheduled, and further addressing the taking of the deposition and the production of documents.

7. On or about December 10, 2004, I sent a second letter to Mr. Bennett, in which I confirmed his telephone message that Adler's deposition would be rescheduled. I also informed Mr. Bennett that Adler would be available for deposition on either Friday, January 7, 2005, or Tuesday, January 11, 2005. I asked Mr. Bennett to let me know whether either of those dates worked for him. A true and accurate copy of my December 10 letter to Mr. Bennett is attached hereto as Exhibit 3.

8. On or about December 13, 2004, Mr. Bennett sent me a new subpoena for Adler, which purported to require Adler to produce responsive documents by December 15 and to appear for deposition on December 20, 2004. Mr. Bennett provided a cover letter with this new

subpoena in which he stated that the discovery cutoff date in this case was February 1, 2005, and that in light of this date, Mr. Adler's deposition had to be taken before Christmas. Mr. Bennett sent this letter and subpoena to my office by facsimile, and according to my office's records, it did not arrive until approximately 6:00 p.m. A true and accurate copy of Mr. Bennett's December 13, 2004 subpoena and accompanying letter is attached hereto as Exhibit 4.

9. On December 14, 2004, I sent Adler's objections to Shareholder's document requests to Mr. Bennett. I also informed Mr. Bennett that Adler was not available for deposition on December 20, 2004; I restated that Adler would be available on January 7 or January 11; and I requested alternate dates in case those would not work. True and accurate copies of the first and last page of my letter to Mr. Bennett are attached hereto as Exhibit 5.

10. On or about December 16, 2004, Mr. Bennett responded to my letter of December 14, 2004. He repeated his position that Adler's deposition had to occur on December 20, 2004, notwithstanding my representation that Adler was not available on that date. He did not provide any alternative dates for Adler's deposition. Mr. Bennett stated that he intended to "proceed with Mr. Adler's deposition on December 20, 2004 barring an order from the Court." A true and accurate copy of Mr. Bennett's December 16, 2004 letter to me is attached hereto as Exhibit 6.

11. Adler is not available for deposition on Monday, December 20, 2004, because he will be in Florida that day. The document attached as Exhibit 7 to this affidavit is a true and accurate copy of Mr. Adler's E-Ticket Confirmation for Monday, December 20, 2004. The E-Ticket was issued on November 27, 2004.

12. I have communicated with Anthony S. Fiotto, counsel for defendant The Thomson Corporation ("Thomson"). Mr. Fiotto has informed me that he will be unable to attend a deposition at any time during the week of December 20-24, 2004, because he will be out of

- 4 -

state at a long-planned family vacation. Mr. Fiotto also informed me that he previously had informed Shareholder's counsel about his unavailability during that week.

13.  Adler has purchased airline tickets for a vacation for the week between Christmas and New Year's Day. Therefore, he would not be available to attend a deposition during that week.

I DECLARE UNDER PENALTY OF PERJURY THAT FOREGOING IS TRUE AND CORRECT. EXECUTED ON DECEMBER 17, 2004.

_____
Richard J. McCarthy