# PALMER & DODGE LLP

111 HUNTINGTON AVENUE AT PRUDENTIAL CENTER
BOSTON, MA 02199-7613

JOHN T. BENNETT
617.239.0670
jbennett@palmerdodge.com

December 13, 2004

**By Facsimile and First Class Mail**

Richard J. McCarthy, Esq.
Edwards & Angell LLP
101 Federal Street
Boston, MA 02110

Re:   *Direct Report Corporation d/b/a Shareholder.com v. CCBN.com, Inc., et al*
      Civil Action No. 04-cv-10535-PBS

Dear Richard:

I write in response to your letter of December 10, 2004. As I mentioned in my December 9, 2004 voicemail, Shareholder.com is diligently moving forward with deposition discovery in light of the Court's February 1, 2005 fact discovery cutoff and the despite delay-engendering tactics we have faced from defendants and third parties to this action. My voicemail proposed the receipt of Mr. Adler's full written objections to Shareholder.com's subpoena as well as the production documents in response to portions of the subpoena not objected to by today, December 13, 2004. I also insisted that Mr. Adler's deposition be taken before Christmas given the Court's deadlines and Shareholder.com's need to move forward with the discovery process.

Your letter proposing the service of full written objections to the subpoena of Mr. Adler by December 16, the production of documents in response to the subpoena on December 21 and the deposition of Mr. Adler on January 7 or 11 ignores the urgency of Shareholder.com's discovery and is unacceptable. Mr. Adler was served with the subpoena on December 3, 2004 and has had notice of this action since its inception in March, 2004. Shareholder.com should not have to wait nearly three weeks after service for responsive documents in his possession and over one month from service to take his deposition. I am enclosing an amended subpoena which sets a document production deadline for December 15, 2004 and a deposition date of December 20, 2004. Shareholder.com expects Mr. Adler to comply with these dates by providing his full written objections and documents responsive to portions of the subpoena not objected to by December 15, 2004 and appearing for his deposition at our offices on December 20, 2004.

Richard J. McCarthy, Esq.
December 13, 2004
Page 2

Sincerely,

John T. Bennett

cc:     Ronald Gruner

AO 88 (Rev. 11/91) Subpoena in a Civil Case

# UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

DIRECT REPORT CORPORATION d/b/a/
SHAREHOLDER.COM,

           Plaintiff,

v.

CCBN.COM, INC., THE THOMSON
CORPORATION, JOHN DOES 1 through 5,
and JANE DOES 1 through 5,

           Defendants.

SUBPOENA IN A CIVIL CASE

CASE NUMBER: 04-10535 PBS

TO:    Robert I. Adler
       125 Byron Road
       Weston, MA 02493

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
|  |  |
|  | DATE AND TIME |
|  |  |

☒ YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |
| Palmer & Dodge, LLP, 111 Huntington Ave at Prudential Center, Boston, MA 02199 | December 20, 2004 |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
See attached Exhibit A

| PLACE | DATE AND TIME |
| --- | --- |
| Palmer & Dodge, LLP, 111 Huntington Ave at Prudential Center, Boston, MA 02199 | December 15, 2004 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| Attorney for Plaintiff  [signature] | December 13, 2004 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
John T. Bennett, Esq., Palmer & Dodge LLP
111 Huntington Ave at Prudential Center, Boston, MA 02199 (617) 239-0670

AO 88 (Rev. 11/91) Subpoena in a Civil Case

## PROOF OF SERVICE

| SERVED | DATE | PLACE |
|---|---|---|
| | | |

| ON (PRINT NAME): | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME): | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
         DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Parts (c) & (d):

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person,

except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting form the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**EXHIBIT A**

**Definitions**

A. The definitions set forth in Rule 26.5(C) of the Local Rules of the United States District Court for the District of Massachusetts are incorporated by reference.

B. The word "Complaint" as used herein means the Amended Complaint filed in this action on May 20, 2004 (attached hereto at Tab 1).

C. As used herein, the word "and" and the word "or" separately shall, unless the context does not permit such a construction, be construed to mean "and/or."

D. The word "you" or "your" means Robert Adler, together with any employees, agents, representatives, attorneys or others acting for or on your behalf.

E. The words "Shareholder.com" or "plaintiff" mean Direct Report Corporation d/b/a Shareholder.com, together with its predecessors, subsidiaries, affiliates, assignees, licensees, employees, agents, representatives, attorneys and others acting for or on its behalf.

F. "Defendants" means CCBN.com, Inc and the Thomson Corporation together with their predecessors, subsidiaries, affiliates, assignees, licensees, employees, agents, representatives, attorneys and others acting for or on their behalf.

G. "CCBN" means CCBN.com, Inc. together with its predecessors, subsidiaries, affiliates, assignees, licensees, employees, agents, representatives, attorneys and others acting for or on its behalf.

H. "Including" means including but not limited to.

I. "Intrusion date" means the earliest date upon which CCBN accessed, received, or made use of information from Shareholder.com's internal communication and computer systems.

J. "Shareholder.com's internal communication and computer systems" includes, but is not limited to, Shareholder.com's Management and Dialog systems.

K. "Potential clients" means potential consumers of defendants' services that were solicited by any kind of sales, marketing or advertising efforts by defendants.

L. "Capitalization" includes, but is not limited to, a dollar amount listing of corporate assets and liabilities.

M. "Document" is defined to be synonymous in meaning and equal in scope to usage of this term in Federal Rule of Civil Procedure 34 (a), which refers to documents as including "writings, drawings, graphs, charts, photographs, and other data compilations from which information can be obtained [or] translated, if necessary, by the [producing party] through detection devices into reasonably useable form," which communicates information, and can include memoranda, letters, emails, reports, analyses, studies, notes, in paper or electronic format.

N. "Concerning" means, as provided in the Local Rules of the U.S. District Court, "referring to, describing, evidencing, or constituting." L.R., D. Mass. 26.5(C)(7).

O. "Agreement" means any written agreement reached between Robert Adler and CCBN and/or Thomson between January 1, 2002 and the present.

P. "Communication" means, as provided in the Local Rules of the U.S. District Court, "the transmittal of information (in the form of facts, ideas, inquiries, or otherwise)." L.R., D. Mass. 26.5(C)(1).

### Instructions

Q. You are requested to produce all documents in your custody, possession or control, including all documents that are in the custody of your servants, attorneys, consultants, accountants or agents, regardless of the location of such documents.

R. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and *vice versa*; the use of the masculine form of a pronoun shall be considered also to include within its meaning the feminine form of the pronoun so used, and *vice versa*; and the use of any tense of any verb shall be considered also to include within its meaning all other tenses of the verb so used.

S. Each request for documents seeks production of all documents described, along with any attachments, drafts and non-identical copies and for each document produced, either (a) identify the numbered request(s) to which the document relates, or (b) produce the document as it is found or located in either your business or personal files together with a copy of the descriptive file folder or database category in its entirety, without abbreviation, redaction or expurgation.

T. If any request cannot be complied with in full, it shall be complied with to the extent possible.

3

## Documents Requested

1. Documents concerning your or the defendants' accessing of Shareholder.com's internal communication and computer systems.

2. Documents identifying the information or data you or defendants acquired by accessing Shareholder.com's internal communication and computer systems.

3. Documents identifying individuals employed by CCBN who accessed Shareholder.com's internal communication and computer systems.

4. Documents concerning your or defendants' use of data or information acquired from Shareholder.com's internal communication and computer systems, including Shareholder.com's Management and Dialog systems.

5. Documents concerning or compiled during any investigation conducted by defendants of their employees' accessing of Shareholder.com's internal communication and computer systems, including but not limited to any documents concerning your response to Ed deCastro's June 2002 report of defendants' misconduct or any investigation undertaken by Thomson prior to its acquisition of CCBN.

6. Documents concerning any disciplinary or remedial action taken by you or defendants against employees who (1) participated in the accessing of Shareholder.com's internal communication and computer systems, (2) failed to take action to report, prevent, or curtail such access, or (3) used the information obtained from such access.

7. Documents concerning any law enforcement or regulatory investigation of your or defendants' accessing of Shareholder.com's internal communication and computer systems.

8. Documents submitted to, received from, or requested by any law enforcement agency or regulatory body in the course of any investigation of your or defendants' accessing of Shareholder.com's internal communication and computer systems.

9. Documents received by you or CCBN from the Massachusetts Attorney General's office during its investigation of CCBN's accessing of Shareholder.com's internal communication and computer systems.

10. Documents submitted to, generated by, received from, or requested by the law firm of Todd & Weld in connection with its representation of CCBN during the Massachusetts Attorney General's investigation of CCBN's accessing of Shareholder.com's internal communication and computer systems.

11. Documents concerning policies and procedures for backing-up, retaining or destroying information or data stored on CCBN computers (including CCBN-owned laptop computers) from 2001 to the present.

12. Documents concerning deleted or destroyed information or data from your or defendants' computer systems or laptops relating to your or defendants' access or attempts to access Shareholder.com's internal communication and computer systems from 2001 to the present.

13. Your or CCBN's communications with potential clients between the intrusion date and December 30, 2002.

14. Documents concerning CCBN sales or marketing efforts made toward potential clients from the intrusion date to the present.

15. Documents concerning any sales, marketing or advertising efforts comparing CCBN's services with Shareholder.com's services, made between 2001 and the present.

16. Documents concerning the sales or marketing of additional services to existing CCBN clients between the intrusion date and September 30, 2002.

17. Communications to CCBN employees or the CCBN Board of Directors regarding the Massachusetts Attorney General's investigation of CCBN's accessing of Shareholder.com's communication and computer systems.

18. Organizational charts or lists identifying CCBN personnel responsible or participating in the solicitation of business from the following companies from 2001 to the present: Schlumberger Limited; Lucent Technologies; John Hancock Financial Services, Inc.; Manufacturer's Services Limited; R.J. Reynolds Tobacco, Inc., Intel Corporation; ATA Holdings Corporation; BancWest Corporation; Barnesandnobel.com; Boise Cascade Corporation; Colgate-Palmolive Company; Genuity Inc.; Global Crossing; IBM, Inc.; ITT Industries, Inc.; Johnson & Johnson; Liberty Media Corporation; Metropolitan Life Insurance Company; Microsoft Corporation; Wachovia Corporation; WP Carey & Co., LLC; and Yahoo, Inc..

19. Documents concerning strategy for marketing CCBN's services to the following companies from 2001 to the present: Schlumberger Limited; Lucent Technologies; John Hancock Financial Services, Inc.; Manufacturer's Services Limited; R.J. Reynolds Tobacco, Inc.; Intel Corporation; ATA Holdings Corporation; BancWest Corporation; Barnesandnobel.com; Boise Cascade Corporation; Colgate-Palmolive Company; Genuity Inc.; Global Crossing; IBM, Inc.; ITT Industries, Inc.; Johnson & Johnson; Liberty Media Corporation; Metropolitan Life Insurance Company; Microsoft Corporation; Wachovia Corporation; WP Carey & Co., LLC; and Yahoo, Inc.

20. Documents sufficient to identify CCBN's annual revenues from the following clients from 2001 to the present: Schlumberger Limited; Lucent Technologies; John Hancock Financial Services, Inc.; Manufacturer's Services Limited; R.J. Reynolds Tobacco, Inc. and Intel Corporation.

21. Communications to or from the following CCBN clients from 2001 to the present: Schlumberger Limited; Lucent Technologies; John Hancock Financial Services, Inc.; Manufacturer's Services Limited; R.J. Reynolds Tobacco, Inc.; Intel Corporation; ATA Holdings Corporation; BancWest Corporation; Barnesandnobel.com; Boise Cascade Corporation; Colgate-Palmolive Company; Genuity Inc.; Global Crossing; IBM, Inc.; ITT Industries, Inc.; Johnson & Johnson; Liberty Media Corporation; Metropolitan Life Insurance Company; Microsoft Corporation; Wachovia Corporation; WP Carey & Co., LLC; and Yahoo, Inc.

22. Documents sufficient to establish CCBN's document retention or destruction policies from 2001 to the present.

23. Communications between CCBN and Thomson personnel concerning CCBN's accessing of Shareholder.com's internal communication and computer systems, including any communications concerning potential criminal or civil liability arising from CCBN's actions.

24. Documents sufficient to identify the capitalization of CCBN, on a quarterly basis, from January 2003 to the present.

25. Documents concerning plans or strategy for the integration of CCBN's operations into Thomson following Thomson's acquisition of CCBN.

26. Documents concerning the counterclaims asserted by the Answer and Amended Counterclaims filed by defendants (see Tab 2).

7

27. Documents concerning any CCBN policies governing (1) use of CCBN computers by employees, or (2) theft of confidential information from competitors.

28. All documents concerning agreements between you and CCBN and/or the Thomson Corporation.

29. All documents concerning any current or former America On-Line accounts you have held or used.

30. All documents concerning any current or former internet anonymizer service accounts you have held or used.

31. All documents concerning any laptop computers you have owned or used between January 1, 2001 to the present.

32. All communications between you and CCBN or Thomson personnel concerning the allegations within the Complaint.

** TOTAL PAGE.13 **