UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIRECT REPORT CORPORATION d/b/a SHAREHOLDER.COM,<br><br>Plaintiff,<br><br>v.<br><br>CCBN.COM, INC., THE THOMSON CORPORATION, JOHN DOES 1 through 5, and JANE DOES 1 through 5,<br>Defendants. | Civil Action<br>No. 04-10535 PBS |

## MEMORANDUM IN SUPPORT OF SHAREHOLDER.COM'S MOTION TO COMPEL CERTAIN DOCUMENTS FROM THE OFFICE OF THE ATTORNEY GENERAL FOR THE COMMONWEALTH OF MASSACHUSETTS

Shareholder.com ("Shareholder") seeks to compel the production of certain documents within the scope of a subpoena served on the Office of the Attorney General for the Commonwealth of Massachusetts ("Attorney General"). The Attorney General has informed Shareholder that it does not oppose this motion to compel. Accordingly, Shareholder respectfully requests that this Court order the Attorney General's Office to produce the documents identified in this motion.

### Relevant Background

On April 23, 2004, Shareholder submitted a public records request to the Attorney General seeking documents concerning its past investigation into CCBN.com ("CCBN"). *See* Public Records Request by Shareholder (attached hereto as Exhibit A.) The Attorney General disclosed most of the requested documents to Shareholder, but withheld a small number of documents on the basis that they were privileged. *See* Attorney General's

Response to Shareholder's Public Records Request (attached hereto as Exhibit B.) On August 20, 2004, Shareholder served a subpoena on the Attorney General requesting production of documents that had not been produced in response to the public records request. *See* August 20, 2004 Subpoena on the Office of the Attorney General (attached hereto as Exhibit C.) The Attorney General objected to the subpoena, reiterating that the withheld documents contained privileged information. *See* September 10, 2004 letter from Natalie S. Monroe to John T. Bennett (attached hereto as Exhibit D.)

Counsel for Shareholder subsequently conferred with Natalie Monroe of the Attorney General's Office concerning the objections to the subpoena. *See* Affidavit of John T. Bennett (attached hereto as Exhibit E.) Ms. Monroe indicated that the Attorney General's Office, due to policy concerns, would not produce any of the documents without a court order. *See id.* The filing of a motion to compel, therefore, would be necessary. Ms. Monroe explained that the Attorney General would oppose a motion to compel documents containing internal attorney communications and attorney work-product. *See id.* The Attorney General, however, would not oppose a motion to compel the remaining withheld documents, which include (1) internet usage logs obtained from Sprint and (2) communications to or from CCBN or individuals employed by CCBN. *See id.* Counsel for Shareholder therefore agreed to exclude from its motion to compel those documents containing internal attorney communications and work-product, and the Attorney General's Office agreed not to oppose this motion. *See id.*

On December 16, 2004, Shareholder's counsel wrote a letter to counsel for CCBN inquiring whether CCBN would assent to its motion to compel documents from the Attorney General. *See* December 16, 2004 letter from John T. Bennett to Anthony S.

Fiotto (attached hereto as Exhibit F). Shareholder provided CCBN's counsel with a copy of the subpoena and explained that the Attorney General would not oppose Shareholder's motion to compel. *See id.* Counsel for CCBN failed to respond to Shareholder by the date requested in its letter. Thereafter, Shareholder's counsel contacted counsel for CCBN by telephone on December 21, 2004. *See* Exhibit E. During this telephone call, counsel for CCBN requested more information about the Attorney General's original objections to the subpoena. Shareholder promptly provided counsel a copy of the Attorney General's letter stating its earlier objections. On December 22, 2004, CCBN's counsel informed Shareholder's counsel by e-mail that it did not have enough information about the subpoenaed documents to assent to Shareholder's motion.

## Argument

Shareholder requests that the Court order the Attorney General to produce all documents covered by the subpoena with the exception of documents containing internal attorney communications or attorney work-product. As explained above, while the Attorney General has required Shareholder to seek a court order for the production of these documents to satisfy policy concerns, it does not oppose Shareholder's motion to compel these documents. Accordingly, Shareholder requests that the Court grant this motion to compel.

## Conclusion

For the foregoing reasons, Shareholder respectfully requests that this Court order the Attorney General to produce forthwith all documents within the scope of

Shareholder's subpoena with the exception of documents containing internal attorney communications or attorney work-product

Respectfully submitted,

_____
Thane D. Scott (BBO #449340)
Ruth T. Dowling (BBO #645568)
John T. Bennett (BBO #648464)
PALMER & DODGE LLP
111 Huntington Avenue
Boston, MA 02199
(617) 239-0100

December 23, 2004

CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of the above document to be served upon the attorney of record for each other party by hand on December 23, 2004.

_____