UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIRECT REPORT CORPORATION d/b/a/ SHAREHOLDER.COM,<br><br>Plaintiff,<br><br>v.<br><br>CCBN.COM, INC., THE THOMSON CORPORATION, JOHN DOES 1 THROUGH 5, and JANE DOES 1 THROUGH 5,<br><br>Defendants. | Civil Action No. 04-10535-PBS |

### DEFENDANTS CCBN.COM AND THE THOMSON CORPORATION'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL CERTAIN DOCUMENTS FROM THE OFFICE OF THE ATTORNEY GENERAL FOR THE COMMONWEALTH OF MASSACHUSETTS

Defendants CCBN.com, Inc. ("CCBN") and The Thomson Corporation ("Thomson") submit this Opposition to plaintiff Direct Report Corporation d/b/a/ Shareholder.com's ("Shareholder") Motion to Compel Certain Documents From the Office of the Attorney General for the Commonwealth of Massachusetts (the "Motion").

In this Motion, Shareholder seeks to force the Massachusetts Attorney General's ("AG's") office to disclose certain documents that have been previously withheld on the basis of several statutory and common law privileges. The Motion should be denied for two reasons. First, the objections to the production of these documents previously raised by the AG's office are not only facially valid, but indicate that CCBN and individuals will have their privacy invaded through disclosure of the documents. Second, not enough information about these documents has been provided to justify a Court-ordered disclosure of privileged materials.

As to the first point, the very correspondence submitted by Shareholder indicates that the AG's office should not be compelled to disclose the previously withheld documents. As an initial matter, the letter dated May 14, 2004 from the AG's office (attached to the Motion at Tab B) indicates that certain material was withheld because it "contain[s] information relating to a specific individual, the disclosure of which may constitute an unwarranted invasion of personal privacy . . . ." Moreover, in objecting to Shareholder's subpoena, the AG's office in a letter dated September 10, 2004 (attached to the Motion at Tab D) objected on the following grounds to the production of the documents at issue here: "the request seeks confidential and privileged information that is protected by the grand jury privilege, the investigatory privilege, the communication privilege, the deliberative process privilege, the work product doctrine, and exemption (c) of G.L. c. 4, § 7, Cl. 26." Nothing in the Motion indicates that anything has changed that would cause any of these privileges to no longer apply. What is more, the reference to a potential violation of personal privacy and other rights signals that this disclosure could adversely impact one or more individuals, as well as defendants. Accordingly, the Court should not override the well-established privileges and protections previously asserted by the AG's office, and should deny the Motion on those grounds.

The Motion should be denied for the additional reason that not enough information about the documents has been presented to the Court. The Motion places defendants in the impossible situation of being asked to assent to the disclosure of documents—an action that may potentially waive defendants' rights and privileges—without the benefit of even seeing the subject doucments. Defendants cannot and will not risk such waiver, and in light of the legitimate objections set forth by the AG's office, the Motion should be denied.

2

## CONCLUSION

For all of the foregoing reasons, defendants respectfully request that Shareholder's Motion be denied.

Respectfully submitted,

CCBN.COM, INC. and THE THOMSON CORPORATION,

By its attorneys,

_____
Anthony S. Fiotto (BBO #558089)
David M. Moss (BBO #649707)
GOODWIN PROCTER LLP
Exchange Place
Boston, Massachusetts 02109-2881
Telephone: (617) 570-1000
Facsimile: (617) 523-1231

DATED: January 13, 2005

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon counsel for plaintiff by first class mail on January 13, 2005.

_____
David M. Moss

LIBA/1445244.1