UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DIRECT REPORT CORPORATION d/b/a ) <br> SHAREHOLDER.COM, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> CCBN.COM, INC., THE THOMSON ) <br> CORPORATION, JOHN DOES 1 ) <br> THROUGH 5, AND JANE DOES 1 ) <br> THROUGH 5, ) <br> ) <br> Defendants. ) | Civil Action No. 04-10535-PBS |

## AFFIDAVIT OF RICHARD J. MCCARTHY

I, Richard J. McCarthy, upon oath, depose and state as follows:

1. I am over 18 years of age, am competent to testify, and have personal knowledge of the facts set forth herein.

2. I am a partner at Edwards & Angell, LLP, which represents non-party witness Robert Adler ("Adler") in this lawsuit. I am a member in good standing of the bars, among others, of the United States Court of Appeals for the First Circuit, the United States District Court for the District of Massachusetts, and the Supreme Judicial Court of the Commonwealth of Massachusetts.

3. In December 2004, non-party witness Adler filed a Motion to Quash or Modify a subpoena served on him by Plaintiff Direct Report Corporation d/b/a Shareholder.com ("Shareholder"). The subpoena purported to require that Adler appear for his deposition on December 20, 2004. Despite Adler's non-availability, Shareholder's counsel would not agree to alternative dates. Adler expended at least $2,500 in legal fees and expenses paid for the preparation and filing of that Motion, as to which Shareholder did not file an Opposition. The

Court granted Adler Motion's and directed that the deposition not go forward. The Court further ordered that counsel confer and agree to a date for the deposition in January. A true copy of the Court's Electronic Order is annexed hereto as Exhibit 1.

4. Prior to December 20, 2004, I had suggested that the deposition go forward on either January 7, 2005, or January 11, 2005. As of December 23, 2004, Adler was willing to proceed on either of those dates or some other date later in January to be determined. By email, John T. Bennett ("Bennett"), counsel for Shareholder, stated that Shareholder would agree to January 7 "provided that Mr. Adler is able to produce documents responsive to the subpoena by December 30." I did not respond to the counter-proposal. A true copy of the exchange of relevant mails is annexed hereto as Exhibit 2. Nonetheless, despite the absence of an affirmative response from Mr. Adler's counsel, on December 28, 2004, Shareholder sent a notice of deposition for January 7, 2005. A true copy of the Shareholder Notice is annexed hereto as Exhibit 3.

5. By email dated January 3, 2005, Shareholder's counsel stated Shareholder's intent to have a videographer present for the deposition of Mr. Adler, and reiterated Shareholder's need for Adler's documents to have been produced the prior Thursday (December 30, 2004). A true copy of this mail is annexed hereto as Exhibit 4.

6. By voice mail message on the morning of January 5, 2005, I informed Shareholder counsel Bennett that I did not anticipate that Adler had documents to be produced, but would discuss the matter with my client later that day.

7. On Thursday, January 6, 2005, I sent Mr. Bennett two letters. One discussed the production of documents issue; a true copy of this letter is annexed hereto as Exhibit 5. The second letter (which was also sent to counsel for CCBN.com, Inc. ("CCBN") and The Thomson Corporation ("Thomson")) identified another issue that needed to be resolved prior to the Adler

deposition; namely, ground rules concerning any potential waiver of the Fifth Amendment privilege. This letter enclosed a proposed stipulation to resolve this matter by agreement in an effort to comply with Local Rule 7.1(A)(2). A true copy of said letter and the enclosed proposed stipulation is annexed hereto as Exhibit 6.

8. While CCBN/Thomson's counsel was willing to discuss a stipulation, Mr. Bennett did not respond to these letters. After waiting for his response until after the close of business and receiving none, I notified Mr. Bennett and Anthony S. Fiotto, Jr., counsel for CCBN.com, Inc./The Thomson Corporation, in writing that I could not agree to the taking of Mr. Adler's deposition, on Friday, January 7, because this privilege issue needed to be resolved prior to the taking of the deposition, that Mr. Adler would not be appearing for his deposition on Friday, January 7, and that the deposition would be re-scheduled for later in January as permitted by Court Order. A true copy of this letter to Mr. Bennett is annexed hereto as Exhibit 7. I did not receive a response from Mr. Bennett to this letter notification.

9. I also attempted to reach Mr. Bennett by telephone early on the morning of January 7 and left a voice mail message stating that I wished to discuss the proposed stipulation with him and reiterating the fact that Mr. Adler would not be appearing for deposition that day. Mr. Bennett did not respond to the message. At no time did Mr. Bennett state that he had not cancelled the Adler deposition pursuant to Adler's written notification.

10. As of the time I left my office at or about the close of business on Friday, January 7, 2005, I had not received any motion papers from Shareholder's counsel. After receiving and reviewing Shareholder motion papers on Saturday, January 8, 2005, I noted Shareholder's counsel's failure to comply with Local Rule 7.1(A)(2), so I sent a letter to Shareholder's counsel early Monday morning in a good faith effort to resolve this dispute. A true copy of this letter is annexed hereto as Exhibit 8. Shareholder counsel Melissa Allison ("Allison") responded to this

letter by telephone early Monday afternoon. She could not identify any cancellation fees, but agreed to check again. (In a subsequent telephone conversation later that afternoon, she said that there were no deposition cancellation costs, only the fees for holding the deposition.) In response to my suggestion that there be a joint conference call with all counsel to set a new date for the Adler deposition, she agreed to check with other counsel at Palmer & Dodge first and get back to me. I subsequently spoke with Melissa Allison by telephone early Monday afternoon concerning whether there was any way we could narrow the issues or reach agreement concerning the Fifth Amendment waiver issue raised in my prior letter and enclosure, as to which I intend to file a Motion for Protective Order. She said that she would confer with others at Palmer & Dodge and get back to me if there was.

11.   After the close of business on Monday, January 10, 2005, I received a letter from Allison following up on our telephone conversations earlier that day. A true copy of this letter is annexed hereto as Exhibit 9. A true copy of my response to this letter is annexed hereto as Exhibit 10.

I DECLARE UNDER PENALTY OF PERJURY THAT FOREGOING IS TRUE AND CORRECT. EXECUTED ON JANUARY 11, 2005.

_____
Richard J. McCarthy

- 4 -