UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIRECT REPORT CORPORATION d/b/a SHAREHOLDER.COM,<br><br>Plaintiff,<br>v.<br><br>CCBN.COM, INC., THE THOMSON CORPORATION, JOHN DOES 1 THROUGH 5, AND JANE DOES 1 THROUGH 5,<br><br>Defendants. | Civil Action No. 04-10535-PBS |

## WITNESS ROBERT ADLER'S ASSENTED-TO MOTION FOR LEAVE TO FILE REPLY BRIEF IN SUPPORT OF MOTION FOR PROTECTIVE ORDER

Non-party witness Robert Adler ("Adler"), by and through his attorneys, hereby moves for leave to file a short reply brief in support of his motion for a protective order. In support of this motion, Adler states that counsel for both Plaintiff Direct Report Corporation d/b/a Shareholder.com ("Shareholder") and Defendants CCBN.com, Inc. ("CCBN") and The Thomson Corporation ("Thomson") have assented to this motion, although Shareholder's assent is conditioned upon Adler keeping his reply brief no longer than five pages.

## CERTIFICATION OF COMPLIANCE WITH LOCAL
## RULES AND ELECTRONIC ORDER OF JANUARY 21, 2005

The undersigned hereby certifies, pursuant to Local Rule 7.1(a)(2), that counsel for Plaintiff Direct Report Corporation d/b/a Shareholder.com ("Plaintiff") has assented to this motion as long as Adler's reply brief is no longer than five pages and that counsel for Defendants CCBN.com, Inc. and The Thompson Corporation ("Defendants") has assented to this motion.

The undersigned further certifies that counsel for Adler conferred by telephone with counsel for both Plaintiff and Defendants, in an effort to resolve or narrow the issues raised by the underlying motion for a protective order, pursuant to Local Rules 7.1(a)(2) and 37.1(B) as well as this Court's electronic order of January 21, 2005. Specifically, Adler's counsel suggested to Plaintiff's counsel on both January 28 and February 1 that if Plaintiff objected to the precise wording of Adler's proposed protective order relating to his privileges against self-incrimination, Plaintiff's counsel could draft an alternate order or stipulation. Plaintiff's counsel declined this invitation and stated that he could not think of any language in a stipulation or protective order that would be acceptable to his client. Counsel for the Defendants indicated a willingness to work on draft language for a stipulated order on Adler's Fifth Amendment rights, but counsel for the Plaintiff again stated his unwillingness to enter into any such agreement.

ROBERT ADLER,

By his attorneys,

Richard J. McCarthy (BBO 328600)
Mark B. Dubnoff (BBO # 637212)
EDWARDS & ANGELL, LLP
101 Federal Street
Boston, MA 02110
Tel. (617) 439-4444
Fax (617) 439-4170

February 7, 2005

## CERTIFICATE OF SERVICE

    I certify that on this 7th day of February, 2005, I caused a copy of the foregoing to be delivered to John Bennett, Palmer & Dodge LLP, 111 Huntington Avenue at Prudential Center, Boston, MA 02199-7613, and Anthony S. Fiotto, Goodwin Procter LLP, Exchange Place, Boston, MA 02109 by hand.

                                                                 _/s/ Mark B. Duff_
                                                                 Mark B. Dubnoff