UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 FEB -7  P 4: 22

U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| DIRECT REPORT CORPORATION d/b/a SHAREHOLDER.COM, <br> Plaintiff, <br> v. <br><br> CCBN.COM, INC., THE THOMSON CORPORATION, JOHN DOES 1 THROUGH 5, AND JANE DOES 1 THROUGH 5, <br> Defendants. | Civil Action No. 04-10535-PBS |

**REPLY BRIEF IN SUPPORT OF WITNESS
ROBERT ADLER'S MOTION FOR A PROTECTIVE ORDER**

Robert Adler ("Adler"), by and through his attorneys, submits the following reply brief in support of his Motion for a Protective Order (the "Motion").

**A.  Adler Seeks Enforcement, Not Distortion, Of The Law On Privilege Waivers.**

In its opposition to Adler's Motion, Plaintiff Direct Report Corporation d/b/a Shareholder.com ("Shareholder") claims that the protective order sought by Adler "distorts well-established waiver principles" with regard to an individual's Fifth Amendment privilege[1] against self-incrimination.  Shareholder's Opp. at 4.  More precisely, Shareholder states that Adler is seeking to avoid the rule that a witness who provides incriminating testimony waives his right to refuse to respond to other questions

---

[1] Shareholder incorrectly claims that Article 12 of the Massachusetts Declaration of Rights is not implicated here because "Adler is a witness in a federal non-diversity action." Shareholder Opp. at 5 n.5. For support, Shareholder cites to Boston Children's Heart Found., Inc. v. Nadal-Ginard, No. C.A. 93-12539-REK, 1994 WL 129648, *8 n.1 (D. Mass. March 31, 1994), but that case was brought under the federal Employee Retirement Income Security Act of 1974 ("ERISA"). In this case, some of Shareholder's claims are based on Massachusetts statutes (Counts VI and VII) or common law (Counts VIII – X), so the privileges with regard to those claims must be determined in accordance with Massachusetts state law. See Fed. R. Evid. 501. Additionally, the conduct described in the Amended Complaint has already given rise to a state police investigation. See Am. Compl., Ex. 1. Therefore, Adler's Massachusetts privilege against self-incrimination, which is to be interpreted "more broadly" than his Fifth Amendment privilege, see Commonwealth v. Kerr, 409 Mass. 11, 14 (1990), provides him with protection in this case.

"if those responses would not <u>further</u> incriminate him." <u>Id.</u> at 6 (emphasis in original) (citing <u>Rogers v. United States</u>, 340 U.S. 367, 374 (1951), and <u>Femia v. McLaughlin</u>, 126 F.R.D. 426, 431 (D. Mass. 1989)). Shareholder accuses Adler of trying to "create a situation where <u>any</u> answer Adler provides is <u>de facto</u> non-incriminating, permitting him to assert the privilege at any point without risk that it has been waived." <u>Id.</u> (emphasis in original). This is simply not the case.

As Adler explained in his original memorandum, courts have described at least two different ways in which an individual might waive his or her privileges against self-incrimination. <u>See</u> Adler Mem. at 7-11. One is narrow and applies only where the individual has failed to "stop short" of providing incriminating testimony. <u>Rogers v. United States</u>, 340 U.S. 367, 373-374 (1951); <u>McCarthy v. Arndstein</u>, 262 U.S. 355, 357 (1923); <u>Arndstein v. McCarthy</u>, 254 U.S. 71, 72 (1920). The second is broader and applies where an individual testifies <u>voluntarily</u> about a particular area of inquiry. <u>Brown v. United States</u>, 356 U.S. 148, 155-156 (1958). Under the second scenario, courts have held that under some circumstances the individual cannot use the privilege to avoid cross-examination about the same subject matter, even where the responsive testimony might tend to incriminate. <u>Id.</u> Adler's motion for a protective order is concerned solely with the latter category of waiver. He believes that since he is being compelled to testify, the case law indicates that he should be able to provide <u>non-incriminating</u> testimony about any topic without risking a future ruling that he has waived his privileges against self-incrimination. <u>See</u> Adler Mem. at 11. Adler is not seeking an order that would address the first type of waiver.

Shareholder's accusations of "distortion" suggest that it does not understand Adler's position or intent. Counsel for Adler raised this point during a telephone call with Shareholder's counsel on Friday, January 28, and suggested that the two sides did not appear to be in disagreement over the governing law on waiver. Adler's counsel invited Shareholder's counsel to draft its own version of a protective order, based on Shareholder's understanding of the law. Adler's counsel repeated this suggestion in a second telephone conference on February 1, 2005 – this one also joined by counsel for Defendants CCBN.com, Inc. and The Thomson Corporation (collectively, "Defendants") – but Shareholder's counsel declined this offer. More specifically, Adler's counsel suggested that Shareholder's concerns might be addressed by changing the words on the second line of Adler's proposed order.[2] Shareholder's counsel stated that this would not be satisfactory and declined to offer any counter-proposals.

Shareholder's unwillingness to consider any stipulation or protective order indicates that it is not truly concerned about any alleged "distortion of well-established waiver principles" by Adler. Indeed, it is apparent that Shareholder plans to argue that contrary to the well-established principles described in Brown v. United States and its progeny, once Adler provides non-incriminating testimony about a particular area of inquiry, Adler will have waived his right to "stop short" of incriminating himself with regard to the same topic. This is precisely why Adler is seeking a protective order.

**B.     There Is Nothing Procedurally Problematic About Adler's Motion.**

In addition to criticizing the substance of Adler's proposed protective order without offering any alternatives, Shareholder argues that it is improper for Adler to request any type of protective order whatsoever. Shareholder's Opp. at 3-4, 7-8.

---

[2]     A copy of the proposed order with such amended language is attached hereto as Exhibit 1.

According to Shareholder, Adler may not take the prophylactic measure of seeking clarification from the Court regarding the scope of his privilege until <u>after</u> he has already sat for the deposition and made the decisions that could result either in sanctions if he has asserted the privilege too broadly, <u>see, e.g.</u>, <u>McIntyre's Mini Computer Sales Group, Inc. v. Creative Synergy Corp.</u>, 117 F.R.D. 492, 493 (D. Mass. 1987), or a waiver if he has not asserted the privilege broadly enough. This is both illogical and inaccurate.

The Federal Rules of Civil Procedure give courts broad discretion in managing the cases before them. <u>See, e.g.</u>, Fed. R. Civ. P. 1 (stating that the rules "shall be construed and administered to secure, the just, speedy, and inexpensive determination of every action."). <u>See also</u> <u>Rhode Island Dept. of Environmental Mgmt v. United States</u>, 304 F.3d 31, 41 (1st Cir. 2002) (discussing the "inherent equity powers of the federal courts"); <u>In re San Juan Dupont Plaza Hotel Fire Litig.</u>, 859 F.2d 1007, 1011-1012 & n.2 (1st Cir. 1988) (same). Among these broad powers is the authority to stay an entire civil action, or at least discovery, if one of the parties is facing a pending criminal prosecution. <u>See</u> <u>United States v. Kordel</u>, 397 U.S. 1, 8-9 & 12 n. 27 (1970); <u>MicroFinancial, Inc. v. Premier Holidays Int'l, Inc.</u>, 385 F.3d 72, 77 (1st Cir. 2004).

While Adler is not currently facing prosecution, it is undisputable that the conduct giving rise to this lawsuit has already been the subject of at least one criminal investigation, <u>see</u> Am. Compl., Ex. 1, and that Shareholder's Amended Complaint alleges numerous violations of federal criminal statutes. <u>See</u> Am. Compl., Counts I-V. Thus, it is "apodictic" that this Court "possesses the inherent power" to stay this entire litigation for prudential reasons.[3] <u>MicroFinancial, Inc. v. Premier Holidays Int'l, Inc.</u>, 385 F.3d at

---

[3] The fact that Adler has not yet been named as a defendant is immaterial to the analysis. Shareholder's amended complaint names "John Does 1 through 5" as unnamed defendants and accuses

77. It only stands to reason that this greater power includes the lesser power of issuing a protective order of the nature sought by Adler in this case. Indeed, at least one appellate court has ruled that a district erred when it did not consider a motion for a protective order filed by two witnesses who sought to limit discovery to matters to which they arguably had waived their Fifth Amendment privileges. <u>Bank One of Cleveland v. Abbe</u>, 916 F.2d 1067, 1071, 1078 & n.8 (6th Cir. 1990). Adler is not seeking a stay of the entire case. discovery generally, or even of his deposition. He is merely seeking an evidentiary ruling akin to a motion <u>in limine</u>. He is asking this court to interpret Fed. R. Evid. 501 and the applicable case law <u>before</u> he makes an irreversible decision on when to assert the privilege. Certainly, it is within the Court's inherent powers to issue such a ruling.

### Conclusion

For the foregoing reasons, Adler's motion for a protective order should be granted.

ROBERT ADLER,
By his attorneys,

/s/ Mark B. Dubnoff
Richard J. McCarthy (BBO 328600)
Mark B. Dubnoff (BBO # 637212)
EDWARDS & ANGELL, LLP
101 Federal Street
Boston, MA 02110
Tel. (617) 439-4444
Fax (617) 439-4170

February 7, 2005

---

them of participating "in the unlawful infiltration of Shareholder.com's computer systems." Am. Compl. ¶ 3. It is clear from the tenor of Shareholder's memorandum supporting its motion for contempt against Adler that it believes Adler to be one of the "John Does" and may in fact add Adler as a defendant in the future. If Adler could meet the appropriate burden, this Court has the authority to stay the entire litigation.

## CERTIFICATE OF SERVICE

I certify that on this 7th day of February, 2005, I caused a copy of the foregoing to be delivered to John Bennett, Palmer & Dodge LLP, 111 Huntington Avenue at Prudential Center, Boston, MA 02199-7613, and Anthony S. Fiotto, Goodwin Procter LLP, Exchange Place, Boston, MA 02109 by hand.

Mark B. Dubnoff