UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DIRECT REPORT CORPORATION d/b/a SHAREHOLDER.COM, <br><br> Plaintiff, <br> v. <br><br> CCBN.COM, INC., THE THOMSON CORPORATION, JOHN DOES 1 THROUGH 5, AND JANE DOES 1 THROUGH 5, <br><br> Defendants. | Civil Action No. 04-10535-PBS |

## WITNESS ROBERT ADLER'S
## MOTION FOR A PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, nonparty witness Robert Adler ("Adler") moves for a protective order that would enable him to provide testimony at his deposition, for which he has been subpoenaed, without fear that any of the parties in this action will subsequently argue that by providing such testimony, he has waived his right to assert his federal and state privileges against self-incrimination with regard to any other questions he may be asked the answers to which may fairly tend to incriminate him. In support of this motion, Adler submits the attached Memorandum of Law and also relies upon the Affidavit of Richard J. McCarthy, filed herewith and in connection with the Opposition to Plaintiffs' Emergency Motion for Contempt and/or Sanctions and to Compel Adler's Deposition.

WHEREFORE, Adler respectfully requests that this Court enter the Protective Order attached as Exhibit A to this Motion. Adler also respectfully requests oral argument on the motion.

## CERTIFICATION OF COMPLIANCE WITH LOCAL RULES

The undersigned hereby certifies, pursuant to Local Rule 7.1(a)(2) and Local Rule 37.1(B), that counsel for Adler has communicated with counsel for Plaintiff Direct Report Corporation d/b/a Shareholder.com ("Plaintiff") and Defendants CCBN.com, Inc. and The Thompson Corporation ("Defendants") in a good faith effort to resolve the issues presented in this Motion for a Protective Order. These efforts included the transmission on January 6, 2005, of a letter to all parties' counsel along with a proposed stipulation that would have resolved all issues raised by this motion. While the Defendants' counsel indicated a willingness to discuss the stipulation and generally seek an accommodation, Plaintiffs' counsel refused to do so and subsequently criticized the stipulation in papers filed with the Court. Adler's counsel then conferred with Plaintiff's counsel by telephone on January 10, 2005, but they were unable to narrow the issues in dispute.

ROBERT ADLER,

By his attorneys,

*/s/ Richard J. McCarthy*
Richard J. McCarthy (BBO 328600)
Mark B. Dubnoff (BBO # 637212)
EDWARDS & ANGELL, LLP
101 Federal Street
Boston, MA 02110
Tel. (617) 439-4444
Fax (617) 439-4170

January 11, 2005

## CERTIFICATE OF SERVICE

I certify that on this 11th day of January, 2005, I caused a copy of the foregoing to be delivered to John Bennett, Palmer & Dodge LLP, 111 Huntington Avenue at Prudential Center, Boston, MA 02199-7613, and Anthony S. Fiotto, Goodwin Procter LLP, Exchange Place, Boston, MA 02109 by hand.

*/s/ Mark B. Dubnoff*
Mark B. Dubnoff

UNITED STATES DISTRIC COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIRECT REPORT CORPORATION d/b/a SHAREHOLDER.COM, <br><br> Plaintiff, <br> v. <br><br> CCBN.COM, INC., THE THOMSON CORPORATION, JOHN DOES 1 THROUGH 5, AND JANE DOES 1 THROUGH 5, <br><br> Defendants. | Civil Action No. 04-10535-PBS |

### PROTECTIVE ORDER

IT IS HEREBY ORDERED, that to the extent that nonparty witness Robert Adler answers questions at the deposition for which he has been subpoenaed to attend and give testimony, he will not be deemed to have waived any privilege to refuse to provide self-incriminating testimony that he might possess under the Fifth Amendment of the United States Constitution or article 12 of the Massachusetts Declaration of Rights, with respect to any other questions that he may be asked.

SO ORDERED:

_____
United States District Judge

DATED: _____, 2005
     Boston, MA