UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 2004-10535-PBS


DIRECT REPORT CORPORATION
d/b/a SHAREHOLDER.COM,
Plaintiff


V.


CCBN.com,
THE THOMSON CORPORATION,
JOHN DOES 1 THROUGH 5, and
JANE DOES 1 THROUGH 5,
Defendants

**ORDER ON**

**PLAINTIFF SHAREHOLDER.COM'S MOTION
TO COMPEL PRODUCTION OF DOCUMENTS
(Docket # 38)**;


**PLAINTIFF SHAREHOLDER.COM'S MOTION
TO COMPEL CERTAIN DOCUMENTS FROM
THE OFFICE OF THE ATTORNEY GENERAL FOR
THE COMMONWEALTH OF MASSACHUSETTS
(Docket # 47);**


**PLAINTIFF SHAREHOLDER.COM'S MOTION
TO COMPEL DEFENDANTS TO DESIGNATE
A KNOWLEDGEABLE 30(b)(6) REPRESENTATIVE
AND TO PERMIT DESIGNEE TO TESTIFY
TO FACTUAL INFORMATION
(Docket # 49);**

**PLAINTIFF SHAREHOLDER.COM'S MOTION
TO COMPEL INTERROGATORY ANSWERS
(Docket # 53);**

**PLAINTIFF SHAREHOLDER.COM'S EMERGENCY
MOTION FOR CONTEMPT AND/OR DISCOVERY
SANCTIONS AND TO COMPEL THE
DEPOSITION OF ROBERT ADLER
(Docket # 56); and**

**WITNESS ROBERT ADLER'S MOTION FOR
A PROTECTIVE ORDER
(Docket # 84)**

ALEXANDER, M.J.

This case is before this Court for rulings on a number of discovery-related

motions filed by plaintiff Direct Report Corporation d/b/a Shareholder.com

("Shareholder"): a motion to compel production of documents; a motion to compel

documents from the Massachusetts Attorney General; a motion to compel the

defendants to designate a knowledgeable 30(b)(6) witness; a motion to compel

interrogatory answers; and an emergency motion for contempt and/or discovery

sanctions and to compel the deposition of Robert Adler.  Additionally, Mr. Adler

has filed a motion for a protective order.

The parties appeared before this Court for a hearing on all of the motions on

February 10, 2005.  At that time, they indicated that they had resolved their

2

dispute regarding Shareholder's motion to compel documents from the Massachusetts Attorney General. This Court ordered the parties to file a joint motion requesting a proposed order for the Attorney General to produce certain documents. The parties have done so, and this Court will, separately, issue that order. Shareholder's Motion to Compel Certain Documents from the Office of the Attorney General for the Commonwealth of Massachusetts (docket # 47) is now therefore moot.

Additionally, at the hearing the Court ordered that the deposition of Robert Adler go forward, and the deposition is currently scheduled for March 4, 2005. Shareholder's Emergency Motion for Contempt and/or Discovery Sanctions and to Compel the Deposition of Robert Adler (docket # 56) is therefore ALLOWED to the extent that the Court has ordered Mr. Adler's deposition. In all other respects, the motion is denied. This Court now turns to the other discovery motions, and addresses each seriatim.

**Shareholder.com's Motion to Compel Production of Documents**

Shareholder and defendants CCBN.com ("CCBN") and the Thomson Company ("Thomson") (collectively, "the defendants") are competitors that offer services to publicly traded companies that enable the companies to communicate efficiently with their investors. The underlying dispute stems from CCBN's

3

alleged illegal access into Sharholder's internal communication and computer system. Shareholder alleges that CCBN obtained "competitive data" from Shareholder, and then used that data to take clients away from Shareholder. The "intrusions" by CCBN allegedly occurred in 2002. In March 2004, CCBN was acquired by defendant The Thomson Company ("Thomson"), and a number of CCBN employees left the company, including at least two individuals who appear to be key holders of information that Shareholder seeks to obtain.[1]

Shareholder's motion to compel focuses on one document request to which the defendants have not responded to Shareholder's satisfaction. Specifically, Shareholder seeks, in its document request number 13, "CCBN's communications with potential clients between the intrusion date and December 30, 2002." The defendants initial response was a refusal to produce any documents on the bases that the request was, *inter alia*, overly broad, burdensome and sought documents that were not relevant or reasonably calculated to lead to the discovery of admissible evidence. Since that time the defendants have offered to provide certain information to Shareholder, but Shareholder remains unsatisfied.

---

[1] For purposes of clarity, the Court refers only to CCBN when discussing the actual alleged acts, but refers to both Thomson and CCBN – the defendants – in discussing their responsibility to respond to Shareholder's various discovery requests.

The parties disagree about the extent of the communications that the defendants should be required to provide; they disagree about the time period that those communications should cover; and they disagree about the number of clients about whom the defendants should be required to produce communications. Shareholder has identified 110 clients whose information Shareholder believes CCBN misappropriated, and who left Shareholder and became clients of CCBN. The defendants assert, however, that some of those clients terminated their contracts with Shareholder before the date of the alleged intrusions, and that other clients left Shareholder more than six months after the last alleged intrusion date.

Despite these assertions, the defendants have offered to produce all communications with the 110 companies identified by Shareholder that are contained in  internal database known as Focus.  Shareholder's response to this offer is that the database is likely only to include communications involving administrative issues, and will not provide the insight that Shareholder seeks into how CCBN made use of Shareholder's proprietary information in marketing toward potential clients.  Shareholder also avers that producing only the database might exclude other communications between individual CCBN employees and potential clients.

In addition to offering the database, however, the defendants have also stated that if after reviewing the communications contained in the database, Shareholder would like additional documentation concerning specific communications, the defendants would conduct further searches for other documents. Defendants CCBN.com and the Thomson Corporation's Opposition to Plaintiff's Motion to Compel Production of Documents (Defendants's Opposition), Ex. G.

Shareholder has offered no legal authority to supports its position, and the defendants only provides support for their general assertions that discovery is not boundless, and that a court has discretion to tailor discovery. By failing to provide legal support for their respective positions, the parties leave this Court to make its decision on the basis of which position appears more reasonable. This Court agrees with Shareholder that CCBN's communications with former Shareholder clients are relevant. It also finds, however, that the offer made by the defendants, as outlined above, is a satisfactory response to Shareholder's request. Therefore, this Court DENIES Shareholder's motion to compel to the extent that it seeks information beyond what the defendants have offered, and ORDERS the defendants to produce all communications with the 110 companies identified by Shareholder that are contained in the Focus database. Additionally, should

Shareholder so desire additional information, after reviewing the Focus database, the defendants are ORDERED to conduct further searches for additional documents, at their own expense.[2]

**Shareholder's Motion to Compel Interrogatory Answers**

**<u>Interrogatories 1 - 4 and 6</u>**

Shareholder served seven (7) interrogatories on the defendants. The defendants' main objection to five (5) of those interrogatories – 1-4 and 6 – is that the interrogatories seek information protected by the attorney-client privilege. The defendants' assertion is, in short, that its in-house counsel, Nicandra Nassar, is the sole source of responsive information. Ms. Nassar learned the information while investigating Shareholder's allegations and in her capacity as the defendants' legal adviser. Affidavit of Nicandra L. Nassar ¶ 2. Ms. Nassar did not become corporate counsel to CCBN, and later to Thomson, until after the alleged intrusions occurred, and she asserts that she therefore has no independent knowledge of the alleged intrusions. Id. ¶ 3.

Ms. Nassar can not, according to the defendants, be required to disclose attorney-client communications simply because she is the only person in

---

[2]The Court notes that when the defendants offered to search for further documents, if Shareholder should so desire, that the search would be conducted at Shareholder's expense. Defendants's Opposition, Ex. G. The defendants, not Shareholder, must bear the cost.

possession of the information sought by Shareholder.  Shareholder, on the other hand, asserts that the defendants should not be allowed to refuse to provide factual information simply because the information was disclosed to defendants' in-house counsel.  Shareholder further avers that the attorney-client privilege protects only communications, not facts, and that it is facts that Shareholder seeks to obtain.

Shareholder relies upon City of Philadelphia v. Westinghouse Elec. Corp., 205 F. Supp. 830, 831 (E.D. Pa. 1962) for the proposition that the defendants can not refuse to disclose relevant facts within their knowledge merely because that fact was incorporated into a communication with their attorney.  Id. at 831.  One of the objections to the plaintiff's interrogatories raised by the defendants in City of Philadelphia was

> that the only information relevant to the interrogatories . . . [wa]s in the possession of counsel and was obtained by counsel in interviews conducted by him with employees of the company in order to give the company . . . legal advice and prepare for the defense of criminal prosecutions.

Id.  As the Court stated, however, protection by the attorney-client privilege "extends only to communications and not to facts," and the defendant corporation was  not allowed to invoke the attorney-client privilege to avoid answering the interrogatories in question.  Id.

8

The defendants try to distinguish City of Philadelphia on the basis that counsel in that case was not the sole source of the information sought, and, further, that there is no indication in City of Philadelphia that the company executives with responsive information had left the company.   The Court is not convinced, however, that such a distinction should allow the defendants to withhold the factual information that Shareholder seeks.  "A corporation acquires knowledge through its officers and agents 'and is charged with knowledge of all material facts of which they acquire knowledge while acting in the course of their employment . . . .'" Id.  The attorney-client privilege "'only protects disclosure of communications; it does not protect disclosure of the underlying facts by those who communicated with the attorney.'" Savoy v. Richard A. Carrier Trucking, Inc., 176 F.R.D. 10, 13 (D. Mass. 1997).  The factual information sought by Shareholder in interrogatories 1-4 and 6 must be provided.

**Interrogatory 5**

As in Shareholder's motion to compel documents and the defendants' opposition thereto, the parties again fail to provide any legal support for their positions with respect to interrogatory 5.  Shareholder seeks information related to

naming conventions for computers used by CCBN employees,[3] asserting that this information will help Shareholder identify possible users of specific computers used, in turn, in the alleged intrusions. The defendants aver in response that the request is overly burdensome. The defendants have not, however, explained how or why the request is burdensome other than to say that they would be required to "track[] down every naming convention ever used in connection with any of the hundreds of computers at CCBN . . . ." Defendants CCBN.com and the Thomson Corporation's Opposition to Plaintiff's Motion to Compel Interrogatory Answers at 5. Without more information from the defendants on what might be involved in providing the requested information, this Court allows Shareholder's motion as to interrogatory 5.

**<u>Interrogatory 7</u>**

Interrogatory 7 seeks information regarding any investigation into the alleged intrusions undertaken by Thomson prior to its acquisition of CCBN. The defendants aver that the information sought is irrelevant to Shareholder's claims regarding the alleged intrusions. This Court does not agree. As Shareholder contends, an investigation by Thomson may have uncovered who was responsible

---

[3]"Naming conventions," according to the defendants, "are a broad reference to the manner in which computers are identified within a company . . . ." Defendants CCBN.com and the Thomson Corporation's Opposition to Plaintiff's Motion to Compel Interrogatory Answers at 5.

for the alleged intrusions, and how any misappropriated information was used by CCBN. Such information is relevant to Shareholder's claims, and the defendants must therefore answer the interrogatory. For these reasons, Shareholder's motion to compel interrogatory answers is ALLOWED.

**Shareholder's Motion to Compel the Defendants to Designate a Knowledgeable 30(b)(6) Representative**

In support of its motion to compel the defendants to designate a knowledgeable 30(b)(6) representative, Shareholder asserts that the defendants designated a corporate representative who was "wholly unprepared" to answer questions on the subject matters listed in the 30(b)(6) deposition notice. Shareholder also seeks to permit a new 30(b)(6) designee to testify to "purely factual information." On December 10, 2004, the defendants presented their designee, Steven J. Roycroft, for the 30(b)(6) deposition. Mr. Roycroft began working for CCBN in 1997, remained with the company after its acquisition by Thomson in March 2004, and is a company vice president.

Not surprisingly, given the allegations contained in Shareholder's complaint, Shareholder sought information from Mr. Roycroft about the alleged intrusions into Shareholder's computer system. In preparation for his deposition, Mr. Roycroft spoke with, among others, Jeffrey Parker, CCBN's former Chief

11

Executive Officer, and Robert Adler, CCBN's former President.  Both left CCBN

when it was acquired by Thomson.  It appears from Mr. Roycroft's deposition

transcript that he did not, in fact, have particularly lengthy or detailed

conversations with either Mr. Parker or Mr. Adler.  Both conversations only lasted

a few minutes, and both Mr. Parker and Mr. Adler were represented by their own

counsel during the conversations.  Shareholder takes this as a lack of effort on the

part of the defendants to adequately prepare Mr. Roycroft for the deposition.

Perhaps Mr. Roycroft's conversations with Mssrs. Parker and Adler should

have been more detailed, but, and as the defendants have pointed out, Shareholder

has since deposed Mr. Parker, and Mr. Adler's deposition is scheduled for March

4, 2005.  To the extent, then, that Mr. Roycroft should have prepared better by

getting more information from Mssrs. Parker and Adler, Shareholder has had, or

will have, an opportunity to ask for that information directly.  Mr. Roycroft's other

preparation for the deposition does not appear inadequate.  He spoke with five

CCBN employees and reviewed documents in an effort to educate himself about

the topics identified in the deposition notice.  This is not a case where the 30(b)(6)

designee was so unprepared as to be "tantamount to a complete failure of the

[corporation] to appear."  See United States v. Massachusetts Ind. Fin. Agency,

162 F.R.D. 410, 412 (D. Mass. 1995).

Shareholder also asserts that the defendants repeatedly blocked Shareholder's attempts to gain information about the intrusions by raising attorney-client privilege objections. The defendants objected to questions that sought information that Mr. Roycroft had learned from Ms. Nassar for the same reasons that they objected to Shareholder's motion to compel interrogatory answers. And, for the reasons previously explicated in connection with the motion to compel interrogatory answers, the Court is not persuaded by the defendants' assertions. This Court does not, however, find that a further 30(b)(6) deposition is necessary at this time. See Massachusetts Indus. Fin. Agency, 162 F.R.D. at 412. Because this Court is allowing Shareholder's motion to compel interrogatory answers, the information that the defendants must provide in answering the interrogatories should alleviate Shareholder's concerns that the information that it seeks is not being provided. For these reasons, Shareholder's motion to compel CCBN to designate a more knowledgeable 30(b)(6) witness is DENIED.

**Adler's Motion for Protective Order**

This Court, as noted *infra*, ordered at the hearing that the deposition of Mr. Adler go forward. This Court must also address, however, Mr. Adler's motion for a protective order. Mr. Adler has indicated that during his deposition, he might wish to invoke his privilege against self-incrimination, and seeks a protective

13

order that would enable him to provide testimony without fear that doing so might be seen as a waiver of that privilege.

Both Shareholder and CCBN oppose Mr. Adler's motion, although neither disputes that he has a right, in general, to assert the privilege.  E.g., McIntyre's Mini Computer Sales Group, Inc., v. Creative Synergy Corp., 115 F.R.D. 528, 529 (D. Mass. 1987) (non-party witness in civil case entitled to invoke fifth amendment privilege against self-incrimination in course of pretrial discovery) (citations omitted).  Although Mr. Adler has the right to invoke the privilege against self-incrimination, he may do so "only when 'a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result.'"  Id. at 530, quoting Hoffman v. United States, 341 U.S. 479, 486-87 (1951).  Furthermore, Mr. Adler's answers to "innocuous" question will not be deemed to constitute a waiver of the privilege because a response must be "incriminating" to constitute a waiver.  Id., citing Rogers v. United States, 340 U.S. 367, 372-75 (1951).

The Court will not issue a blanket protective order.  Mr. Adler must appear for his deposition and answer the questions asked of him to the extent that questions will not prompt incriminating responses from him.  The Court cautions Mr. Adler to assert the privilege only when truly necessary.  Because it is for the

14

Court to determine whether Mr. Adler's assertion of the privilege in response to specific questions is valid, the parties should seek further guidance from the Court following Mr. Adler's deposition, if necessary. For the reasons set forth herein, Mr. Adler's motion for a protective order is therefore DENIED.

**Additional Motions**

Finally, the Court addresses the parties numerous motions to impound and to file reply briefs, and includes a summary of its rulings set forth more fully above, as follows:

1.    Plaintiff Shareholder.com's Motion to Compel Production of Documents (docket # 38) is DENIED to the extent that it seeks more than what CCBN has offered to produce;

2.    Plaintiff Shareholder.com's Motion to Impound Its Memorandum in Support of Its Motion to Compel Production of Documents (docket # 39) is ALLOWED;

3.    Defendants CCBN.com and The Thomson Corporation's Assented-to Motion to Impound Their Opposition to Plaintiff's Motion to Compel Production of Documents (docket # 41) is ALLOWED;

4.    Plaintiff Shareholder.com's Assented to Motion for Leave to File Reply Brief in Support of Its Motion to Compel Production of Documents (docket # 74) is ALLOWED;

5.    Plaintiff Shareholder.com's Assented to Motion to Impound Its Reply Brief in Support of Its Motion to Compel Production of Documents (docket # 75) is ALLOWED;

6.     Plaintiff Shareholder.com's Motion to Compel Certain Documents from the Office of the Attorney General for the Commonwealth of Massachusetts (docket # 47) is MOOT;

7.     Plaintiff Shareholder.com's Motion to Compel Defendants to Designate a Knowledgeable Rule 30(b)(6) Representative and to Permit Designee to Testify to Factual Information (docket # 49) is DENIED;

8.     Plaintiff Shareholder.com's Motion to Impound its Memorandum in Support of Its Motion to Compel Defendants to Designate a Knowledgeable Rule 30(b)(6) Representative and to Permit Designee to Testify to Factual Information (docket # 50) is ALLOWED;

9.     Defendants CCBN.com and the Thomson Corporation's Motion to Impound their Opposition to Plaintiff's Motion to Compel Defendants to Designate a Knowledgeable Rule 30(b)(6) Representative and to Permit Designee to Testify to Factual Information (docket # 64) is ALLOWED;

10.    Plaintiff Shareholder.com's Motion to Compel Interrogatory Answers (docket # 53) is ALLOWED;

11.    Plaintiff Shareholder.com's Motion to Impound Its Memorandum in Support of Its Motion to Compel Interrogatory Answers (docket # 54) is ALLOWED;

12.    Defendants CCBN.com and the Thomson Corporation's Assented-to Motion to Impound (1) their Opposition to Plaintiff's Motion to Compel Interrogatory Answers; and (2) their Response to Witness Robert Adler's Motion for a Protective Order (docket # 72) is ALLOWED;

13.    Plaintiff Shareholder.com's Motion to Impound Its Emergency Motion for Contempt and/or Discovery Sanctions and to Compel the Deposition of Robert Adler (docket # 55) is ALLOWED;

14.    Plaintiff Shareholder.com's Emergency Motion for Contempt and/or Discovery Sanctions and to Compel the Deposition of Robert Adler (docket

# 56) is ALLOWED to the extent that the Court has ordered that Mr. Adler be deposed;

15. Witness Robert Adler's Assented-to Motion to Impound his Opposition to Plaintiff's Emergency Motion for Contempt and/or Discovery Sanctions and to Compel his Deposition (docket # 66) is DENIED;

16. Assented to Motion for Leave to Reply to Witness Robert Adler's Opposition to Plaintiff's Emergency Motion for Contempt and/or Discovery Sanctions and to Compel Adler's Deposition (docket # 70) is ALLOWED;

17. Plaintiff Shareholder.com's Motion to Impound Its Reply to Witness Robert Adler's Opposition to Plaintiff's Emergency Motion for Contempt and/or Discovery Sanctions and to Compel Adler's Deposition (docket # 71) is ALLOWED;

18. Witness Robert Adler's Assented-to Motion to Impound His Motion for a Protective Order and Supporting Documents (docket # 69) is DENIED;

19. Witness Robert Adler's Motion for a Protective Order (docket # 84) is DENIED;

20. Assented to Motion to Impound Shareholder.com's Opposition to Robert Adler's Motion for a Protective Order (docket # 73) is DENIED.

SO ORDERED.


3/1/05                                      /S/ Joyce London Alexander
Date                                        United States Magistrate Judge

17