UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIRECT REPORT CORPORATION d/b/a SHAREHOLDER.COM,<br>         Plaintiff,<br><br>v.<br><br>CCBN.COM, INC., THE THOMSON CORPORATION, JOHN DOES 1 through 5, and JANE DOES 1 through 5,<br>         Defendants. | Civil Action<br>No. 04-10535-PBS |

**PLAINTIFF SHAREHOLDER.COM'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND THE COMPLAINT**

Pursuant to Fed. R. Civ. P. 15(a), Shareholder.com seeks leave to amend its First Amended Complaint. Shareholder.com's original Complaint was filed on March 16, 2004, and named as defendants CCBN.com, the Thomson Corporation, and a number of John and Jane Does.[1] Shareholder.com has since discovered that Robert I. Adler (Adler), the President and co-founder of CCBN.com, is responsible for some number of unauthorized intrusions into Shareholder.com's internal computer systems. Accordingly, Shareholder.com seeks to substitute Mr. Adler for one of the named John Does and to allege sufficient facts to proceed against Adler as a named defendant. In addition, Shareholder.com seeks to modify paragraph 11 of the First Amended Complaint.

---

[1] The First Amended Complaint, which stated additional facts relevant to the claims in the original Complaint, was filed on May 20, 2004.

**Argument**

A. **SHAREHOLDER.COM SEEKS TO AMEND THE COMPLAINT TO ALLEGE SUFFICIENT FACTS TO PROCEED AGAINST ROBERT ADLER AS A NAMED DEFENDANT IN THIS ACTION.**

Leave to amend a complaint "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Courts have interpreted the plain language of Rule 15(a) to establish a liberal policy toward allowing amendments. *See Berthiaume v. Enterprise Rent-A-Car*, 164 F.R.D. 121, 122 (D. Mass. 1995) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Therefore, leave to amend should be granted unless there are compelling reasons for denial, such as undue delay, bad faith, dilatory motive, futility of amendment, or prejudice. *See Glassman v. Computervision Corp.*, 90 F.3d 617, 622 (1st Cir. 1996); *Picker Int'l, Inc. v. Leavitt*, 128 F.R.D. 3, 8 (D. Mass. 1989). None of these circumstances are present here.

Shareholder.com's motion for leave to amend is a timely, good faith effort to supplement the Complaint with new information about the intrusions into Shareholder.com's computer systems. Throughout discovery Shareholder.com has diligently attempted to identify individuals involved in the intrusions into its systems, but only recently acquired sufficient information about Adler's actions to seek to amend the Complaint. Shareholder.com planned to obtain further details of Adler's misconduct during his deposition which was scheduled for January 7, 2005. Mr. Adler did not appear for his deposition because he wanted first to seek clarification as to the scope of his right to assert the Fifth Amendment privilege against self-incrimination. Because Mr. Adler will now not appear until March 4, 2005, Shareholder.com is proceeding with this motion at this time rather than wait until his deposition is completed. Shareholder has been

diligent in its pursuit of information regarding the John Does named in the Complaint and therefore should be permitted to amend to add Mr. Adler. *See Picker Int'l*, 128 F.R.D. at 6 (granting a motion to amend the complaint where the plaintiff did not become aware of the scope of wrongful conduct until well into the discovery process and discovery was impeded by the defendants).

Further, granting Shareholder.com leave to amend the Complaint at this stage in the proceedings will not prejudice the defendants. Up to this point, Shareholder.com and the defendants have had access to the same information about Adler's intrusions into Shareholder.com's systems. Moreover, Shareholder.com has not yet taken Adler's deposition. Therefore, the defendants will have every opportunity to question Mr. Adler about his actions. Fact discovery is not scheduled to conclude until April 1, 2005, leaving defendants more than sufficient time to pursue any additional discovery necessitated by the addition of Mr. Adler. *See Picker Int'l*, 128 F.R.D. at 6 (finding no prejudice where the new allegations are closely related to claims in the original complaint, and explaining that motions denied because of prejudice to the opposing party generally follow full proceedings and judgments or seek to raise matters not presented through years of litigation).

## B. SHAREHOLDER.COM SEEKS LEAVE TO AMEND PARAGRAPH 11 OF THE FIRST AMENDED COMPLAINT

Shareholder.com also requests that the court grant it leave to modify paragraph 11 of the First Amended Complaint. The first sentence of that paragraph states "[o]n or about January 17, 2002, during business hours an individual or individuals (the "CCBN Intruder(s)") illegally accessed Shareholder.com's communication and computer system

called the 'Management system.'" Shareholder.com has since realized that the January 17, 2002 intrusion did not take place during business hours. Accordingly, Shareholder.com seeks leave to remove the clause "during business hours" from this sentence.

## Conclusion

For the reasons stated above, Shareholder.com respectfully requests that the Court allow it to file the Second Amended Complaint, attached as Tab 1 to the Motion.

Respectfully submitted,

*Ruth Dowling*

Thane D. Scott (BBO #449340)
Ruth T. Dowling (BBO #645568)
John T. Bennett (BBO #648464)
PALMER & DODGE LLP
111 Huntington Avenue
Boston, MA 02199
(617) 239-0100

February 15, 2005

CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of the above document to be served upon the attorney of record for each other party by hand on February 15, 2005.

*Ruth Dowling*