UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIRECT REPORT CORPORATION<br>d/b/a/ SHAREHOLDER.COM,<br><br>    Plaintiff,<br><br>    v.<br><br>CCBN.COM, INC., THE THOMSON<br>CORPORATION, JOHN DOES 1 THROUGH<br>5, and JANE DOES 1 THROUGH 5,<br><br>    Defendants. | Civil Action No. 04-10535-PBS |

**DEFENDANTS CCBN.COM AND THE THOMSON CORPORATION'S
OPPOSITION TO PLAINTIFF'S
<u>MOTION FOR LEAVE TO AMEND THE COMPLAINT</u>**

Defendants CCBN.com, Inc. ("CCBN") and The Thomson Corporation ("Thomson") (together, "Defendants") submit this Opposition to plaintiff Direct Report Corporation d/b/a/ Shareholder.com's ("Shareholder") Motion For Leave to Amend the Complaint (the "Motion"), to the extent that the Motion seeks leave to file a second amended complaint in order to add Robert Adler ("Adler") as a defendant.[1]

INTRODUCTION

Four months ago, Defendants produced a document that Shareholder subsequently characterized as a "confession" by Adler of illegally accessing Shareholder's computer systems. Weeks later, CCBN's former CEO, Jeffrey Parker ("Parker"), gave deposition testimony that Shareholder later described as an admission that Adler was "personally responsible" for CCBN's accessing Shareholder's computer systems. Yet Shareholder has waited until now, just a month

---

[1] Defendants do not oppose that portion of the Motion that seeks to correct what Shareholder claims is an error contained in paragraph 11 of Shareholder's First Amended Complaint.

prior to the fact discovery deadline, to move for leave to file a second amended complaint to add Adler as a defendant. This delay in moving to amend the complaint is both unjustified and prejudicial to Defendants. Moreover, Shareholder completely failed to comply with Local Rule 15.1, which governs amendments to pleadings that add new parties to an action. For both of these reasons, the Motion should be denied.

### ARGUMENT

### I. SHAREHOLDER'S DELAY IN MOVING TO AMEND THE COMPLAINT TO ADD ADLER IS BOTH UNJUSTIFIED AND PREJUDICIAL TO DEFENDANTS.

"Among the adequate reasons for denying leave to amend [a complaint under Federal Rule 15] are 'undue delay' in filing the motion and 'undue prejudice to the opposing party by virtue of allowance of the amendment.'" *Acosta-Mestre v. Hilton Int'l of Puerto Rico, Inc.*, 156 F.3d 49, 51 (1st Cir. 1998) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Shareholder concedes in the Motion that undue delay can justify denial of a motion to amend (Motion at 2), and the First Circuit has emphasized that parties seeking leave to amend under Federal Rule of Civil Procedure 15 have an obligation to be diligent in doing so. *See Quaker State Oil Ref. Corp. v. Garrity Oil Co.*, 884 F.2d 1510, 1517 (1st Cir. 1989). Parties who have delayed in seeking leave to amend have the burden to show a valid reason for the delay. *See Stepanischen v. Merchs. Despatch Transp. Corp.*, 722 F.2d. 922, 933 (1st Cir. 1983) ("Where, as here, considerable time has elapsed between the filing of the complaint and the motion to amend, the movant has the burden of showing some valid reason for his neglect and delay.") (quotation and citation omitted).

Shareholder in its Motion does not even attempt to explain the delay in seeking to add Adler as a defendant. Instead, the Motion offers an unsupported claim that Shareholder only "recently acquired sufficient information about Adler's actions to seek to amend the Complaint."

Motion at 2. But nowhere does the Motion identify this "recently acquired" information. And for good reason. As Shareholder's own filings with this Court make clear, Shareholder has been aware <u>for months</u> of the information it alleges confirms Alder's role in the events referenced in the complaint. The very first document produced by Defendants to Shareholder on October 14, 2004, was a memorandum from Adler to Parker that Shareholder has characterized in another filing as "a memo in which Adler confesses to have engaged in the illegal access of Shareholder's systems." Shareholder's Reply to Witness Robert Adler's Opposition to Plaintiff's Emergency Motion For Contempt and/or Discovery Sanctions and to Compel Adler's Deposition at 1.[2] What is more, Shareholder has described Parker's deposition testimony on December 28, 2004 as "admitt[ing] that CCBN's President and Co-Founder, Robert Adler, was <u>personally responsible</u> for several intrusions into Shareholder.com's systems." Shareholder's Reply Brief in Support of Its Motion to Compel Production of Documents at 3 (emphasis added). There is simply nothing, therefore, to Shareholder's assertion that it only learned of Adler's identity through "recently acquired" information, and Shareholder's inexplicable delay, standing alone, is sufficient grounds to deny its Motion. *See Hayes v. New England Millwork Distribs., Inc.*, 602 F.2d 15, 20 (1st Cir. 1979) ("it is clear that 'undue delay' can be a basis for denial"); *Rhodes v. Amarillo Hosp. Dist.*, 654 F.2d 1148, 1154 (5th Cir. 1981) ("[I]n the absence of justification for the delay, it was properly to be considered strongly against plaintiff's motion [to amend].").

Although Shareholder relies on the notion that Rule 15(a) embodies a liberal policy favoring amendments, the First Circuit has made clear that "Rule 15(a)'s liberal amendment policy seeks to serve justice, but does not excuse a lack of diligence that imposes additional and

---

[2] Nor was that document buried in the middle of a production; the Adler memorandum was the <u>very first page</u> of the production.

3

unwarranted burdens on an opponent and the courts." *Acosta-Mestre*, 156 F.3d at 53. In *Acosta-Mestre*, as here, the plaintiff moved for leave to file a second amended complaint one month before the close of discovery. *Id.* at 52. The First Circuit affirmed the trial court's denial of the motion to amend, noting that "allowing the motion would have resulted in at least an additional four months of discovery." *Id.* As set forth below, granting plaintiff's Motion would result in significant additional costs and burdens to Defendants that would have been avoided had plaintiff acted diligently in seeking to add Adler as a defendant.

Shareholder's delay is prejudicial to Defendants in two respects, each of which justifies denial of the Motion. First, the tardy amendment will prejudice Defendants in their efforts to complete fact discovery by April 1, 2005. By waiting until just over a month remained before the fact discovery deadline, Shareholder's addition of Adler as a defendant will force a further extension of the fact discovery deadline. Such a delay has been cited by courts as adequately prejudicial to deny a motion for leave to amend a complaint. *See Acosta-Mestre*, 156 F.3d at 52; *Swanson v. Otterloo*, 177 F.R.D. 645, 651 (N.D. Iowa 1998) (denying leave to amend complaint where, despite the fact that discovery was still open, allowing the amendment would delay the case for months).

Second, critical depositions have already taken place without Adler's participation.[3] 30(b)(6) depositions of the parties have occurred, as well as the depositions of four current or former officers of the parties. Because Adler's counsel has not had an opportunity to participate in those depositions, Adler's counsel will undoubtedly seek a fresh round of depositions of these same key players. *See Acosta-Mestre*, 156 F.3d at 52 (noting that the addition of a new defendant would have required "a re-opening of discovery with additional costs"); Fed. R. Civ.

---

[3] Adler is not being represented in these proceedings by Defendants' counsel but has been represented throughout by Edwards & Angel.

4

P. 32(a) (depositions may only be used "against any party who was present or represented at the taking of the deposition or who had reasonable notice thereof"). Plaintiff's inexcusable delay, in other words, will virtually guarantee a near-doubling of the costs of deposition discovery.[4]

## II. THE ADDITION OF ADLER MAY ALSO BE SUBSTANTIVELY PREJUDICIAL TO THOMSON.

In addition to the prejudice caused by the duplication of discovery and the extension of the discovery deadline, Defendants will also be <u>substantively</u> prejudiced by the addition of Adler. The events at the center of this lawsuit—CCBN's alleged accessing of plaintiff's computer system—purportedly occurred in January 2002. This is over two years <u>before</u> Thomson acquired CCBN. The former CCBN employees allegedly involved in the activities—Adler, for example—left prior to the acquisition and were never associated with Thomson. Thomson, in other words, even under plaintiff's theory of the case, comes to the case as an undisputed innocent that was never involved in the conduct plaintiff alleges and is a defendant merely as a result of a corporate merger.

Adler, a former officer of CCBN, has announced that he intends to assert the Fifth Amendment privilege against self-incrimination at his deposition and, presumably, at trial. This assertion at trial could prejudice the corporate defendants, particularly Thomson, because the jury may unfairly seek to "punish" the corporate defendants for Adler's invocation of the privilege even though the corporate defendants have no control over Adler or his decision to invoke the privilege. Indeed, placing Adler at the defense table risks the conclusion—albeit an incorrect one—that Adler's interests are aligned with Defendants' in a manner that justifies the

---

[4]   It is this duplication of effort caused by plaintiff's inexcusable neglect—more than the mere need to extend the discovery deadline if Adler is added—that causes the prejudice to Defendants. Indeed, because there are several pending discovery motions which, once resolved, may require additional discovery, Defendants anticipate some minor extension of the April 1 discovery deadline. But the additional time that may be required if Adler is added, and the added cost of the duplicated discovery that could have been so easily avoided had plaintiff acted diligently, warrants denial of plaintiff's Motion.

5

drawing of an adverse inference against all. *See generally Cerro Gordo Charity v. Fireman's Fund Am. Life Ins. Co.*, 819 F.2d 1471 (8th Cir. 1987) (listing "compatibility of interests" as one element to consider in drawing adverse inferences). Such a risk of substantial prejudice—on top of the procedural prejudice caused by plaintiffs' inexcusable delay—argues against the belated amendment. *See Acosta-Mestre*, 156 F.3d at 52 (affirming finding of unfair prejudice sufficient to deny motion to amend where the addition of the new defendant would result in "a likely major alteration in trial strategy and tactics due to the presence of the [new defendant]").

### III. THE MOTION SHOULD BE DENIED BECAUSE SHAREHOLDER FAILED TO COMPLY WITH LOCAL RULE 15.1.

Even if Shareholder's undue delay in seeking leave to amend the complaint to add Adler as a defendant alone does not require denial of the Motion, Shareholder's complete disregard of this Court's Local Rule 15.1, which governs amendments to pleadings that add parties, merits such a denial.

Local Rule 15.1 provides as follows:

> **(A) Amendments Adding Parties**. Amendments adding parties shall be sought as soon as an attorney reasonably can be expected to have become aware of the identity of the proposed new party.
>
> **(B) Service on New Party**. A party moving to amend a pleading to add a new party shall serve, in the manner contemplated by Fed.R.Civ.P. 5(b), the motion to amend upon the proposed new party at least ten [ (10) ] days in advance of filing the motion, together with a separate document stating the date on which the motion will be filed. A motion to amend a pleading to add a new party shall be accompanied by a certificate stating that it has been served in advance on the new party as required by this rule.

(Emphasis added). Shareholder did not comply with either subsection of Rule 15.1. As discussed above, Shareholder—again looking to statements made in its own filings that reflect Shareholder's belief that discovery obtained four months ago revealed the identity of Adler as an

6

alleged culpable party—waited for months to seek leave to amend, and certainly did not move "as soon as" it "became aware of" Adler's identity. Shareholder's failure to comply with the mandatory language of Rule 15.1(A) requires denial of the Motion.

Shareholder also failed to comply with Rule 15.1(B), which requires a party seeking to add new parties to first serve the motion to amend on the proposed new party at least ten days before filing the Motion. *Id.* ("A party moving to amend a pleading to add a new party <u>shall serve</u> . . . the motion to amend upon the proposed new party . . . .") (emphasis added). Shareholder did not do so. Nor did Shareholder include the required Certificate of Compliance with the Motion. Such blatant disregard for this Court's rules, combined with the prejudicial delay occasioned by Shareholder's request relief, warrants denial of the Motion.

## CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that Shareholder's Motion be denied.

Respectfully submitted,

CCBN.COM, INC. and THE THOMSON CORPORATION,

By its attorneys,

_/s/ David M. Moss_
Anthony S. Fiotto (BBO #558089)
David M. Moss (BBO #649707)
GOODWIN PROCTER LLP
Exchange Place
Boston, Massachusetts 02109-2881
Telephone: (617) 570-1000
Facsimile: (617) 523-1231

DATED: March 1, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon counsel for plaintiff by hand delivery on March 1, 2005.

_/s/ David M. Moss_
David M. Moss

LIBA/1483269.3