UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIRECT REPORT CORPORATION d/b/a SHAREHOLDER.COM,<br>Plaintiff,<br>v.<br><br>CCBN.COM, INC., THE THOMSON CORPORATION, JOHN DOES 1 THROUGH 5, AND JANE DOES 1 THROUGH 5,<br>Defendants. | Civil Action No. 04-10535-PBS |

**MEMORANDUM SUPPORTING ROBERT ADLER'S OPPOSITION
TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND THE COMPLAINT**

In its motion for leave to file a second amended complaint, plaintiff Direct Report Corporation d/b/a Shareholder.com ("Shareholder") asserts that the reason why it seeks to substitute Robert Adler ("Adler") for one of the "John Doe" defendants listed in the first amended complaint is because it just learned that Adler personally participated in the torts alleged therein. This is a tactical ruse. Shareholder's true motive for bringing this motion now is to take advantage of Adler's need not to waive his federal and state privileges against self-incrimination. As defendants CCBN.com, Inc. ("CCBN") and The Thomson Corporation ("Thomson") make clear in their brief, Shareholder actually discovered the information on which it bases this motion in October. Shareholder, however, did not seek leave to file a second amended complaint until several months later, <u>after</u> Adler had indicated that he would refuse to incriminate himself. Shareholder apparently hopes, by way of this motion, to make Adler choose between two evils: expose himself to criminal prosecution by testifying freely in this case; or expose himself to civil liability by maintaining his silence and allowing Shareholder to argue for an

adverse inference to be drawn against him. Adler should not have to face such a Hobson's choice. If Shareholder truly believes it has a good faith basis for suing Adler on all the legal theories outlined in the first amended complaint, it can do so in a separate action, which could be stayed until the applicable criminal statutes of limitations have all run. This motion should be denied.

## Background

Shareholder's first amended complaint accuses CCBN, Thomson and various John Does and Jane Does of participating "in the unlawful infiltration of [Shareholder's] computer systems," covering up CCBN's misconduct, or knowing of the misconduct and making no effort to curtail it or notify Shareholder about it. Am. Compl. ¶¶ 1-3. It consists of ten counts, including allegations that the defendants violated the Federal Stored Wire and Electronic Communications Act, 18 U.S.C. §§ 2701, et seq. (Count I), the Federal Wire and Electronic Communications Interception Act, 18 U.S.C. §§ 2511, et seq. (Count II), the Federal Computer Fraud and Abuse Act, 18 U.S.C. § 1030(g) (Count III), and both the substantive and conspiracy provisions of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968 (Counts IV and V). Additionally, the Massachusetts State Police, in conjunction with the Massachusetts Attorney General's Office, investigated CCBN's offices for possible violations of state law, as alleged by Shareholder. See Am. Compl. ¶ 25 & Ex. A.

Adler was a co-founder of CCBN and was its president at most times relevant to this dispute. On October 14, 2004, CCBN and Thomson provided Shareholder with a copy of a memorandum from Adler to CCBN's former CEO, Jeffrey Parker ("Parker"), which Shareholder has since described as an admission by Adler that he personally

accessed Shareholder's computer systems. See Pl.'s Reply to Adler's Opp'n to Pl.'s Emergency Mot. for Contempt and/or Disc. Sanctions and to Compel Adler's Dep. at 1. Shareholder then deposed Parker on December 28, 2004. According to Shareholder, Parker testified that Adler was personally responsible for several intrusions into Shareholder's systems. Shareholder's Reply Br. in Support of its Mot. to Compel Produc. of Docs. at 3. Approximately one week later, Shareholder learned that Adler planned to invoke his rights under of the Fifth Amendment of the United States Constitution and Article 12 of the Massachusetts Declaration of Rights and refuse to answer certain questions at his deposition. For the next several weeks, Shareholder and Adler engaged in motion practice regarding these privileges. Shareholder filed an Emergency Motion for Contempt and/or Discovery Sanctions and to Compel Adler's Deposition, while Adler filed a Motion for a Protective Order.

After a court hearing but before Adler's deposition was scheduled to take place, Shareholder filed the present motion for leave to amend its complaint. Shareholder's proposed second amended complaint would name Adler as a defendant and accuse him personally of participating in all of the torts allegedly committed by CCBN. These include violations of the federal statutes in Counts I through V, all of which contain criminal law provisions.

On March 4, Shareholder deposed Adler and as expected, Adler refused to answer certain questions posed by Shareholder on the grounds that the answers might incriminate him. The deposition was suspended at the end of the day, and is scheduled to resume on March 31.

On March 23, this Court issued a revised scheduling order that, among other things, sets a June 1 deadline for completion of fact discovery. Adler has not participated in any of the discovery to date, other than responding to Shareholder's subpoenas.

## Argument

Rule 15 of the Federal Rules of Civil Procedure provides that while a party may amend its pleading once as a matter of course, after such an amendment, it may not file a further amendment absent leave of court or written consent of the adverse party. Fed. R. Civ. P. 15(a). While leave to amend shall be freely given when justice so requires, id., "the liberal amendment policy prescribed by Rule 15(a) does not mean that leave will be granted in all cases." Acosta-Mestre v. Hilton Int'l of Puerto Rico, 156 F.3d 49, 51 (1st Cir. 1998) (citing 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Prac. & Proc. § 1487, at 611 (2d ed. 1990)). "Among the adequate reasons for denying leave to amend are 'undue delay' in filing the motion and 'undue prejudice to the opposing party by virtue of allowance of the amendment.'" Acosta-Mestre, 156 F.3d at 51 (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)). Both grounds are applicable here.

### A. Adler Should Not Have To Choose Between Defending Himself Against Civil Liability And Defending Himself Against A Possible Criminal Prosecution

Shareholder's proposed second amended complaint accuses Adler of violating no fewer than six federal criminal statutes: the Electronic Communications Privacy Act, the Federal Wire and Electronic Communications Interception Act, the Computer Fraud and Abuse Act, the Racketeer Influenced and Corrupt Organizations Act (both the substantive and conspiracy provisions), the Wire Fraud Act, and the National Stolen Property Act. Each of these statutes carries a five-year statute of limitations. 18 U.S.C. § 3282(a).

Additionally, the allegations in Shareholder's proposed second amended complaint may implicate several Massachusetts criminal statutes, including G.L. c. 272, § 99 (the Massachusetts Wiretap Act), G.L. c. 266, § 30(4) (which prohibits larceny of trade secrets), and G.L. c. 266, § 60(A) (which prohibits possession, receipt or storage of stolen trade secrets). The statutes of limitations on these offenses are six years. G.L. c. 277, §63. According to the second amended complaint, the last known act giving rise to these offenses occurred in October 2003. See Second Am. Compl. ¶ 29. Thus, if Shareholder's version of events is correct, Adler faces exposure to potential criminal prosecution until October 2009.

Adler's concern about potential criminal liability has led him to invoke his federal and state privileges against compelled self-incrimination in response to certain questions posed by Shareholder's counsel at Adler's deposition. CCBN and Thomson have expressed concern that to the extent Adler refuses to testify, adverse inferences may be drawn against them. See Defs.' Response to Adler's Mot. for a Protective Order, at 4. Naturally, if Adler is joined as a party to this lawsuit, there is a risk that the Court will allow the same inferences to be drawn against him. See In re Carp, 340 F.3d 15, 23 (1st Cir. 2003) (trial courts have discretion whether to permit an adverse inference to be drawn against an individual who invokes his Fifth Amendment privilege against self-incrimination in a civil case).

What makes this prospect particularly unsettling in this case is that Shareholder does not even have a good faith basis for believing Adler engaged in any of the tortious conduct alleged in the complaint other than accessing Shareholder's computer information. Nothing in the record to date suggests that Adler ever used any of

Shareholder's information or conspired with any other CCBN employees to commit any of the torts alleged in the second amended complaint. Yet if Adler is added as a defendant in this lawsuit and continues to invoke his testimonial privileges in response to "use" and "conspiracy" questions so as to avoid any suggestion that he has waived those privileges with regard to "access" questions, Shareholder may try to prove by Adler's silence what it never would be able to prove by his testimony. Adler, therefore, would have to choose between exposing himself to civil liability by continuing to invoke his Constitutional rights and exposing himself to criminal liability by defending himself fully against Shareholder's civil claims. Adler should not have to face such a Hobson's choice.

If Shareholder truly believes Adler has personally participated in each of the offenses alleged in the proposed second amended complaint – and such a belief is dubious on the record to date – it should bring a separate action against him. Such an action could then be stayed until the last applicable statute of limitations has run on the various criminal statutes that Shareholder accuses Adler of violating. See United States v. Kordel, 397 U.S. 1, 8-9 & 12 n. 27 (1970); MicroFinancial, Inc. v. Premier Holidays Int'l, Inc., 385 F.3d 72, 77 (1st Cir. 2004). There is no reason – other than tactical – why Shareholder needs to substitute Adler for one of the John Does listed in the first amended complaint.

**B.    The Current Scheduling Order Makes It Impossible For Adler To Adequately Defend Himself In This Litigation**

As CCBN and Thomson explain in their opposition papers, Shareholder's has failed to justify why it waited four months after receiving a copy of the October 14 memorandum to file this motion. See Opp'n at 3. This delay means that if Shareholder's

motion were granted now, Adler would not have nearly enough time under the current case schedule to marshal a defense. For example, if the motion were granted as early as April 1, Adler then would have until April 21 to file his responsive pleading. If he moves to dismiss one or more of the Counts, Shareholder would then have two additional weeks in which to file an opposition. A ruling on such a motion to dismiss might not be issued until after the June 1 fact discovery deadline.

To the extent that any of Shareholder's claims against Adler can survive a motion to dismiss, Adler would then need to conduct discovery. Adler should receive the same time for fact discovery as has been accorded the parties to date, which we believe to be approximately one year. Almost assuredly, Adler would want to depose many of the same witnesses who already have been deposed by the current parties to this litigation. It would be patently unfair to deny Adler this opportunity. Thus, if Adler were added as a defendant in this case, justice would require postponing the fact discovery deadline until sometime in 2006.

### Conclusion

For all the foregoing reasons, this Court should deny Shareholder's motion for leave to amend its complaint.

ROBERT ADLER,
By his attorneys,

_/s/ Richard J. McCarthy_

Richard J. McCarthy (BBO 328600)
Mark B. Dubnoff (BBO # 637212)
EDWARDS & ANGELL, LLP
101 Federal Street
Boston, MA 02110
Tel. (617) 439-4444
Fax (617) 439-4170

**CERTIFICATE OF SERVICE**
I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail/by hand.
Date: 3/28/2005 _/s/_

March 28, 2005

BOS_482686_1/MDUBNOFF