

111 HUNTINGTON AVENUE AT PRUDENTIAL CENTER
BOSTON, MA 02199-7613

JOHN T. BENNETT
DIRECT DIAL: 617.239.0670
DIRECT FAX: 617.316.8324
jbennett@palmerdodge.com

April 19, 2005

**By Facsimile & First Class Mail**

David M. Moss, Esq.
Goodwin Procter
Exchange Place
Boston, MA 02109

Re:   *Direct Report Corporation d/b/a Shareholder.com v. CCBN.com, Inc., et al*
      Civil Action No. 04-cv-10535-PBS

Dear David:

I write in response to your letter of April 14, 2005 regarding the noticed depositions of Andy Augustine and Nicandra Nassar and following our meet and confer of April 15, 2005 and today. Initially, I confirm our agreement to proceed with Mr. Augustine's deposition on April 29, 2005.

Regarding Ms. Nassar's deposition, we will insist upon proceeding on April 27, 2005. Your assertion that a deposition of Ms. Nassar is somehow inappropriate is meritless. The defendants have repeatedly identified Ms. Nassar as the sole repository of information directly relevant to Shareholder.com's claims in this case. *See, e.g.*, Defendant's Responses to Shareholder.com's First Set of Interrogatories. While Ms. Nassar may have participated in certain privileged communications, that should not prevent Shareholder from seeking deposition discovery of non-privileged information, such as CCBN's interaction with the Massachusetts Attorney General's Office, pre-acquisition discussions between CCBN and Thomson of CCBN's intrusion activity and facts underlying any privileged communications Ms. Nassar may have participated in. Indeed, Magistrate Judge Alexander identified virtually all of these categories as appropriate areas for discovery in her March 1, 2005 order.

Defendants' response to Magistrate Judge Alexander's order regarding interrogatories highlights why your proposal to proceed with further interrogatories, rather than a deposition of Ms. Nassar, is unacceptable. As catalogued in today's letter from Ruth Dowling to you, defendants have continued to provide non-responsive answers to our interrogatories, even in the face of Magistrate Judge Alexander's order. Were Shareholder.com to agree to proceed with interrogatories rather than a deposition, yet another round of unproductive discovery gamesmanship would ensue. Under these circumstances, Shareholder.com is entitled to proceed with Ms. Nassar's deposition.

David M. Moss, Esq.
April 19, 2005
Page 2

Your citation to *Shelton v. American Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986) and *Rizzo v. Sears, Roebuck & Co.*, 127 F.R.D. 423 (D. Mass. 1989) is unpersuasive. Neither of those cases dealt with the factual pattern present in this case, where in-house counsel has been identified as the sole repository for critical information and other means used to discover said information, such as interrogatories, have been repeatedly frustrated by defendants' obstructionism. Indeed, *Shelton* implicitly recognizes that under the circumstances at play here, a deposition of Ms. Nassar is entirely appropriate. *See* 805 F.2d at 1327.

We will proceed with Ms. Nassar's deposition on April 27, 2005, barring the Court's entry of a protective order. Proceeding promptly with her deposition is necessary due to the large amount of relevant and previously undiscovered information she is likely to possess, which will undoubtedly guide Shareholder.com's future discovery efforts. Proceeding promptly with such a deposition is particularly appropriate given the Court's current fact discovery deadline of June 1, 2005.

Sincerely,

John T. Bennett

Enclosures

cc:   Ronald Gruner
      Jacob Frank, Esq.