UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 2004-10535-PBS

DIRECT REPORT CORPORATION
d/b/a SHAREHOLDER.COM,
Plaintiff

V.

CCBN.com,
THE THOMSON CORPORATION,
JOHN DOES 1 THROUGH 5, and
JANE DOES 1 THROUGH 5,
Defendants

**ORDER ON**

**DEFENDANT CCBN.COM , INC. AND THE THOMSON CORPORATION'S EMERGENCY MOTION FOR A PROTECTIVE ORDER TO QUASH NOTICE OF DEPOSITION DIRECTED AT OPPOSING COUNSEL**
**(Docket # 116)**

ALEXANDER, M.J.

This case is once again before this Court for a ruling on a discovery motion, this time a motion by defendants CCBN.com, Inc., and the Thomson Corporation (collectively, "the defendants") for a protective order to prohibit plaintiff Direct Report Corporation d/b/a Shareholder.com ("Shareholder") from taking the deposition of the defendants' in-house counsel, Nicandra Nassar.

On March 2, 2005, this Court issued an Order (the "March 2 Order") addressing, *inter alia*, a motion by Shareholder to compel interrogatory answers from the defendants. The crux of the defendants' opposition to that motion was that the information sought in the interrogatories was protected by the attorney-client privilege as the only person who had information responsive to the interrogatories in question was defendants' in-house counsel, Ms. Nassar. The defendants asserted that Ms. Nassar could not be required to disclose the information simply because she was the only person in possession of it. This Court did not agree, however, as detailed in the March 2 Order, and directed the defendants to provide the factual information sought in Shareholder's interrogatories.

Shareholder, dissatisfied with the information the defendants provided in response to the March 2 Order, noticed the deposition of Ms. Nassar.[1] The defendants, perhaps predictably given their earlier opposition to having to answer certain interrogatories, then filed the current emergency motion for a protective order to prohibit Ms. Nassar's deposition.

---

[1] If Shareholder was dissatisfied, it should have prepared a motion to compel further interrogatory answers, met and conferred with the defendants, and, if not reconciled, filed the motion. It did not do so.

The defendants aver, correctly, that depositions of opposing counsel "should be employed only in limited circumstances." Shelton v. Am. Motors Corp., 805 F.2d 1323, 1327 (8th Cir. 1987).  See also Dunkin' Donuts, Inc. v. Mandorico, 181 F.R.D. 208, 210 (D.P.R. 1998) (discussing Shelton).  A party seeking to depose opposing counsel must show that

> (1) no other means exist to obtain the information than to depose opposing counsel . . . ; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case.

Shelton, 805 F.2d at 1327 (citations omitted).  The three-part test set out in Shelton has been applied by numerous federal courts, see Dunkin' Donuts, 181 F.R.D. at 210, and provides appropriate guidance here.

The Court does not, in short, find that the deposition of Ms. Nassar is warranted under the current circumstances.  In response to the March 2 Order, the defendants supplemented their answers to Shareholder's interrogatories.  In so doing, the defendants have, presumably, provided Shareholder with all of the information ordered to be provided by the Court.  The Court also presumes that to the extent Ms. Nassar possesses other information, any such information is privileged.  Shareholder has not convinced the Court otherwise, and a deposition

3

of Ms. Nassar is therefore inappropriate.  For these reasons, the defendants'
motion for a protective order is ALLOWED.

SO ORDERED.

4/25/05                                              /S/ Joyce London Alexander
Date                                                 United States Magistrate Judge