# GOODWIN | PROCTER

David M Moss
617.570 1794
dmoss@
goodwinprocter com

Goodwin Procter LLP
Counsellors at Law
Exchange Place
Boston, MA 02109
T: 617 570.1000
F: 617.523.1231

December 8, 2004

**By Facsimile**

John T. Bennett, Esq.
Palmer & Dodge LLP
111 Huntington Avenue
Prudential Center
Boston, MA 02199-7613

Re:   **Direct Report Corporation d/b/a Shareholder.com v. CCBN.com, Inc., et al
       Civil Action No. 04-cv-10535-PBS**

Dear John:

We have reviewed your e-mail of yesterday and Shareholder's draft motion to remove confidentiality designations. I write in an effort to resolve this issue without the necessity of time-consuming motion practice.

Before turning to the specific designations, we take issue with the assertion in your e-mail and the draft motion that the confidentiality issues have been discussed "ad nauseum." To the contrary, we have had only one substantive discussion about the issues, during our conference call on November 23. Prior to that time, Shareholder repeatedly made blanket objections to all of defendants' designations, without setting forth the basis for the objections. During our November 23 call, we discussed a number of potential compromises on specific groups of documents, which compromises you indicated would likely be agreeable to Shareholder. Just over a week later, during our discussion on December 1 about 30(b)(6) deposition designees, you informed me that Shareholder was withdrawing all potential compromises on the designations, and that Shareholder was taking the position that defendants are not entitled to designate any documents as "Confidential" or "Highly Confidential." Such a bait and switch was neither an exhaustion of meet and confer obligations, nor a good faith attempt to resolve the dispute, as required by paragraph 6 of the Protective Order.

In any event, we seek to resolve this issue and move forward with upcoming discovery deadlines. Accordingly, we propose the following with respect to the specific designations we have previously discussed:

(1)   As to the document Bates-numbered D000001, we will redesignate that document as "Confidential." While we continue to believe that a "Highly Confidential" designation was

# GOODWIN | PROCTER

John T. Bennett, Esq.
December 8, 2004
Page 2

appropriate as "information that, if disclosed, would put the Producing Party ... at a competitive disadvantage" (Stipulated Protective Order ¶1(c)), there can be no question that the document concerns confidential commercial information under Fed. R. Civ. P. 26(c)(7), and is therefore entitled to be designated "Confidential." (Stipulated Protective Order ¶1(b)).

(2)     As to the documents Bates-numbered D000002-34, we will remove the "Confidential" designation from those documents. Contrary to your draft motion, those documents were not designated "Confidential" because the file in which they were kept was labeled Confidential. Rather, those pages, while apparently originating from Shareholder, contain confidential information about CCBN, and were maintained as confidential by CCBN.

(3)     As to the documents Bates-numbered D000046-59 and D000319-326, we will remove all confidentiality designations from the documents. Although these documents contain detailed information concerning defendants' employees and their computers, we offer this de-designation in an effort to move forward with discovery.

(4)     As to the documents Bates-numbered D000113-116 and D000148-159, we will redesignate those documents as "Confidential." While defendants continue to believe these documents were properly designated as "Highly Confidential," given the sensitive nature of these internal policies on computer security, insider trading and ethics, there can be no question that those documents are at a minimum entitled to a "Confidential" designation under the Stipulated Protective Order.

(5)     As to the documents Bates-numbered D000117-138, we will redesignate those documents as "Confidential." We continue to believe that the Highly Confidential designations were appropriate because those pages contained "information of or concerning clients and prospective clients," and also because those pages contained "information that, if disclosed, would put the Producing Party ... at a competitive disadvantage." (Stipulated Protective Order ¶1(c) and (e)). But at a minimum, these documents are clearly entitled to a "Confidential" designation, as they contain commercially sensitive information.

(6)     As to the document Bates-numbered D000230-233, we cannot agree to any designation less than "Highly Confidential." This document squarely falls within the Stipulated Protective Order's definition of "Highly Confidential Information," as it includes highly proprietary information about CCBN's products and services, information of or concerning clients or prospective clients, and information that, if disclosed, would put CCBN at a competitive disadvantage.

(7)     As to documents Bates-numbered D000327-335, we will agree to redesignate those documents as "Confidential." As discussed during our November 23 call, those documents were designated "Highly Confidential" because they contain proprietary information about CCBN's

# GOODWIN | PROCTER

John T. Bennett, Esq.
December 8, 2004
Page 3

products and services, as well as information about CCBN's clients. In any event, we will redesignate those documents in an effort to resolve this dispute.

(8)   As to document Bates-numbered D000348-351, we will agree to remove the "Confidential" designation. As I explained during our prior call, this document was designated "Confidential" due to the commercially sensitive nature of CCBN's marketing efforts.

In addition to the above, and in a further effort to reach a good faith resolution of these issues, we will agree to amend paragraph 4(c) of the Stipulated Protective Order to increase from two to three the number of party representatives authorized to review information designated as "Confidential."

As we discussed during our November 23 call, we are willing to consider any other specific objections Shareholder has to our designations. But we cannot, and will not, agree to a wholesale denial of our clients' right to protect their confidential information.

We also note that, having reviewed the draft motion, which takes the extreme position that defendants should be barred from designating *any* document as even "Confidential," we are concerned that the motion is another attempt by Shareholder to defame CCBN by publicizing Shareholder's allegations to defendants' customers. *See* Letter from Anthony Fiotto to Ruth Dowling dated October 7, 2004. Given this history, our clients insist on maintaining an appropriate level of protection for its confidential documents.

I will call you at 12:30 today to discuss this matter further.

Very truly yours,

David M. Moss

cc:   Anthony S. Fiotto, Esq.

LIBA/1438223.1