# PALMER & DODGE LLP

111 HUNTINGTON AVENUE AT PRUDENTIAL CENTER
BOSTON, MA 02199-7613

THANE D. SCOTT
(617) 239-0154
tscott@palmerdodge.com

**BY FAX AND U. S. MAIL**

March 10, 2005

Anthony S. Fiotto, Esq.
Goodwin Procter, LLP
Exchange Place
Boston, MA 02109

Re:   *Direct Report Corporation d/b/a Shareholder.com v. CCBN.com, Inc., et al*
      *Civil Action No. 04-10535-PBS*

Dear Tony:

When you return from your vacation, I would like to confer with you in advance of a possible motion to compel. The issue arises from the curious and conflicting positions the defendants have taken with respect to their relationship with CCBN's former president, Rob Adler.

On the one hand, to prevent discovery of their communications with Mr. Adler the defendants have claimed that such communications are (1) protected by the joint defense agreement they have with Mr. Adler,[1] and (2) are sheltered under the common interest privilege they claim to share with him. The most recent example of this arose when you, representing CCBN and Thomson, met with Mr. Adler and his counsel in a joint effort to prepare Mr. Adler for his deposition. When we sought to question Mr. Adler on what occurred in that session, CCBN and Thomson maintained that the joint defense agreement and the common interest privilege entitled Mr. Adler to refuse to answer. Mr. Adler then refused to provide the requested information.

On the other hand, you have previously told us that at trial CCBN and Thomson will assert that Mr. Adler was a rogue employee who was not acting within his employment responsibilities, nor acting to further CCBN's corporate interests, when he intruded into Shareholder's computer database. We do not think that there is a "rogue founder, president, director and major shareholder" defense; were such a defense to exist, it certainly could not be asserted as a <u>joint</u> defense between the rogue employee and the employer who claims to have been a victim of his roguishness. These positions irreconcilably conflict, and they have been asserted by the defendants only to seek the advantage of the moment. The only commonality among these conflicting positions is that they seek to obstruct Shareholder's path toward justice, although in different ways.

---

[1] Interestingly, the defendants have been unable to produce a copy of this agreement and have obstructed deposition questions intended to determine whether such an agreement even exists. If there is such an agreement and the defendants rely on it to foreclose discovery, we are entitled to (and request) its production.

Anthony S. Fiotto, Esq.
March 10, 2005
Page 2

      In asserting the joint defense agreement and the common interest privilege, the defendants seek to block discovery -- but do so in a way that must give rise to shared liability. However, in asserting (contrary to the evidence, I might add) that Adler was a rogue employee off on a toot of his own and that his actions did not benefit CCBN in any way, CCBN and Thomson necessarily cut Adler adrift in the vain hope of preventing liability from attaching to them. The defendants' position seems to be "he's a rogue, and so we can't be liable, but he's one of the family, and so you get no discovery."

      Please give me a call next Monday or Tuesday when you return from vacation and we can explore whether the issue can be resolved without our having to file a motion.

                                         Very truly yours,

                                         Thane D. Scott

TDS/jls

cc: Richard J. McCarthy, Esq.