UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Direct Report Corporation
d/b/a Shareholder.com,
        Plaintiff,

v.

CCBN.com, Inc., et als.
        Defendants.

Civil Action No. 04-10535 PBS

**ANSWER TO SECOND**
**AMENDED COMPLAINT**

      Defendant Robert I. Adler, by his counsel, Edwards & Angell, LLP, answers the Second Amended Complaint as follows:

### Introduction

      Avers that the allegations in the Introduction to the Second Amended Complaint are not part of any claim asserted therein, and relate solely to Defendant CCBN, so no response is required by Adler.

### Parties

      1.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1.

      2.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2.

3. Admits that he is an individual who was President of CCBN.com, Inc.; denies that his principal place of residence is Weston, Massachusetts; and asserts his rights under the Fifth Amendment to the United States Constitution and Article 12 of the Massachusetts Declaration of Rights with respect to the remaining allegations in Paragraph 3 and calls upon Plaintiff to prove same.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4.

5. Denies the allegations in Paragraph 5, except denies knowledge or information sufficient to form a belief as to the truth of the allegations that The Thomson Corporation ("Thomson") is a foreign corporation, that its principal place of business is Metro Center, One Station Place, Stamford, Connecticut, and that, on or about March 12, 2004, Thomson announced that it had acquired CCBN.

**Jurisdiction and Venue**

6. Avers that the allegations in Paragraph 6 are conclusions of law to which no response is required.

7. Avers that the allegations in Paragraph 7 are conclusions of law to which no response is required.

**Factual Background**

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9.

10. Denies the allegations in Paragraph 10, except admits that CCBN entered the communications services industry in 1997.

11. Denies the allegations in Paragraph 11.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12.

13. Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 13, except asserts his rights under the Fifth Amendment to the United States Constitution and Article 12 of the Massachusetts Declaration of Rights with respect to some of the allegations in Paragraph 13 that concern his particular conduct, and calls upon Plaintiff to prove same.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18, except asserts his rights under the Fifth Amendment to the United States Constitution and Article 12 of the Massachusetts Declaration of Rights with respect to some of the allegations in Paragraph 18 to the extent that they concern his particular conduct, and calls upon Plaintiff to prove same.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, except asserts his rights under the Fifth Amendment to the United States Constitution and Article 12 of the Massachusetts Declaration of Rights with respect to the allegations in Paragraph 19 to the extent that they concern his particular conduct, and calls upon Plaintiff to prove same.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20, except denies that information concerning the kinds of services that the company uses, what is charged for those services, the names of key client contacts, and concerns expressed by clients is confidential proprietary and has significant competitive value.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 24.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 27.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 28.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 29.

30. Denies the allegations in Paragraph 30.

31. Denies the allegations in Paragraph 31, except denies knowledge or information sufficient to form a belief as to the truth of the allegations that Shareholder's Chief Executive Officer wrote to the President and Chief Executive Officer of Thomson Financial and that counsel for Thomson Financial replied.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33.

34. Admits the allegations in Paragraph 34.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36.

37. Denies the allegations in Paragraph 37.

## Count I

38. In response to Paragraph 38, repeats and realleges the responses in Paragraphs 1 through 37 of this Answer.

39. Avers that the allegations in Paragraph 39 constitute conclusions of law requiring neither admission nor denial, and, insofar as a response is required, denies them.

40. Denies the allegations in Paragraph 40.

41. Avers that the allegations in Paragraph 41 constitute conclusions of law requiring neither admission nor denial, and, insofar as a response is required, denies them.

## Count II

42. In response to Paragraph 42, repeats and realleges the responses in Paragraphs 1 through 41 of this Answer.

43. Avers that the allegations in Paragraph 43 constitute conclusions of law requiring neither admission nor denial, and, insofar as a response is required, denies them.

44. Denies the allegations in the first sentence of Paragraph 43. Avers that the allegations in the second sentence constitute conclusions of law requiring neither admission nor denial, and, insofar as a response is required, denies them.

45. Avers that the allegations in Paragraph 45 constitute conclusions of law requiring neither admission nor denial, and, insofar as a response is required, denies them.

46. Denies the allegations in Paragraph 46.

47. Avers that the allegations in Paragraph 47 constitute conclusions of law requiring neither admission nor denial, and, insofar as a response is required, denies them.

## Count III

48. In response to Paragraph 48, repeats and realleges the responses in Paragraphs 1 through 47 of this Answer.

49. Avers that the allegations in Paragraph 49 constitute conclusions of law requiring neither admission nor denial, and, insofar as a response is required, denies them.

50. Avers that the allegations in Paragraph 50 constitute conclusions of law requiring neither admission nor denial, and, insofar as a response is required, denies them.

51. Avers that the allegations in Paragraph 51 constitute conclusions of law requiring neither admission nor denial, and, insofar as a response is required, deny them.

52. Avers that the allegations in Paragraph 52 constitute conclusions of law requiring neither admission nor denial, and, insofar as a response is required, denies them.

53. Denies the allegations in Paragraph 53.

54. Avers that the allegations in Paragraph 54 constitute conclusions of law requiring neither admission nor denial, and, insofar as a response is required, denies them.

## Counts IV and V

55.- 67. Avers that Shareholder agreed that the allegations in Paragraphs 55 through 67 have been dismissed and they have been included in the Second Amended Complaint only as an attempt to preserve Shareholder's rights to appeal, if any, and no response is required, and, insofar as a response is required, denies them.

## Count VI

68. In response to Paragraph 68, repeats and realleges the responses in Paragraphs 1 through 67 of this Answer.

69. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69, except admits that CCBN is engaged in the conduct of a trade or business, and denies that Adler is engaged in the conduct of a trade or business.

70. Avers that the allegations in Paragraph 70 constitute conclusions of law requiring neither admission nor denial, and, insofar as a response is required, denies them.

71. Denies the allegations in Paragraph 71.

72.  Avers that the allegations in Paragraph 72 constitute conclusions of law requiring neither admission nor denial, and, insofar as a response is required, denies them.

73.  Denies the allegations in Paragraph 73.

## Count VII

74.  In response to Paragraph 74, repeats and realleges the responses in Paragraphs 1 through 73 of this Answer.

75.  Avers that the allegations in Paragraph 75 constitute conclusions of law requiring neither admission nor denial, and, insofar as a response is required, denies them.

76.  Avers that the allegations in Paragraph 76 constitute conclusions of law requiring neither admission nor denial, and, insofar as a response is required, denies them.

77.  Denies the allegations in Paragraph 77.

## Count VIII

78.  In response to Paragraph 78, repeats and reallege the responses in Paragraphs 1 through 77 of this Answer.

79.  Avers that the allegations in Paragraph 79 constitute conclusions of law requiring neither admission nor denial, and, insofar as a response is required, denies them.

80.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80.

81.  Denies the allegations in Paragraph 81.

82.  Denies the allegations in Paragraph 82.

## Count IX

83.  In response to Paragraph 83, repeat and reallege the responses in Paragraphs 1 through 82 of this Answer.

84. Avers that the allegations in Paragraph 84 constitute conclusions of law requiring neither admission nor denial, and, insofar as a response is required, denies them.

85. Denies the allegations in Paragraph 85.

### Count X

86. In response to Paragraph 86, repeats and realleges the responses in Paragraphs 1 through 85 of this Answer.

87. Avers that the allegations in Paragraph 87 constitute conclusions a law requiring neither admission nor denial, and, insofar as a response is required, denies them..

88. Avers that the allegations in Paragraph 88 constitute conclusions a law requiring neither admission nor denial, and, insofar as a response is required, denies them.

89. Denies the allegations in Paragraph 89.

### FIRST AFFIRMATIVE DEFENSE

90. The Second Amended Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

91. Defendants' conduct was not the cause or proximate cause of the losses alleged in the Second Amended Complaint.

### THIRD AFFIRMATIVE DEFENSE

92. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

93. Plaintiff's claims are barred in whole or in part by the doctrine of laches.

BOS_485257_1/RMCCARTHY

**FIFTH AFFIRMATIVE DEFENSE**

94. Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations.

WHEREFORE, Defendant Adler prays that judgment be entered against Plaintiff Direct Report Corporation d/b/a Shareholder.com, as follows:

(a) Dismissing the Second Amended Complaint as to Defendant Adler with prejudice;

(b) Awarding Defendant Adler his costs and expenses in defending this action, including reasonable attorneys' fees;

(c) Granting such other and further relief as is just and proper.

Dated: Boston, Massachusetts
April 29, 2005

ROBERT ADLER,
  Defendant

By his attorneys,

/s/ Mark B. Dubnoff
Richard J. McCarthy (BBO 328600)
Mark B. Dubnoff (BBO # 637212)
EDWARDS & ANGELL, LLP
101 Federal Street
Boston, MA  02110
Tel. (617) 439-4444
Fax (617) 439-4170