UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DIRECT REPORT CORPORATION d/b/a SHAREHOLDER.COM,<br><br>Plaintiff,<br>v.<br><br>CCBN.COM, INC., THE THOMSON CORPORATION, ROBERT I. ADLER, JOHN DOES 1 THROUGH 5, AND JANE DOES 1 THROUGH 5,<br><br>Defendants. | Civil Action No. 04-10535-PBS |

**MEMORANDUM SUPPORTING DEFENDANT ADLER'S
MOTION FOR AN EXTENSION OF THE DISCOVERY DEADLINE**

Defendant Robert Adler ("Adler"), by and through his attorneys, submits this brief memorandum in support of his partially assented-to motion for an extension of the discovery deadlines in this case. As grounds for this motion, Mr. Adler avers as follows:

1. Plaintiff, Direct Report Corporation d/b/a Sharholder.com ("Shareholder") brought this action against CCBN.Com, Inc. ("CCBN"), The Thompson Corporation ("Thompson"), and unnamed John Doe and Jane Doe defendants on March 16, 2004. Under this Court's current scheduling order, the deadline for fact discovery is June 1, 2005.[1] Thus, shareholder, CCBN and Thompson have all had approximately fourteen-and-one-half months to prepare all factual evidence and support of their respective claims, defenses and counterclaims.

2. By contrast, Adler did not become a party to this litigation until April 12, 2005, when this Court granted Shareholder's motion to amend its complaint to add Adler as a

---

[1] A copy of the Order is attached hereto as Exhibit 1.

defendant, which means that unless an extension is granted, Adler will have had exactly seven weeks to complete all of his discovery in this case.

3. In the one month since becoming a party to this case, Adler has had to file a responsive pleading,[2] and his counsel have been busily trying to sort through six bankers boxes full of deposition transcripts and other documents that they received from counsel for the other parties: four boxes from Shareholder's counsel on April 22, and two boxes from CCBN and Thomson's counsel on April 29. Adler's counsel did not receive a copy of the completed written discovery requests and responses (document production requests, interrogatories, and the responses thereto) until May 10, 2005. Because of a stipulated protective order between counsel for Shareholder, CCBN and Thomson, most, if not all, of these documents were unavailable for Adler's counsel to review until Adler was joined as a party and the documents were provided by the other parties to this litigation.

4. In the past month, Adler's counsel have participated in a deposition and also have been analyzing Adler's rights with regard to subpoenas from Shareholder to inspect four of Adler's computers and have been involved in detailed discussions with Shareholder's counsel regarding those subpoenas.[3]

5. On May 6, 2005, Adler's counsel sent a letter to counsel for the other named parties, seeking their assent to a four-month extension of the fact discovery deadline. While counsel for CCBN and Thompson have granted their assent to this request, counsel for Shareholder has not.

6. In a telephonic meet and confer on Thursday, May 12, Shareholder's counsel stated that unless Adler's counsel could identify precisely what discovery he would be seeking in

---

[2] Adler submitted an Answer to the Amended Complaint on April 29, 2005.
[3] As of the time of this filing, Shareholder's counsel has indicated an intent to file a motion to compel production of the computers for inspection.

BOS_488577_1/MDUBNOFF

this case, Shareholder's counsel would not be willing to grant any extensions beyond July 1. Shareholder's counsel also suggested that since Adler had entered into a joint defense agreement with CCBN and Thomson with regard to some of Shareholder's allegations in this action, Adler's counsel could be quickly "brought up to speed" by CCBN and Thomson's counsel and should have no trouble developing a discovery plan, beginning discovery and completing it within a much shorter period of time than four months. Adler's counsel informed Shareholder's counsel that Adler does not have identity of interests with CCBN and Thomson, and that it is simply too early to know what discovery will be needed other than responses to an initial set of interrogatories and a set of document production requests.

7.     Adler now comes before the Court seeking a four-month postponement of the fact discovery deadline, so that he can have a fair opportunity to conduct whatever discovery is necessary to support his defenses to the very serious allegations that Shareholder has leveled against him in its Second Amended Complaint. In a letter dated May 12, 2005, Shareholder's counsel admitted that while Shareholder filed its Complaint against CCBN and Thomson in March 2004, discovery "did not begin in earnest until December 2004." By contrast, Adler is not requesting a full nine months to formulate his discovery plan and begin executing it "in earnest." He does, however, need more than the current seven-week allotment (or the 11-week allotment under Shareholder's proposed July 1 deadline) to formulate his strategy, begin his discovery and complete it. Four months is an extremely short period of time in which to conduct all of the necessary discovery in this case.

8.     At this point, Adler envisions serving Shareholder with at least one set apiece of interrogatories and document production requests designed to explore the basis of Shareholder's specific claims against him personally, especially those articulated in Counts II through X of

Shareholder's Second Amended Complaint. Adler will not know what additional discovery is needed until Shareholder responds to the first round of paper discovery. Requests for admission may follow, and there may be a need to take a few depositions, including one, pursuant to Rule 30(b)(6), that explores Shareholder's specific claims with regard to Adler. Four months is not too long a time period to conduct this basic discovery.

9. Contrary to what Shareholder is expected to argue in opposition, it is simply unreasonable to expect Adler's counsel to have reviewed all of the discovery completed thus far in this case and to know precisely what additional discovery may be needed. It also is unreasonable to expect Adler's counsel to rely on representations from counsel for CCBN and Thomson regarding the completed discovery, because Adler's interests are not identical to those of CCBN and Thomson. For example, CCBN and Thomson assert as their Sixth Affirmative Defense that any injury suffered by Shareholder was caused by persons over whom defendants CCBN and Thomson had no control." See Docket No. 124, p.10, ¶ 83. Additionally, some of the allegations that Shareholder has made against CCBN and Thompson may not apply to Adler.

10. Shareholder, itself, has previously joined CCBN and Thomson in requesting its own extensions of the discovery deadline. See Docket Nos. 60 and 104. In the most recent joint motion, Shareholder admitted that the outcome of its motion to amend the complaint to substitute Adler as a John Doe defendant might impact future discovery. Docket No. 104, p. 2, ¶ 5. Previously, Shareholder joined CCBN and Thomson in citing disputes over "certain privilege issues" as a reason for extending the deadline. Docket No. 60, p. 2, ¶ 4. Shareholder and Adler are currently involved in a dispute over the scope of Adler's federal and state privileges against self-incrimination.

BOS_488577_1/MDUBNOFF

- 5 -

WHEREFORE, Adler respectfully requests an extension of the fact discovery deadline from June 1, 2005 until October 1, 2005, and a corresponding adjustment of all the other discovery deadlines in this case. More specifically, Adler requests that the discovery schedule be amended as follows: submission of expert reports would be due on November 1, 2005; rebuttal expert reports would be due on December 15, 2005; the expert discovery deadline would be January 30, 2006; summary judgment motions would be due by February 28, 2006; oppositions would be due by March 21, 2006; and a hearing on summary judgment or a pretrial conference would be set for some time in April 2006.

ROBERT ADLER,
By his attorneys,

/s/ Richard J. McCarthy
Richard J. McCarthy (BBO #328600)
Mark B. Dubnoff (BBO # 637212)
EDWARDS & ANGELL, LLP
101 Federal Street
Boston, MA  02110
Tel. (617) 439-4444
Fax (617) 439-4170

May 13, 2005