UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DIRECT REPORT CORPORATION
d/b/a/ SHAREHOLDER.COM,

    Plaintiff,

v.

CCBN.COM, INC., THE THOMSON
CORPORATION, JOHN DOES 1 THROUGH
5, and JANE DOES 1 THROUGH 5,

    Defendants.

Civil Action No. 04-10535-PBS

**DEFENDANTS CCBN.COM AND THE THOMSON CORPORATION'S
SUPPLEMENTAL OPPOSITION TO PLAINTIFF SHAREHOLDER.COM'S MOTION
TO COMPEL DEFENDANTS CCBN.COM AND THE THOMSON CORPORATION
TO CONDUCT SEARCHES OF CCBN.COM'S ELECTRONIC BACKUP TAPES**

Defendants CCBN.com, Inc. ("CCBN") and The Thomson Corporation ("Thomson") submit this Supplemental Opposition to plaintiff Direct Report Corporation d/b/a/ Shareholder.com's ("Shareholder") Motion to Compel Defendants CCBN.com and The Thomson Corporation to Conduct Searches of CCBN.com's Electronic Backup Tapes (the "Motion to Compel").

**INTRODUCTION**

1.    Since the last round of briefing on Shareholder's Motion to Compel, the parties have engaged in discussions regarding the possibility of resolving Plaintiff's Motion to Compel restoration and searches of the CCBN backup tapes without the need for further Court intervention. In connection with those negotiations, Defendants retained a third-party electronic discovery vendor to assess the scope of and provide a pricing quotation regarding Shareholder's demands. This vendor has confirmed that the cost of electronic production of the complete collection Shareholder seeks would ***exceed $30 million***. Defendants submit this Supplemental

Opposition to Plaintiff's Motion to Compel in order to provide the Court with this new information regarding the actual scope and burden of backup tape searches.

## RELEVANT FACTUAL BACKGROUND

3.      On February 10, 2005, the parties were before the Court on this very same issue, namely, searches of CCBN's system backup tapes in response to Request No. 13 of Shareholder's First Set of Requests for Production of Documents (the "Request").  Shareholder demanded the restoration and search of all of CCBN's system backup tapes for all communications between the first alleged intrusion date on January 17, 2002 and December 30, 2002, by and between CCBN and 110 former Shareholder customers that Shareholder claims switched from CCBN to Shareholder between July 1, 2001 and January 1, 2004.  *See* Plaintiff Shareholder's Memorandum in Support of Its Motion to Compel Production of Documents, dated November 29, 2004;  *See also* Plaintiff Shareholder's Memorandum in Support of Its Motion to Compel Defendants CCBN.com and The Thomson Corporation To Conduct Searches of CCBN.com's Electronic Back-Up Tapes, dated June 20, 2005.

4.      As was detailed at greater length in Defendants' original Opposition to the current Motion to Compel, the restoration and searches that Shareholder demands would take months for Defendants to complete, would require the Defendants to incur massive expense, and would be **unlikely to produce any responsive material whatsoever**.  In order to avoid unnecessary motion practice over what would ultimately be prodigiously expensive, time-consuming and most likely futile searches, Defendants proposed a compromise solution.  Defendants offered to produce portions of its internal Client Relationship Management ("CRM") database, known as Focus, for the relevant time period as to each of these customers.  Defendants further offered that, should Shareholder identify "specific communications" in the subsequently produced Focus

documents as to which further documentation is requested, that Defendants would be willing to undertake such additional discrete searches for these identified communications.

5.  Shareholder refused Defendants' proposal and instead moved to compel production of these documents on November 29, 2004. On February 10, 2005, this Court held a hearing on Shareholder's motion to compel, and subsequently denied Shareholder's motion. The Court's Order on Plaintiff Shareholder.com's Motion To Compel Production of Documents (the "Order"), dated March 1, 2005, stated that "this Court DENIES Shareholder's motion to the compel to the extent that it seeks information beyond what the defendants have offered…". *See* Order at 6. In so holding, the Court adopted the fundamental components of the compromise solution Defendants offered to Shareholder.

6.  In accordance with the Order, on April 1, 2005, the Defendants produced the documents from the Focus database concerning the customers identified by Shareholder. While Defendants complied with their production obligations under the Order, Shareholder once again refused to attempt to resolve this dispute without resort to unnecessary motion practice, and on June 20, 2005, Plaintiff filed its second Motion to Compel on this same issue.

7.  On July 12, 2005, Defendants filed their Opposition to this Motion to Compel on the grounds that: (a) there is no basis for the expansive and overly burdensome discovery Shareholder seeks – namely, the complete restoration and search of *all* of CCBN's archival system backup tapes for all communications with 110 of CCBN's customers by *all* of CCBN's 350 employees; (b) the burden and expense of the proposed restoration and searches of CCBN's 478 archival system backup tapes (each of which contains, on average, 35 gigabytes of data) far outweighs any conceivable – much less likely – benefit; and (c) there is a more convenient, less burdensome and less expensive source for the information Shareholder seeks.

3

8. Since that time, the parties have once again engaged in discussions regarding the possibility of resolving Shareholder's Motion to Compel without further assistance from the Court. During the course of these conversations, Defendants retained a well-known third party electronic discovery consultant, Electronic Evidence Discovery ("EED"), to assist in assessing the scope of and provide pricing quotations regarding the searches Shareholder demands. *See* Affidavit of James Berriman, dated September 19, 2005 ("Berriman Aff.") (submitted herewith). The information obtained from EED indicates that Defendants' previous estimates regarding the searches Shareholder seeks were, if anything, exceedingly conservative. As Defendants have confirmed, the tapes contain a gigantic amount of information, most of which would be completely irrelevant. As noted above, each of the 478 tapes at issue contains, on average, approximately 35 gigabytes of data. If that amount of data were printed out as plain text of full sheets of paper, the printed output would fill **seven million pages**, or **2,000 bankers boxes**. Berriman Aff. ¶ 5. Four hundred and seventy-eight such backup tapes—the amount involved in Shareholder's motion—would contain **3,000,000,000 pages**. *Id.* at ¶ 17.[1]

9. Given the sheer enormity of the information, the pricing quotations obtained from EED make clear that it would be even more astronomically and prohibitively expensive to conduct the searches Shareholder seeks than the Defendants had originally estimated. At prevailing market rates for e-discovery projects, the cost of electronic production of the complete collection Plaintiff seeks would **exceed $30 million**. *Id.* at ¶ 18.

10. Further, Shareholder appears unwilling to limit production in a manner that might decrease this cost. For example, Shareholder is presently demanding that the Defendants restore

---

[1] Part of the cause of this enormity is duplication. While many of the tapes have likely been re-used to record completely irrelevant data, to the extent they have not been re-used, the tapes contain *weekly* back-ups of CCBN's entire MIS system over a five-year period. Berriman Aff. at ¶ 7. Thus, it would not be inconceivable that the same file would appear 260 (5 years x 52 weeks) times. *Id.*

4

all of the contents of the backup tapes regardless of server, date, application, content, employee custodian, or potential relevance. *Id.* at ¶ 17. This is despite the fact that the massive duplication referred to above is undisputed, and the sort of communications Shareholder seeks (if they even exist) would represent only a tiny fraction of the total data that is stored on the tapes. Undisputed as well is the fact that mining the email traffic of all 350 CCBN employees during the time period is a useless exercise given that only *sales* employees would have had any contact with customers, and an even smaller subset of such employees would have had any contact with the particular customers Shareholder has identified.

11. Unfortunately, given the new information regarding costs, even the first step involved in the restoration process of all 478 tapes (known as "cataloging") would be prohibitively expensive given that the process is unlikely to identify any responsive information. *Id.* at ¶ 19. While this cataloging process would produce indices – themselves massive – reflecting what the tapes contain, according to EED's proposal, this cataloging process would cost $119,500. *Id.* Moreover, this figure does not include the hundreds of hours of attorney time it would take to review the indices after they are generated to determine what, if anything, may be responsive.

5

## CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that Shareholder's Motion to Compel be denied.

        Respectfully submitted,

        CCBN.COM, INC. and THE THOMSON CORPORATION,

        By its attorneys,

        /s/ Jennifer L. Chunias
        Anthony S. Fiotto (BBO #558089)
        Jennifer L. Chunias (BBO #644980)
        Karin M. Bell (BBO #654242)
        GOODWIN PROCTER LLP
        Exchange Place
        Boston, Massachusetts 02109-2881
        Telephone: (617) 570-1000
        Facsimile: (617) 523-1231

Dated:  September 22, 2005

LIBA/1584743.2