# Exhibit B

## Frank, Robert S.

**From:**    Scott, Thane [TScott@palmerdodge.com]

**Sent:**    Tuesday, September 27, 2005 3:25 PM

**To:**    MDubnoff@EdwardsAngell.com

**Cc:**    afiotto@goodwinprocter.com; Allison, Melissa; rmccarthy@EdwardsAngell.com

**Subject:** RE: joint motion to modify scheduling order

This is an unproductive exercise and, as before, I see no need to respond to your many arguments. Of course that doesn't indicate agreement, but rather exhaustion

I did, however, want to respond to your claim of reneging, which is a charge I don't take lightly. We have offered Adler exactly what he requested, and what we discussed. The hang-up seems to be what Adler has never asked for, and what you tell me he may never ask for. It's hard to see how that could have been part of any prior discussion or agreement, and it wasn't. You confuse a failure to agree (which is the case here) with a retreat from a prior agreement (which is not the case here), and you shouldn't

> **From:** MDubnoff@EdwardsAngell.com [mailto:MDubnoff@EdwardsAngell.com]
> **Sent:** Tuesday, September 27, 2005 3:01 PM
> **To:** Scott, Thane
> **Cc:** afiotto@goodwinprocter.com; Allison, Melissa; rmccarthy@EdwardsAngell.com
> **Subject:** RE: joint motion to modify scheduling order
>
> Thane,
>
> First, I have never suggested, hinted, implied or otherwise represented that Adler plans to seek a 30-day extension. I said that we do not feel that it would be appropriate for us to bind the hands of successor counsel. Frankly, I have no idea what successor counsel would or would not think is a good idea. My hope is that whoever succeeds us as respective counsel will be able to resolve many of the outstanding discovery disputes by agreement, including the scheduling disputes. Your draft amendment to the motion would not even allow such extensions by agreement of counsel
>
> Also, as you are well aware, the issue of successor counsel is a relatively new one and one that is still just theoretical. Neither Shareholder nor Adler currently have successor counsel; Shareholder only has an additional present counsel who would become successor counsel if Palmer & Dodge needs to withdraw at some point in the future.
>
> As for the rest of your email, I note that you apparently do not dispute my recollection of our prior meet-and-confers on this issue. That is, you have not represented that we ever discussed the inclusion of a "no further extensions shall be sought" clause prior to your surprise draft yesterday afternoon. I am left to infer that your memory is siimilar to mine.
>
> I am disappointed that you have chosen to renege on the agreement. You will receive a copy of our motion shortly
>
> Mark

> "Scott, Thane"
> <TScott@palmerdodge.com>         To:    <MDubnoff@EdwardsAngell com>

09/27/2005 02:19 PM

cc:     <afiotto@goodwinprocter com>, "Allison, Melissa" <mallison@palmerdodge com>.
<rmccarthy@EdwardsAngell com>
Subject:    RE: joint motion to modify scheculing order

Mark,

The need for a transition has been known for some time, and by now Adler should be well-prepared for that
eventuality   Adler inherited a well-developed defense when he was added to the case, and then he
obtained a four month extension over our objection   During that time he had plenty of opportunity to
address transition issues   Shareholder's successor counsel filed an appearance in plenty of time to
address these issues; there is no reason that Adler's successor counsel could not have done likewise

What is on the table now is Adler's request for another extension, this one on top of his four month
extension   Despite the deloay occasioned by the earlier extensions, we've been amenable to Adler's new,
30 day request   For the first time, though, your emails hint that Adler may be warming up to yet <u>another</u>
extension request at the end of the 30 days we've been discussing   On that one, I can't help you

If Adler wants a 30 day "bulge" to address transition issues, which was what we discussed and understood,
we continue to be open to that   No surprise there   What is a surprise, and what you have not raised until
now, is that Adler might consume our offered 30 day extension and then ask for a further extension, using
the played-out excuse of a change in counsel   That was never part of the deal   We won't grant two
extensions to address one issue

If Adler's successor counsel thinks he or she is going to need more than the 30 days we have been
discussing, Adler should not have asked for a 30 day extension   If Adler's successor counsel isn't going to
look for more time on top of the many extensions Adler has already obtained, which would be the prudent
course, then we're all wasting our time arguing about the point

A "no further extensions" term is a familiar part of extensions granted in late-stage cases where the
defendants already have exhausted numerous prior extensions   We've worked cooperatively with you to
make Adler's requested 30 day extension happen   You may approach the court if you'd like, but under the
circumstances I'd expect the court's patience to be wearing thin   We would certainly oppose Adler's
motion

---

**From:** MDubnoff@EdwardsAngell.com [mailto:MDubnoff@EdwardsAngell.com]
**Sent:** Tuesday, September 27, 2005 11:19 AM
**To:** Scott, Thane
**Cc:** afiotto@goodwinprocter.com; Allison, Melissa; rmccarthy@EdwardsAngell.com
**Subject:** RE: joint motion to modify scheculing order

Thane,

I don't remember even discussing the issue of including a "no further extensions" clause in our joint motion
when we were having all of our meet-and-confers regarding the 30-day extension   My understanding,
based on our several conversations regarding this motion and the emails exchanged among you, Tony and
Rich, was that the agreement would be as follows: (1) a 30-day extension would be granted to conduct fact
depositions noticed by Sept  30; and (2) Shareholder and CCBN would get an extra six days to submit their
initial expert reports

In light of this, I am sure you can appreciate my surprise upon seeing the language that you inserted in
Paragraph 3 of the Joint Motion, the edits of which you did not provide to me until late yesterday afternoon
 It seemed like you were unilaterally changing the terms of our deal after the fact

9/29/05

Notwithstanding this and my preference for excluding your new language altogether, I offered you a new draft that would include your Paragraph 3, but with a slight modification to make it acceptable to us. I understand that you would prefer your own version for the reasons stated in your email, but unless your memory is different than mine and you specifically remember agreeing with us and Tony to a "no further extensions will be sought on that basis" clause, I would ask you to reconsider.

Our time on this case is running low, and I'm sure our respective clients would prefer it if we can reach an agreement on this issue, rather than adding to our legacy of motion practice. Please let me know your final answer by 4 p.m. It would truly be a shame if we have to leave our successors with yet another discovery disagreement, especially since we appeared to have a deal on this issue.

Mark

| | | |
|---|---|---|
| "Scott, Thane" <TScott@palmerdodge.com> | To: | <MDubnoff@EdwardsAngell.com>, "Allison, Melissa" <mallison@palmerdodge.com> |
| 09/26/2005 06:16 PM | cc: | <afiotto@goodwinprocter.com> |
| | Subject: | RE: joint motion to modify scheculing order |

Mark --

All orders are binding on successor counsel, and there is nothing different about this one. We are granting the extension request to the party, not to any particular set of lawyers. Additionally, it would seem fair to expect successor counsel to be bound by the limitations in the extension request since they, as well as Mr. Adler, will receive its benefits.

In any event, while Shareholder is agreeable to the proposed "one time" extension we have been discussing, Shareholder is not agreeable to a cascading series of extensions. I would note that since Mr. Adler is just a part of a much larger defense effort, whatever disruption he might experience will be far less than that experienced by Shareholder. Mr. Adler is not giving up much by agreeing that he will not use the change in counsel to seek yet another extension; any such motion likely would be denied.

Thane

---

**From:** MDubnoff@EdwardsAngell.com [mailto:MDubnoff@EdwardsAngell.com]
**Sent:** Monday, September 26, 2005 5:36 PM
**To:** Allison, Melissa
**Cc:** afiotto@goodwinprocter.com; Scott, Thane
**Subject:** RE: joint motion to modify scheculing order

Thane and Melissa,

Most of your proposed changes are fine. We, however, have one proposed amendment. In your new paragraph 3, you write:

Since this Court's last Scheduling Order on May 17, 2005, the parties have become aware of certain circumstances under which some counsel may be required to withdraw and new counsel appear. The limited extension requested in this motion is intended to address the possible changes in counsel, and no further extensions will be sought on that basis.

We do not feel it is appropriate to bind the hands of successor counsel. We would, therefore, propose

inserting the words "by present counsel" after the word "sought."  The new paragraph 3 would read:

Since this Court's last Scheduling Order on May 17, 2005, the parties have become aware of certain circumstances under which some counsel may be required to withdraw and new counsel appear.  The limited extension requested in this motion is intended to address the possible changes in counsel, and no further extensions will be sought by present counsel on that basis.

Also, I have made minor edits to the proposed order: namely, changing April 22 to April 18 (a clerical mistake on my part) for the pretrial conference; and changing the language on the initial expert deadline to clarify that counterclaimant's principal report also would be due on November 7.

Please let me know your thoughts.
I'd like to file no later than tomorrow.

Thanks

| "Allison, Melissa" <mallison@palmerdodge.com> | | |
|---|---|---|
| | To: | <MDubnoff@EdwardsAngell com> |
| 09/26/2005 04:13 PM | cc: | <afiotto@goodwinprocter com>, "Scott, Thane" <TScott@palmerdodg |
| | Subject: | RE: joint motion to modify scheculing order |

Mark,
Please see the attached edits to the joint motion.  The modified scheduling order looks fine.  I apologize for the delay.

Melissa

---

**From:** MDubnoff@EdwardsAngell.com [mailto:MDubnoff@EdwardsAngell.com]
**Sent:** Monday, September 26, 2005 8:55 AM
**To:** Allison, Melissa
**Cc:** afiotto@goodwinprocter.com; Scott, Thane
**Subject:** RE: joint motion to modify scheculing order

Melissa and Thane,
Have you had a chance to review the draft documents yet?

| "Allison, Melissa" <mallison@palmerdodge.com> | | |
|---|---|---|
| | To: | <mdubnoff@edwardsangell com>, <afiotto@goodwinprocter com |
| 09/22/2005 09:09 PM | cc: | "Scott, Thane" <TScott@palmerdodge com> |
| | Subject: | RE: joint motion to modify scheculing order |

9/29/05