UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ) | |
| DIRECT REPORT CORPORATION d/b/a ) | |
| SHAREHOLDER.COM, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 04-10535-PBS |
| ) | |
| CCBN.COM, INC., THE THOMSON ) | |
| CORPORATION, ROBERT I. ADLER, ) | |
| JOHN DOES 1 THROUGH 5, ) | |
| AND JANE DOES 1 THROUGH 5, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF DIRECT REPORT CORPORATION'S
RESPONSE TO DEFENDANTS' SUPPLEMENTAL OPPOSITION
TO PLAINTIFF SHAREHOLDER.COM'S MOTION TO COMPEL
DEFENDANTS CCBN.COM AND THE THOMSON CORPORATION
TO CONDUCT SEARCHES OF CCBN.COM'S ELECTRONIC BACKUP TAPES**

Plaintiff Direct Report Corporation d/b/a Shareholder.com ("Shareholder") submits this

response to the Defendants' Supplemental Opposition to Shareholder's motion to compel a

search of CCBN's backup tapes and the production of relevant documents preserved on those

tapes.

A.    The Context.

Plaintiff Shareholder.com and defendant CCBN are direct competitors.  It is undisputed

that defendant Robert Adler, CCBN's President, repeatedly penetrated plaintiff

Shareholder.com's internal computer systems and accessed highly confidential information

regarding Shareholder's clients and client relationships.  Shareholder alleges that CCBN used

that information to persuade at least 110 specifically identified clients to switch from

Shareholder to CCBN.  The defendants respond that CCBN never used the secret information

that Adler (and others at CCBN) systematically accessed, and that Shareholder cannot prove

otherwise. Adler has refused most of Shareholder's discovery efforts, citing his rights under the Fifth Amendment to the United States Constitution.

Shareholder has requested the production of all of CCBN's communications with the 110 identified clients and all of CCBN's internal communications regarding those specific clients so that Shareholder may test the defendants' assertion that the confidential information that Adler/CCBN misappropriated from Shareholder's management systems was never used for competitive purposes.

It is undisputed that the requested documents are highly relevant. CCBN has an obligation to search its records and produce them. Almost none have been produced. CCBN states that, except insofar as they may exist on the backup tapes that are the subject of this motion, the requested documents have been destroyed. And, it argues that the cost of retrieving these documents from back-up tapes -- i.e. from the only record system that the defendants maintained -- is prohibitive. It states that production of the requested documents should be excused on burden grounds.

Shareholder will demonstrate below that the defendant's burden argument is founded upon (1) a misstatement of Shareholder's request for production of documents, and (2) an intentional mischaracterization of the actions (and related costs) necessary to identify and produce the relevant documents. Computerized means, described below, exist and make the task of retrieving potentially relevant documents entirely manageable. Rather than argue further about burden, Shareholder is prepared to do what Shareholder says needs to be done to retrieve the relevant documents at Shareholder's expense. The work would be done through an independent vendor whose efforts would be observed by the defendants. Privileged documents

2

would be removed before otherwise relevant documents were examined by Shareholder's counsel. There would be virtually no burden on the defendants.

B.    Defendants Have An Obligation To Make A Complete Search For Documents Responsive To Shareholder's Discovery Requests.

CCBN and Thomson have an obligation to search for documents responsive to Shareholder's discovery requests, including electronic documents. *Medtronic Sofamor Danek, Inc. v. Michelson*, 229 F.R.D. 550, 553 (W.D. Tenn. 2003); *In re Brand Name Prescription Drugs Antitrust Litigation*, 1995 WL 360527, *1 (N.D. Ill. June 15, 1995). The backup tapes are not excepted from the scope of such a search. *See Medtronic Sofamor Danek*, 229 F.R.D. at 560-61 (ordering plaintiff to restore, search and de-duplicate information stored on network backup tapes); *In re Brand Name Prescription Drugs*, 1995 WL 360527, at *1 (requiring defendant to compile, format, search and retrieve responsive email from technical backup tapes at its own expense). The defendants created the defendants' recordkeeping systems. The purpose of the systems was the retrieval of relevant information. The defendants are poorly situated to argue that it is too difficult to retrieve information from their own systems. Further, CCBN has known of the dispute that gives rise to this since June, 2002. If it thereafter elected to destroy more accessible records, it should not be allowed to cite its own conduct as the reason for refusing to search less accessible materials.

C.    The Defendants Have Misdescribed the Relevant Tasks and Used that Misdescription to Misrepresent the Cost and Burden of Producing These Relevant Documents.

The defendants suggest that Shareholder has asked that the contents of the back-up tapes be printed out and reviewed. They state that any such activity would require that billions of pages of documents, filling thousands of bankers boxes, be printed and reviewed at a cost of $30,000,000. Shareholder has made no such request. The task that the defendants describe is wholly unnecessary.

3989074v1

The steps needed to search for and produce the relevant documents are as follows:

(1)    The tapes are delivered to a vendor.

(2)    The vendor catalogs the tapes and, using computerized means, extracts only the e-mails from the relevant time period. (If as defendants suggest, all e-mails from that period have been over-written, the project will be at an end).

(3)    This subset of extracted e-mails is then searched by computerized means. Only those e-mails that contain identified search terms (for example, e-mails that contain the name of one of the relevant clients) are selected.

(4)    All duplicates are identified (again by computerized means) and removed.

(5)    The selected documents are reviewed for privilege. Privileged documents are logged; the remaining documents are produced.

Shareholder believes that vendor's fee for performing the retrieval and extraction process described above will be about $140,000 -- one-half of one percent of the cost hypothesized by the defendants.

Shareholder is prepared to put its money where its mouth is. In order to cut through this prolonged discovery dispute, Shareholder will select the vendor[1] (subject to objections by the defendants directed to the independence of the vendor) and will bear the cost of the vendor, thus relieving the defendants of the "burden" about which they complain. Neither Shareholder nor the vendor will view the contents of the selected documents until they have been reviewed for privilege by the defendants.

D.    Shareholder's Proposed Resolution of This Issue.

Shareholder asks that the Court order CCBN/Thomson and Shareholder to proceed in the following manner:

(1)    CCBN/Thomson will immediately deliver all of the backup tapes to an outside vendor identified by Shareholder. The vendor will be identified to the defendants. The defendants may challenge the vendor's independence. In the unlikely event of a challenge, the Court will determine the vendor's independence.

---

[1] This will permit Shareholder to control the cost of the vendor's services.

4

(2) The vendor, will catalog the backup tapes and extract the e-mails from the relevant time period. The search period will be identified to the defendants. Defendants' representatives may be present at the vendor's place of business to observe this process so as to assure that neither the vendor nor, at this stage, Shareholder views the actual contents of the documents.

(3) Shareholder will identify search terms to be used to select potentially relevant e-mails. The search terms used will be disclosed to the defendants. The vendor, will then run computerized searches on the e-mails extracted at step (2) so as to identify potentially relevant e-mails. Defendants may observe the process. The contents of the documents will not be viewed by the vendor's personnel or by Shareholder.

(4) The vendor will remove all duplicates.

(5) The vendor will deliver the resulting set of e-mails to the defendants so that the defendants may identify and log any e-mail that they believe is privileged.

(6) The defendants will then produce to Shareholder the set of e-mails selected at step (3) and (4) above, except for those that were withheld as privileged.

Shareholder will bear the cost of cataloging and restoring the e-mails, running the computerized searches to identify the relevant e-mails, and removing duplicate e-mails (steps 2, 3 and 4 above).

There is no dispute as to the relevance of the documents that Shareholder has requested. There can be no legitimate argument that the process described above is unreasonable or imposes undue burden on the defendants. Shareholder will pay the costs about which the defendants complain. To the extent that restoration and extraction of the e-mails turns out to be technically infeasible or financially impractical, those limitations will be established by Shareholder. There need be no further argument over the practicality or burden associated with an appropriate search of CCBN's record-keeping system.

5

**CONCLUSION**

For the above-referenced reasons, Shareholder respectfully requests that the Court allow its Motion to Compel a search of CCBN's backup tapes to the extent necessary to implement the procedure described above and stated in the attached proposed Order.

Respectfully submitted,

DIRECT REPORT CORPORATION
d/b/a. SHAREHOLDER.COM
By its attorneys,

/s/ Robert S. Frank, Jr.
Robert S. Frank, Jr. (BBO# 177240)
Carlos Perez-Albuerne (BBO# 640446)
CHOATE, HALL & STEWART
Two International Place
Boston, MA 02110
(617) 248-5000

Dated: October 12, 2005

6

3989074v1