UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIRECT REPORT CORPORATION d/b/a/ SHAREHOLDER.COM, <br><br> Plaintiff, <br><br> v. <br><br> CCBN.COM, INC., THE THOMSON CORPORATION, JOHN DOES 1 THROUGH 5, and JANE DOES 1 THROUGH 5, <br><br> Defendants. | Civil Action No. 04-10535-PBS |

**DEFENDANTS CCBN.COM AND THE THOMSON
CORPORATION'S OPPOSITION TO PLAINTIFF
SHAREHOLDER.COM'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**

Defendants CCBN.com, Inc. ("CCBN") and The Thomson Corporation ("Thomson")(collectively, "Defendants") submit this Opposition to Plaintiff Shareholder.com's ("Shareholder") Motion to Compel Production of Documents (the "Motion").

**INTRODUCTION**

Shareholder's Motion should be denied because it is an eleventh-hour attempt – after the September 30, 2005 close of discovery – to fabricate document requests that simply do not exist, falsely claims that the parties have met and conferred, ignores express agreements regarding the scope of discovery, and seeks, in any event, wholly irrelevant documents.

First, Shareholder's counsel has certified to the Court that they conferred with opposing counsel regarding the substance of their Motion, when in fact they did no such thing. Shareholder's Motion to Compel, in fact, came as an absolute surprise to the Defendants. This alone is grounds to deny the Motion.

Shareholder's Motion should also be denied because it seeks to substantially expand Shareholder's previous Documents Requests and undo agreements reached during previous discovery conferences regarding these items. In its Motion, Shareholder summarily alleges that each of the new categories of documents it seeks to compel fits into one of four existing Shareholder Document Requests (Request Nos. 23, 43, 63 and 76). This is not the case. Counsel for the parties have engaged in numerous discovery conferences over the past year and reached agreements regarding the scope of these existing requests. Pursuant to these conferences and agreements, Defendants fulfilled their discovery obligations and either (1) produced all responsive materials that were agreed upon, or (2) certified in supplemental discovery responses and correspondence that they had conducted further searches and confirmed that they produced all responsive documents (as requested by counsel for Shareholder). In any event, most of the documents Shareholder now demands in its Motion bear no relationship to requests it cites, even had those requests not been limited by the parties' agreements. This is simply Shareholder's attempt, at the final hour on the discovery clock, to squeeze in fresh document demands. There is no basis for this Court to compel production of these materials.

## RELEVANT FACTUAL BACKGROUND

Shareholder and the Defendants have been engaged in discovery for over a year. During that time they have engaged in numerous discovery conferences pursuant to L.R. 37.1 to narrow the scope of each parties' requests and to avoid unnecessary motion practice on document issues. Both parties began serving discovery requests in the summer of 2004. Shareholder served its first set of requests for documents in July 2004, including Document Request No. 23 – one of the requests Shareholder cites in its Motion. Plaintiff's First Set of Requests for Production of

Documents and Tangible Things to Defendants, dated July 29, 2004 (attached at Exhibit A).[1] Defendants served their responses and objections in September 2004 and, subject to the objections included in their responses, agreed to produce all non-privileged documents in their possession in response to Document Request No. 23. Defendants CCBN.com and The Thomson Corporation's Responses and Objections to Plaintiff Shareholder.com's First Set of Requests for Production of Documents And Tangible Things to Defendants, dated September 14, 2004 (attached as Exhibit B).

Through the fall of 2004 and into the winter of 2005, the parties engaged in numerous discovery conferences pursuant to L.R. 37.1 regarding both parties' responses and objections to the first sets of discovery requests, including Shareholder's Document Request No. 23. The parties produced documents in response to the first set of requests and exchanged over a dozen letters and telephone calls to resolve all outstanding issues with regard to the first sets of requests.[2] During the course of these communications, the parties specifically conferred regarding the scope of Document Request No. 23. Defendants ultimately confirmed in early

---

[1] Shareholder's Document Request No. 23 sought "Communications between CCBN and Thomson personnel concerning CCBN's accessing of Shareholder.com's internal communication and computer systems, including any communications concerning potential criminal or civil liability arising from CCBN's action."

[2] *See, e.g.,* Correspondence from Ruth Dowling to Anthony Fiotto, dated September 28, 2004 (detailing the parties' agreements regarding the parties' respective first sets of requests); Correspondence from Anthony Fiotto to Ruth Dowling, dated October 6, 2004 (clarifying the results of the parties' telephonic discovery conference on September 24, 2004); Correspondence from Ruth Dowling to Anthony Fiotto, dated October 8, 2004 (concerning outstanding issues from the first set of discovery requests); Correspondence from David Moss to Ruth Dowling, dated October 26, 2004 (same); Correspondence from Melissa Allison to David Moss, dated February 3, 2005 (concerning outstanding issues from the first set of requests and specifically requesting that Defendants confirm that all non-privileged documents in response to Document Request No. 23 has been produced); Correspondence from Melissa Allison to David Moss, dated March 7, 2005 (concerning outstanding issues from the first set of request and specifically confirming that all non-privileged documents in response to Document Request No. 23 had been produced); Correspondence from Melissa Allison to Jennifer Chunias, dated September 23, 2005 (confirming responses on a broad range of discovery requests, including Document Request No. 23, was either complete or would be complete with Defendant's final production before the close of discovery); Correspondence from Jennifer Chunias to Melissa Allison, dated September 29, 2005 (confirming Defendants' compliance with all of its discovery obligations on each of the items listed in Shareholder's September 23, 2005 correspondence)(collectively attached as Exhibit C).

3

2005 that all responsive material had in fact been produced. Correspondence from Melissa Allison to David Moss, dated March 7, 2005 (concerning outstanding issues from the first set of request and specifically confirming that all non-privileged documents in response to Document Request No. 23 have been produced)(attached at Exhibit C).

At no point during these communications did Shareholder make any demand or confer with the Defendants regarding the new documents Shareholder now seeks to compel in its Motion. The only other communications regarding Shareholder's Document Request No. 23 came at the close of discovery in September 2005, when counsel for Shareholder sought confirmation that all of Defendants' discovery responses were either complete or would be supplemented before September 30, 2005. Correspondence from Melissa Allison to Jennifer Chunias, dated September 23, 2005 (attached at Exhibit C). Defendants completed their supplemental document production on September 28, 2005 and provided written confirmation that all non-privileged, responsive materials had been produced. Correspondence from Jennifer Chunias to Melissa Allison, dated September 29, 2005 (attached at Exhibit C).

The parties reached similar agreements to resolve outstanding issues with regard to their second sets of discovery requests. In March 2005, Shareholder served its second set of document requests on Defendants, including Document Request Nos. 43, 63 and 76, which Shareholder also claims in its Motion cover the documents it now seeks. Plaintiff's Second Set of Requests for Production of Documents and Tangible Things to Defendants, dated March 1, 2005 (attached as Exhibit D).[3] Again, subject to the objections included in their responses,

---

[3] Shareholder's Document Request No. 43 sought "Documents concerning offers or potential offers by CCBN and/Thomson to acquire Shareholder.com, including documents concerning valuations of Shareholder.com."

Shareholder's Document Request No. 63 sought: "Communications between any defendant and any third party, including but not limited to Robert Adler or his counsel, concerning this litigation."

Defendants agreed to produce all non-privileged documents in their possession responsive to Document Request Nos. 43, 63 and 76. Defendants CCBN.com, Inc. and The Thomson Corporation's Responses and Objections to Plaintiff Shareholder.com's Second Set of Requests for Production of Documents and Tangible Things to Defendants, dated April 7, 2005 (attached as Exhibit E). The parties engaged in a discovery conference to discuss Defendants' responses to Shareholder's second set of documents requests (including Document Request Nos. 43, 63 and 76) on April 28, 2005, and exchanged correspondence to clarify their agreements with regard to these requests.[4] Here again, the parties agreed that these requests would be limited and Defendants would produce the documents pursuant to the narrowed requests. Indeed, at that time, Shareholder accepted the objections to Request Nos. 43, 63 and 76 and did not seek to compel further requests.

The only other communication regarding Shareholder's Document Request Nos. 43 and 76 came at the close of discovery in September 2005, when counsel for Shareholder sought confirmation that all of Defendants' responses to these two requests were either complete or would be supplemented before September 30, 2005. Correspondence from Melissa Allison to Jennifer Chunias, dated September 23, 2005 (Exhibit C). Shareholder's September 23, 2005 correspondence did not address Document Request No. 63 at all. With regard to Request Nos. 43 and 76, Defendants completed their supplemental document production on September 28, 2005 and provided written confirmation that all responsive materials had been produced.

---

Shareholder's Document Request No. 76 sought: "Documents concerning the potential acquisition of CCBN, including Thomson's potential acquisition of CCBN, including any valuation of CCBN's business or assets."

[4] *See, e.g.,* Correspondence from Ruth Dowling to David Moss, dated April 19, 2005 (detailing outstanding discovery issues and requesting a discovery conference regarding the same); Correspondence from Ruth Dowling to David Moss, dated May 3, 2005 (confirming agreements reached during the parties' discovery conference on April 28, 2005); Correspondence from David Moss to Ruth Dowling, dated May 5, 2005 (detailing the parties' agreements regarding all of Shareholder's outstanding discovery concerns on its second

Correspondence from Jennifer Chunias to Melissa Allison, dated September 29, 2005 (Exhibit C). In particular, in response to the parties' specific agreement with regard to Document Request No. 76, Defendants produced the entire Merger Agreement between Thomson and CCBN, including all schedules and exhibits.

## ARGUMENT

I. **THE MOTION SHOULD BE DENIED BECAUSE SHAREHOLDER FAILED TO FULFILL ITS MEET AND CONFER OBLIGATIONS AND CANNOT BE ALLOWED TO COMPEL THE PRODUCTION OF MATERIALS THAT ARE BEYOND THE SCOPE OF EXISTING DISCOVERY REQUESTS AND THE AGREEMENTS REACHED DURING PRIOR DISCOVERY CONFERENCES.**

   A. **Counsel for Shareholder Failed to Confer With Opposing Counsel Pursuant to Local Rule 7.1 Prior to Filing Its Motion To Compel.**

Shareholder's Motion should be denied because counsel for Shareholder has certified to the Court that they conferred with opposing counsel regarding the substance of their motion, when in fact they did no such thing. Pursuant to Local Rule 7.1(A)(2), "[n]o motion shall be filed unless counsel certify that they have attempted in good faith to resolve or narrow the issue." A just remedy for failure to confer with opposing counsel before filing a motion is denial of the motion. *Hasbro v. Serafino*, 168 F.R.D. 99, 101 (D. Mass 1996)(citations omitted) (denying motion to compel production because failure to comply with L.R. 7.1(a)(2) "makes it impossible…for the Court to rule at this time on the substance of the motion to compel…"). Likewise, where counsel certifies to the Court that they have conferred with opposing counsel before filing a motion when they have in fact failed to do so, the Motion should be denied. *Converse v. Reebok*, 328 F. Supp. 2d 166, 174 (D. Mass. 2004) (denying Converse's motion in large part because of counsel's failure to confer prior to filing its motion with the L.R. 7.1(a)(2)).

---

   set of discovery requests);  Correspondence from John Bennett to David Moss, dated May 13, 2005 (same)(collectively attached as Exhibit F).

In fact, case law in the District of Massachusetts suggests that summary denial of a motion is even *more* appropriate in the case where a party certifies it has conferred when it has not than in the case where the party fails to confer entirely, because there is an aspect of bad faith present in the former scenario. *See id.* at 174 (rejecting Converse's attempted excuses, including its assertion regarding the "futility of consultation" and its belief that "immediate action was necessary," as insufficient justifications to avoid sanctions).

Here, counsel for Defendants worked diligently to meet all outstanding discovery obligations, as agreed upon with predecessor counsel for Shareholder, by Thursday, September 29, 2005. Shareholder, on the other hand, failed to provide its own discovery until *after* the close of business on the very last day of fact discovery (September 30, 2005). Moreover, they also served their Motion to Compel on Defendants' counsel at 7:30 p.m. Friday, September 30, 2005, having *never* attempted to confer regarding the items they seek to compel.[5] By way of example, the first item Shareholder seeks to compel (Section 4.10 of the Company Disclosure Schedule) is a single-page document that was redacted from Defendants' production on Wednesday, September 28, 2005. Counsel for Shareholder never raised this issue with counsel for Defendants, never requested the Defendants' basis for redaction, and never otherwise challenged or discussed the Defendants' objections prior to filing their Motion to Compel. The *first* Defendants heard of Shareholder's objection to Defendants' withholding of this document was on Monday morning October 3, 2005, when they received Shareholder's Motion. Shareholder's Motion should be summarily denied in light of Shareholder's disregard of its obligations pursuant to the Local Rules and failure to confer with opposing counsel regarding *any one* of the five new requests in its Motion.

---

[5] *See* Goodwin Procter LLP Incoming By Hands Log, attached as Exhibit G.

7

**B.    Shareholder Seeks To Expand Existing Documents Requests And Undo Agreements Reached During Previous Discovery Conferences.**

Shareholder's Motion should also be denied because Shareholder cannot be permitted to expand the scope of its existing document requests in an attempt to squeeze in new requests under the guise of a motion to compel. The parties have already conferred and agreed regarding the scope of the document requests that successor counsel now seeks to expand with its Motion. In other words, during the inevitable horse-trading involved in prior discovery conferences, Shareholder accepted the limitations and objections Shareholder's new counsel now seeks to attack. Shareholder's current flip-flopping is plainly unfair since, as in all horse-trading, Defendants provided materials with respect to other requests that they would have likely objected to had Shareholder not accepted objections and limitations on the requests that are now subject to Shareholder's Motion. Because Defendants have already fulfilled their obligation to provide all responsive, relevant, non-privileged materials in their possession with regard to these requests, there is no basis for Shareholder's Motion.

More specifically, with regard to Document Request No. 23, Defendants have already fulfilled their discovery obligations. Pursuant to the general and specific objections contained in their written response to this document request and prior discovery conferences between the parties, Defendants already produced all non-privileged, responsive documents reflecting to "[c]ommunications between CCBN and Thomson personnel concerning CCBN's accessing of Shareholder.com's internal communication and computer systems, including any communications concerning potential criminal or civil liability arising from CCBN's action." Likewise, Defendants also provided extensive interrogatory responses regarding the same subject matter.

With regard to Document Request No. 43, pursuant to the parties' previous discovery conferences and subject to the general and specific objections contained in their written response to this document request, Defendants have already produced all relevant, non-privileged and responsive "[d]ocuments concerning any offers or potential offers by CCBN and/or Thomson to acquire Shareholder.com, including documents concerning valuations of Shareholder.com." Moreover, *none* of the new items Shareholder seeks to compel in its Motion – documents relating to the merger between CCBN and Thomson, including indemnification obligations, representations and warranties, or the escrow agreement, documents relating to the valuation of CCBN during the acquisition, or documents reflecting contracts between any of the defendants – even arguably relate to any offer or potential offer to acquire Shareholder.

With regard to Document Request No. 63, pursuant to the parties' previous discovery conferences and the general and specific objections contained in their written response to this document request, Defendants have already produced all non-privileged, responsive documents reflecting "[c]ommunications between any defendant and any third party, including but not limited to Robert Adler or his counsel, concerning this litigation." Once again, *none* of the new requests – documents relating to the merger between CCBN and Thomson, including indemnification obligations, representations and warranties or the escrow agreement, documents relating to the valuation of CCBN during the acquisition, or documents reflecting contracts between any of the defendants – in Shareholder's Motion are responsive to this request.

Finally, Defendants have likewise satisfied their discovery obligations with regard to Document Request No. 76, which requests "[d]ocuments concerning the potential acquisition of CCBN, including Thomson's potential acquisition of CCBN, including the valuation of CCBN's valuation or assets." Subject to the general and specific objections contained in their written

response to this document request, and pursuant to the agreements to produce the entire Merger Agreement between Thomson and CCBN in response to this request, Defendants have already produced all non-privileged, responsive documents.

### C. THERE IS NO BASIS FOR THIS COURT TO GRANT SHAREHOLDER'S MOTION TO COMPEL THE PRODUCTION OF THE NEW CATEGORIES OF DOCUMENTS SET FORTH IN ITS MOTION.

Putting aside the parties' prior agreements and whether Shareholder can manipulate any of its new requests (Nos. 1 – 5) into existing Documents Request Nos. 23, 43, 63 or 76, Shareholder's Motion should be denied. Shareholder's entitlement to discovery is not boundless. Where, as here, a party demands materials that are privileged, irrelevant, or are not reasonably calculated to lead to the discovery of admissible evidence, its requests must be denied. Fed. R. Civ. P. 26(b)(1). Taking each of Shareholder's new requests in turn, Shareholder has no legitimate basis for demanding the production of these items.

1. Shareholder's first new request is for Section 4.10 of the Company Disclosure Schedule referenced in the Merger Agreement between CCBN and Thomson. Had Shareholder properly conferred before filing its Motion, Defendants would have offered to produce Section 4.10 with certain redactions or other limitations that would protect Defendants' legitimate interests. Counsel for Shareholder never conferred with counsel for Defendants regarding this document and never otherwise challenged or discussed the Defendants' objections prior to filing their Motion.

2. Shareholder's second new request is for all documents relating to the negotiation of Sections 8.1 and 8.2(d) of the Merger Agreement and all communications to or from any defendant regarding those provisions. These particular provisions of the Merger Agreement (produced on September 28, 2005) relate to survival of representations and warranties and

indemnification. Putting aside that counsel failed to confer regarding this new request prior to filing their Motion, and putting aside that this new request far exceeds the scope of any of the existing requests (Nos, 23, 43, 63 or 76), this information is simply irrelevant. The question in this case is whether Defendants improperly intruded into Shareholder's computers and stole customers as a result. Warranties, representations and indemnification obligations *not* involving Shareholder are completely beside the point.

3. Shareholder's third new request is for a copy of the Escrow Agreement referenced in Section 2.6(a) of the Merger Agreement, and all documents and communications relating to the negotiation of the Escrow Agreement. But the Escrow Agreement sheds absolutely no additional light on the issues that are germane to this litigation. The Escrow Agreement simply does not involve Shareholder.

4. Shareholder's fourth new request is for a copy of all contracts and agreements between (a) defendant Adler and (b) defendants CCBN or Thomson regarding Adler's post-merger obligations to CCBN and Thomson, all documents relating to the negotiation of any such contract and all communications to and from any defendant regarding any such contract. But Defendants have already produced all responsive documents. These documents are the Merger Agreement, which was produced in its entirety, and Mr. Adler's non-competition agreement, which was also already produced. *See* D016864-016866 (attached as Exhibit H).

The only other agreement that would fall within the scope of this new request is the joint defense agreement between Defendants and Mr. Adler, which is privileged. The joint defense relationship between CCBN/Thomson and Mr. Adler is privileged, as well as communications arising under that relationship. *United States v. Bicoastal Corp.*, 1992 WL 693384, *6 (S.D.N.Y. 1992)("the disclosure of the existence of such an agreement would be an improper intrusion into

the preparation of the defendants' case"). Even where the existence of a joint defense agreement is acknowledged, the contents of that joint defense agreement is privileged. *See A.I. Credit Corp. v. Providence Washington Insurance*, 1997 WL 231127, *4 (S.D.N.Y. 1992); *Boyd v. Comdata Network*, 88 S.W.3d 203, 217 (Tenn. Ct. App. 2002) ("joint defense agreements are themselves privileged"). More specifically, a joint-defense agreement is protected by the work product doctrine, and the attorney-client privilege applies to the communications contained in the agreement. *McNally Tunneling Corp. v. City of Evanston*, 2001 WL 1246630, *13-14 (N.D. Ill. 2001).

5.      Shareholder's fifth new request is for all documents that related to (a) the determination of the purchase price paid, to be paid, by Thomson for CCBN, (b) the negotiation of the price at which Thomson would acquire CCBN, or (c) any explanation or analysis of that price by or for Thomson or CCBN.  Putting aside that counsel failed to confer regarding this new request prior to filing their Motion, Shareholder is not entitled to additional materials beyond those that have already been produced in response to existing requests, because any internal documents and communications regarding the purchase price paid for CCBN are wholly irrelevant to the allegations in this case.  Shareholder's new-fangled premise that somehow the amount Thomson paid to CCBN is relevant because part of that amount should have been paid to Shareholder makes no sense whatsoever.  There has never been any allegation or suggestion by Shareholder that Shareholder and Thomson were considering some kind of transaction that would have resulted in any payment to Shareholder.

## **CONCLUSION**

For all of the foregoing reasons, Defendants respectfully request that Shareholder's Motion to Compel be denied.

                    Respectfully submitted,

                    CCBN.COM, INC. and THE THOMSON CORPORATION,

                    By its attorneys,

                    /s/ Jennifer L. Chunias
                    Anthony S. Fiotto (BBO #558089)
                    Jennifer L. Chunias (BBO #644980)
                    Karin M. Bell (BBO #654242)
                    GOODWIN PROCTER LLP
                    Exchange Place
                    Boston, Massachusetts 02109-2881
                    Telephone: (617) 570-1000
                    Facsimile: (617) 523-1231

Dated: October 14, 2005

LIBA/1638523.1