# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIRECT REPORT CORPORATION d/b/a SHAREHOLDER.COM,<br><br>            Plaintiff,<br><br>        v.<br><br>CCBN.COM, INC.,<br>THE THOMSON CORPORATION,<br>JOHN DOES 1 through 5, and<br>JANE DOES 1 through 5,<br><br>            Defendants. | Civil Action No. 04-10535 PBS |

## DEFENDANTS CCBN.COM, INC. AND THE THOMSON CORPORATION'S RESPONSES AND OBJECTIONS TO PLAINTIFF SHAREHOLDER.COM'S FIRST SET OF REQUESTS FOR PRODUCTION OF <u>DOCUMENTS AND TANGIBLE THINGS TO DEFENDANTS</u>

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Local Rule 34.1, defendants CCBN.com, Inc. ("CCBN") and The Thomson Corporation ("Thomson") (collectively, "Defendants") hereby respond and object to plaintiff Direct Report Corporation d/b/a/ Shareholder.com's ("Shareholder") First Set of Requests for Production of Documents and Tangible Things to Defendants (the "Requests") as follows:

### <u>GENERAL OBJECTIONS AND RESPONSES</u>

Defendants incorporate each of the following General Objections into each of its responses. No response shall be understood as, nor is intended to be, a waiver of any General Objection nor any specific objection that may be separately stated with respect to any response.

1.      Defendants object to the Requests to the extent that they seek the production of documents within 30 days of the date of the Requests. Subject to their objections

and responses to the Requests, defendants will attempt to make a substantially complete production of documents responsive to the Requests on a mutually agreeable date or as soon as practicable thereafter.

2. Defendants object to the Requests to the extent that the documents sought (a) are subject to the attorney-client privilege; (b) constitute work product; (c) were prepared in anticipation of litigation or for trial; or (d) are otherwise privileged or exempt from discovery. In the event that a document that is privileged or exempt from disclosure is produced by defendants, it will have been produced through inadvertence and shall not constitute a waiver of privileges applicable to that or any other document or any other communication.

3. Defendants object to the Requests to the extent that they call for production of documents outside of defendants' possession, custody, or control.

4. Defendants object to the Requests to the extent that they are inconsistent with or seek to impose obligations upon defendants beyond those provided under the Federal Rules of Civil Procedure and/or the Local Rules of the District of Massachusetts.

5. Defendants object to the Requests to the extent that they seek production of publicly available documents or documents emanating from or already in Shareholder's possession.

6. Defendants object to each definition, instruction, and document request to the extent that it incorporates definitions or rules of construction that differ from those set forth in Federal Rules of Civil Procedure 26 and 34 or Local Rule 26.5.

7. Defendants object to the Requests to the extent that they are vague, ambiguous, overly broad, unduly burdensome, oppressive, seek the production of documents that

are not relevant to a claim or defense of any party, or are not reasonably calculated to lead to the discovery of admissible evidence.

8. Defendants object to the Requests to the extent that they are duplicative, and reserve the right to produce documents that may be responsive to more than one Request only once.

9. Defendants object to the production of confidential documents or information, if any, absent the entry of an appropriate protective order.

10. Defendants object to the Requests to the extent that they would require defendants to produce documents that are subject to a non-disclosure agreement with a third party.

11. Defendants reserve the right to supplement, amend, or correct all or any part of the objections and responses provided herein.

12. Defendants object to the Definition of "Shareholder's internal communication and computer systems" to the extent that "Shareholder's internal communication" is overly broad, vague, ambiguous, and calls for a conclusion from defendants as to what constitutes an "internal communication."

## SPECIFIC OBJECTIONS AND RESPONSES

Document Request No. 1:

Documents concerning defendants' accessing of Shareholder.com's internal communication and computer systems.

Response to Request No. 1:

Subject to and without waiving its General Objections, defendants will produce non-privileged documents responsive to this Request, if any, concerning any such accessing

3

between January 1, 2001 and October 31, 2003—the last day that, as defendants understand the First Amended Complaint, Shareholder alleges that CCBN attempted to infiltrate Shareholder's computer system.

Document Request No. 2:

Documents identifying the information or data defendants acquired by accessing Shareholder.com's internal communication and computer systems.

Response to Request No. 2:

Subject to and without waiving its General Objections, defendants object to this Request on the additional ground that it is duplicative. Subject to these objections, defendants will produce non-privileged documents responsive to this Request, if any, concerning any such accessing between January 1, 2001 and October 31, 2003—the last day that, as defendants understand the First Amended Complaint, Shareholder alleges that CCBN attempted to infiltrate Shareholder's computer system.

Document Request No. 3:

Documents identifying employees of the defendants who accessed Shareholder.com's internal communication and computer systems.

Response to Request No. 3:

Subject to and without waiving its General Objections, defendants object to this Request on the additional ground that it is duplicative. Subject to these objections, defendants will produce non-privileged documents responsive to this request, if any, concerning any such accessing between January 1, 2001 and October 31, 2003—the last day that, as defendants understand the First Amended Complaint, Shareholder alleges that CCBN attempted to infiltrate Shareholder's computer system.

Document Request No. 4:

Documents concerning defendants' use of data or information acquired from Shareholder.com's internal communication and computer systems, including Shareholder.com's Management and Dialog systems.

Response to Request No. 4:

Subject to and without waiving its General Objections, defendants object to this Request on the additional grounds that it is duplicative, vague, overly broad, unduly burdensome, and oppressive. Subject to these objections, defendants will produce non-privileged documents responsive to this Request, if any.

Document Request No. 5:

Documents concerning or compiled during any investigation conducted by defendants of their employees' accessing of Shareholder.com's internal communication and computer systems, including but not limited to any documents concerning Jeffrey Parker's response to Ed deCastro's June 2002 report of defendants' misconduct or any investigation undertaken by Thomson prior to its acquisition of CCBN.

Response to Request No. 5:

Subject to and without waiving its General Objections, defendants object to this Request on the additional grounds that it is duplicative and seeks the production of documents that are neither relevant to a claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object on the basis that the documents requested are protected by the attorney-client privilege. Subject to these objections, other than documents concerning "any investigation undertaken by Thomson prior to its acquisition of CCBN," defendants will produce non-privileged documents responsive to this Request, if any.

Document Request No. 6:

Documents concerning any disciplinary or remedial action taken by defendants against employees who (1) participated in the accessing of Shareholder.com's internal communication and computer systems, (2) failed to take action to report, prevent, or curtail such access, or (3) used the information obtained from such access.

Response to Request No. 6:

Subject to and without waiving its General Objections, defendants object to this Request on the additional grounds that it is duplicative and seeks the production of documents that are neither relevant to a claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object on the basis that the documents requested are protected by the attorney-client privilege. Subject to these objections, defendants will produce non-privileged documents responsive to this Request, if any.

Document Request No. 7:

Documents concerning any law enforcement or regulatory investigation of CCBN's accessing of Shareholder.com's internal communication and computer systems.

Response to Request No. 7:

Subject to and without waiving its General Objections, defendants object to this Request on the additional grounds that it is duplicative and seeks the production of documents that are neither relevant to a claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object on the basis that the documents requested are protected by the attorney-client privilege. Subject to these objections, defendants will produce non-privileged documents responsive to this Request, if any, concerning any such accessing between January 1, 2001 and October 31, 2003—the last day that, as defendants understand the First Amended Complaint, Shareholder alleges that CCBN attempted to infiltrate Shareholder's computer system.

Document Request No. 8:

Documents submitted to, received from, or requested by any law enforcement agency or regulatory body in the course of any investigation of CCBN's accessing of Shareholder.com's internal communication and computer systems.

Response to Request No. 8:

Subject to and without waiving its General Objections, defendants object to this Request on the additional grounds that it is duplicative and seeks the production of documents that are neither relevant to a claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object on the basis that the documents requested are protected by the attorney-client privilege. Subject to these objections, defendants will produce non-privileged documents responsive to this Request, if any, concerning any such accessing between January 1, 2001 and October 31, 2003—the last day that, as defendants understand the First Amended Complaint, Shareholder alleges that CCBN attempted to infiltrate Shareholder's computer system.

Document Request No. 9:

Documents received by CCBN from the Massachusetts Attorney General's office during its investigation of CCBN's accessing of Shareholder.com's internal communication and computer systems.

Response to Request No. 9:

Subject to and without waiving its General Objections, defendants object to this Request on the additional grounds that it is duplicative and seeks the production of documents that are neither relevant to a claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object on the basis that the documents requested are protected by the attorney-client privilege. Subject to these objections, defendants will produce non-privileged documents responsive to this Request, if any, concerning any such accessing between January 1, 2001 and October 31, 2003—the last day that, as defendants understand the First Amended Complaint, Shareholder alleges that CCBN attempted to infiltrate Shareholder's computer system.

## Document Request No. 10:

Documents submitted to, generated by, received from, or requested by the law firm of Todd & Weld in connection with its representation of CCBN during the Massachusetts Attorney General's investigation of CCBN's accessing of Shareholder.com's internal communication and computer systems.

## Response to Request No. 10:

Subject to and without waiving its General Objections, defendants object to this Request on the additional grounds that it is duplicative, overly broad, unduly burdensome, and seeks the production of documents that are neither relevant to a claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object on the basis that the documents requested are protected by the attorney-client privilege. Subject to these objections, defendants will produce non-privileged documents responsive to this Request, if any, concerning any such accessing between January 1, 2001 and October 31, 2003— the last day that, as defendants understand the First Amended Complaint, Shareholder alleges that CCBN attempted to infiltrate Shareholder's computer system.

## Document Request No. 11:

Documents concerning policies and procedures for backing-up, retaining or destroying information or data stored on CCBN computers (including CCBN-owned laptop computers) from 2001 to the present.

## Response to Request No. 11:

Subject to and without waiving its General Objections, defendants object to this Request on the additional grounds that it seeks the production of documents that are neither relevant to a claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object on the basis that the documents requested are protected by the attorney-client privilege. Subject to these objections, defendants will produce non-privileged documents responsive to this Request, if any.

Document Request No. 12:

Documents concerning deleted or destroyed information or data from defendants' computer systems or laptops relating to defendants' access or attempts to access Shareholder.com's internal communication and computer systems from 2001 to the present.

Response to Request No. 12:

Subject to and without waiving its General Objections, defendants object to this Request on the additional ground that it is duplicative. Defendants further object on the basis that the documents requested are protected by the attorney-client privilege. Subject to these objections, defendants will produce non-privileged documents responsive to this Request, if any, concerning any such accessing between January 1, 2001 and October 31, 2003—the last day that, as defendants understand the First Amended Complaint, Shareholder alleges that CCBN attempted to infiltrate Shareholder's computer system.

Document Request No. 13:

CCBN's communications with potential clients between the intrusion date and December 30, 2002.

Response to Request No. 13:

Subject to and without waiving its General Objections, defendants object to this Request on the additional grounds that it is vague, overly broad, unduly burdensome, oppressive, and seeks the production of documents that are neither relevant to a claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendants will not produce documents responsive to this Request.

Document Request No. 14:

Documents sufficient to identify the content of sales or marketing efforts made toward potential clients from the intrusion date to the present.

9

Response to Request No. 14:

Subject to and without waiving its General Objections, defendants object to this Request on the additional grounds that it is vague, overly broad, unduly burdensome, oppressive, and seeks the production of documents that are neither relevant to a claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections, defendants will produce a sample of non-privileged documents responsive to this Request.

Document Request No. 15:

Documents concerning any sales, marketing or advertising efforts comparing CCBN's services with Shareholder.com's services, made between 2001 and the present.

Response to Request No. 15:

Subject to and without waiving its General Objections, defendants object to this Request on the additional grounds that it is duplicative, vague, overly broad, unduly burdensome, oppressive, and seeks the production of documents that are neither relevant to a claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections, defendants will produce non-privileged documents responsive to this Request, if any.

Document Request No. 16:

Documents concerning the sales or marketing of additional services to existing clients between the intrusion date and September 30, 2002.

Response to Request No. 16:

Subject to and without waiving its General Objections, defendants object to this Request on the additional grounds that it is duplicative, vague, overly broad, unduly burdensome, oppressive, and seeks the production of documents that are neither relevant to a claim or defense

of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object on the ground that the term "additional services" is vague, ambiguous, and has not been defined. Defendants will not produce documents responsive to this Request.

Document Request No. 17:

Communications to CCBN employees or the CCBN Board of Directors regarding the Massachusetts Attorney General's investigation of CCBN's accessing of Shareholder.com's communication and computer systems.

Response to Request No. 17:

Subject to and without waiving its General Objections, defendants object to this Request on the additional grounds that it is duplicative and seeks the production of documents that are neither relevant to a claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object on the basis that the documents requested are protected by the attorney-client privilege. Subject to these objections, defendants will produce non-privileged documents responsive to this Request, if any, concerning any such accessing between January 1, 2001 and October 31, 2003—the last day that, as defendants understand the First Amended Complaint, Shareholder alleges that CCBN attempted to infiltrate Shareholder's computer system.

Document Request No. 18:

Organizational charts or lists identifying CCBN personnel responsible or participating in the solicitation of business from the following companies from 2001 to the present: Schlumberger Limited; Lucent Technologies; John Hancock Financial Services, Inc.; Manufacturer's Services Limited; R.J. Reynolds Tobacco, Inc., Intel Corporation; ATA Holdings Corporation; BancWest Corporation; Barnesandnobel.com; Boise Cascade Corporation; Colgate-Palmolive Company; Genuity Inc.; Global Crossing; IBM, Inc.; ITT Industries, Inc.; Johnson & Johnson; Liberty Media Corporation; Metropolitan Life Insurance Company; Microsoft Corporation; Wachovia Corporation; WP Carey & Co., LLC; and Yahoo, Inc.

Response to Request No. 18:

Subject to and without waiving its General Objections, defendants object to this Request on the additional grounds that it is overly broad, unduly burdensome, oppressive, and seeks the production of documents that are neither relevant to a claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections, to the extent practicable defendants will produce a list identifying CCBN personnel involved in any solicitation of business after January 1, 2001, from the entities listed in the Request.

Document Request No. 19:

Documents concerning strategy for marketing CCBN's services to the following companies from 2001 to the present: Schlumberger Limited; Lucent Technologies; John Hancock Financial Services, Inc.; Manufacturer's Services Limited; R.J. Reynolds Tobacco, Inc., Intel Corporation; ATA Holdings Corporation; BancWest Corporation; Barnesandnobel.com; Boise Cascade Corporation; Colgate-Palmolive Company; Genuity Inc.; Global Crossing; IBM, Inc.; ITT Industries, Inc.; Johnson & Johnson; Liberty Media Corporation; Metropolitan Life Insurance Company; Microsoft Corporation; Wachovia Corporation; WP Carey & Co., LLC; and Yahoo, Inc.

Response to Request No. 19:

Subject to and without waiving its General Objections, defendants object to this Request on the additional grounds that it is overly broad, unduly burdensome, oppressive, and seeks the production of documents that are neither relevant to a claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object on the ground that the term "strategy" is vague, ambiguous, and has not been defined. Subject to these objections, defendants will produce documents, if any, describing general methods of marketing CCBN's services after January 1, 2001, to the entities listed in the Request.

Document Request No. 20:

Documents sufficient to identify CCBN's annual revenues from the following companies from 2001 to the present: Schlumberger Limited; Lucent Technologies; John Hancock Financial Services, Inc.; Manufacturer's Services Limited; R.J. Reynolds Tobacco, Inc. and Intel Corporation.

Response to Request No. 20:

Subject to and without waiving its General Objections, defendants object to this Request on the additional grounds that it seeks the production of documents that are neither relevant to a claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections, defendants will produce documents sufficient to identify revenues related to its Investor Relations Services provided to the clients listed in the Request for the fiscal years of 2001 through 2003.

Document Request No. 21:

Communications to or from the following clients from 2001 to the present: Schlumberger Limited; Lucent Technologies; John Hancock Financial Services, Inc.; Manufacturer's Services Limited; R.J. Reynolds Tobacco, Inc., Intel Corporation; ATA Holdings Corporation; BancWest Corporation; Barnesandnobel.com; Boise Cascade Corporation; Colgate-Palmolive Company; Genuity Inc.; Global Crossing; IBM, Inc.; ITT Industries, Inc.; Johnson & Johnson; Liberty Media Corporation; Metropolitan Life Insurance Company; Microsoft Corporation; Wachovia Corporation; WP Carey & Co., LLC; and Yahoo, Inc.

Response to Request No. 21:

Subject to and without waiving its General Objections, defendants object to this Request on the additional grounds that it is overly broad, unduly burdensome, oppressive, and seeks the production of documents that are neither relevant to a claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendants will not produce documents responsive to this Request.

Document Request No. 22:

Documents sufficient to establish CCBN's document retention or destruction policies from 2001 to the present.

Response to Request No. 22:

Subject to and without waiving its General Objections, defendants will produce non-privileged documents responsive to this Request.

Document Request No. 23:

Communications between CCBN and Thomson personnel concerning CCBN's accessing of Shareholder.com's internal communication and computer systems, including any communications concerning potential criminal or civil liability arising from CCBN's action.

Response to Request No. 23:

Subject to and without waiving its General Objections, defendants object to this Request on the additional grounds that it is duplicative, vague, overly broad, unduly burdensome, oppressive, and seeks the production of documents that are neither relevant to a claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object on the basis that the documents requested are protected by the attorney-client privilege. Subject to these objections, defendants will produce non-privileged documents responsive to this Request, if any, concerning communications that occurred during merger discussions between CCBN and Thomson.

Document Request No. 24:

Documents sufficient to identify the capitalization of CCBN, on a quarterly basis, from January 2003 to the present.

Response to Request No. 24:

Subject to and without waiving its General Objections, defendants object to this Request on the additional grounds that it is vague and seeks the production of documents that are neither relevant to a claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections, defendants will produce non-

14

privileged documents sufficient to identify CCBN's capitalization immediately prior to March 11, 2004 and any quarterly statements sufficient to identify CCBN's capitalization after March 11, 2004 and date of these Requests.

Document Request No. 25:

Documents concerning plans or strategy for the integration of CCBN's operations into Thomson following Thomson's acquisition of CCBN.

Response to Request No. 25:

Subject to and without waiving its General Objections, defendants object to this Request on the additional grounds that it is vague, overly broad, unduly burdensome, oppressive, and seeks the production of documents that are neither relevant to a claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendants will not produce documents responsive to this Request.

Document Request No. 26:

Documents concerning CCBN's counterclaims.

Response to Request No. 26:

Subject to and without waiving its General Objections, defendants will produce non-privileged documents responsive to this Request.

Document Request No. 27:

Documents concerning any CCBN policies governing (1) use of CCBN computers by employees, or (2) theft of confidential information from competitors.

Response to Request No. 27:

Subject to and without waiving its General Objections, defendants object to this Request on the additional grounds that it is vague, overly broad, unduly burdensome, oppressive, and seeks the production of documents that are neither relevant to a claim or defense of any party

nor reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections, defendants will produce non-privileged documents responsive to this Request, if any, which date from January 1, 2001 through the date of these Requests.

Dated: September 14, 2004

GOODWIN PROCTER LLP

*/s/ David M. Moss*

Anthony S. Fiotto (BBO #558089)
David M. Moss (BBO #649707)
Exchange Place
53 State Street
Boston, MA 02109-2881
(617) 570-1000

Counsel for Defendants CCBN.COM, INC. and THE THOMSON CORPORATION

### CERTIFICATE OF SERVICE

This is to certify that on this 14th day of September 2004, a true and correct copy of the above and foregoing instrument was served via First Class mail to Ruth T. Dowling, Esq., Palmer & Dodge LLP, 111 Huntington Avenue at Prudential Center, Boston, MA 02199-7613.

*/s/ David M. Moss*
David M. Moss

LIBA/1410346.4

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


DIRECT REPORT CORPORATION, dba
SHAREHOLDER.COM,
       Plaintiff,

v.                                            CIVIL ACTION
                                               04-CV-10535-PBS
CCBN.COM, et al,
       Defendants.


## **REVISED** NOTICE OF MEDIATION

TAKE NOTICE that the above-entitled case has been **rescheduled** for a MEDIATION **with principals present** at 10:00 a.m. on Thursday, December 16, 2004 before Magistrate Judge Dein in Courtroom 15 on the fifth floor of the United States District Courthouse, 1 Courthouse Way, Boston, MA 02201. A Confidential Mediation Memorandum, addressing each party's position on the merits of the case and on settlement, shall be faxed five business days prior to the Mediation to Magistrate Judge Dein's chambers at (617) 748-4585.


                                               By: /s/ Barbara Clarke
                                               Barbara Clarke (617) 748-9275
                                               (Available Only Tuesday, Wednesday
                                               and Thursday)

To: ALL COUNSEL OF RECORD
October 26, 2004