# EXHIBIT E

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIRECT REPORT CORPORATION d/b/a SHAREHOLDER.COM, <br><br>     Plaintiff, <br><br>   v. <br><br> CCBN.COM, INC., <br> THE THOMSON CORPORATION, <br> JOHN DOES 1 through 5, and <br> JANE DOES 1 through 5, <br><br>     Defendants. | Civil Action No. 04-10535 PBS |

**DEFENDANTS CCBN.COM, INC. AND THE THOMSON CORPORATION'S
RESPONSES AND OBJECTIONS TO PLAINTIFF SHAREHOLDER.COM'S
SECOND SET OF REQUESTS FOR PRODUCTION OF
DOCUMENTS AND TANGIBLE THINGS TO DEFENDANTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Local Rule 34.1,

defendants CCBN.com, Inc. ("CCBN") and The Thomson Corporation ("Thomson")

(collectively, "Defendants") hereby respond and object to plaintiff Direct Report Corporation

d/b/a/ Shareholder.com's ("Shareholder") Second Set of Requests for Production of Documents

and Tangible Things to Defendants (the "Requests") as follows:

**GENERAL OBJECTIONS AND RESPONSES**

Defendants hereby incorporate by reference the General Objections and Responses from

Defendants' Responses and Objections to Shareholder's First Set of Requests for Production of

Documents and Tangible Things.  Defendants further object to the Interrogatories to the extent

they are inconsistent with the Court's Order of March 1, 2005.

## SPECIFIC OBJECTIONS AND RESPONSES

Document Request No. 28:

Documents sufficient to identify CCBN services or products purchased by each CCBN client listed on Appendix A from 1997 to present day.

Response to Request No. 28:

Subject to and without waiving its General Objections, defendants object to this Request on the additional grounds that it vague, overly broad, unduly burdensome, and oppressive. Defendants further object on the basis that the documents requested are neither relevant to a claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections and to their General Objections, defendants refer Shareholder to the documents previously produced by defendants, bearing Bates-numbers D000381-D002832.

Document Request No. 29

Documents sufficient to identify all improvements and enhancements made to CCBN's products between 2000 to the present.

Response to Request No. 29:

Subject to and without waiving its General Objections, defendants object to this Request on the additional grounds that it vague, overly broad, unduly burdensome, and oppressive. Defendants further object on the basis that the documents requested are neither relevant to a claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object on the grounds that the terms "improvements" and "enhancements" are vague, ambiguous, and have not been defined. Defendants will not produce documents responsive to this Request.

Document Request No. 30

Documents concerning CCBN's sales cycle, including salesperson training manuals and documents describing the amount of expected lead time and costs incurred by CCBN to develop a new client relationship, from first contact or proposal to contract signing or beginning of service, between 2000 to the present.

Response to Request No. 30:

Subject to and without waiving its General Objections, defendants object to this Request on the additional grounds that it overly broad, unduly burdensome, and oppressive. Defendants further object on the basis that the documents requested are neither relevant to a claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections, defendants will produce non-privileged documents responsive to this Request, if any, for the relevant time period.

Document Request No. 31

Documents concerning any discounting, price incentive and/or service bundling programs offered to potential CCBN clients between 2000 to the present.

Response to Request No. 31

Subject to and without waiving its General Objections, defendants object to this Request on the additional grounds that it overly broad, unduly burdensome, and oppressive. Defendants further object on the basis that the documents requested are neither relevant to a claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendants will not produce documents responsive to this Request.

Document Request No. 32:

Documents concerning the reasons for leaving CCBN identified by clients terminating CCBN's products or services between 1997 to the present.

Response to Request No. 32:

Subject to and without waiving its General Objections, defendants object to this Request on the additional grounds that it is overly broad, unduly burdensome, and oppressive. Defendants further object on the basis that the documents requested are neither relevant to a claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.  Defendants will not produce documents responsive to this Request.

Document Request No. 33:

Documents identifying each company that received a sales proposal from CCBN between 2000 to the present including dates of proposals, details of terms of proposals and the result of each such proposal, including whether or not a contract was signed with CCBN.

Response to Request No. 33:

Subject to and without waiving its General Objections, defendants object to this Request on the additional grounds that it overly broad, unduly burdensome, and oppressive. Defendants further object on the basis that the documents requested are neither relevant to a claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence.  Defendants further object to this Request on the grounds that it is duplicative of the Focus documents the Court has ordered Defendants to produce, and Defendants will not produce documents beyond the scope of that ordered by the Court.

Document Request No. 34:

Documents concerning pricing of CCBN's products and services, including CCBN product and service price lists, company policies concerning product and service pricing and analyses used to determine prices for CCBN products and services.

Response to Request No. 34:

Subject to and without waiving its General Objections, defendants object to this Request on the additional grounds that it vague, overly broad, unduly burdensome, and

oppressive. Defendants further object on the basis that the documents requested are neither relevant to a claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections, defendants will produce non-privileged documents responsive to this Request, if any, for the relevant time period.

Document Request No. 35:

Documents describing the consolidation of CCBN's business into the financial statements of Thomson, including all notes.

Response to Request No. 35:

Subject to and without waiving its General Objections, defendants object to this Request on the additional grounds that it vague, overly broad, unduly burdensome, oppressive, and seeks the production of documents that are neither relevant to a claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendants will not produce documents responsive to this Request.

Document Request No. 36:

CCBN financial statements, including all financial statements for particular product lines, from 2000 to present.

Response to Request No. 36:

Subject to and without waiving its General Objections, defendants object to this Request on the additional grounds that it is overly broad, unduly burdensome, and oppressive. Defendants further object on the grounds that it seeks the production of documents that are neither relevant to a claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections and to their General Objections, defendants will produce annual financial statements responsive to this Request.

<u>Document Request No. 37:</u>

Documents sufficient to identify CCBN's detailed operating expenses from 2000 to present.

<u>Response to Request No. 37:</u>

Subject to and without waiving its General Objections, defendants object to this Request on the additional grounds that it is overly broad, unduly burdensome, and oppressive. Defendants further object on the grounds that it seeks the production of documents that are neither relevant to a claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections and to their General Objections, defendants will produce annual financial statements responsive to this Request.

<u>Document Request No. 38:</u>

Documents concerning CCBN's classification of expenses as fixed and/or variable.

<u>Response to Request No. 38:</u>

Subject to and without waiving its General Objections, defendants object to this Request on the additional grounds that it is overly broad, unduly burdensome, and oppressive. Defendants further object on the grounds that it seeks the production of documents that are neither relevant to a claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections and to their General Objections, defendants will produce annual financial statements responsive to this Request.

<u>Document Request No. 39:</u>

CCBN chart of accounts and accounting manuals from 2000 to present.

Response to Request No. 39:

       Subject to and without waiving its General Objections, defendants object to this Request on the additional grounds that it is vague, overly broad, unduly burdensome, and oppressive. Defendants further object on the grounds that it seeks the production of documents that are neither relevant to a claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendants will not produce documents responsive to this Request.

Document Request No. 40:

       Business plans, marketing plans, and/or industry reports including any financial or sales growth projections, whether created by CCBN or acquired from a third party, created between 2000 and the present.

Response to Request No. 40:

       Subject to and without waiving its General Objections, defendants object to this Request on the additional grounds that it is overly broad, unduly burdensome, and oppressive. Defendants further object on the basis that the documents requested are neither relevant to a claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections, defendants will produce non-privileged documents responsive to this Request, if any, for the relevant time period.

Document Request No. 41

       Documents sufficient to identify the discount and/or interest rates CCBN used for business planning purposes (e.g., hurdle rates, borrowing rates, cost of equity, or others) from 2000 to the present.

Response to Request No. 41:

       Subject to and without waiving its General Objections, defendants object to this Request on the additional grounds that it is overly broad, unduly burdensome, and oppressive.

Defendants further object on the basis that the documents requested are neither relevant to a claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendants will not produce documents responsive to this Request.

Document Request No. 42:

Documents sufficient to identify CCBN's cost of borrowing from 2000 to present.

Response to Request No. 42:

Subject to and without waiving its General Objections, defendants object to this Request on the additional grounds that it is overly broad, unduly burdensome, and oppressive. Defendants further object to this Request on the basis that the documents requested are neither relevant to a claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request on the ground that the phrase "cost of borrowing" is vague and ambiguous. Defendants will not produce documents responsive to this Request.

Document Request No. 43:

Documents concerning any offers or potential offers by CCBN and/or Thomson to acquire Shareholder.com, including documents concerning valuations of Shareholder.com.

Response to Request No. 43:

Subject to and without waiving its General Objections, defendants object to this Request on the additional grounds that it seeks production of documents that are neither relevant to a claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections, defendants will produce non-privileged documents responsive to this Request, if any, for the relevant time period.

Document Request No. 44:

CCBN contracts and/or subscription agreements with the clients listed in Appendix A.

Response to Request No. 44:

Subject to and without waiving its General Objections, defendants object to this Request on the additional grounds that it overly broad, unduly burdensome, and oppressive. Defendants further object on the basis that the documents requested are neither relevant to a claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendants will not produce documents responsive to this Request.

Document Request No. 45:

Agreements, including non-disclosure agreements, between Thomson or CCBN and Jeffrey Parker, Robert Adler and/or Timothy Bryan.

Response to Request No. 45:

Subject to and without waiving its General Objections, defendants object to this Request on the additional grounds that it seeks the production of documents that are neither relevant to a claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request to the extent that it seeks documents that are protected by the attorney-client privilege and/or work product privilege. Subject to these objections, defendants will produce non-privileged documents, if any, that are responsive to this Request.

Document Request No. 46:

Documents concerning CCBN's Information Infrastructure Topology between 2000 and 2004.

<u>Response to Request No. 46:</u>

Subject to and without waiving its General Objections, defendants object to this Request on the additional grounds that it is overly broad, unduly burdensome, and oppressive. Defendants further object on the basis that the term "Information Infrastructure Topology" is vague, ambiguous, and unduly burdensome. Subject to these objections, defendants will produce non-privileged documents responsive to this Request, if any, for the relevant time period.

<u>Document Request No. 47:</u>

Documents sufficient to identify any policies, procedures, standards or guidelines used to manage CCBN's information technology between 2000 and 2004.

<u>Response to Request No. 47:</u>

Subject to and without waiving its General Objections, defendants object to this Request on the additional grounds that it vague, overly broad, unduly burdensome, and oppressive. Subject to these objections, defendants will produce non-privileged documents responsive to this Request, if any, for the relevant time period.

<u>Document Request No. 48:</u>

All policies, procedures, standards, and guidelines for the use of CCBN's user authentication services, access control services, domain control services, Internet access services, public Internet Protocol address assignment services, remote access services, virtual private network services, terminal services, electronic mail services, gateway devices and services, bastian hosts, proxy devices and services, instant messaging services, or internet relay chat services applicable to the following CCBN employees or agents between 2000 and 2004:

    (a)     Jeffrey Parker

    (b)     Robert Adler

    (c)     Timothy Bryan

    (d)     direct reports to Robert Adler

    (e)     consultants providing services to Robert Adler

(f)     information technology personnel providing support to Robert Adler

(g)     any employees with sales, marketing or business development responsibilities who communicated with Robert Adler

(h)     Any employees with sales, marketing or business development responsibilities with respect to the clients listed in Appendix A.

Response to Request No. 48:

Subject to and without waiving its General Objections, defendants object to this Request on the additional grounds that it duplicative. Defendants further object that it is vague, overly broad, unduly burdensome, and oppressive. Defendants also object on the ground that the phrases "direct reports to Robert Adler," "providing services," "providing support," and "who communicated with Robert Adler" are vague, ambiguous, and unduly burdensome. Subject to these objections, defendants will produce non-privileged documents responsive to this Request, if any, for the relevant time period.

Document Request No. 49:

[D]ata storage material concerning any CCBN log data describing a record of any successful or failed operation of a system, device, or host platform, network service provision details, or application execution and operation, hosted on any of the computer systems or electronic devices referenced in request no. 48.

Response to Request No. 49:

Subject to and without waiving its General Objections, defendants object to this Request on the additional grounds that it is vague, overly broad, unduly burdensome, and oppressive. Defendants also object on the ground that the phrases "direct reports to Robert Adler," "providing services," "providing support," and "who communicated with Robert Adler" are vague, ambiguous, and unduly burdensome. Subject to these objections, defendants state that there is no data storage material in defendants' possession responsive to this Request.

Document Request No. 50:

        Electronic mail data storage material from any of the computer systems or electronic devices referenced in request no. 48 concerning Shareholder.com marketing or business planning, Shareholder.com computer and communication systems, Shareholder.com clients, Shareholder.com Internet system URLs, Shareholder.com Internet system usernames and or passwords, Shareholder.com Internet system generated Cold Fusion ID's and, Cold Fusion tokens.

Response to Request No. 50:

        Subject to and without waiving its General Objections, defendants object to this Request on the additional grounds that it is overly broad, unduly burdensome, and oppressive. Defendants also object on the ground that the phrases "direct reports to Robert Adler," "providing services," "providing support," and "who communicated with Robert Adler" are vague, ambiguous, and unduly burdensome. Defendants will not produce documents responsive to this Request.

Document Request No. 51:

        Data storage material concerning CCBN computer systems or electronic devices used for temporary or permanent data storage of any form of electronic data generated by employees identified in request no. 48 between 2000 and 2004.

Response to Request No. 51:

        Subject to and without waiving its General Objections, defendants object to this Request on the additional grounds that it is vague, overly broad, unduly burdensome, and oppressive. Defendants object on the further ground that it seeks the production of materials that are neither relevant to any claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendants also object on the ground that the phrases "direct reports to Robert Adler," "providing services," "providing support," and "who communicated with Robert Adler" are vague, ambiguous, and unduly burdensome. Defendants will not produce documents responsive to this Request.

<u>Document Request No. 52:</u>

Data storage material concerning any CCBN computer system or electronic device containing any version of <u>AOL.com</u> client software assigned to any personnel identified in request no. 48 between 2000 and 2004.

<u>Response to Request No. 52:</u>

Subject to and without waiving its General Objections, defendants object to this Request on the additional grounds that it is vague, overly broad, unduly burdensome, and oppressive. Defendants also object on the ground that the phrases "direct reports to Robert Adler," "providing services," "providing support," and "who communicated with Robert Adler" are vague, ambiguous, and unduly burdensome. Defendants will not produce documents responsive to this Request.

<u>Document Request No. 53:</u>

Data storage material concerning any home or mobile computer systems belonging to the CCBN employees identified in request no. 48.

<u>Response to Request No. 53:</u>

Subject to and without waiving its General Objections, defendants object to this Request on the additional grounds that it is vague, overly broad, unduly burdensome, and oppressive. Defendants also object on the ground that the phrases "direct reports to Robert Adler," "providing services," "providing support," and "who communicated with Robert Adler" are vague, ambiguous, and unduly burdensome. Defendants will not produce documents responsive to this Request.

Document Request No. 54:

Data storage material concerning any CCBN computer system or electronic device's interaction with the computer network of Virtual Development Inc. or the American Data Center.

Response to Request No. 54:

Subject to and without waiving its General Objections, defendants object to this Request on the additional grounds that it is overly broad. Defendants further object to this Request on the grounds that it seeks the production of material that is neither relevant to a claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendants will not produce documents responsive to this Request.

Document Request No. 55:

Data storage material or electronic data concerning the use of Virtual Development Inc. or the American Data Center's services, systems or registered Internet Protocol addresses by the CCBN personnel identified in request no. 48. Electronic data responsive to this request would, include file transfer service log data including but not limited to FTP (file transfer protocol), SFTP (secure file transfer protocol) or FTP over SSL (secure sockets layer).

Response to Request No. 55:

Subject to and without waiving its General Objections, defendants object to this Request on the additional grounds that it seeks the production of material that is neither relevant to a claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendants also object on the ground that the phrases "direct reports to Robert Adler," "providing services," "providing support," and "who communicated with Robert Adler" are vague, ambiguous, and unduly burdensome. Subject to these objections, defendants state that there is no data storage material or electronic data in defendants' possession responsive to this Request.

<u>Document Request No. 56:</u>

All CCBN e-mail addresses, username, domain, local system, and application account identifications and passwords or pass phrases used by Robert Adler between 2000 and 2004.

<u>Response to Request No. 56:</u>

Subject to and without waiving its General Objections, defendants object to this Request on the additional grounds that it is overly broad. Subject to these objections, defendants will produce non-privileged documents responsive to this Request, if any, for the relevant time period.

<u>Document Request No. 57:</u>

Data storage material concerning any <u>CCBN.com</u> computer system or electronic device capable of storing electronic data for any computers, personal digital assistants, mobile wireless computing or telephone devices assigned by CCBN to Robert Adler between 2000 and 2004.

<u>Response to Request No. 57:</u>

Subject to and without waiving its General Objections, defendants object to this Request on the additional grounds that it is duplicative. Defendants further object on the grounds that it is overly broad, unduly burdensome, and oppressive. Subject to these objections, defendants state that there is no data storage material in defendants' possession responsive to this Request.

<u>Document Request No. 58:</u>

Data storage material concerning any computers, personal digital assistants, mobile wireless computing or telephone devices owned or leased by Robert Adler between 2000 and 2004.

<u>Response to Request No. 58:</u>

Subject to and without waiving its General Objections, defendants object to this Request on the additional grounds that it is duplicative. Defendants further object on the grounds

that it is overly broad.  Subject to these objections, defendants state that there is no data storage

material in defendants' possession responsive to this Request.

Document Request No. 59:

      The personnel files of Robert Adler, Timothy Bryan, Greg Radner, Jason
Buckley, Steven Roycroft and any CCBN employee or former employee who intruded into
Shareholder.com's internal computer systems.

Response to Request No. 59:

      Subject to and without waiving its General Objections, defendants object to this

Request on the additional grounds that it seeks the production of documents that are neither

relevant to a claim or defense of any party nor reasonably calculated to lead to the discovery of

admissible evidence.  Defendants further object to this Request on the ground that it infers that

one or more of the named individuals "intruded into Shareholder.com's internal computer

systems,' when there is no competent, physical evidence to support such an inference.

Defendants further object to this Request on the ground that it seeks highly personal and

proprietary information.  Subject to these objections, defendants will produce the personnel file

of Robert Adler.

Document Request No. 60:

      Documents identifying any disciplinary action taken against any CCBN employee
for engaging in corporate espionage including but not limited to the intrusion into
Shareholder.com's internal computer systems.

Response to Request No. 60:

      Subject to and without waiving its General Objections, defendants object to this

Request on the additional grounds that it is overly broad.  Defendants further object on the basis

that the Request seeks documents that are protected by the attorney-client privilege and/or work

product privilege.  Defendants further object to this Request to the extent it infers that any CCBN

employee "engag[ed] in corporate espionage," when there is no competent, physical evidence to

support such an inference. Defendants also object to this Request on the grounds that the

documents sought are neither relevant to a claim or defense of any party nor reasonably

calculated to lead to discovery of admissible evidence. Subject to these objections, defendants

will produce non-privileged documents, if any, concerning any disciplinary action taken against

any CCBN employee relevant to the alleged intrusions into Shareholder.com's internal computer

systems.

Document Request No. 61:

       Documents concerning any CCBN or Thomson Board of Director meetings at
which Shareholder.com was discussed, including but not limited to minutes or notes taken at such
meetings.

Response to Request No. 61:

       Subject to and without waiving its General Objections, defendants object to this

Request on the additional grounds that it is overly broad, unduly burdensome, and oppressive.

Defendants further object on the ground that it seeks the production of materials that are neither

relevant to a claim or defense of any party nor reasonably calculated to lead to the discovery of

admissible evidence. Defendants further object on the ground that the Request seeks documents

that are protected by the attorney-client privilege and/or work product privilege. Subject to these

objections, defendants will produce non-privileged portions of minutes from CCBN Board of

Directors meetings during which Shareholder was discussed, if any, for the relevant time period.

Document Request No. 62:

       Documents concerning any meeting of CCBN management at which
Shareholder.com was discussed, including but not limited to minutes or notes taken at such
meetings.

Response to Request No. 62:

       Subject to and without waiving its General Objections, defendants object to this

Request on the additional grounds that it is duplicative. Defendants further object on the grounds

that it is overly broad and that it seeks the production of materials that are neither relevant to a claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request to the extent it seeks documents that are protected from disclosure by the attorney-client privilege and/or work product privilege. Defendants also object to the phrase "any meeting of CCBN management" as vague and undefined, as it could theoretically include any conversation between any members of CCBN's management, which would be unduly burdensome.

Document Request No. 63:

Communications between any defendant and any third party, including but not limited to Robert Adler or his counsel, concerning this litigation.

Response to Request No. 63:

Subject to and without waiving its General Objections, defendants object to this Request on the additional grounds that it is overly broad. Defendants further object on the basis that the Request seeks documents that are protected by the joint defense, work product and attorney-client privileges. Subject to these objections, defendants will produce non-privileged information, if any, responsive to this Request.

Document Request No. 64:

Documents concerning any damages defendants allege to have incurred as a result of the conduct alleged in the counterclaims.

Response to Request No. 64:

Subject to and without waiving its General Objections, defendants object to this Request on the additional grounds that it is duplicative. Subject to these objections, defendants will produce non-privileged documents responsive to this Request.

18

Document Request No. 65:

Documents describing the modifications and additions made to CCBN's Focus system from January 1, 2001 through January 1, 2004.

Response to Request No. 65:

Subject to and without waiving its General Objections, defendants object to this Request on the additional grounds that it is overly broad, unduly burdensome, and oppressive. Defendants further object on the grounds that it seeks the production of documents that are neither relevant to a claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendants will not produce documents responsive to this Request.

Document Request No. 66:

Documents provided to any expert or potential expert engaged by defendants.

Response to Request No. 66:

Subject to and without waiving its General Objections, defendants object to this Request on the additional grounds that it is overly broad. Defendants further object on the basis that the Request seeks documents that are protected by the attorney-client privilege and/or work product privilege. Defendants further object on the ground that, as provided in the Court's scheduling order, expert discovery in this matter has not yet commenced. Defendants further object to this Request to the extent it seeks the production of documents that have already been produced by any party or entity in this matter.

Document Request No. 67:

Documents sufficient to identify all improvements and enhancements made to CCBN's internal management, administrative and support software, used to run and/or operate CCBN's day to day business between 2000 to the present.

<u>Response to Request No. 67:</u>

Subject to and without waiving its General Objections, defendants object to this Request on the additional grounds that it is overly broad, unduly burdensome, and oppressive. Defendants further object on the grounds that it seeks the production of documents that are neither relevant to a claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendants will not produce documents responsive to this Request.

<u>Document Request No. 68:</u>

Documents sufficient to identify any and all changes to CCBN's internal management, administrative and support processes and procedures, used to run CCBN's day to day business between 2000 and the present.

<u>Response to Request No. 68:</u>

Subject to and without waiving its General Objections, defendants object to this Request on the additional grounds that it is duplicative. Defendants further object on the grounds that it is overly broad, unduly burdensome, and oppressive. Defendants further object on the grounds that it seeks the production of documents that are neither relevant to a claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendants will not produce documents responsive to this Request.

<u>Document Request No. 69:</u>

Documents sufficient to identify all problems, concerns, deficiencies, or other issues with respect to CCBN's internal management, administrative, and support software and/or processes and procedures, in the daily operation of CCBN's business between 2000 and the present.

<u>Response to Request 69:</u>

Subject to and without waiving its General Objections, defendants object to this Request on the additional grounds that it is overly broad, unduly burdensome, and oppressive.

Defendants further object on the grounds that it seeks the production of documents that are neither relevant to a claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendants will not produce documents responsive to this Request.

Document Request No. 70:

Documents concerning any comparison of the use of any functionality, capability, process and/or procedure in CCBN's business with that of Shareholder.com between 2000 and the present.

Response to Request No. 70:

Subject to and without waiving its General Objections, defendants object to this Request on the additional grounds that it is duplicative, vague, overly broad, unduly burdensome, and oppressive. Defendants further object on the grounds that it seeks the production of documents that are neither relevant to any claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendants will not produce documents responsive to this Request.

Document Request No. 71:

Documents concerning any interest, plan and/or strategy by CCBN in pursuing the acquisition of Shareholder.com's business between 2000 and the present.

Response to Request No. 71:

Subject to and without waiving its General Objections, defendants object to this Request on the additional grounds that it is vague, overly broad, and seeks the production of documents that are neither relevant to any claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object on the basis that the documents requested are protected by the attorney-client privilege and/or work product privilege.

Subject to these objections, defendants will produce non-privileged documents responsive to this

Request, if any, for the relevant time period.

<u>Document Request No. 72:</u>

        Documents concerning any interest, plan and/or strategy by CCBN in pursuing the customers and/or potential customers of Shareholder.com between 2000 and the present.

<u>Response to Request No. 72:</u>

        Subject to and without waiving its General Objections, defendants object to this

Request on the additional grounds that it is duplicative and overly broad.  Subject to these

objections, defendants will produce non-privileged general planning and strategy documents

responsive to this Request, if any, for the relevant time period.

<u>Document Request No. 73:</u>

        Documents concerning any interest by CCBN in the functional or other operation of Shareholder.com's internal communication and computer systems between 2000 and the present.

<u>Response to Request No. 73:</u>

        Subject to and without waiving its General Objections, defendants object to this

Request on the additional grounds that it is duplicative, overly broad, unduly burdensome, and

oppressive.  Defendants further object on the grounds that the phrase "any interest" is vague and

ambiguous.  Subject to these objections, defendants will produce non-privileged general planning

and strategy documents responsive to this Request, if any, for the relevant time period.

<u>Document Request No. 74:</u>

        Documents concerning any comparison of the products and/or services offered by CCBN to customers with those similar and/or equivalent products and/or services of Shareholder.com between 2000 and the present.

<u>Response to Request No. 74:</u>

        Subject to and without waiving its General Objections, defendants object to this

Request on the additional grounds that it is duplicative and overly broad.  Subject to these

objections, defendants will produce non-privileged general planning and strategy documents responsive to this Request, if any, for the relevant time period.

Document Request No. 75:

        Lists of CCBN employee names created between 2000 to the present.

Response to Request No. 75:

        Subject to and without waiving its General Objections, defendants object to this Request on the additional grounds that it is vague, overly broad, unduly burdensome, and oppressive. Defendants further object on the grounds that it seeks information that is not relevant to a claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections, defendants will produce a list of individuals employed by CCBN during 2002.

Document Request No. 76:

        Documents concerning the potential acquisition of CCBN, including Thomson's potential acquisition of CCBN, including any valuation of CCBN's business or assets.

Response to Request No. 76:

        Subject to and without waiving its General Objections, defendants object to this Request on the additional grounds that it is vague, overly broad, unduly burdensome, and oppressive. Defendants further object on the grounds that it seeks production of documents that are neither relevant to a claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections, defendants will produce non-privileged documents responsive to this Request, if any, for the relevant time period.

Document Request No. 77:

        CCBN's communications with the potential clients identified in Appendix B from the intrusion date to the present.

<u>Response to Request 77:</u>

Subject to and without waiving its General Objections, defendants object to this Request on the additional grounds that it is vague, overly broad, unduly burdensome, and oppressive. Defendants further object on the grounds that it seeks production of documents that are neither relevant to a claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendants will not produce documents responsive to this Request.

<u>Document Request No. 78:</u>

Documents identifying CCBN's Standard Industrial Classification Code(s) and related revenues, including CCBN's reports to the U.S. Census Bureau and filings made pursuant to the Hart-Scott-Rodino Act.

<u>Response to Request No. 78:</u>

Subject to and without waiving its General Objections, defendants object to this Request on the additional grounds that it seeks production of documents that are neither relevant to a claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Defendants will not produce documents responsive to this Request.

Dated: April 7, 2005

GOODWIN PROCTER LLP

Anthony S. Fiotto (BBO #558089)
David M. Moss (BBO #649707)
Exchange Place
53 State Street
Boston, MA  02109-2881
(617) 570-1000

Counsel for Defendants CCBN.COM,
INC. and THE THOMSON
CORPORATION

## CERTIFICATE OF SERVICE

This is to certify that on this 7th day of April 2005, a true and correct copy of the above and foregoing instrument was served via federal express to Ruth T. Dowling, Esq. Palmer & Dodge LLP, 111 Huntington Avenue at Prudential Center, Boston, MA 02199-7613.

David M. Moss

LIBA/1515923.2