# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIRECT REPORT CORPORATION d/b/a SHAREHOLDER.COM<br><br>Plaintiff,<br><br>v.<br><br>CCBN.COM, INC., THE THOMSON CORPORATION, JOHN DOES 1 through 5, and JANE DOES 1 through 5,<br><br>Defendants. | Civil Action No. 04-10535 PBS |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND TANGIBLE THINGS TO DEFENDANTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, plaintiff Direct Report Corporation d/b/a Shareholder.com ("Shareholder.com"), requests that defendants, CCBN.com, Inc. ("CCBN") and the Thomson Corporation ("Thomson") produce each of the documents and tangible things which are specified in the "Documents Requested" identified below

**Instructions**

A. Defendants are requested to produce all documents in defendants' custody, possession or control, including all documents that are in the custody of defendants' servants, attorneys, consultants, accountants or agents, regardless of the location of such documents.

B. The singular form of a noun or pronoun shall be considered to include within its meaning the plural form of the noun or pronoun so used, and vice versa; the use of the masculine form of a pronoun shall be considered also to include within its meaning the

feminine form of the pronoun so used, and <u>vice versa</u>; and the use of any tense of any verb shall be considered also to include within its meaning all other tenses of the verb so used.

C. Each request for documents seeks production of all documents described, along with any attachments, drafts and non-identical copies and for each document produced, either (a) identify the numbered request(s) to which the document relates, or (b) produce the document as it is found or located in either your business or personal files together with a copy of the descriptive file folder or database category in its entirety, without abbreviation, redaction or expurgation.

D. If any document request cannot be complied with in full, it shall be complied with to the extent possible, with an explanation as to why full compliance is not possible.

E. If defendants object to any of the specific requests for production set forth below, the precise grounds for such objection(s) shall be stated, with particularity.

F. In the event that defendants object to, or claim a privilege with respect to any instruction or request for production, in whole or in part, defendants are requested to produce all documents (or portions thereof) requested in that portion of the request for production as to which there is no objection or claim of privilege.

## Definitions

A. The definitions set forth in Rule 26.5(C) of the Local Rules of the United States District Court for the District of Massachusetts are incorporated by reference.

B. The word "Complaint" as used herein means the Amended Complaint filed in this action on May 20, 2004, or any later-filed Complaint.

C. As used herein, the word "and" and the word "or" separately shall, unless the context does not permit such a construction, be construed to mean "and/or."

D. The words "you" and "Defendants" mean Defendants CCBN.com, Inc. and the Thomson Corporation, together with their predecessors, subsidiaries, affiliates, assignees, licensees, employees, agents, representatives, attorneys and others acting for or on their behalf.

E. The words "Shareholder.com" or "plaintiff" mean Direct Report Corporation d/b/a Shareholder.com, together with its predecessors, subsidiaries, affiliates, assignees, licensees, employees, agents, representatives, attorneys and others acting for or on its behalf.

F. "Including" means including but not limited to.

G. "Intrusion date" means the earliest date upon which CCBN.com accessed, received, or made use of information from Shareholder.com's internal communication and computer systems.

H. "Shareholder.com's internal communication and computer systems" includes, but is not limited to, Shareholder.com's Management and Dialog systems.

I. "Potential clients" means potential consumers of defendants' services that were solicited by any kind of sales, marketing or advertising efforts by defendants.

J. "Capitalization" includes, but is not limited to, a dollar amount listing of corporate assets and liabilities.

## Documents Requested

1. Documents concerning defendants' accessing of Shareholder.com's internal communication and computer systems.

2. Documents identifying the information or data defendants acquired by accessing Shareholder.com's internal communication and computer systems.

3. Documents identifying employees of the defendants who accessed Shareholder.com's internal communication and computer systems.

4. Documents concerning defendants' use of data or information acquired from Shareholder.com's internal communication and computer systems, including Shareholder.com's Management and Dialog systems.

5. Documents concerning or compiled during any investigation conducted by defendants of their employees' accessing of Shareholder.com's internal communication and computer systems, including but not limited to any documents concerning Jeffrey Parker's response to Ed deCastro's June 2002 report of defendants' misconduct or any investigation undertaken by Thomson prior to its acquisition of CCBN.

6. Documents concerning any disciplinary or remedial action taken by defendants against employees who (1) participated in the accessing of Shareholder.com's internal communication and computer systems, (2) failed to take action to report, prevent, or curtail such access, or (3) used the information obtained from such access.

7. Documents concerning any law enforcement or regulatory investigation of CCBN's accessing of Shareholder.com's internal communication and computer systems.

8. Documents submitted to, received from, or requested by any law enforcement agency or regulatory body in the course of any investigation of CCBN's accessing of Shareholder.com's internal communication and computer systems.

9. Documents received by CCBN from the Massachusetts Attorney General's office during its investigation of CCBN's accessing of Shareholder.com's internal communication and computer systems.

10. Documents submitted to, generated by, received from, or requested by the law firm of Todd & Weld in connection with its representation of CCBN during the Massachusetts Attorney General's investigation of CCBN's accessing of Shareholder.com's internal communication and computer systems.

11. Documents concerning policies and procedures for backing-up, retaining or destroying information or data stored on CCBN computers (including CCBN-owned laptop computers) from 2001 to the present.

12. Documents concerning deleted or destroyed information or data from defendants' computer systems or laptops relating to defendants' access or attempts to access Shareholder.com's internal communication and computer systems from 2001 to the present.

13. CCBN's communications with potential clients between the intrusion date and December 30, 2002.

14. Documents sufficient to identify the content of sales or marketing efforts made toward potential clients from the intrusion date to the present.

15. Documents concerning any sales, marketing or advertising efforts comparing CCBN's services with Shareholder.com's services, made between 2001 and the present.

16. Documents concerning the sales or marketing of additional services to existing clients between the intrusion date and September 30, 2002.

17. Communications to CCBN employees or the CCBN Board of Directors regarding the Massachusetts Attorney General's investigation of CCBN's accessing of Shareholder.com's communication and computer systems.

18. Organizational charts or lists identifying CCBN personnel responsible or participating in the solicitation of business from the following companies from 2001 to the present: Schlumberger Limited; Lucent Technologies; John Hancock Financial Services, Inc.; Manufacturer's Services Limited; R.J. Reynolds Tobacco, Inc., Intel Corporation; ATA Holdings Corporation; BancWest Corporation; Barnesandnobel.com; Boise Cascade Corporation; Colgate-Palmolive Company; Genuity Inc.; Global Crossing; IBM, Inc.; ITT Industries, Inc.; Johnson & Johnson; Liberty Media Corporation; Metropolitan Life Insurance Company; Microsoft Corporation; Wachovia Corporation; WP Carey & Co., LLC; and Yahoo, Inc..

19. Documents concerning strategy for marketing CCBN's services to the following companies from 2001 to the present: Schlumberger Limited; Lucent Technologies; John Hancock Financial Services, Inc.; Manufacturer's Services Limited; R.J. Reynolds Tobacco, Inc.; Intel Corporation; ATA Holdings Corporation; BancWest Corporation; Barnesandnobel.com; Boise Cascade Corporation; Colgate-Palmolive Company; Genuity Inc.; Global Crossing; IBM, Inc.; ITT Industries, Inc.; Johnson &

Johnson; Liberty Media Corporation; Metropolitan Life Insurance Company; Microsoft Corporation; Wachovia Corporation; WP Carey & Co., LLC; and Yahoo, Inc.

20. Documents sufficient to identify CCBN's annual revenues from the following clients from 2001 to the present: Schlumberger Limited; Lucent Technologies; John Hancock Financial Services, Inc.; Manufacturer's Services Limited; R.J. Reynolds Tobacco, Inc. and Intel Corporation.

21. Communications to or from the following clients from 2001 to the present: Schlumberger Limited; Lucent Technologies; John Hancock Financial Services, Inc.; Manufacturer's Services Limited; R.J. Reynolds Tobacco, Inc.; Intel Corporation; ATA Holdings Corporation; BancWest Corporation; Barnesandnobel.com; Boise Cascade Corporation; Colgate-Palmolive Company; Genuity Inc.; Global Crossing; IBM, Inc.; ITT Industries, Inc.; Johnson & Johnson; Liberty Media Corporation; Metropolitan Life Insurance Company; Microsoft Corporation; Wachovia Corporation; WP Carey & Co., LLC; and Yahoo, Inc.

22. Documents sufficient to establish CCBN's document retention or destruction policies from 2001 to the present.

23. Communications between CCBN and Thomson personnel concerning CCBN's accessing of Shareholder.com's internal communication and computer systems, including any communications concerning potential criminal or civil liability arising from CCBN's actions.

24. Documents sufficient to identify the capitalization of CCBN, on a quarterly basis, from January 2003 to the present.

25. Documents concerning plans or strategy for the integration of CCBN's operations into Thomson following Thomson's acquisition of CCBN.

26. Documents concerning CCBN's counterclaims.

27. Documents concerning any CCBN policies governing (1) use of CCBN computers by employees, or (2) theft of confidential information from competitors.

SHAREHOLDER.COM, INC.,

By its attorneys,

*Ruth Dowling*
Thane D. Scott (BBO #449340)
Ruth T. Dowling (BBO #645568)
John T. Bennett (BBO # 648464)
PALMER & DODGE LLP
111 Huntington Avenue
Boston, MA 02199
(617) 239-0100

July 29, 2004

CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of the above document to be served upon the attorney of record for each other party by hand on July 29, 2004.

*Ruth Dowling*