UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

DIRECT REPORT CORPORATION
d/b/a/ SHAREHOLDER.COM,

    Plaintiff,

v.

CCBN.COM, INC., THE THOMSON
CORPORATION, JOHN DOES 1 THROUGH
5, and JANE DOES 1 THROUGH 5,

    Defendants.

---

Civil Action No. 04-10535-PBS

**DEFENDANTS CCBN.COM AND THE THOMSON CORPORATION'S
SURREPLY TO PLAINTIFF SHAREHOLDER'S RESPONSE TO
DEFENDANTS' SUPPLEMENTAL OPPOSITION TO SHAREHOLDER.COM'S
MOTION TO COMPEL DEFENDANTS TO CONDUCT
<u>SEARCHES OF CCBN.COM'S ELECTRONIC BACKUP TAPES</u>**

Defendants CCBN.com, Inc. ("CCBN") and the Thomson Corporation ("Thomson")(collectively, "Defendants") submit this Surreply To Plaintiff Shareholder.com's ("Shareholder") Response to Defendants' Supplemental Opposition To Shareholder's Motion To Compel Defendants To Conduct Searches Of CCBN.com's Electronic Backup Tapes (the "Surreply"), and state as follows:

## INTRODUCTION

1.    On October 12, 2005, new counsel for Shareholder filed a Response to Defendants' Supplemental Opposition to Shareholder's Motion to Compel Defendants To Conduct Searches of CCBN.com's Electronic Backup Tapes (the "Response"). In these papers, Shareholder attempts to considerably expand the scope of their underlying motion to compel (and Shareholder's Document Request 13 underlying that motion) by stating that it previously requested the production of "all of CCBN's communications *with* the 110 identified clients *and*

all of CCBN's ***internal communications*** regarding those specific clients." However, Shareholder has previously and consistently demanded – and the document request that is the subject of its motion seeks – a search of the CCBN back-up tapes for production of any CCBN communications ***with*** the 110 identified clients during 2002. Furthermore, there is no basis for Shareholder to expand the scope of its underlying motion to compel for the first time in its Response – fifteen months after serving the document request to which its motion pertains, four months after filing its motion, and one month after the close of discovery. Defendants, in a written proposal attempting to resolve the motion to compel without the Court's assistance, provided notice to Shareholder of the considerable discrepancy in their Response. Shareholder has refused the Defendants' proposed resolution of the motion, and to amend their Response with the Court.

## **RELEVANT FACTUAL BACKGROUND**

2.     On February 10, 2005, the parties were before the Court on the first of Shareholder's two motions regarding searches of CCBN's archival system backup tapes in response to Request No. 13 of Shareholder's First Set of Requests for Production of Documents ("Document Request 13"). Shareholder demanded the restoration and search of all of CCBN's system backup tapes for communications during a certain period between CCBN and 110 former Shareholder customers that Shareholder claims switched from CCBN to Shareholder between July 1, 2001 and January 1, 2004. *See* Plaintiff Shareholder's Memorandum in Support of Its Motion to Compel Production of Documents, dated November 29, 2004; *see also* Plaintiff Shareholder's Memorandum in Support of Its Motion to Compel Defendants CCBN.com and The Thomson Corporation To Conduct Searches of CCBN.com's Electronic Back-Up Tapes, dated June 20, 2005 (the "Motion to Compel").

3. As was detailed at greater length in Defendants' original Opposition to the current Motion to Compel, the restoration and searches of the CCBN backup tapes that Shareholder demands would be prodigiously time-consuming, exorbitantly expensive, and would be *unlikely to produce any responsive material whatsoever*. In order to avoid unnecessary motion practice over what would ultimately be vastly expensive and most likely futile searches, Defendants instead offered to produce portions of its internal Client Relationship Management ("CRM") database, known as Focus, for the relevant time period as to each of these customers. Defendants further offered that, should Shareholder identify "specific communications" in the subsequently produced Focus documents as to which further documentation is requested, Defendants would be willing to undertake such additional discrete searches for these identified communications.

4. Shareholder refused Defendants' proposal and instead moved to compel production of these documents on November 29, 2004. On February 10, 2005, this Court held a hearing on Shareholder's motion to compel, and subsequently denied Shareholder's motion. The Court's Order on Plaintiff Shareholder.com's Motion To Compel Production of Documents (the "Order"), dated March 1, 2005, stated that "this Court DENIES Shareholder's motion to the compel to the extent that it seeks information beyond what the defendants have offered…". *See* Order at 6. In so holding, the Court adopted the fundamental components of the earlier compromise solution Defendants offered to Shareholder.

5. In accordance with the Order, on April 1, 2005, the Defendants produced the documents from the Focus database concerning the 110 customers identified by Shareholder. While Defendants complied with their production obligations under the Order, Shareholder once

again refused to attempt to resolve this dispute without resort to unnecessary motion practice, and on June 20, 2005, Plaintiff filed its second Motion to Compel on this same issue.

6. On July 12, 2005, Defendants filed their Opposition to this Motion to Compel on the grounds that: (a) there is no basis for the expansive and overly burdensome discovery Shareholder seeks – namely, the complete restoration and search of all of CCBN's archival system backup tapes for all communications with 110 of CCBN's customers by all of CCBN's 350 employees; (b) the burden and expense of the proposed restoration and searches of CCBN's 478 archival system backup tapes (each of which contains, on average, 35 gigabytes of data) far outweighs any conceivable – much less likely – benefit; and (c) there is a more convenient, less burdensome and less expensive source for the information Shareholder seeks.

7. On September 22, 2005, the Defendants submitted (via an assented-to motion to file supplemental papers) a Supplemental Opposition to Shareholder's Motion to Compel, after discussions between the parties aimed at resolving the matter without the Court's assistance proved unfruitful. During the course of these discussions, Defendants had retained a third-party electronic discovery vendor to assist in assessing the scope of and provide pricing quotations regarding the searches of the backup tapes for communications between CCBN and the 110 customers during 2002. In their Supplemental Opposition, Defendants sought to update the Court on the parties' progress, and to provide the Court with additional information and analysis regarding the actual scope and burden of the demanded searches.

8. On October 12, 2005 new counsel for Shareholder filed a Response to Defendants' Supplemental Opposition to Plaintiff Shareholder's Motion to Compel. In these papers, Shareholder attempts to significantly expand the scope of their underlying Motion to Compel (and Shareholder's Document Request 13 underlying that Motion to Compel) by stating

that it previously requested the production of "all of CCBN's communications with the 110 identified clients *and* all of CCBN's internal communications regarding those specific clients" during any time period.  *See* Plaintiff Direct Report Corporation's Response to Defendants' Supplemental Opposition to Plaintiff Shareholder.com's Motion to Compel Defendants CCBN.com and The Thomson Corporation to Conduct Searches of CCBN.com's Electronic Backup Tapes, dated October 12, 2005, at 2.

9. However, Shareholder has never previously requested a search of CCBN's archival back-up tapes for all of CCBN's *internal* communications regarding those 110 identified clients, nor has it previously requested any documents outside of the 2002 timeframe. Shareholder's original Document Request 13 – the subject of its June 20, 2005 Motion to Compel – requests "CCBN's communications with potential clients between the intrusion date [January 17, 2002] and December 30, 2002."  Plaintiff's First Set of Requests for Production of Document and Tangible Things to Defendants, dated July 29, 2004 (attached as Exhibit A), at 5.

10. Likewise, in its first motion to compel on this subject, Shareholder demanded searches of CCBN's backup tapes for all communications *between* CCBN and the identified 110 customers during 2002.  *See* Plaintiff Shareholder.com's Memorandum In Support of Its Motion To Compel Production of Documents, dated November 29, 2004, at 4.  Most importantly, the underlying Motion to Compel to which Shareholder's Response relates also demands a search of the CCBN backup tapes for communications *between* CCBN and the 110 identified customers during 2002.  *See* Plaintiff Shareholder.com's Memorandum in Support of its Motion to Compel Defendants CCBN.com and The Thomson Corporation to Conduct Searches of CCBN.com's Electronic Backup Tapes, dated June 20, 2005, at 7.

11. There is no basis for Shareholder to further expand its Document Request 13 now, over 15 months after serving this request, four months after filing its Motion to Compel, and one month after the close of fact discovery, to also include internal communications *or* any documents outside the 2002 timeframe.

12. On October 27, 2005, the Defendants submitted another proposal regarding the CCBN backup tape searches to Shareholder, in an attempt to resolve the Motion to Compel without the Court's assistance. *See* Correspondence from Anthony Fiotto to Robert Frank, dated October 27, 2005 (attached hereto as Exhibit B). In this correspondence, the Defendants also requested that Shareholder bring this discrepancy in Shareholder's Response to the Court's attention. However, during a telephonic meet and confer between counsel on October 31, 2005, Shareholder declined to remedy its misstatements regarding the scope of its underlying Motion to Compel and Document Request 13.

## CONCLUSION

Subject to the clarifications set forth above and for all of the reasons set forth in greater detail in their previous briefing on this matter, Defendants respectfully request that Shareholder's Motion to Compel be denied.

Respectfully submitted,

CCBN.COM, INC. and THE THOMSON CORPORATION,

By its attorneys,

/s/ Jennifer L. Chunias
Anthony S. Fiotto (BBO #558089)
Jennifer L. Chunias (BBO #644980)
Karin M. Bell (BBO #654242)
GOODWIN PROCTER LLP
Exchange Place
Boston, Massachusetts  02109-2881
Telephone: (617) 570-1000
Facsimile: (617) 523-1231

Dated:  November 1, 2005

LIBA/1584743.2