# EXHIBIT B

OCT. 27. 2005  10:41AM      CHOATE INV ADVISORS 617 742 2041           NO. 816    P. 1

# CHOATE

CHOATE HALL & STEWART LLP

# Fax

| | | Fax | Phone |
|---|---|---|---|
| **Recipient** | **Company** | | |
| Jennifer L. Chunias, Esq. | Goodwin Proctor LLP | (617) 523-1231 | |

| | | | |
|---|---|---|---|
| **From** | Robert S. Frank, Jr. | **Number of Pages** | |
| **Date** | October 27, 2005 | **Client Number** | |
| | | **Operator** | **Time Sent** |
| **Phone** | (617) 248-5207 | | |

**Comments**

**Return by**     Inter-office Mail     Hold for pick-up

This Message is transmitted to you by the law firm of Choate, Hall & Stewart LLP. The substance of this message, along with any attachments, may be confidential and legally privileged. If you are not the designated recipient of this message, please destroy it and notify the sender of the error by return e-mail or by calling 1-800-520-2427.

Under regulations of the Treasury Department, we are required to include the following statement in this message: Any advice contained herein (or in any attachment hereto) regarding federal tax matters was not intended or written by the sender to be used, and it cannot be used by any taxpayer, for the purpose of avoiding penalties that may be imposed on the taxpayer.

For more information about Choate, Hall & Stewart LLP, please visit us at www.choate.com

Two International Place I Boston MA 02110 I t 617-248-5000 I f 617-248-4000 I choate.com

OCT. 27. 2005  10:41AM    CHOATE INV ADVISORS 617 742 2041              NO. 816   P. 2

# CHOATE

CHOATE HALL & STEWART LLP

Robert S. Frank, Jr.
(617) 248-5207
rfrank@choate.com

October 27, 2005

**BY HAND AND FACSIMILE**
Jennifer L. Chunias, Esq.
Goodwin Proctor LLP
Exchange Place
Boston, MA  02109

RE:   Direct Report Corporation d/b/a Shareholder.com v. CCBN.com, Inc., et al
      Civil Action No. 04-105335 PBS

Dear Jen:

This is a response to your letter to Carlos Perez dated October 14, 2005. In your letter, you identify certain subject matters that you state are irrelevant to the subject matter of this case and as to which Thomson refuses to provide a Rule 30(b)(6) deponent. I respectfully suggest that your opinion as to relevance is not a valid ground for refusing to provide a Rule 30(b)(6) witness or Rule 30(b)(6) testimony. The obligation is to provide the testimony. The Court will ultimately decide whether it is relevant.

In any event, in an effort to avoid any misunderstanding, I set forth below the relevance of the subject matters as to which Thomson has refused to designate a witness:

<u>Subject Matter No. 5</u>: This subject matter seeks testimony regarding the price paid by Thomson for the stock of CCBN, including the documents relating to the negotiation of the price term of the January 28, 2004, Merger Agreement. This subject matter is relevant to damages because it tends to establish the value to CCBN and Thomson of the stream of revenues enjoyed by CCBN, a portion of which, we claim, is attributable to CCBN's wrongful conduct. In addition, the price paid for the stock of CCBN would tend to establish the benefit to Mr. Adler of his wrongful conduct and the benefit to other CCBN shareholders of concealing that conduct. Documents relating to the negotiation of the price and to the evaluation of that price are needed to determine how the various segments of CCBN's business were valued and whether they were valued differently from one another.

<u>Subject Matter No. 7</u>: This subject matter seeks testimony regarding the negotiation or implementation of, and all communications regarding, the indemnification provisions of the Merger Agreement. This topic is relevant because it will reveal the disclosures made to Thomson by CCBN regarding the conduct that is the subject of this case and the communications between Thomson and representatives of CCBN's shareholders regarding the case. None of this is privileged because, with respect to these subject matters, the interest of

Jennifer L. Chunias, Esq.
October 27, 2005
Page 2

Thomson, on the one hand, and CCBN and CCBN's shareholders, on the other, was adverse. Almost by definition, these communications relate to Shareholder and the facts underlying this case.

Subject Matter No. 11: This subject matter seeks testimony regarding the relative strengths or weaknesses of Shareholder and CCBN as competitors, subject matter that is relevant to damages and to the contention that I assume the Defendants will make that Shareholder's losses of business to CCBN were caused by factors other than CCBN's intrusion into Shareholder's computer systems.

Subject Matter No. 13: This subject matter seeks information regarding the current status of CCBN shareholders' escrow account. It is relevant for the same reasons topic No. 7 is relevant.

On a related subject, you have agreed to provide witnesses who will testify regarding topics 6, 8 and 9. As to topic 6, the Defendants have not produced the Disclosure Schedule referenced in the Merger Agreement or any related documents. If you do not produce the relevant documents, it will be almost impossible to conduct a useful deposition. Similarly, with respect to topics 7 and 8, although the Merger Agreement references agreements between Thomson and the identified individuals, those agreements have not been produced. Again, if the deposition is to be useful, they need to be produced immediately.

Please let me know, as soon as possible, whether Thomson agrees to relent with respect to any of the subject matters as to which it has refused to provide a witness and provide the Disclosure Schedule, agreements and related communications tomorrow.

Sincerely yours,

Bob

Robert S. Frank, Jr.

RSF:cd

4003692v1