UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DIRECT REPORT CORPORATION d/b/a SHAREHOLDER.COM,<br><br>Plaintiff,<br><br>v.<br><br>CCBN.COM, INC., THE THOMSON CORPORATION, ROBERT I. ADLER, JOHN DOES 1 THROUGH 5, AND JANE DOES 1 THROUGH 5,<br><br>Defendants. | Civil Action No. 04-10535-PBS |

### DEFENDANT ADLER'S MOTION FOR A PROTECTIVE ORDER, OR, ALTERNATIVELY, TO QUASH PLAINTIFF'S SUBPOENAS TO INSPECT HIS PERSONAL COMPUTERS

Defendant Robert Adler ("Adler") moves for a protective order shielding him from having to produce for inspection three personal computers and an electronic storage device, or, alternatively, to quash the specific subpoenas that Plaintiff Direct Report Corporation d/b/a Shareholder.com ("Shareholder") issued for these four devices.[1] Shareholder issued the subpoenas before joining Adler as a defendant, and the devices contain countless electronic records of Adler and his family's private computer usage, which have no plausible bearing on this litigation. As set forth more fully in a supporting memorandum, the subpoenas were overbroad, unduly burdensome, needlessly oppressive and harassing, and seek information that is not reasonably calculated to lead to the discovery of admissible evidence. Moreover, Shareholder has recently revealed that the primary purpose of these subpoenas is to circumvent

---

[1] Shareholder issued these subpoenas pursuant to Fed. R. Civ. P. 45, when Adler was not yet a defendant. Presumably, now that Adler is a defendant, Shareholder could serve Adler with requests to inspect the computers under Rule 34. Adler, therefore, requests a broad protective order that would protect him from having to produce the devices for inspection under any procedural rule. Alternatively, he seeks the lesser relief of quashing these particular subpoenas, pursuant to Rule 45.

Adler's federal and state privileges against compelled self-incrimination. For these and other reasons, a protective order should issue shielding Adler from having to produce these four electronic devices for inspection. Alternatively, the subpoenas should be quashed.

WHEREFORE, Adler respectfully requests that this Court issue a protective order shielding Adler from having to produce his personal computers or electronic storage device for inspection or, alternatively, quash these particular subpoenas issued by Shareholder.

ROBERT ADLER,
By his attorneys,

*/s/ Mark B. Dubnoff/*
Richard J. McCarthy (BBO #328600)
Mark B. Dubnoff (BBO # 637212)
EDWARDS & ANGELL, LLP
101 Federal Street
Boston, MA  02110
Tel. (617) 439-4444
Fax (617) 439-4170

May 18, 2005

## LOCAL RULE 7.1(a)(2) CERTIFICATION

The undersigned hereby certifies, pursuant to Local Rule 7.1(a)(2), that counsel for Adler has communicated with counsel for the Plaintiff and attempted in good faith to resolve the issues presented in this motion but was unable to do so.

*/s/ Mark B. Dubnoff/*
Mark B. Dubnoff

## CERTIFICATE OF SERVICE

I certify that on this 18th day of March, 2005, I caused a copy of the foregoing to be delivered to Thane Scott, Palmer & Dodge LLP, 111 Huntington Avenue at Prudential Center, Boston, MA 02199-7613, and Anthony S. Fiotto, Goodwin Procter LLP, Exchange Place, Boston, MA 02109 by hand.

*/s/ Mark B. Dubnoff*
Mark B. Dubnoff