UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DIRECT REPORT CORPORATION d/b/a
SHAREHOLDER.COM,

Plaintiff,

v.

Civil Action No. 04-10535 PBS

CCBN.COM, INC, THE THOMSON
CORPORATION, ROBERT I. ADLER, JOHN
DOES 1 through 5 and JANE DOES 1 through 5,

Defendants.

## PLAINTIFF SHAREHOLDER.COM'S SUR-REPLY TO DEFENDANT ADLER'S REPLY BRIEF SUPPORTING HIS MOTION FOR A PROTECTIVE ORDER, OR, ALTERNATIVELY, TO QUASH PLAINTIFF'S SUBPOENAS TO INSPECT HIS PERSONAL COMPUTERS

The reply brief submitted by defendant Robert Adler ("Adler") misrepresents the

arguments made by Shareholder.com ("Shareholder") in opposition to Adler's motion for

a protective order and distorts the governing law. Shareholder's proposed search of the

subpoenaed devices does not invite the Court to break any new ground, as Adler

contends. To the contrary, Shareholder merely asks the Court to apply Fed. R. Civ. P. 26,

a standard with which this Court is decidedly familiar. Shareholder's computer

subpoenas, subject to the targeted protocol, fully comport with Rule 26: they are

reasonably calculated to capture relevant information and to exclude irrelevant, private or

privileged information. Adler's argument to the contrary misapprehends the scope of

Rule 26 and improperly conflates simple relevance principles with Fifth Amendment

1

principles. *See* Shareholder's Opposition to Defendant Adler's Motion for a Protective

Order ("Opposition") [not docketed] at 13-14.

Even if Shareholder's proposed search protocol was not sufficiently narrow under

Rule 26, which it is, Adler's objection to the scope of the protocol does not warrant

quashing the subpoenas. The terms of the protocol can be negotiated by the parties[1] or

modified by this Court. Again, this is not a ground-breaking suggestion. Rule 26 assigns

the task of balancing the requesting party's need for the information against the

producing party's interests, and that is all Shareholder asks this Court to do.

## Argument

### I. SHAREHOLDER'S SUBPOENAS SIMPLY REQUIRE THE COURT TO APPLY CONVENTIONAL DISCOVERY PRINCIPLES

Ordering production of Adler's computers for the purpose of conducting a limited

search for relevant information does not require this Court to enter unfamiliar legal

territory. Once Adler's Fifth Amendment objection to the subpoenas is overcome,

pursuant to the authority discussed in Shareholder's Opposition to Adler's motion, this

Court need only apply the familiar standards set forth in Fed. R. Civ. P. 26.

Adler cites to no case that holds, or even suggests, that Shareholder's computer

subpoenas and accompanying search protocol are unacceptable under the governing

discovery rules. The cases Adler relies on simply stand for the unremarkable proposition

that indiscriminate searches of hard drives or databases are overly broad. *See e.g.*,

*Cummings* v. *General Motors Corp.*, 365 F.3d 944, 953 (10th Cir. 2004) (refusing

plaintiff's request for access to defendant's entire database); *In re Ford Motor Co.*, 345

F.3d. 1315, 1317 (11th Cir. 2003) (refusing to permit unrestricted access to respondent's

---

[1] The parties have not yet discussed the scope of the protocol in detail because they were unable to resolve the Fifth Amendment issue.

database, but noting that the district court "established no protocols for the search [and] did not even designate search terms to restrict the search"); *McCurdy Group, LLC* v. *Am. Biomedical Group, Inc.*, 9 Fed Appx. 882, 831, 2001 WL 536974, at *7 (10th Cir. May 21, 2001) (refusing to permit access to a party's disk drives where the requesting party sought to examine the entire contents of the drives for responsive information)).

Adler's reply brief ignores the crucial difference between these cases and the present situation. *See* Reply Brief Supporting Defendant Adler's Motion For a Protective Order ("Reply") [not docketed] at 3-5. In the cases cited by Adler, none of the parties seeking discovery proposed a limited search of the relevant hard drive or database; instead, they demanded a wholesale search of the data. Shareholder's search protocol, however, establishes the necessary limitations that are lacking in the cases raised by Adler. *See In re Ford Motor Co.*, 345 F.3d at 1317 (suggesting that a search may have appropriate if the district court had established a protocol). Accordingly, the Court should reject Adler's comparison of unrestricted searches of entire databases or hard drives to Shareholder's targeted search protocol for computers likely to contain relevant information.

Further, Shareholder does not contend that Adler "waived" his Rule 26(b) objections. *See* Reply at 11-12. Shareholder recognizes that Rule 26(b) concerns must be addressed, and its proposed search protocol is offered precisely for that purpose. Shareholder merely pointed out that Adler's ostensible Fifth Amendment objection to the scope of the subpoenas is actually a Rule 26(b) objection, and that any Rule 26(b) concerns are satisfied by the search protocol. *See* Opposition at 13-14.

## II.    RELEVANT INFORMATION IS LIKELY TO BE FOUND ON EACH OF THE SUBPOENAED DEVICES

The limited information about the intrusions that Shareholder has discovered thus far firmly establishes that a targeted search of the four subpoenaed devices is reasonably calculated to lead to relevant information. Computer logs show that numerous intrusions into the Management system originated from CCBN.com ("CCBN") IP addresses and the origins of other intrusions were cloaked by an anonymizer service. Moreover, CCBN has revealed that Adler made some number of intrusions into Shareholder's Management system. CCBN's former CEO, Jeffrey Parker, confirmed that Adler admitted to intruding into Management. *See* Opposition at 4-8.

In light of these admitted intrusions, information contained on the 1998-99 Dell computer and the electronic storage device, both of which Adler owned and used *during the intrusion period*, is highly relevant to Shareholder's claims. Adler's assertion that he has not "admitted" to such intrusions misrepresents the facts. *See* Reply at 3. In his memorandum to Jeffrey Parker, referenced in the reply brief, Adler acknowledges that he accessed Shareholder's internal computer system using log-in names and passwords of Shareholder employees. *See id.* The fact that Adler now refuses to testify to the intrusions does nothing to diminish the relevance of that memorandum. Adler's reliance on the Attorney General's assumptions should likewise be rejected. *See* Reply at 8. The thoroughness of that investigation was fatally compromised by CCBN's failure to inform the Attorney General's Office of Adler's involvement in the intrusions and its failure to preserve electronic evidence once it was notified of the intrusions.

The two computers that Adler used before his termination as President of CCBN are also likely to contain relevant information. Shareholder maintains that the useful life

4

of the competitive information stolen by the defendants is lengthy, and it is reasonable to assume that one would retain information valuable to one's business. Therefore, any computer used by the President of CCBN after his intrusions into the internal computer system of his company's primary competitor is a fruitful source of discoverable information. In addition, if these computers were still in the possession of the corporate defendants, the defendants would be required to search the computers for responsive information. The fact that Adler now personally possesses these computers does not shield the computers from discovery.[2]

Further, even if, as Adler mistakenly contends, Shareholder relied only on Adler's deposition testimony to support its relevance argument, that testimony would be a sufficient basis on which to order production of the devices. *See* Reply at 8. The Supreme Court has held that when an individual invokes his privilege against self-incrimination in a civil matter, a Court or jury may infer that his testimony would have incriminated him. *Baxter v. Palmigiano*, 425 U.S. 308 (1976). Under *Baxter*, the Court may therefore presume that Adler responded in the affirmative when asked whether he used his home computer and work computers to intrude into Shareholder's internal computer systems and whether the information that he accessed on Management was enormously valuable to CCBN. *See* Exhibit B, attached to Shareholder's Opposition, at 135-36. The adverse inferences drawn from Adler's testimony more than sufficiently establish the discoverability of the subpoenaed devices.

---

[2] CCBN and the Thompson Corporation's Response to Shareholder's Opposition to Adler's Motion for Protective Order [not docketed] zealously defends the propriety of parking these computers with an individual who had admitted to intruding into Shareholder's Management system, relying on the fact that the Attorney General closed its investigation and permitted CCBN to conduct business as usual. CCBN, however, knew that Adler had intruded into Shareholder's internal computer system, and did not share this information with Attorney General's Office. Whether proper or not, the fact remains that CCBN gave these computers to Adler and as a result, the computers are no longer subject to search by the corporation for documents responsive to Shareholder's requests.

5

### III.    ADLER'S OBJECTIONS TO THE SCOPE OF THE SEARCH PROTOCOL DO NOT JUSTIFY QUASHING THE SUBPOENAS

Even if the Court finds that the search protocol does not sufficiently address

Adler's relevance, overbreadth and privacy concerns, the subpoenas need not be quashed.

Shareholder is willing to further discuss the terms of the search protocol with Adler.[3]

The Court, of course, can also make adjustments to the protocol.

### Conclusion

For the foregoing reasons, and for the reasons stated in its Opposition to Adler's

motion, Shareholder respectfully requests that that the Court deny Adler's motion and

order production of the subpoenaed devices so that the search protocol may be run.

SHAREHOLDER.COM
By its attorneys:

Thane D. Scott (BBO #449340)
Ruth T. Dowling (BBO #645568)
John T. Bennett (BBO #648464)
Melissa C. Allison (BBO #657470)
PALMER & DODGE LLP
111 Huntington Avenue
Boston, MA 02199
(617) 239-0100

July 6, 2005

---

[3] For example, Shareholder recognizes that Adler may want to include additional terms to assure that information subject to the attorney-client privilege is protected. *See* Reply at 10. However, Shareholder cannot accept Adler's objection that the current protocol would capture information on other business topics. The terms Adler complains of – such as "shareholder" – would undoubtedly capture some of the most relevant information contained on the devices. In addition, competitive business information is already protected by the parties' stipulated protected order. Therefore, there is no basis for excluding business-related terms from the search.

6

CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of the above document to be served upon the attorney of record for each other party by hand on July 6, 2005.

Maxine Allen