UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DIRECT REPORT CORPORATION d/b/a SHAREHOLDER.COM,<br><br>Plaintiff,<br>v.<br><br>CCBN.COM, INC., THE THOMSON CORPORATION, ROBERT I. ADLER, JOHN DOES 1 THROUGH 5, AND JANE DOES 1 THROUGH 5,<br><br>Defendants. | Civil Action No. 04-10535-PBS |

**PLAINTIFF SHAREHOLDER.COM's MOTION TO COMPEL DEFENDANT THE THOMSON CORPORATION TO PROVIDE RULE 30(B)(6) TESTIMONY REGARDING CERTAIN SUBJECT MATTERS**

Plaintiff Shareholder.com ("Shareholder") hereby moves, pursuant to Fed. R. Civ. P. 37, for an order compelling defendant The Thomson Corporation ("Thomson") to provide Rule 30(b)(6) testimony regarding the following subject matters:

Subject Matter A: The determination of the aggregate price paid by Thomson for the stock of CCBN, including the negotiation of the price terms stated in the January 28, 2004 Agreement and Plan of Merger (the "Merger Agreement"), any analysis by Thomson of the price to be paid for the stock or assets of CCBN and any presentation to Thomson management or Thomson's Board of Directors regarding the price to be paid for CCBN.

Subject Matter B: The negotiation or implementation of, and all communications regarding, indemnification provisions of the Merger Agreement as they relate to Shareholder or the Subject Company Claims (as that term is defined in the Merger Agreement), including the escrow arrangement established by the Merger Agreement as it relates to any claim by Shareholder or any Subject Company Claim.

Subject Matter C: Thomson's efforts from 2000 to date to collect or obtain any competitive intelligence regarding, or conduct any competitive analysis of the strengths or weaknesses of, Shareholder or CCBN.

<u>Subject Matter D</u>:   The current status, amount and custodian of the CCBN stockholders' escrow account.

## GROUNDS FOR THIS MOTION

1.  On September 23, 2005, Shareholder noticed a Rule 30(b)(6) deposition of defendant Thomson. Shareholder requested that Thomson designate one or more persons to testify regarding the subjects identified in Schedule A of the Notice. *See* Affidavit of Richard C. Abati ("Abati Aff."), Exhibit A (Notice of Rule 30(b)(6) Deposition). Among those topics were the four that are reproduced *verbatim* in this motion. See Abati Aff., Ex. A., Nos. 5, 7, 11 and 13.

2.  Thomson responded that it would not provide a Rule 30(b)(6) deponent to testify with respect to these four topics (the "Disputed Topics") on the ground that each Disputed Topic calls for information that is irrelevant to the subject matter of this case and is not reasonably calculated to lead to the discovery of admissible evidence. *See* Abati Aff., Exhibit B (Letter from Jennifer L. Chunias, dated October 14, 2005).

3.  By letter dated October 27, 2005, Shareholder described to Thomson the relevance of each of the Subject Matters. *See* Abati Aff., Exhibit C (Letter from Robert S. Frank, Jr. dated October 27, 2005). Thomson continues to refuse to designate a witness to testify as to each of the Disputed Topics.

4.  For the reasons stated below, each Disputed Topic is relevant to the subject matter of this case, and each is an appropriate subject for inquiry at a Rule 30(b)(6) deposition.

<u>Subject Matter A</u>:   Defendant Thomson purchased the outstanding stock of defendant CCBN on January 28, 2004, pursuant to the terms of a "Merger Agreement" dated as of that date. Subject Matter A seeks testimony regarding the price paid by Thomson for CCBN, including both the negotiation of that price and the internal evaluation by Thomson of the

appropriateness of that price. The price paid by Thomson establishes the value to CCBN and Thomson of the stream of revenues that CCBN enjoyed at the time of the acquisition. A portion of that stream of revenues was attributable to CCBN's wrongful conduct -- CCBN's repeated theft of Shareholder's confidential information and the use of that information to divert customers (and associated revenues) from Shareholder to CCBN. The price paid by Thomson is evidence of the value of the stream of revenues that CCBN wrongfully diverted from Shareholder. Moreover, information relating to the negotiation of the acquisition price and the evaluation of the price by Thomson and CCBN will tend to show how Thomson and CCBN each valued the sub-parts of CCBN's stream of revenues and, in particular, how the business segment that benefited directly from CCBN's wrongful conduct was valued. These subject matters are directly relevant (a) to the determination of Shareholder's damages resulting from CCBN's conduct, and (b) to the amount of ill-gotten gains from CCBN's illegal conduct that were enjoyed by defendant Adler (who has admitted that he personally hacked into Shareholder's confidential computer systems) and by CCBN's other shareholders.

Subject Matters B and D: The Thomson/CCBN Merger Agreement states that CCBN's stockholders will indemnify Thomson for a portion of any recovery obtained by Shareholder in this case, and establishes an escrow account to secure that indemnification obligation. Subject Matters B and D are designed to obtain testimony regarding the negotiation and implementation of the indemnity and escrow provisions. This testimony should reveal the disclosures made by CCBN to Thomson prior to Thomson's purchase of CCBN regarding the conduct that is at issue in this case and should explain why Thomson insisted upon indemnification with respect to that conduct and escrow provisions to assure that the indemnification would be honored. All of these discussions occurred in the context of an arm's-length negotiation. None are privileged. This topic is also designed to elicit information with

- 3 -

4004551v2

respect to post-acquisition communications between Thomson and representatives of CCBN's non-party shareholders regarding this case and the CCBN shareholder's potential liability under the indemnity provisions -- a subject as to which Thomson and CCBN's shareholders have adverse interests, and as to which no privilege attaches. These topics clearly relate to the subject matter of this case. They are discoverable.

Subject Matter C: Prior to its acquisition of CCBN, Thomson was a competitor of both Shareholder and CCBN. Subject Matter C seeks testimony regarding Thomson's assessment of the relative strengths or weaknesses of Shareholder and CCBN as competitors. This subject matter is relevant to Shareholder's damages claim and to the defendants' anticipated contention that CCBN's ability to win new clients from Shareholder was not caused by CCBN's theft of Shareholder's confidential information, but it was, instead, the result of the superiority of CCBN's products and services. Thomson's analysis, at the relevant time, of the strengths and weaknesses of CCBN's and Shareholder's products and services will be far more telling -- and is far more relevant -- than its *post hoc* litigation-inspired arguments regarding the same subject.

5. Each of the categories of information sought by the instant motion are relevant to the subject matter of this case. Thomson should be required to produce a corporate representative to be deposed, pursuant to Fed. R. Civ. P. 30(b)(6), with respect to each topic.

Respectfully submitted,

DIRECT REPORT CORPORATION
d/b/a. SHAREHOLDER.COM

By its attorneys,

/s/ Robert S. Frank, Jr.
Robert S. Frank, Jr. (BBO# 177240)
Carlos Perez-Albuerne (BBO# 640446)
CHOATE, HALL & STEWART
Two International Place
Boston, MA 02110
(617) 248-5000

Dated: December 21, 2005

4004551v2

## LOCAL RULES 7.1 & 37.1 CERTIFICATION

I, Robert S. Frank, Jr., hereby certify that I have conferred with opposing counsel before filing this Motion in an effort to resolve or narrow the issues presented.

/s/ Robert S. Frank, Jr.
Robert S. Frank, Jr.

4004551v2