# Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIRECT REPORT CORPORATION d/b/a SHAREHOLDER.COM,<br>Plaintiff,<br><br>v.<br><br>CCBN.COM, INC., THE THOMSON CORPORATION, ROBERT I. ADLER, JOHN DOES 1 through 5, and JANE DOES 1 through 5,<br>Defendants. | Civil Action No. 04-10535 PBS |

**NOTICE OF RULE 30(B)(6) DEPOSITION**

Please take notice that pursuant to Fed. R. Civ. P. 30(b)(6), Plaintiff Direct Report Corporation d/b/a Shareholder.com ("Shareholder) will take the deposition upon oral examination of one or more persons designated by The Thomson Corporation ("Thomson") to testify as to matters known or reasonably available to Thomson with respect to the subjects described in attached Schedule A. The deposition will be taken before a notary public or other person authorized to administer oaths. The deposition will begin at 10 a.m. on September 30, 2005 and will continue from day to day until completed.

_/s/ Melissa Allison_
Thane D. Scott (BBO #449340)
Ruth T. Dowling (BBO #645568)
John T. Bennett (BBO #648464)
Melissa C. Allison (BBO #657470)
PALMER & DODGE LLP
111 Huntington Avenue
Boston, MA 02199
(617) 239-0100

September 23, 2005

CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of the above document to be served upon the attorney of record for the defendants by facsimile and mail on September 23, 2005

_/s/ Melissa Allison_

- 2 -

## SCHEDULE A

Pursuant to Fed. R. Civ. P. 30(b)(6), Defendant Thomson is required to designate one or more officers, directors or managing agents, or other persons who consent to testify on its behalf, concerning each of the following matters:

### Definitions

A.      The definitions set forth in Rule 26.5(C) of the Local Rules of the United States District Court for the District of Massachusetts are incorporated by reference.

B.      The definitions and instructions set forth in Plaintiff's First Request for the Production of Documents and Things are incorporated by reference.

### Subject Matters

1. Thomson's document and data retention and destruction policies and procedures from the date of the CCBN.com ("CCBN") acquisition to the present, including but not limited to policies and procedures regarding the retention or destruction of CCBN documents or electronic data after the acquisition of CCBN.

2. Thomson's policies and procedures at any time regarding the retention or destruction of CCBN documents or electronic data regarding Shareholder, Shareholder's claims against CCBN or CCBN clients who were former Shareholder clients.

3. Any merger of, by or among Thomson, Boston Acquisition Co., and CCBN.

4. The transfer of assets from Boston Acquisition Co. or CCBN to Thomson.

5. The determination of the aggregate price paid by Thomson for the stock of CCBN, including the negotiation of the price terms stated in the January 28, 2004 Agreement and Plan of Merger (the "Merger Agreement"), any analysis by Thomson of the price to be paid for the stock or assets of CCBN and any presentation to Thomson management or Thomson's Board of Directors regarding the price to be paid for CCBN.

6. All disclosures requested by Thomson or made by CCBN, and any investigation by Thomson, regarding Shareholder or any claim that Shareholder had made or might make against CCBN, including, but not limited to, any statement made in the Company Disclosure Schedule referenced in the Merger Agreement, and all communications between Thomson (including its counsel) and CCBN (or its counsel) regarding any such disclosure.

7. The negotiation or implementation of, and all communications regarding, indemnification provisions of the Merger Agreement as they relate to Shareholder or the Subject Company Claims (as that term is defined in the Merger Agreement), including the escrow arrangement established by the Merger Agreement as it relates to any claim by Shareholder or any Subject Company Claim.

8. Any agreement between Thomson and:

   (a) Robert Adler

   (b) Jeffrey Parker

   (c) Timothy Bryan

   (d) Roland Beaulieu

9. Any agreements made between Thomson and CCBN prior to the acquisition concerning:

   (a) Robert Adler

   (b) Jeffrey Parker

   (c) Timothy Bryan

   (d) Roland Beaulieu

including agreements regarding compensation, bonuses, retention bonuses, severance payments or deferred payments, or payments under or relating to any agreement regarding post-acquisition conduct of any of them.

10. Thomson's pre-acquisition knowledge of any CCBN revenue that was, or may have been, attributable, directly or indirectly, to any intrusion into Shareholder's internal communication and computer systems, and any such knowledge obtained to date.

11. Thomson's efforts from 2000 to date to collect or obtain any competitive intelligence regarding, or conduct any competitive analysis of the strengths or weaknesses of, Shareholder or CCBN.

12. Thomson's efforts to search for documents responsive to Shareholder's First and Second Sets of Requests for Production of Documents and Tangible Things.

13. The current status, amount and custodian of the CCBN stockholders' escrow account.

Fiotto and McCarthy
September 23, 2005
Page 2


bcc:   Mr. Ronald Gruner
       Thane D. Scott
       Ruth T. Dowling
       John T. Bennett
       Jacob Frank