UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 2004-10535-PBS

DIRECT REPORT CORPORATION
d/b/a SHAREHOLDER.COM,
Plaintiff

V.

CCBN.com,
THE THOMSON CORPORATION,
JOHN DOES 1 THROUGH 5, and
JANE DOES 1 THROUGH 5,
Defendants

**ORDER ON**

**PLAINTIFF SHAREHOLDER.COM'S MOTION
FOR LEAVE TO SHARE INFORMATION DESIGNATED
BY DEFENDANTS AS "CONFIDENTIAL" WITH
THE ATTORNEY GENERAL'S OFFICE
(Docket # 148)**

**and**

**DEFENDANT ADLER'S MOTION FOR
ADDITIONAL TIME TO DEPOSE PLAINTIFF'S
OFFICERS AND OTHER KEY WITNESSES
(Docket # 197)**

**and**

**PLAINTIFF SHAREHOLDER.COM'S MOTION
TO COMPEL PRODUCTION OF DOCUMENTS
(Docket # 200)**

ALEXANDER, M.J.

This case is currently before this Court for rulings on a number of discovery motions including Plaintiff Shareholder.com's Motion for Leave to Share Information Designated by Defendants as "Confidential" with the Attorney General's Office ("motion to share confidential information"); Defendant Adler's Motion for Additional Time to Depose Plaintiff's Officers and other Key Witnesses ("motion for additional deposition time"); and Plaintiff Shareholder.com's Motion to Compel Production of Documents ("Shareholder's motion to compel"). For the reasons set forth more fully below, the Court DENIES the motion to share confidential information and Shareholder's motion to compel and ALLOWS IN PART and DENIES IN PART the motion for additional deposition time.

## Shareholder's Motion for Leave to Share Confidential Information with the Massachusetts Attorney General's Office

This Court has iterated the background of this case in previous discovery-related Orders and will not do so again here other than to set forth those facts relevant to the current motions. On October 25, 2004, at the behest of plaintiff Direct Report Corporation d/b/a Shareholder.com ("Shareholder") and defendants CCBN.com ("CCBN") and the Thomson Company ("Thomson") (collectively,

2

"the defendants"), the District Court entered a protective order governing discovery in this case. Pursuant to the protective order, certain information produced during the course of discovery, if marked confidential or highly confidential, was only to be shown to certain individuals and only to be used for purposes of this litigation. Shareholder now seeks to share information marked as confidential by the defendants with the Massachusetts Attorney General.

In 2003, in response to Shareholder's allegations that CCBN had illegally accessed Shareholder's internal communication and computer database systems ("Shareholder's systems"), the Attorney General's Office commenced an investigation of CCBN. After an extensive investigation, the Attorney General's Office determined that it was "unable to attribute the unauthorized access into Shareholder's network to any individual" and "d[id] not believe [it] could prevail in a criminal case." Defendants CCBN.com and the Thomson Corporation's Opposition to Plaintiff's Motion for Leave to Disclose Information Designated by Defendants as "Confidential" Ex. J. The Attorney General's investigation of CCBN was therefore closed. Id.

On the basis that it needs to have a "full and frank discovery discussion" regarding the investigation with the Attorney General's Office, Shareholder now seeks to share certain information that it has learned, through the course of

3

discovery, with the Attorney General's Office. Shareholder asserts that it needs to

discuss the investigation with the Attorney General's Office because Shareholder

does not believe that CCBN was entirely forthcoming during the course of the

Attorney General's investigation.

Although Shareholder does not specifically state that it is asking the Court

to modify the protective order to allow Shareholder to share information marked

as confidential with the Attorney General's Office, this is essentially what

Shareholder is doing. Pursuant to ¶ 21 of the protective order, "[a]ny party may

move the Court for modification of this Order at any time."[1] In support of its

assertion that it needs to share information with the Attorney General's Office to

have a candid discussion about the investigation, Shareholder relies upon, *inter*

*alia*, Beals v. Gen. Motors Corp., No. 85-825, 1989 WL 384829 (D. Mass. Dec. 4,

1989). The Court in Beals did state that, in certain circumstances, confidential

information otherwise subject to a protective order may be disclosed to parties not

subject to the protective order. Id. at * 2. The information in question in Beals,

however, was information that the party to whom disclosure was to be made, the

---

[1]The defendants assert that Shareholder's motion should be denied because Shareholder seeks to violate the protective order. The Court does not find this to be a cogent assertion. Shareholder is not seeking to violate the protective order. Rather, by seeking to modify it, Shareholder is doing exactly the opposite.

4

National Highway Transportation Safety Administration ("NHTSA"), could have obtained on its own. Id. Furthermore, the NHTSA had its own standards for maintaining the secrecy of documents, and the Court noted that it was in the public's interest to disclose the information – regarding automobile safety – to the NHTSA.

The circumstances of the present case are quite different. The defendants point to a line of cases from the Second Circuit that set forth a standard by which to determine whether confidential information, subject to a protective order, may be disclosed. In particular, disclosure of information to a government entity "require[s] a showing of compelling need or extraordinary circumstances." Bristol-Myers Squibb Co. v. Rhone-Poulenc Rorer, Inc., No. 95-8833, 1999 WL 76938, at * 3 (S.D.N.Y. Feb. 16, 1999) (citing cases interpreting standard from Martindell v. Int'l Tel. & Tel. Corp., 594 F.2d 291 (2nd Cir. 1979), to require showing of compelling need to reveal information to governmental entity). The Court finds no such need here. The Attorney General's Office conducted an investigation of the defendants and made a decision not to file criminal charges against the defendants. For the purposes of Shareholder's civil litigation with the defendants, Shareholder does not need to disclose otherwise confidential

5

information to the Attorney General's Office to further Shareholder's cause. The motion to share confidential information is therefore DENIED.

## Robert Adler's Motion for Additional Time to Depose Shareholders' Officers and Other Key Witnesses

The Court next turns to defendant Robert Adler's motion for leave to ask three (3) hours worth of questions at a continued deposition of Robert Gruner, Shareholder's Chief Executive Officer. According to Shareholder, Mr. Gruner was deposed in his corporate capacity, as Shareholder's Fed. R. Civ. P. 30(b)(6) witness, in December 2004, and then deposed, on May 27, 2005, in his individual capacity. The 30(b)(6) deposition lasted for five hours; the individual for seven. At the time of the 30(b)(6) deposition Mr. Adler had not been named as defendant, but he had by the time of Mr. Gruner's individual deposition, and his counsel was present at that deposition.

After approximately five hours at Mr. Gruner's individual deposition, counsel for Shareholder made it plain that Mr. Gruner would only be available for seven hours, pursuant to Fed. R. Civ. P. 30(d)(2). At that point only counsel for the other defendants, CCBN and Thomson, had questioned Mr. Gruner. Although the deposition continued for another two hours, counsel for Mr. Adler never asked Mr. Gruner any questions (through no fault of counsel for the other defendants). It

6

appears, quite simply, that seven hours was not enough time for both Mr. Adler
and the other defendants to question Mr. Gruner.

Shareholder's position that it would not make Mr. Gruner available for
further questioning seems unnecessarily severe, and counsel for Mr. Adler clearly
indicated his disagreement with this decision on the record at Mr. Gruner's
deposition. But then Mr. Adler's counsel took no action on the matter, of which
the Court is aware, until he filed his current motion on September 16, 2005, almost
four months after Mr. Gruner's deposition. Mr. Adler has provided no explanation
for his failure to act posthaste, following the deposition, and the Court will not
now, at this late date, order Mr. Gruner to appear for a continued deposition.

Mr. Adler's motion also seeks additional time to depose other "key
witnesses" including Edson DeCastro, who was initially deposed on May 31,
2005. In its opposition to Mr. Adler's motion, Shareholder notes that Mr.
DeCastro's deposition lasted for less than seven hours and that Shareholder will
make Mr. DeCastro available for further questioning, but only up to a total of
seven hours. Given that Mr. DeCastro must appear for a second day of
questioning, and given Mr. Adler's somewhat different defensive posture than the
other defendants, Mr. Adler may question Mr. DeCastro for up to an additional
three hours if necessary.

Finally, as to the other "key witnesses" that Mr. Adler seeks to depose for an additional three hours, the Court must deny that portion of the motion. Mr. Adler has not identified who these witnesses are or whether they have already been deposed, and the Court will not simply issue a blanket order regarding depositions of unidentified witnesses. Mr. Adler's motion for additional deposition time is therefore ALLOWED IN PART as to the additional three hours to depose Mr. DeCastro, but is in all other respects DENIED.

**Shareholder's Motion to Compel Production of Documents**

The final motion that the Court addresses in this Order is Shareholder's recent motion to compel the production of documents. Shareholder seeks documents related to the merger agreement between defendants CCBN and Thomson as well as copies of any contracts or agreements between Mr. Adler and CCBN and Thomson regarding Mr. Adler's obligations to CCBN and Thomson after the two companies merged.

Shareholder purports to set forth grounds for the motion, but those grounds state only that the documents were requested, that the documents must exist, that the documents are relevant, and that the documents must therefore be produced. Shareholder says little else. The defendants, on the other hand, in their opposition, provide more salient information, detailing the parties' prior negotiations over

8

document production, and how those negotiations affected the materials that the

defendants have, to date, produced. The defendants also assert that Shareholder's

current motion to compel attempts to expand the scope of the original document

requests. Because Shareholder has provided so little in the way of support for the

motion, the Court is hard-pressed to do anything other than agree with the

defendants.[2]  Shareholder's motion is therefore DENIED.

**Conclusion**

For the reasons set forth above, Shareholder's motion to share confidential

information is DENIED; Mr. Adler's motion for additional deposition time is

ALLOWED IN PART and DENIED IN PART; and Shareholder's motion to

compel is DENIED.

SO ORDERED.

 /2/27/05
Date

United States Magistrate Judge

---

[2]  The defendants also assert that, despite Shareholder's representation to the contrary,
Shareholder did not confer with the defendants as required by Local Rule 37.1 prior to filing the
extant motion. If that is indeed the case, the Court could have denied that motion on that basis
alone.

9