UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 2004-10535-PBS

DIRECT REPORT CORPORATION
d/b/a SHAREHOLDER.COM,
Plaintiff

V.

CCBN.com,
THE THOMSON CORPORATION,
JOHN DOES 1 THROUGH 5, and
JANE DOES 1 THROUGH 5,
Defendants

**ORDER ON**

**PLAINTIFF SHAREHOLDER.COM'S MOTION TO
COMPEL DEFENDANTS CCBN.COM AND THE THOMSON
CORPORATION TO CONDUCT SEARCHES OF CCBN.COM'S
ELECTRONIC BACK-UP TAPES**

**(Docket # 139)**

ALEXANDER, M.J.

On June 20, 2005, plaintiff Direct Report Corporation d/b/a Shareholder.com ("Shareholder") filed a motion to compel defendants CCBN.com ("CCBN") and the Thomson Company ("Thomson") (collectively, "the defendants") to conduct searches of the defendants electronic back-up tapes. That motion followed a March 1, 2005, Order ("Order") from this Court directing the

defendants to produce to Shareholder "all communications with the 110 companies identified by Shareholder that are contained in [the defendants'] Focus database." Order at 6. The Order also stated that if after reviewing the Focus database Shareholder desired additional information, the defendants were to conduct further additional searches. Id. at 7. The defendants produced the required information, Shareholder reviewed it, and then, perhaps predictably, asked the defendants to conduct further additional searches as directed by the Order. The defendants resisted, leading, ultimately, to the current motion to compel.

Since Shareholder filed the motion to compel, the parties have made significant progress toward resolving this particular discovery dispute. They have agreed to hire a third-party vendor to conduct searches of the defendants' electronic back-up tapes, but one sticking point remains: the scope of that search. Shareholder's original request for information on the 110 identified clients sought only CCBN's communications with those 110 clients and the current motion to compel initially sought only that as well. Now, however, as the defendants point out, Shareholder seeks not only back-up tape communications between CCBN and the 110 identified clients, but all of CCBN's internal communications regarding those clients as well. In Shareholder's response to the defendants' supplemental

opposition to the motion to compel, Shareholder states that it "has requested the production of all of CCBN's back-up tape communications with the 110 identified clients and all of CCBN's internal communications regarding those specific clients . . . ." Plaintiff Direct Report Corporation's Response to Defendants' Supplemental Opposition to Plaintiff Shareholder.com's Motion to Compel Defendants CCBN.com and the Thomson Corporation to Conduct Searches of CCBN.com's Electronic Backup Tapes at 2. Shareholder appears to be expanding the scope of its original request, which Shareholder can not now do. The search of the electronic back-up tapes must therefore be limited to back-up tape communications *with* the 110 identified clients and need not include CCBN's internal communications regarding those clients.

To the extent that Shareholder's motion to compel seeks information on the electronic back-up tapes the motion is ALLOWED IN PART, but only as to CCBN's communications with the 110 identified clients. Furthermore, allowance of the motion is contingent on the parties' agreement to hire a third-party vendor to conduct the search. If the remaining details of the agreement to hire the third-party vendor can not be resolved by the parties, they should so inform the Court.

SO ORDERED.

12/27/05
Date

[signature]
United States Magistrate Judge