# EXHIBIT A

SCANNED
DATE: 10-19-04
BY: CMS

FILED
IN CLERKS OFFICE
2004 OCT 18  A 11: 27
U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DIRECT REPORT CORPORATION d/b/a
SHAREHOLDER.COM,

Plaintiff,

v.

CCBN.COM, INC.,
THE THOMSON CORPORATION,
JOHN DOES 1 THROUGH 5, and
JANE DOES 1 THROUGH 5,

Defendants.

Civil Action No. 04-10535 PBS

## STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED, by and between the parties, through their respective counsel and by any non-party which, by itself or through its counsel, agrees to the terms of this Stipulated Protective Order, that the production of documents and other information in this action be governed by the following terms and conditions:

1. <u>Definitions</u>

    (a)   The term "Litigation Materials" means all documents and information produced in this action by any party or persons or entities not a party to this action, whether produced informally or produced in response to any discovery request promulgated under the Federal Rules of Civil Procedure.

    (b)   The term "Confidential Information" means any Litigation Materials, whether oral or in documentary or other tangible form, so designated by any producing person that reasonably and in good faith believes it is confidential information of the type protectable under the Federal Rules of Civil Procedure. "Confidential Information" refers to information designated "CONFIDENTIAL" pursuant to Paragraph 3 herein.

(c)     The term "Highly Confidential Information" means any Litigation Materials, whether oral or in documentary or other tangible form, so designated by any producing person that reasonably and in good faith believes it is (a) information that is highly proprietary, (b) a trade secret or other confidential research or development, (c) information of or concerning clients or prospective clients, (d) information that a non-party has entrusted to a Producing Party with an expectation of confidentiality, or (e) information that, if disclosed, would put the Producing Party (or non-party) at a competitive disadvantage. "Highly Confidential Information" refers to information designated "HIGHLY CONFIDENTIAL" pursuant to Paragraph 3 herein.

(d)     The term "disclose" means to show, give, make available or communicate, in any fashion, to any person, any information, document, information concerning the content of any document, or any portion of the information contained in any document, furnished by any party or non-party in this action.

(e)     The term "document" means the original and any copy, regardless of origin or location, of any written or recorded material, in whole or in part, including, without limitation, computer-stored and computer-retrievable information. A draft or non-identical copy is a separate document within the meaning of the term.

(f)     The term "person" means any natural person, corporation, partnership, sole proprietorship, group, association, organization, business entity, governmental body, or agency.

(g)     The term "producing person" means any person, whether a party or non-party, who produces any Litigation Materials, whether oral or in documentary or other tangible form.

(h)     The term "receiving party" means any person to whom Litigation Materials are disclosed in this action.

2.     Any non-party to this action who desires the protection of this Order with respect to any discovery obtained from it in this action may obtain such protection by having its counsel

2

execute and deliver to each party a copy of this Order, thereby agreeing to be bound by its provisions.

3. Any litigation materials may be designated by any producing person as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Moreover, the parties may designate documents that are produced by non-parties and that contain Confidential Information or Highly Confidential Information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," as appropriate. Any information supplied in documentary or other tangible form may be designated by the producing person or other designating party as Confidential Information by placing or affixing on each page of such document, or on the face of same, the legend "CONFIDENTIAL." Highly Confidential Information may be designated in the same fashion with the legend "HIGHLY CONFIDENTIAL."

4. Any information designated as Confidential Information shall be maintained in confidence by any receiving party. Confidential Information designated "CONFIDENTIAL" may be disclosed only to:

> (a) outside legal counsel to the parties in this action, including necessary legal assistants and stenographic and clerical employees actually assisting such counsel;
>
> (b) outside experts and consultants of the parties who are assisting counsel identified in paragraph 4(a) above in this action and any necessary assistants and stenographic and clerical employees under their direct supervision and employed by them or their employer or organization;
>
> (c) No more than two (2) party representatives, including in-house counsel, who are involved in the conduct of this litigation;
>
> (d) the author, addressees and recipients of the document;
>
> (e) witnesses during or in the course of testimony at a deposition or hearing or witnesses or potential witnesses in preparation for an imminent deposition or hearing; provided, however, that Confidential Information shall be disclosed to such witnesses only to the extent necessary for the prosecution and defense of this

action and no copies or notes relating to the Confidential Information shall be made by such person;

(f) the Court and Court personnel, including stenographic reporters; and

(g) copying and computer services for the purpose of copying or indexing documents provided that all Confidential Information is retrieved by the party furnishing it upon the termination of this action.

5. Any information designated as Highly Confidential Information shall be maintained in confidence by any receiving party. Highly Confidential Information designated "HIGHLY CONFIDENTIAL" may be disclosed only to:

(a) outside legal counsel to the parties in this action, including necessary legal assistants and stenographic and clerical employees actually assisting such counsel;

(b) outside experts and consultants of the parties who are assisting counsel identified in paragraph 5(a) above in this action and any necessary assistants and stenographic and clerical employees under their direct supervision and employed by them or their employer or organization;

(c) the Court and Court personnel, including stenographic reporters;

(d) the author and addressees of the document; and

(e) copying and computer services for the purpose of copying or indexing documents provided that all Confidential Information is retrieved by the party furnishing it upon the termination of this action.

6. A party may at any time serve upon counsel for a producing person or other designating party a written notice of objection to a designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." If such notice is given, the receiving party and the producing person or other designating party shall attempt to resolve the dispute in good faith. If the dispute cannot be so resolved, the party disputing the designation may apply to the Court for an order that the Litigation Materials so designated are not entitled to such status and protection. The

producing person or other designating party shall be given notice of the application and an opportunity to respond. Pending a determination by the Court, such information shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" as designated pursuant to this Order.

7. Each person listed in paragraphs 4(b), 4(c), 4(d), 4(e), 5(b), and 5(d) above to whom disclosure of Confidential Information or Highly Confidential Information is made shall, prior to such disclosure, be shown a copy of this Order and shall execute a written acknowledgment in the form of the attached Exhibit A. The acknowledgment of each person shall be maintained by the counsel authorizing the disclosure and may be inspected by counsel for another party only for good cause and upon reasonable notice. If inspection is refused, a motion for disclosure may be brought for good cause shown.

If a witness refuses to execute such an acknowledgment, the party seeking to disclose Confidential Information or Highly Confidential Information to that person may only do so under the following conditions: (1) in the course of testimony but not during preparation for testimony; (2) the party must show the witness a copy of this Order and ask the witness to read it; (3) the party must inform the witness that the documents shown to the witness are Confidential Information or Highly Confidential Information and that, under this Order, such documents and testimony or information concerning them may not be disclosed to anyone except as provided herein; and (4) the party must advise the witness that failure to abide by the terms of this Order may result in the imposition of substantial penalties against the witness. These advisements to a non-signing witness shall be made on the record at a deposition or hearing.

8. All information or documents disclosed in this litigation, whether or not containing Confidential Information or Highly Confidential Information, shall be used solely for purposes of preparation for trial, pretrial proceedings and trial of this action and not for any business, commercial, competitive, personal or other purpose.

9. In the event that any question is asked at a deposition that calls for the disclosure of information that a party believes to be or intends to designate as Confidential Information or Highly Confidential Information, the witness shall nevertheless answer such question unless he

or she has an independent basis for not responding. However, the party that produced or otherwise designated the Confidential Information or Highly Confidential Information may exclude from the room any individual who is not entitled to receive such material under this Order, but only for that portion of the deposition that is designated as "Confidential" or "Highly Confidential."

10. Counsel for the person claiming confidentiality may designate portions of the deposition as Confidential Information or Highly Confidential Information, either at the deposition by making a statement for inclusion in the deposition transcript, or within ten(10) business days after receipt of the deposition transcript by notifying opposing counsel in writing. All transcripts of depositions shall be treated as "HIGHLY CONFIDENTIAL" under the terms of this Order until ten(10) business days after receipt thereof by counsel for the parties and counsel for the witness.

11. This Order is entered solely for the purpose of facilitating the exchange of information between the parties to this action without involving the Court unnecessarily in this process. Nothing in this Order, nor the production or labeling of any documents or disclosure of any information pursuant to this Order, shall be deemed to have the effect of (a) an admission or waiver, including waiver under any rule of evidence, by any party or other subscriber to this Order; (b) altering the confidentiality or nonconfidentiality of any such information; or (c) altering any existing obligation of any party or other subscriber, or the absence of such obligation.

12. Nothing herein shall prevent disclosure beyond the terms of this Order prior to trial if the person claiming confidentiality consents in writing to such disclosure.

13. No party shall be obligated to challenge the propriety of a confidentiality designation, and a failure to do so shall not preclude a subsequent attack on the propriety of such designation. This Order shall be without prejudice to the right of any party or other subscriber to this Order (a) to bring before the Court at any time the question of whether any particular document or information is or contains Confidential Information or Highly Confidential

Information or whether its use should be restricted or (b) to present a motion to the Court under Federal Rule of Civil Procedure 26(c) for a separate protective order as to any such particular document or information, including restrictions differing from those specified herein. This Order shall not be deemed to prejudice any party in any way in any future application for modification of this Order. Pending the resolution of any dispute under this Order, the original confidentiality designation remains in effect.

14. All documents containing Confidential Information or Highly Confidential Information that are filed with the Court shall be accompanied by an appropriate motion for impoundment pursuant to Local Rule 7.2 of the District of Massachusetts, and shall be filed in a sealed envelope or other appropriate sealed container on which shall be endorsed the title of this litigation, an indication of the nature of the contents of such sealed envelope or other container, the word "CONFIDENTIAL," and a statement substantially in the following form:

<u>RESTRICTED</u>
By order of the Court, this envelope is to remain sealed and the Clerk of the Court shall not reveal the contents thereof to any person until further order of this Court.

To the extent consistent with Local Rule 7.2, all information filed with the Court that is subject to "confidential" or "highly confidential" treatment in accordance with the terms of this Order, and any pleadings, motions or other papers filed with the Court disclosing any Confidential Information or Highly Confidential Information, shall be filed and kept under seal until further order of the Court. Where possible, only "confidential" or "highly confidential" portions of filings with the Court shall be filed under seal.

15. Subject to the Federal Rules of Evidence (or any other applicable evidentiary rules), Confidential Information and Highly Confidential Information may be offered in evidence at trial or any Court hearing.

16. In the event that a party inadvertently produces to any other party any Confidential Information or Highly Confidential Information without properly designating it as such, upon discovery of such inadvertent production, the producing party may give written

7

notice to the receiving party and provide properly designated copies of the document or documents. Upon receipt of such written notice and properly designated documents, the receiving party shall return to the producing party the document or documents, or destroy all prior copies thereof, within five (5) business days. If the receiving party has already disseminated the materials to any other person, the receiving party shall promptly notify all those persons in writing of the need to return such Confidential Information or Highly Confidential Information.

17. All Confidential Information and Highly Confidential Information shall remain subject to the terms of this Order until further order of the Court or agreement of the parties.

18. The restrictions concerning the disclosure of Confidential Information and Highly Confidential Information set forth by this agreement shall not apply to information or material that was, is, or becomes public knowledge in a manner other than by violation of this Order. However, prior to the disclosure of information or material designated Confidential or Highly Confidential on the grounds set forth in this section, the disclosing party shall provide ten days advance notice, setting forth the basis upon which the disclosing party believes that this section permits disclosure, sufficient to allow the designated party an opportunity to dispute the disclosure and/or seek appropriate relief from the Court.

19. Upon final termination of this action, including all appeals, all parties and experts shall (a) at the option of the producing party, return to the producing party or destroy all originals of material produced and designated as Confidential Information or Highly Confidential Information and all identical copies, whether in whole or in part, of such documents, and (b) destroy all copies thereof, except that, with respect to word processing and data base tapes and disks, they shall destroy such tapes or disks to the extent practicable. Outside counsel for each party may retain copies of any documents that have been filed with the Court or admitted into evidence and that contain or refer to information designated as Confidential Information or Highly Confidential Information provided that all such documents shall remain subject to this

Order. Counsel of record for the parties shall certify in writing to each producing person that the foregoing has been complied with.

20.   Nothing contained herein shall limit in any way the use by a producing party, or its attorneys and their employees, of the producing party's own Confidential Information or Highly Confidential Information or prevent them from revealing such Confidential Information or Highly Confidential Information to whomever they choose.

21.   The terms of this Order are subject to modification, extension or limitation as may be hereinafter agreed to by all parties in writing. Any modifications, extensions or limitations agreed to in writing by the parties shall be deemed effective pending approval by the Court. Any party may move the Court for modification of this Order at any time.

22.   The parties jointly agree to move the Court to enter this Order and further agree that prior to approval by the Court, this Order shall be effective as if entered by the Court on the day it is signed by the parties and, specifically, that any violation of its terms shall be subject to the same sanctions and penalties as if this Order had been entered by the Court.

23.   No party will assert that any other party's attorney is or will be disqualified from representing any client in any matter on the ground that the attorney had access to Litigation Materials or Confidential Information or Highly Confidential Information in this action.

| PALMER & DODGE LLP | GOODWIN PROCTER LLP |
|---|---|
| /s/ Ruth Dowling | /s/ |
| Thane D. Scott (BBO# 449340) | Anthony S. Fiotto (BBO# 558089) |
| Ruth T. Dowling (BBO# 645568) | David M. Moss (BBO# 649707) |
| John T. Bennett (BBO# 648464) | |
| 111 Huntington Avenue | Exchange Place |
| Boston, MA 02199 | Boston, MA 02109-2881 |
| (617) 239-0657 | (617) 570-1000 |
| *Counsel for Plaintiff* | *Counsel for Defendants* |

SO ORDERED:

/s/ Patti B. Saris
United States District Judge

Dated: 10/25, 2004
Boston, Massachusetts

10

Exhibit A

CONFIDENTIALITY AGREEMENT

I have received and read all the terms of the Protective Order dated _____, 2004, in the action *Direct Report Corporation d/b/a Shareholder.Com v. CCBN.Com, Inc., The Thomson Corporation, John Does 1 Through 5, and Jane Does 1 Through 5*, Civil Action No. 04-10535 PBS, and understand and hereby agree to be bound by all the terms thereof with respect to the use and disclosure of information and materials designated as "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL." I further expressly agree that I will not in any way use, disclose, discuss, summarize, reveal, or refer to any information or material designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" for any purpose whatsoever other than in assisting in the conduct of the above-referenced actions.

Dated: _____

_____
Signature

_____
Print Name

_____
Company or Firm

_____
Address

_____
Telephone

11