UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIRECT REPORT CORPORATION<br>d/b/a/ SHAREHOLDER.COM,<br><br>Plaintiff,<br><br>v.<br><br>CCBN.COM, INC., THE THOMSON<br>CORPORATION, JOHN DOES 1 THROUGH<br>5, and JANE DOES 1 THROUGH 5,<br><br>Defendants. | Civil Action No. 04-10535-PBS |

**DEFENDANTS CCBN.COM AND THE THOMSON CORPORATION'S
OPPOSITION TO PLAINTIFF SHAREHOLDER.COM'S MOTION
TO COMPEL THE THOMSON CORPORATION TO PROVIDE
RULE 30(B)(6) TESTIMONY REGARDING CERTAIN SUBJECT MATTERS**

Defendants CCBN.com, Inc. ("CCBN") and The Thomson Corporation ("Thomson") (collectively, "Defendants") submit this Opposition to Plaintiff Shareholder.com's ("Shareholder") Motion to Compel The Thomson Corporation to Provide Rule 30(b)(6) Testimony Regarding Certain Subject Matters (the "Motion").

**INTRODUCTION**

This case is about whether CCBN accessed Shareholder's Management System in 2002, and whether that alleged access permitted CCBN to scoop certain Shareholder customers. Nonetheless, Shareholder seeks to compel *Thomson*—a defendant in this litigation only because it merged with CCBN *two years after* the events in dispute—to provide testimony regarding the merger with CCBN even though the merger occurred after the alleged computer intrusions and even though this Court has already denied Shareholder's requests for documents on the same topics. In its Motion, Shareholder seeks testimony regarding:

(1) the price Thomson paid for CCBN stock in connection with the parties' merger in 2004, even though the final price is set forth in the already produced merger agreement and, in any event, is wholly irrelevant to Shareholder's expressed damage theories;

(2) the negotiation or implementation of the indemnification and escrow arrangements between Thomson and CCBN in connection with the parties' 2004 merger, even though the full agreements concerning the escrow arrangements were already produced and despite the fact that issues regarding indemnification are wholly irrelevant to this case;

(3) the current status, amount and custodian of an escrow account set up in connection with the 2004 CCBN/Thomson merger for indemnity claims involving numerous indemnification issues even though such discovery—which is aimed solely at discovering Defendants' ability to pay any damage award—is plainly improper; and

(4) *Thomson's* efforts to collect competitive intelligence on Shareholder and CCBN (both before and after Thomson had anything to do with CCBN), even though such efforts are wholly irrelevant to the question of whether CCBN intruded into Shareholder's computer system or whether CCBN obtained any clients as a result.

Not only are these topics irrelevant to the allegations in the Second Amended Complaint *but three of the four have already been resolved by a recent Order of this Court*. Indeed, just two weeks ago, on December 27, 2005, this Court denied Shareholder's motion to compel the production of documents involving three of the four subjects included in its Motion—subjects involving indemnification, stock price, and escrow arrangements. Shareholder should not be permitted to do an end-run around this Court's decision and, on that ground alone, Shareholder's Motion should be denied.

Even in the absence of this Court's prior rulings, Shareholder has no legitimate basis for demanding the irrelevant testimony described in its Motion. This is especially the case where, as here, Shareholder filed its Motion over two months after Thomson served its objections to the 30(b)(6) deposition notice that is the subject of this Motion, over a month and one-half after the close of deposition discovery on October 31, 2005, and after Shareholder received one of

2

Defendants' expert reports. Indeed, Shareholder's Motion is plainly an attempt to obtain previously neglected fact discovery after reviewing Defendants' expert report. In light of Shareholder's inordinate delays, there is no basis for this Court to compel Thomson to provide testimony regarding matters unrelated to the allegations in this case.

## RELEVANT FACTUAL BACKGROUND

On September 23, 2005, Shareholder noticed a Rule 30(b)(6) deposition of Thomson, demanding testimony on thirteen subject matters. Thomson submitted timely written objections to Shareholder's notice. *See* Correspondence from Jennifer Chunias to Carlos Perez, dated October 14, 2005 (attached hereto as Exhibit 1). Although Thomson agreed to provide a witness to testify regarding most of the subject matters set forth in Shareholder's 30(b)(6) notice, it objected to providing a witness to testify on subject matters that had nothing whatsoever to do with Shareholder or the issues that are germane to this litigation—specifically Subject Matter Nos. 5, 7, 11 and 13 of Shareholder's notice (the "Disputed Subject Matters"). The Rule 30(b)(6) deposition of Thomson was subsequently scheduled for Monday, October 31, 2005.

On September 30, 2005, Shareholder's counsel filed a motion to compel production of documents that were not included in Shareholder's previous discovery requests. *See* Shareholder's Motion to Compel Production of Documents, dated September 30, 2005 (attached hereto as Exhibit 2) (the "September 30th motion"). Shareholder's September 30th motion to compel sought documents regarding three of the four topics raised in its present Motion. On Thursday, October 27, 2005, four days before the scheduled Rule 30(b)(6) deposition of Thomson, counsel for Shareholder requested that the deposition be postponed until such time as the Court ruled on Shareholder's September 30th motion to compel the production of documents. Counsel for Defendants agreed. *See* Email from Carlos Perez to Jennifer Chunias, dated October

3

28, 2005 (attached hereto as Exhibit 3). For the next two months, Shareholder sat silent with respect to its 30(b)(6) deposition notice. Then, on December 21, 2005, one week after Defendants submitted their expert report on damages (and one week *before* this Court ruled on Shareholder's motion to compel production of documents), Shareholder filed the instant Motion.

One week later, on December 27, 2005, this Court considered and denied Shareholder's motion to compel production of five categories of documents, including documents relating to (1) the indemnification and escrow arrangements between CCBN and Thomson, and (2) the determination of the purchase price paid by Thomson for CCBN. *See* Order on Plaintiff Shareholder.com's Motion to Compel Production of Documents, dated December 27, 2005 (the "Court's Order").

### ARGUMENT

### THE MOTION SHOULD BE DENIED BECAUSE IT IS UNTIMELY AND BECAUSE THERE IS NO BASIS TO COMPEL TESTIMONY REGARDING SUBJECT MATTERS THAT ARE WHOLLY IRRELEVANT TO THE ALLEGATIONS THAT FORM THE BASIS OF SHAREHOLDER'S CLAIMS.

As a threshold matter, Shareholder's Motion should be denied because it is untimely. As detailed above, after receiving Shareholder's September 23rd Rule 30(b)(6) notice of deposition, Thomson timely objected to the Disputed Subject Matters. Shareholder, however, did not file a motion to compel at that time; rather, it opted, at the eleventh hour, to postpone Thomson's 30(b)(6) deposition until this Court ruled on Shareholder's September 30th motion to compel. More than two months passed (including the October 31st deposition discovery deadline) and still Shareholder did nothing—presumably waiting for this Court to rule on the September 30th motion. Then, before this Court had ruled on the September 30th motion to compel, Shareholder inexplicably filed the present Motion, seeking testimony on four subjects, all of which were included in the Disputed Subject Matters and three of which were the subject of Shareholder's

4

previous motion to compel the production of documents. Perhaps not surprisingly, this Motion came on the heels of Defendant's expert report on damages.[1]

Whatever the reason, Shareholder should not be permitted to file discovery motions three months after the close of fact discovery, two months after the close of deposition discovery, and after expert reports are due—particularly where the subject matter of the motion is old news. Shareholder had every opportunity to bring the present Motion prior to the close of deposition discovery. It chose not to and it should not be permitted to do so now.[2]

Moreover, Shareholder's Motion should be denied because it demands materials that are irrelevant and/or not reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1). Taking each in turn, Shareholder has no legitimate basis for demanding testimony from Thomson regarding any of the subject matters in its Motion.

**Shareholder's Subject Matter A (Disputed Subject Matter No. 5)** seeks testimony regarding:

> [t]he determination of the aggregate price paid by Thomson for the stock of CCBN, including the negotiation of the price terms stated in the January 28, 2004 Agreement and Plan of Merger (the "Merger Agreement"), any analysis by Thomson of the price to be paid for the stock or assets of CCBN and any presentation to Thomson management or Thomson's Board of Directors regarding the price to be paid for CCBN.

As a threshold matter, Shareholder's Motion should be denied with respect to Subject Matter A in light of this Court's Order denying Shareholder's September 30th motion to compel the production of documents because both motions include nearly identical discovery requests.

---

[1] Defendants served their expert damages report on December 19, 2005.

[2] *See, e.g.*, Fed. R. Civ. P. 26(b)(2) ("The frequency or extent of use of the discovery methods otherwise permitted under these rules . . . shall be limited by the court if it determines that . . . the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought."); Fed. R. Civ. P. 1 (The Rules of Civil Procedure "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action.")

Indeed, in its September 30th motion, Shareholder sought to compel Defendants to produce documents relating to:

> (a) the determination of the purchase price, to be paid, by Thomson for CCBN, (b) the negotiation of the price at which Thomson would acquire CCBN, or (c) any explanation or analysis of that price by or for Thomson or CCBN.

*See* September 30th motion (attached hereto as Exhibit 2). After considering the parties' pleadings, this Court denied the September 30th motion on the grounds that Shareholder failed to adequately explain the relevance of the requested documents. Shareholder should not be permitted to circumvent this Court's Order merely by filing a different species of discovery motion. Accordingly, for the same reasons that this Court denied Shareholder's September 30th motion, it should deny the present Motion with respect to Subject Matter A.

Moreover, even if this Court is inclined to ignore its prior ruling and treat Shareholder's September 30th motion differently, Defendants have already produced the entire Merger Agreement between Thomson and CCBN, including *all* schedules and attachments. These documents reflect the culmination of any negotiations between CCBN and Thomson, and the final agreements reached regarding the price paid by Thomson for the stock of CCBN. As such, these materials are the most pertinent source of the information Shareholder purportedly seeks.[3]

Shareholder is not entitled to any further materials or testimony on this subject because anything more is wholly irrelevant to the allegations in this case. Regardless of the amount Thomson paid for CCBN, that price (or subparts thereof) has no connection to Shareholder's allegations that CCBN unlawfully accessed the Management System and used the information it obtained to divert clients. Moreover, Shareholder's new-fangled theory, articulated for the first

---

[3] Thomson has also agreed to designate a witness to provide testimony regarding the terms and conditions of the Merger Agreement between CCBN and Thomson.

time in its Motion, that information relating to the negotiation of CCBN's acquisition price is related to a determination of Shareholder's alleged damages—by showing how Thomson and CCBN valued the business segment that allegedly benefited from CCBN's wrongful conduct—makes no sense whatsoever. The amount Thomson paid for CCBN is wholly irrelevant to Shareholder's damages calculation. As Shareholder has alleged to date, its damages are based on an assessment of its lost profits—a measure wholly unrelated to the price Thomson may or may not have placed on the value of CCBN's assets. Not once in this litigation has Shareholder expressed the view that the price Thomson paid for CCBN was or would be a factor in its damages calculation. Even in its expert report, Shareholder seeks damages based on its lost profits and makes no mention of any damages theory having anything to do with the valuation of CCBN.

**Shareholder's Subject Matters B and D (Disputed Subject Matter Nos. 7 and 13)** seek testimony regarding:

> The negotiation or implementation of, and all communications regarding, indemnification provisions of the Merger Agreement as they relate to Shareholder or the Subject Company Claims (as that term is defined in the Merger Agreement), including the escrow arrangement established by the Merger Agreement as it relates to any claim by Shareholder or any Subject Company Claim [and] [t]he current, status, amount and custodian of the CCBN stockholders' escrow account.

Once again, Shareholder's Motion should be denied in light of this Court's Order denying Shareholder's nearly identical request in the September 30th motion to compel. In the September 30th motion, Shareholder sought to compel Defendants to produce documents relating to:

> the negotiation of Sections 8.1 and 8.2(d) of the Merger Agreement and all communications to or from any defendant regarding those provisions. These contractual provisions contain a partial indemnification by CCBN of Thomson against Shareholder's claims. A copy of the Escrow Agreement referenced in Section

2.6(a) of the Merger Agreement, all documents relating to the negotiation of the Escrow Agreement, and all communications to and from any defendant regarding the Escrow Agreement.

*See* September 30th motion (attached hereto as Exhibit 2). This Court denied Shareholder's request for those documents on the grounds that Shareholder did not adequately demonstrate their relevance to this case. Shareholder fares no better this time around. Indeed, although Shareholder describes the types of testimony that it hopes to elicit under Subject Matters B and D, it fails to explain the relevance of that testimony, noting only that "[t]hese topics clearly relate to the subject matter of this case." Motion at 4. Merely asserting it, however, does not make it so. Accordingly, for the same reasons expressed in this Court's Order, the instant Motion should be denied with respect to Subject Matters B and D.

Additionally, as discussed, *supra*, regarding Subject Matter A, Shareholder is already in possession of all of the final provisions in the Merger Agreement and related documentation regarding the indemnification provisions between CCBN and Thomson. Such materials reveal the existence of the escrow agreement and the escrow account. Shareholder is not entitled to any further information regarding the Defendants' negotiations or communications about the indemnification and/or escrow arrangements (or any further information about the escrow account itself) because that information is totally beside the point with respect to what the final escrow arrangement turned out to be, as expressed in the documents that Shareholder already has. In any event, the *only* question in this case is whether Defendants improperly intruded into Shareholder's computers and stole customers as a result. Defendants' indemnification obligations and/or escrow arrangements are entirely unrelated to that question and do not, either directly or indirectly, involve Shareholder in any way.[4] Because Subject Matters B and D are

---

[4] Shareholder's request also appears to seek information regarding the availability of funds for a potential damage award—a wholly impermissible basis of discovery. *See FTC v. Turner*, 609 F.2d 743, 745 (5th Cir.

8

wholly irrelevant to the question of liability and not reasonably calculated to lead to the discovery of admissible evidence, Shareholder is not entitled to discover information on those topics under Rule 26 and its Motion should be denied on those grounds.

**Shareholder's Subject Matter C (Disputed Subject Matter No. 11)** seeks testimony regarding:

> Thomson's efforts from 2000 to date to collect or obtain any competitive intelligence regarding, or conduct any competitive analysis of the strengths or weaknesses of, Shareholder or CCBN.

As a threshold matter, Shareholder's request for testimony on this subject should be denied because it appears to be nothing more than a blatant attempt to prolong fact discovery in order to obtain information it could have sought months ago. While *all* of Shareholder's requests in this Motion are untimely (as described, *supra*, in this opposition), its request for testimony on subject matter C is particularly so. Although Shareholder included this subject in its initial notice of deposition on September 23rd, this topic was noticeably absent from Shareholder's September 30th motion. Thus, any claim that Shareholder waited until now to file a motion to compel this information because it was awaiting a decision on its previous motion to compel documents is unavailing. Further, because Shareholder was on notice of Defendants' objections to testimony on subject matter C as of October 14, 2005, *see* Correspondence from Jennifer Chunias to Carlos Perez, dated October 14, 2005 (attached hereto at Exhibit 1), Shareholder had *two weeks* before

---

1980) ("Under most circumstances . . . a private plaintiff may not discover an opponent's assets until after a judgment against the opponent has been rendered . . . Turner's financial status, like the financial status of most putative defendants, is not relevant to any issue that will be raised in the contemplated lawsuit"); *Resolution Trust. Corp. v. Feffer*, 793 F. Supp. 11, 14 (D.D.C. 1992) ("During the course of discovery in pending civil litigation, courts have routinely denied access to information concerning an individual's financial affairs for the purpose of discerning a defendant's ability to satisfy a judgment, reasoning that such material is irrelevant to the subject matter of the suit."); *Ranney-Brown Distrib., Inc. v. E. T. Barwick Indus., Inc.*, 75 F.R.D. 3, 5 (S.D. Ohio 1977) ("Ordinarily, Rule 26 will not permit the discovery of facts concerning a defendant's financial status, or ability to satisfy a judgment, as such matters are not relevant, and cannot lead to the discovery of admissible evidence.").

9

the close of deposition discovery to file a motion to compel the testimony. Shareholder had not raised this issue in *any* prior (or pending) motions with this Court and thus has no excuse for not doing so prior to the deposition discovery deadline. On this ground alone, Shareholder's Motion should be denied with respect to Subject Matter C.

Moreover, even if Shareholder's Motion was timely with respect to Subject Matter C, this subject is irrelevant to the allegations at issue in this case. Thomson's evaluation regarding the relative strengths and weaknesses of Shareholder and CCBN from 2000 onward is not relevant to the question of whether CCBN intruded into Shareholder's Management System or used information obtained to steal clients. On those grounds as well, Shareholder's Motion as to this subject matter should be denied.

## CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that Shareholder's Motion be denied.

Respectfully submitted,

CCBN.COM, INC. and THE THOMSON CORPORATION,

By its attorneys,

/s/ Karin M. Bell
Anthony S. Fiotto (BBO #558089)
Jennifer L. Chunias (BBO #644980)
Karin M. Bell (BBO #654242)
GOODWIN PROCTER LLP
Exchange Place
Boston, Massachusetts 02109-2881
Telephone: (617) 570-1000
Facsimile: (617) 523-1231

Dated: January 13, 2006

## CERTIFICATE OF SERVICE

I hereby certify that this document filed, through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 13, 2006.

/s/ Karin M. Bell
Karin M. Bell

LIBA/1660151.1