# EXHIBIT 1

**GOODWIN | PROCTER**

Jennifer L. Chunias
617.570.8239
jchunias@
goodwinprocter.com

Goodwin Procter LLP
Counsellors at Law
Exchange Place
Boston, MA 02109
T: 617.570.1000
F: 617.523.1231

October 14, 2005

**By Hand**

Carlos Perez-Albuerne, Esq.
Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110

Re:  **Direct Report Corporation d/b/a Shareholder.com v. CCBN.com, Inc., et al**
     **Civil Action No. 04-cv-10535-PBS**

Dear Carlos:

I write regarding Shareholder's Notice of Rule 30(b)(6) deposition ("Notice") for The Thomson Corporation ("Thomson").

With regard to all of the Subject Matters set forth in Schedule A, Thomson generally objects to the extent Shareholder seeks any communications or materials protected by the attorney client privilege or work product doctrine, and any witness designated pursuant to the Notice will not reveal such information. Thomson likewise objects to the extent the Subject Matters set forth in Schedule A are vague, ambiguous, overly broad, unduly burdensome, oppressive, seek information that is not relevant to a claim or defense of any party, and/or are not reasonably calculated to lead to the discovery of admissible evidence.

More specifically, Thomson responds and objects to each of the Subject Matters set forth in Schedule A as follows:

1.  Thomson's document and data retention and destruction policies and procedures from the date of the CCBN.com ("CCBN") acquisition to the present, including but not limited to policies and procedures regarding the retention or destruction of CCBN documents or electronic data after the acquisition of CCBN.

    Thomson's Response to Subject Matter No. 1: Subject to and without waiving the general objections stated above, a witness will be designated to provide responsive testimony, as appropriate.

GOODWIN | PROCTER

Carlos Perez-Albuerne, Esq.
October 14, 2005
Page 2

2.  Thomson's policies and procedures at any time regarding the retention or destruction of CCBN documents or electronic data regarding Shareholder, Shareholder's claims against CCBN or CCBN clients who were former Shareholder clients.

    <u>Thomson's Response to Subject Matter No. 2</u>: Subject to and without waiving the general objections stated above, a witness will be designated to provide responsive testimony, as appropriate.

3.  Any merger of, by or among Thomson, Boston Acquisition Co., and CCBN.

    <u>Thomson's Response to Subject Matter No. 3</u>: Subject to and without waiving the general objections stated above, Thomson also specifically objects on the grounds that this Subject Matter is vastly overbroad and calls for irrelevant information. Subject to these objections and the general objections set forth above, a witness will be designated to provide testimony regarding the general terms and conditions of the 2004 merger involving CCBN and Thomson, as appropriate.

4.  The transfer of assets from Boston Acquisition Co. or CCBN to Thomson.

    <u>Thomson's Response to Subject Matter No. 4</u>: Subject to and without waiving the general objections stated above, a witness will be designated to provide responsive testimony, as appropriate.

5.  The determination of the aggregate price paid by Thomson for the stock of CCBN, including the negotiation of the price terms stated in the January 28, 2004 Agreement and Plan of Merger (the "Merger Agreement"), any analysis by Thomson of the price to be paid for the stock or assets of CCBN and any presentation to Thomson management or Thomson's Board of Directors regarding the price to be paid for CCBN.

    <u>Thomson's Response to Subject Matter No. 5</u>: In addition to the general objections stated above, Thomson also objects because this Subject Matter is neither relevant nor is it calculated to seek admissible evidence. Thomson will not designate a witness to supply this testimony.

6.  All disclosures requested by Thomson or made by CCBN, and any investigation by Thomson, regarding Shareholder or any claim that Shareholder had made or might make against CCBN, including, but not limited to, any statement made in the Company Disclosure Schedule referenced in the Merger Agreement, and all communications between Thomson (including its counsel) and CCBN (or its counsel) regarding any such disclosure.

GOODWIN | PROCTER

Carlos Perez-Albuerne, Esq.
October 14, 2005
Page 3

<u>Thomson's Response to Subject Matter No. 6</u>: Subject to and without waiving the general objections stated above, Thomson also specifically objects because the Subject Matter is overbroad, irrelevant, and is not reasonably calculated to lead to the discovery of admissible evidence. Thomson further objects to the extent this Subject Matter calls for attorney client privileged communications or attorney work product. Subject to these objections and the general objections set forth above, a witness will be designated to provide testimony, as appropriate, regarding the disclosures contained in the Merger Agreement.

7.  The negotiation or implementation of, and all communications regarding, indemnification provisions of the Merger Agreement as they relate to Shareholder or the Subject Company Claims (as that term is defined in the Merger Agreement), including the escrow arrangement established by the Merger Agreement as it relates to any claim by Shareholder or any Subject Company Claim.

    <u>Thomson's Response to Subject Matter No. 7</u>: Subject to and without waiving the general objections stated above, Thomson also specifically objects on the grounds that this Subject Matter is overbroad, calls for irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence. Thomson will not designate a witness for this Subject Matter.

8.  Any agreement between Thomson and:
    (a) Robert Adler
    (b) Jeffrey Parker
    (c) Timothy Bryan
    (d) Roland Beaulieu

    <u>Thomson's Response to Subject Matter No. 8</u>: Subject to and without waiving the general objections stated above, a witness will be designated to provide responsive testimony, as appropriate, regarding this Subject Matter consistent with all other objections made with respect to other related Subject Matter.

9.  Any agreements made between Thomson and CCBN prior to the acquisition concerning:
    (a) Robert Adler
    (b) Jeffrey Parker
    (c) Timothy Bryan
    (d) Roland Beaulieu

**GOODWIN | PROCTER**

Carlos Perez-Albuerne, Esq.
October 14, 2005
Page 4

> including agreements regarding compensation, bonuses, retention bonuses, severance payments or deferred payments, or payments under or relating to any agreement regarding post-acquisition conduct of any of them.
>
> Thomson's Response to Subject Matter No. 9: Subject to and without waiving the general objections stated above, a witness will be designated to provide responsive testimony, as appropriate, regarding this Subject Matter consistent with all other objections made with respect to other related Subject Matter.

10. Thomson's pre-acquisition knowledge of any CCBN revenue that was, or may have been, attributable, directly or indirectly, to any intrusions into Shareholder's internal communication and computer systems, and any such knowledge obtained to date.

    Thomson's Response to Subject Matter No. 10: Subject to and without waiving the general objections stated above, a witness will be designated to provide responsive testimony, as appropriate.

11. Thomson's efforts from 2000 to date to collect or obtain any competitive intelligence regarding, or conduct any competitive analysis of the strengths or weaknesses of, Shareholder or CCBN.

    Thomson's Response to Subject Matter No. 11: Subject to and without waiving the general objections stated above, Thomson also specifically objects on the grounds that this Subject Matter is overbroad, calls for irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence. Thomson will not designate a witness to provide responsive testimony.

12. Thomson's efforts to search for documents responsive to Shareholder's First and Second Sets of Requests for Production of Documents and Tangible Things.

    Thomson's Response to Subject Matter No. 12: Subject to and without waiving the general objections stated above, a witness will be designated to provide responsive testimony, as appropriate.

13. The current, status, amount and custodian of the CCBN stockholders' escrow account.

    Thomson's Response to Subject Matter No. 13: Subject to and without waiving the general objections stated above, Thomson also specifically objects on the grounds that this Subject Matter is overbroad, calls for irrelevant information, and is not reasonably

# GOODWIN | PROCTER

Carlos Perez-Albuerne, Esq.
October 14, 2005
Page 5

calculated to lead to the discovery of admissible evidence. Thomson will not designate a witness to provide responsive testimony.

Very truly yours,

Jennifer L. Chunias

cc:  Michael D'Orsi, Esq.
     Anthony S. Fiotto, Esq.