UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DIRECT REPORT CORPORATION
d/b/a/ SHAREHOLDER.COM,

    Plaintiff,

  v.

CCBN.COM, INC., THE THOMSON
CORPORATION, ROBERT I. ADLER, JOHN
DOES 1 THROUGH 5, and JANE DOES 1
THROUGH 5,

    Defendants.

Civil Action No. 04-10535-PBS

**DEFENDANTS CCBN.COM AND THE THOMSON CORPORATION'S MOTION
FOR CLARIFICATION OF ORDER ON SHAREHOLDER.COM'S MOTION
TO COMPEL SEARCHES OF CCBN.COM'S ELECTRONIC BACK-UP TAPES**

Defendants CCBN.com, Inc. ("CCBN") and The Thomson Corporation ("Thomson") (collectively, "Defendants") hereby move the Court for an Order clarifying its December 27, 2005 Order on Plaintiff Shareholder.com's ("Shareholder") Motion to Compel Defendants CCBN.com and The Thomson Corporation To Conduct Searches of CCBN.com's Electronic Back-Up Tapes (the "Order").

**INTRODUCTION**

Specifically, Defendants seek the Court's confirmation – plain from the ruling but not expressly stated) that the ruling mandates that the searches of CCBN's backup tapes shall proceed pursuant to the agreed terms set forth in the parties' final negotiations regarding this matter – in particular, Shareholder's October 12, 2005 Response to Defendants' Supplemental Opposition (the "Response"), as modified by Defendants' October 27, 2005 proposal regarding

the backup tape searches (incorporated by reference and attached to Defendants' November 1, 2005 Surreply (collectively, the "Surreply")).

The Court has already resolved the only other sticking point between the parties – the scope of the searches – in its Order. With the Court's explicit resolution that the search of the electronic backup tapes shall be limited only to backup tape communications *between* CCBN and the 110 previously identified clients, the backup tape searches should be conducted pursuant to the Court's Order and pursuant to all of the other following conditions stated in the parties' agreement: (1) the searches shall be conducted at Shareholder's expense; (2) the searches shall be conducted by a vendor that is identified and agreed upon in advance by the parties; and (3) the vendor shall deliver to Defendants' counsel the resulting set of emails in electronic form so that Defendants' counsel may identify any emails that are to be withheld as nonresponsive (*i.e.* not included in the scope of the Court's order), or privileged and will describe any privileged emails on a log for production to counsel for Shareholder. As grounds for this motion, Defendants state as follows:

## ARGUMENT

1. On June 20, 2005, Shareholder filed its second motion to compel the search of CCBN's system backup tapes for communications during 2002 between CCBN and 110 former Shareholder customers that Shareholder claims switched from CCBN to Shareholder. *See* Plaintiff Shareholder's Memorandum in Support of Its Motion to Compel Defendants CCBN.com and The Thomson Corporation To Conduct Searches of CCBN.com's Electronic Back-Up Tapes, dated June 20, 2005 (the "Motion to Compel").

2. After several rounds of briefing, on October 12, 2005, counsel for Shareholder filed a Response to Defendants' Supplemental Opposition, which set forth a proposal regarding

Shareholder's resolution of its Motion to Compel, including an offer to pay for the proposed searches.  However, Shareholder also attempted to significantly expand the scope of its Motion to Compel by stating that it had previously requested the production of "all of CCBN's communications with the 110 identified clients *and* all of CCBN's internal communications regarding those specific clients" during any time period.  *See* Response at 2.  However, as the Court has now held, Shareholder never previously requested a search of CCBN's archival back-up tapes for all of CCBN's *internal* communications regarding those 110 identified clients, nor had it previously requested any documents outside of the 2002 timeframe, and there is no basis for Shareholder to further expand its discovery requests now.

       3.      In light of Shareholder's October 12, 2005 Response, on October 27, 2005, the Defendants continued its attempts to negotiate a resolution of the Motion to Compel, and submitted another proposal regarding the CCBN backup tape searches to Shareholder.  *See* Correspondence from Anthony Fiotto to Robert Frank, dated October 27, 2005 (attached hereto as Exhibit A, and previously attached to Defendants' Surreply as Exhibit B).  In this proposal, the Defendants agreed to the terms of the proposed searches of CCBN's backup tapes at Shareholder's expense (as set forth in Shareholder's October 12, 2005 Response), with the following additions:  (1) the proposed vendor shall be identified and agreed upon in advance;  (2) the searches shall be limited to emails between CCBN and the 110 customers during 2002;  (3) the parties shall agree in advance on any necessary search terms and the searches shall be limited to only relevant custodians;  and (4) after the searches for emails between CCBN and the 110 customers during 2002 are isolated by the vendor, the vendor shall deliver the resulting emails to Defendants' counsel in electronic form so that counsel can identify any emails that

should be withheld as *categorically irrelevant*, nonresponsive, and/or privileged, and place these documents on an appropriate log for production to counsel for Shareholder.

4.      On November 1, 2005, the Defendants filed a Surreply to Shareholder's Response. The Defendants' Surreply attached and incorporated by reference their October 27, 2005 proposal discussed in Paragraph 3 above.

5.      In its subsequent Order, the Court recognized that "the parties have made significant progress toward resolving [the Motion to Compel]" and that "[t]hey have agreed to hire a third-party vendor to conduct the searches of the defendants' electronic back-up tapes." Order at p. 2. However, the Court recognized, "one sticking point remains: the scope of that search." *Id.* The Court, however, resolved the one "sticking point" between the parties regarding the proposed backup tapes searches, and determined that the search of the electronic backup tapes must be limited to back-up tapes communications with the 110 identified clients and need not include CCBN's internal communications regarding those clients. *See* Order at p. 3.

6.      By recognizing that "the parties have made significant progress toward resolving the matter" and by identifying the "one sticking point," the Court implicitly endorsed the parties' progress as set forth by the parties in Shareholder's October 12, 2005 Response, as modified by Defendants' October 27, 2005 correspondence and November 1, 2005 Surreply.

7.      In addition, applying the Court's rationale regarding the scope of the proposed searches, it is implicit that the searches of the CCBN backup tapes are to be limited to emails with the 110 customers ***during 2002***. Once again, Shareholder's Motion to Compel demanded only searches of the CCBN backup tapes for communications between CCBN and the 110 identified customers ***during 2002***. *See* Motion to Compel at 7. Likewise, Shareholder's

4

Document Request No. 13 – the subject of its Motion to Compel – requested "CCBN's communications with potential clients between the intrusion date [January 17, 2002] and December 30, 2002." *See* Plaintiff's First Set of Requests for Production of Documents and Things, dated July 29, 2004 (attached hereto as Exhibit B) at 5.  The Court's Order makes clear that Shareholder cannot now expand the scope of its original request, and so implicitly endorses Defendants' modification of Shareholder's October 12, 2005 Response in this regard.  *See* Order at 3

8.      As such, Defendants seek the Court's confirmation that its December 27, 2005 Order compels the searches of the CCBN backup tapes pursuant to the culmination of parties' negotiations regarding this matter.  As the Court noted, it has resolved the "one sticking point"— the scope of the searches – in its Order.  With the Court's resolution of this issue, the Order implicitly endorses the remainder of Defendants' October 27, 2005 modifications to Shareholder's October 12, 2005 Response.

## CONCLUSION

9.  For all of the foregoing reasons, Defendants respectfully request that the Court confirm  that the backup tape searches should be conducted pursuant to the following conditions: (1) the searches shall be conducted at Shareholder's expense;  (2) the searches shall be conducted by a vendor that is identified and agreed upon in advance by the parties;  (3) the searches shall be only for emails with the 110 identified clients during 2002;  (4) the parties shall agree in advance

5

on any necessary search terms and the searches shall be limited to only relevant custodians; and

(5) the vendor shall deliver to Defendants' counsel the resulting set of emails in electronic form so that Defendants' counsel may identify any emails that are to be withheld on the basis that they are nonresponsive (*i.e.,* outside the scope of the Court's Order) or privileged, and describe any privileged documents on a privilege log.

        Respectfully submitted,

        CCBN.COM, INC. and THE THOMSON CORPORATION,

        By its attorneys,

        /s/ Jennifer L. Chunias
        Anthony S. Fiotto (BBO #558089)
        Jennifer L. Chunias (BBO #644980)
        Karin M. Bell (BBO #654242)
        GOODWIN PROCTER LLP
        Exchange Place
        Boston, Massachusetts 02109-2881
        Telephone: (617) 570-1000
        Facsimile: (617) 523-1231

Dated: January 20, 2006

### LOCAL RULE 7.1A(2) AND FED.R.CIV. P. 37(a) CERTIFICATION

Pursuant to Local Rule 7.1(A)(2) and Fed. R. Civ. P. 37(a), counsel for Defendants certify that they have conferred in good faith with counsel for Shareholder, but were unable to narrow or otherwise agree on the relief requested herein.

### CERTIFICATE OF SERVICE

I hereby certify that this document filed, through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 20, 2006.

        /s/ Jennifer L. Chunias
        Jennifer L. Chunias

LIBA/1667516.1