# EXHIBIT A

# GOODWIN | PROCTER

Anthony S. Fiotto
617.570.1324
afiotto@
goodwinprocter.com

Goodwin Procter LLP
Counsellors at Law
Exchange Place
Boston, MA 02109
T: 617.570.1000
F: 617.523.1231

October 27, 2005

**By Facsimile**

Robert S. Frank, Jr., Esq.
Choate, Hall & Stewart LLP
Two International Place
Boston MA 02110

Re:     **Shareholder.com v. CCBN.com, Inc., et al**

Dear Bob:

I write regarding Shareholder's recent Response to Defendants' Supplemental Opposition to Plaintiff Shareholder.com's Motion to Compel Defendants CCBN.com and The Thomson Corporation to Conduct Searches of CCBN.com's Electronic Backup Tapes (the "Response"). Shareholder's position regarding the proposed searches of CCBN's backup tapes has changed since the parties' last discussion regarding a possible resolution of this matter. Given this, I write to propose that the parties once again attempt to reach an agreement to undertake the proposed searches without waiting for the Court's assistance. Accordingly, we propose that if Shareholder will withdraw its motion to compel dated June 20, 2005 on this subject (the "Motion"), CCBN/Thomson will agree to submit the backup tapes to a third-party vendor to conduct the searches, pursuant to the terms set forth below.

As a preliminary matter, Shareholder's Response seems to indicate that Shareholder has previously requested the production of "all of CCBN's communications with the 110 identified clients *and* all of CCBN's internal communications regarding those specific clients." This is, in fact, inaccurate. Shareholder has previously and consistently demanded the production of CCBN's communications *with* the 110 identified clients during 2002. Shareholder's Document Request No. 13—the subject of the Motion—requests "CCBN's communications with potential clients between the intrusion date [January 17, 2002] and December 30, 2002." *See* Plaintiff's First Set of Requests for Production of Documents and Things at 5. Likewise, in its first motion to compel on this subject, Shareholder demanded discovery of communications between CCBN and the identified 110 clients during the 2002 timeframe. *See* Plaintiff Shareholder.com's Memorandum in Support of its Motion to Compel Production of Documents, dated November 29, 2004 at 4. Most importantly, the Motion to Compel to which Shareholder's Response relates also demands a search of the CCBN backup tapes for communications between CCBN and the

GOODWIN | PROCTER

Robert S. Frank, Jr., Esq.
October 27, 2005
Page 2

110 identified customers during 2002. *See* Plaintiff Shareholder.com's Memorandum in Support of its Motion to Compel Defendants CCBN.com and The Thomson Corporation to Conduct Searches of CCBN.com's Electronic Backup Tapes, dated June 20, 2005 at 7.

There is thus no basis for Shareholder to further expand its Document Request No. 13, four months after filing its Motion to Compel and one month after the close of fact discovery, to include internal communications or any documents outside the 2002 timeframe. We request that Shareholder immediately modify its Response and accompanying proposed Order to make them consistent with Shareholder's underlying Motion to Compel.

Subject to the above clarification, Defendants make the following proposal, addressing below each of the numbered paragraphs in "Shareholder's Proposed Resolution of This Issue" at pages 4 and 5 of Shareholder's Response:

    (1)    Shareholder's proposed vendor must be identified in advance of the execution of any agreement to resolve this matter, to allow Defendants an opportunity to conduct any necessary diligence.

    (2)    Agreed.

    (3)    The parties shall agree in advance on the search terms to be used to select potentially relevant e-mails. These searches shall be limited to e-mails between CCBN and the 110 previously identified customers during 2002. In addition, the searches shall be limited by custodian to all members of the CCBN sales force and Management Team during the relevant period.

    (4)    Agreed.

    (5)    The vendor shall deliver the resulting set of e-mails to Defendants' counsel in electronic form so that counsel may identify any e-mails that are categorically irrelevant, nonresponsive, and/or privileged. Any documents to be withheld on the basis of privilege will be placed on a privilege log for production to counsel for Shareholder. Any documents to be withheld on the basis of irrelevance or nonresponsiveness will be placed on a relevance log by category for production to counsel for Shareholder. The parties will have the option of submitting any disputes as to the items contained on these logs to a Discovery Master who will be jointly retained by the parties.

    (6)    Defendants will then produce to Shareholder the set of e-mails selected pursuant to the steps above, except for those that were withheld as privileged, irrelevant, or nonresponsive.

GOODWIN | PROCTER

Robert S. Frank, Jr., Esq.
October 27, 2005
Page 3

We are prepared to enter into this agreement with the understanding that Shareholder will bear the cost of cataloging and restoring the e-mails, running the computerized searches to identify the relevant e-mails, removing the duplicate e-mails, and delivering the documents to us as described in Paragraph (5). Defendants will in turn bear the cost of the attorney and paralegal time that will be involved in the review and production of these e-mails, as well as the creation of appropriate logs.

Although we continue to believe that this is an excessively burdensome exercise with no chance of yielding any useful material, we are sensitive to the fact that this subject has become a significant sticking point in the parties' previous efforts to resolve this matter. In the event that Shareholder does not wish to pursue a resolution of this matter without the Court's assistance, please at least notify us whether you will correct the error in Shareholder's Response, which is currently before the Court. If this modification is not submitted to the Court by Friday, October 29, 2005, we will ourselves notify the Court of this significant discrepancy.

Please let me know your thoughts.

Very truly yours,

Anthony S. Fiotto

cc:    Peter E. Gelhaar, Esq.